**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

In re:

RMS TITANIC, INC., *et al.*,[1]

        Debtors.

Case No. 3:16-bk-02230
Chapter 11

(Joint Administration Requested)

**DEBTORS' MOTION FOR ORDER PURSUANT TO
BANKRUPTCY RULE 1015(b) DIRECTING JOINT
ADMINISTRATION OF CHAPTER 11 CASES
AND REQUEST FOR EMERGENCY HEARING**

RMS Titanic, Inc. and certain of its affiliates, as Debtors and Debtors in possession in the above-captioned case (collectively, the "Debtors"), by and through its undersigned attorneys, hereby file their Motion for Order Directing Joint Administration of Chapter 11 Cases Pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Motion")[2] and requests that this Court enter an order directing the joint administration of the above-captioned Chapter 11 case with a related Chapter 11 case pending before this Court. In support of its Motion, the Debtors respectfully represent as follows:

---

[1] The Debtors in the chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number include: RMS Titanic, Inc. (3162); Premier Exhibitions, Inc. (4922); Premier Exhibitions Management, LLC (3101); Arts and Exhibitions International, LLC (3101); Premier Exhibitions International, LLC (5075); Premier Exhibitions NYC, Inc. (9246); Premier Merchandising, LLC (3867), and Dinosaurs Unearthed Corp. (7309). The Debtors' service address is 3045 Kingston Court, Suite I, Peachtree Corners, Georgia 30071.

[2] An identical copy of this Emergency Motion for Order Directing Joint Administration of Chapter 11 Cases Pursuant to Bankruptcy Rule 1015(b) is being simultaneously filed in the Debtors' Chapter 11 cases pending before this Court.

## JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. The subject matter of this Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicate for the relief requested herein is Rule 1015(b) of the Federal Rules of Bankruptcy Procedure.

## BACKGROUND

3. On the date hereof (the "Petition Date"), the Debtors filed a voluntary petition in this Court for relief under chapter 11 of the Bankruptcy Code. The factual background regarding the Debtors, including their business operations, their capital and debt structure, and the events leading to the filing of this bankruptcy case, is set forth in detail in the Case Summary.

4. The Debtors continue to manage and operate its business as debtors in possession under Bankruptcy Code sections 1107 and 1108.

5. No trustee or examiner has been appointed in this chapter 11 case, and no committee has yet been appointed.

## RELIEF REQEUSTED

6. RMS Titanic, Inc., Exhibitions International, LLC, Premier Exhibitions Management, LLC, Arts and Exhibitions International, LLC, Premier Exhibitions International, LLC, Premier Exhibitions NYC, Inc., Premier Merchandising, LLC, and Dinosaurs Unearthed Corp. are subsidiaries of Premier Exhibitions, Inc.

7. By this Motion, the Debtors request the entry of an order pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure directing, for procedural purposes only, (a) the joint administration of the Debtors' Chapter 11 cases under the chapter case of RMS Titanic, Inc., and (b) parties in interest to use a consolidated caption (the "Proper Caption"), as set forth immediately below, to indicate that any filed motion, application, or other pleading relates to the jointly administered bankruptcy cases of "RMS Titanic, Inc., *et al.*"

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | |
|---|---|
| In re: | |
| | Case No. 3:16-bk-02230 |
| RMS TITANIC, INC., *et al.*, | Chapter 11 |
| Debtors. | (Jointly Administered) |

8. Rule 1015(b) of the Federal Rules of Bankruptcy Procedure provides, in pertinent part:

> (b) **Cases involving two or more related debtors.** If a joint petition or two or more petitions are pending in the same court by or against. . . a debtor and an affiliate, the court may order a joint administration of the estates.

Section 101(2) of the Bankruptcy Code defines "affiliate" as:

> (A) [an] entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor…

3

(B)   [a] corporation 20 percent or more of whose outstanding voting securities are directly or indirectly owned, controlled, or held with power to vote, by the debtor, or by an entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor….

9. The Debtors further request that all pleadings in the Debtors' Chapter 11 case be filed and maintained under the RMS Titanic, Inc. case number.

10. Furthermore, waiver of the requirements of section 342(c)(1) of the Bankruptcy Code and Bankruptcy Rules 1005 and 2002(n) to include the Debtors' full tax identification numbers in the caption of pleadings filed by the Debtors and notices sent to creditors is appropriate where this information is available on all of the Debtors' chapter 11 petitions. Waiver of this requirement is purely procedural in nature and will ease the administrative burdens on the Debtors.

11. Finally, filing the monthly operating reports required by the Guidelines promulgated by the U.S. Trustee on a consolidated basis will promote administrative economy and efficiency without prejudice to any party in interest. The Debtors submit that the reports would accurately reflect the Debtors' consolidated business operations and financial affairs. Joint administration of the Debtors' cases is, thus, appropriate here.

12. The Debtors submit that unnecessary and expensive duplication can be avoided by jointly administering the Chapter 11 cases of the Debtors pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure for the following reasons:

(a)   To expedite the administration of their Chapter 11 cases, the Debtors will be filing pleadings affecting all Debtors. Absent joint administration, the Debtors will need to file several other motions

4

regarding operational issues and several accompanying notices, orders, and other pleadings. Joint administration will avoid the unnecessary and expensive duplication of effort caused by preparing, filing, and serving the same pleadings with different captions, thereby saving the Debtors considerable time and expense.

(b) Joint administration will avoid unnecessary and expensive duplication of efforts caused by serving several sets of differently captioned but otherwise identical pleadings during these cases. By jointly administering the estates, creditors will receive notice of all proceedings involving the Debtors, thereby ensuring that they are fully informed of all matters potentially affecting their claims. Joint administration will also simplify the Office of the United States Trustee's supervision of all aspects of these cases.

13. According to the notes of the Advisory Committee on the Bankruptcy Rules, joint administration may include combining the debtors' estates by using a single docket for the matters occurring in the administration, including the listing of filed claims, the combining of notices to creditors of the different estates, and the joint handling of other purely administrative matters "that may aid in expediting the cases and rendering the process less costly." Furthermore, it will advance the Court's interest in economy by eliminating the need for duplicate orders and files and will simplify the United States Trustee's supervision of the administration of the Debtors' Chapter 11 cases. In addition, it would be an unnecessary burden on this Court and the Clerk's Office to maintain separate dockets for each Debtor.

14. The Debtors' respective creditors will not be adversely affected by the joint administration of these cases, since joint administration of these cases is for procedural purposes only and will not effect a substantive consolidation of the Debtors' estates. In fact, the rights of all creditors will be enhanced by the reduced costs that

will result from the joint administration of these cases. Moreover, each creditor may still file its claim against a particular estate.

15. The Debtors do not believe that any of the relief herein requested would create a conflict of interest between creditors of the three estates.

16. Notwithstanding the relief granted in this Order and any actions taken in accordance with this Order, no provision shall create, nor is intended to create, any rights in favor of, or enhance the status of any claim held by, any person.

## **NOTICE**

17. Notice of this Motion will be given to (i) the 20 largest creditors; (ii) the Office of the United States Trustee for the Middle District of Florida; (iii) the Internal Revenue Service; (iv) the Securities and Exchange Commission; (v) Jihe Zhang; (vi) Lange Feng; and (vii) High Nature Holdings Limited. The Debtors submit that, under the circumstances, no other or further notice is required.

WHEREFORE, the Debtors respectfully request entry of an order (i) granting this Motion, (ii) directing, for procedural purposes only, the joint administration of the Debtors' Chapter 11 cases, and (iii) providing for such other and further relief as is just and proper.

NELSON MULLINS RILEY
& SCARBOROUGH LLP


By      */s/ Daniel F. Blanks*
      Daniel F. Blanks (FL Bar No. 88957)
      Lee D. Wedekind, III (FL Bar No. 670588)
      50 N. Laura Street, Suite 4100
      Jacksonville, Florida 32202
      (904) 665-3656 (direct)
      (904) 665-3699 (fax)
      daniel.blanks@nelsonmullins.com
      lee.wedekind@nelsonmullins.com

*Proposed Counsel for the Debtors and Debtors in Possession RMS Titanic, Inc.*

~ #4842-4955-1918 v.1 ~