**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

In re:

RMS TITANIC, INC., *et al.*,[1]

        Debtors.

Case No. 3:16-bk-02230-PMG
Chapter 11

(Joint Administration Requested)

**DEBTORS' MOTION FOR ORDER PURSUANT TO
BANKRUPTCY CODE SECTIONS 105(a), 363, 507(a), 541,
1107(a) AND 1108 AND BANKRUPTCY RULE 6003 AUTHORIZING
DEBTORS TO PAY PREPETITION WAGES, COMPENSATION, AND
EMPLOYEE BENEFITS AND REQUEST FOR EMERGENCY HEARING**

RMS Titanic, Inc. and certain of its affiliates, as Debtors and Debtors in possession in the above-captioned case (collectively, the "Debtors"), hereby move this Court (the "Motion") for entry of an order, pursuant to sections 105(a), 363, 507(a)(4), 507(a)(5), 541, 1107(a) and 1108 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 6003 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), (a) authorizing, but not directing, the Debtors to pay prepetition wages, salaries, bonuses, reimbursements, and other compensation; (b) authorizing, but not directing, the Debtors to continue the maintenance of employee benefit programs in the ordinary course of business; and (c) directing all banks to honor prepetition checks for payment of prepetition employee obligations. Further, the Debtors request an

---

[1] The Debtors in the chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number include: RMS Titanic, Inc. (3162); Premier Exhibitions, Inc (4922); Premier Exhibitions Management, LLC (3101); Arts and Exhibitions International, LLC (3101); Premier Exhibitions International, LLC (5075); Premier Exhibitions NYC, Inc. (9246); Premier Merchandising, LLC (3867), and Dinosaurs Unearthed Corp. (7309). The Debtors' service address is 3045 Kingston Court, Suite I, Peachtree Corners, Georgia 30071.

emergency hearing on the Motion. In support of the Motion, the Debtors rely upon and incorporate by reference the Chapter 11 Case Summary (the "Case Summary").[2] In further support of the Motion, the Debtors respectfully represent:

## JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue of this case and this Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief requested in this Motion are Bankruptcy Code sections 105(a), 363, 507(a)(4), 507(a)(5), 541, 1107(a) and 1108, and Bankruptcy Rule 6003.

## BACKGROUND

3. On the date hereof (the "Petition Date"), the Debtors filed a voluntary petition in this Court for relief under chapter 11 of the Bankruptcy Code. The factual background regarding the Debtors, including their business operations, their capital and debt structure, and the events leading to the filing of this bankruptcy case, is set forth in detail in the Case Summary.

4. The Debtors continue to manage and operate their business as debtors in possession under Bankruptcy Code sections 1107 and 1108.

5. No trustee or examiner has been appointed in this chapter 11 case, and no committee has yet been appointed.

---

[2] Capitalized terms not otherwise defined in this Motion shall have the meanings ascribed to them in the Case Summary.

**RELIEF REQUESTED**

6.   By this Motion, the Debtors request that this Court enter an order authorizing, but not directing, the Debtors to:

(a)   continue to pay and perform, as applicable, all obligations to current Employees as defined below, except as otherwise set forth herein (collectively, the "Employee Claims");

(b)   continue to reimburse Employees for expenses incurred by Employees on behalf of the Debtors in the ordinary course of business, including expenses incurred prepetition (the "Employee Reimbursement Obligations");

(c)   continue the Debtors' various non-working day policies and employee benefit plans and programs (collectively, the "Employee Benefit Obligations");

(d)   pay all related prepetition withholdings and payroll-related taxes (the "Employer Taxes" and together with the Employee Claims, the Employee Reimbursement Obligations and the Employee Benefit Obligations, the "Prepetition Employee Obligations"); and

(e)   to issue new postpetition checks or effect new postpetition fund transfers on account of the Prepetition Employee Obligations to replace any prepetition checks or fund transfer requests that may be dishonored or rejected.

7.   The Debtors also request entry of an order authorizing and directing the Debtors' banks to receive, process, honor, and pay all of the Debtors' prepetition checks and fund transfers on account of any of the Prepetition Employee Obligations and prohibiting the Debtors' banks from placing any holds on, or attempting to reverse, any automatic transfers to any account of an Employee or other party for Prepetition Employee Obligations.

**BASIS FOR RELIEF**

**A.     Wages and Salaries.**

8.     The Debtors' workforce is comprised of United States and Canadian full-time and part-time employees (the "Employees"), all of whom are employed by Premier Exhibitions, Inc. Collectively, the average monthly payroll for the Debtors' Employees is approximately $365,156.48 USD and $209,135.36 CDN, including employer payroll taxes. In addition, there may be unpaid claims for certain contractors who are working with certain Employees to take down the SNL exhibit in New York.

9.     As of June 13, 2016, the Employees, who provide the Debtors with administrative services in the U.S. and Canada, are owed approximately $12,475 USD in accrued, but unpaid wages.

10.    By this Motion, the Debtors seek entry of an order authorizing, but not directing, the Debtors to continue to pay Employee Obligations in the ordinary course of business, including payment of amounts outstanding as of the Petition Date for accrued and unpaid wages and salaries and amounts that the Debtors are required by law to withhold from Employee payroll checks in respect of federal, state and local income taxes, garnishment contributions, social security and Medicare taxes.

**B.     Employee Benefit Plans.**

11.    The Debtors offer medical, insurance and vacation benefits to all Employees and their dependents (collectively, the "Benefit Plans").

12.    The Benefit Plans are funded through contributions by the Debtors and by participating Employees.

13.     The Benefit Plans cost the Debtors approximately $20,000 USD each month. By this Motion, the Debtors request entry of an order authorizing, but not directing, the Debtors to continue to pay and remit all amounts owed under the Benefit Plans in the ordinary course of business, including amounts outstanding as of the Petition Date.

**C.      Social Security, Income Taxes and Other Withholding.**

14.     The Debtors routinely withhold from Employee paychecks amounts that the Debtors are required to transmit to third parties. Examples of such withholding include, among others, social security, FICA, federal and state income taxes, garnishments, charitable donations, and health care payments. The Debtors believe that such withheld funds, to the extent that they remain in the Debtors' possession, constitute funds held in trust and, therefore, are not property of the Debtors' bankruptcy estate. Thus, the Debtors believe that they have authority to direct such funds to the appropriate parties in the ordinary course of business. However, to the extent court authorization is necessary, the Debtors request entry of an order authorizing, but not directing, the Debtors to direct such funds to the appropriate parties.

**D.      Insurance Proceeds.**

15.     In the ordinary course, the Debtors receive payments from their insurance carriers on account of settlements with current or former employees, which the Debtors immediately direct to the appropriate third party. The Debtors believe that such funds, to the extent that they remain in the Debtors' possession, constitute funds

held in trust and, therefore, are not property of the Debtors' bankruptcy estate. Thus, the Debtors believe that they have authority to direct such funds to the appropriate parties in the ordinary course of business. However, to the extent court authorization is necessary, the Debtors request entry of an order authorizing, but not directing, the Debtors to remit or transfer such funds to the appropriate parties.

### E. Direction to Banks.

16. Finally, the Debtors seek an order authorizing and directing the Debtors' banks to receive, process, honor, and pay all of the Debtors' prepetition checks and fund transfers on account of any of the Prepetition Employee Obligations, and prohibiting the Debtors' banks from placing any holds on, or attempting to reverse, any automatic transfers to any account of an Employee or other party for Prepetition Employee Obligations.

17. The Debtors also seek an order authorizing, but not directing, them to issue new postpetition checks or effect new postpetition fund transfers on account of the Prepetition Employee Obligations to replace any prepetition checks or fund transfer requests that may be dishonored or rejected.

## APPLICABLE AUTHORITY

### II. PAYMENT OF THE PREPETITION EMPLOYEE OBLIGATIONS SHOULD BE AUTHORIZED UNDER BANKRUPTCY CODE SECTION 507(a).

18. Bankruptcy Code sections 507(a)(4) and 507(a)(5) require that certain claims for prepetition wages, salaries, commissions, vacation, sick leave, and employee benefit contributions be accorded priority in payment in an amount not to exceed

$12,475 for each employee. The Debtors do not know the exact amount due to each Employee for the prepetition period. However, the Debtors believe their Employees are owed amounts under the $12,475 cap of Bankruptcy sections 507(a)(4) and 507(a)(5). Accordingly, granting the relief requested will not adversely affect the Debtors' other unsecured creditors.

### III. THE PROPOSED PAYMENTS ARE APPROPRIATE UNDER BANKRUPTCY CODE SECTION 363.

19. Under Bankruptcy Code section 363, a bankruptcy court is empowered to authorize a chapter 11 debtor to expend funds in the bankruptcy court's discretion outside the ordinary course of business. See 11 U.S.C. § 363. In order to obtain approval for the use of estate assets outside the ordinary course of business, the debtor must articulate a valid business justification for the requested use. See, e.g., In re Tropical Sportswear Int'l Corp., 320 B.R. 15, 17-18 (Bankr. M.D. Fla. 2005) (authorizing payment to critical vendors for prepetition amounts and finding that a sound business justification existed for payment because the vendors would not do business with the Debtors absent the critical vendor status, and the disfavored creditors were not any worse off due to the critical vendor order). The preservation and protection of a debtor's business, the retention of a debtor's currently working employees, and the maintenance of positive employee morale provide a sufficient business justification for payment of prepetition wage, salary, and benefit claims, even if such payment were deemed to be outside the ordinary course of business. See In re Ionosphere Clubs, Inc., 98 B.R. 174, 175 (Bankr. S.D.N.Y. 1989).

20. Accordingly, this Court should grant the requested relief under Bankruptcy Code section 363.

### IV. PAYMENT OF THE PREPETITION EMPLOYEE OBLIGATIONS IS APPROPRIATE UNDER BANKRUPTCY CODE SECTION 541.

21. The payment of the employee contribution component of the Employer Taxes, certain Benefit Plans and certain insurance settlement proceeds will not prejudice the Debtors' estate because such withholdings are held in trust for the benefit of the related payees and, thus, do not constitute property of the Debtors' estate under Bankruptcy Code section 541. See Begier v. IRS, 496 U.S. 53, 58-59 (1990). Moreover, payments that are critical to the retention and morale of the Debtors' workforce add value to the estate because an unplanned reduction in Employee retention or productivity could have disastrous effects on recoveries to unsecured creditors.

### V. PAYMENT OF THE PREPETITION EMPLOYEE OBLIGATIONS IS AUTHORIZED UNDER BANKRUPTCY CODE SECTIONS 1107(a) AND 1108.

22. The Debtors, operating the business as debtors in possession under Bankruptcy Code sections 1107(a) and 1108, are fiduciaries "holding the bankruptcy estate and operating the business for the benefit of its creditors and (if the value justifies) equity owners." In re CoServ, L.L.C., 273 B.R. 487, 497 (Bankr. N.D. Tex. 2002). Implicit in the duties of a chapter 11 debtor in possession is the duty "to protect and preserve the estate, including an operating business's going-concern value." Id.

23. At least one court has noted that there are instances in which a debtor in possession can fulfill its fiduciary duty "only . . . by the preplan satisfaction of a prepetition claim." See id. The CoServ court specifically noted that preplan satisfaction of prepetition claims would be a valid exercise of a debtor's fiduciary duty when the payment "is the only means to effect a substantial enhancement of the estate." Id. The court provided a three-pronged test for determining whether a preplan payment on account of a prepetition claim was a valid exercise of a debtor's fiduciary duty:

> First, it must be critical that the debtor deal with the claimant. Second, unless it deals with the claimant, the debtor risks the probability of harm, or, alternatively, loss of economic advantage to the estate or the debtor's going concern value, which is disproportionate to the amount of the claimant's prepetition claim. Third, there is no practical or legal alternative by which the debtor can deal with the claimant other than by payment of the claim.

Id. at 498.

24. Payment of the Prepetition Employee Obligations meets each element of the CoServ court's standard. First, as described above, the Employees likely maintain priority claims against the Debtors for the Prepetition Employee Obligations. In addition, any failure by the Debtors to pay the Prepetition Employee Obligations would have a severe negative impact on the morale of the Debtors' Employees at a critical time for the Debtors and its business.

25. Second, the potential harm and economic disadvantage that would stem from the failure to pay the Prepetition Employee Obligations is grossly disproportionate to the amount of any prepetition claim that may be paid. Absent payment of the Prepetition Employee Obligations, Employee morale would decrease dramatically,

likely leading to the loss of key employees and a potentially severe business disruption costing far in excess of the amount of the prepetition Employee Obligations.

26. Third, the Debtors have examined other options short of payment of the Prepetition Employee Obligations and have determined that to avoid significant disruption of the Debtors' business operations there exists no practical or legal alternative to payment of such obligations.

27. Therefore, the Debtors can best meet their fiduciary duties as debtors in possession under Bankruptcy Code sections 1107(a) and 1108 by payment of the Prepetition Employee Obligations.

## VI. BANKRUPTCY CODE SECTION 105 AND THE DOCTRINE OF NECESSITY SUPPORT PAYMENT OF THE PREPETITION EMPLOYEE OBLIGATIONS.

28. The proposed payments of the Prepetition Employee Obligations should be authorized pursuant to Bankruptcy Code section 105 and under the "doctrine of necessity."

29. Bankruptcy Code section 105 authorizes this Court "to issue any order necessary or appropriate to carry out the provisions" of the Bankruptcy Code. 11 U.S.C. § 105. For the reasons set forth herein, and in light of the critical need for the Debtors to preserve the going concern value of their business in order to effect a successful reorganization through, among other things, preservation of the Debtors' workforce and morale, payment of the Prepetition Employee Obligations as requested herein is proper in accordance with Bankruptcy Code section 105.

30. Payment of the Prepetition Employee Obligations is further supported by the doctrine of necessity. The doctrine of necessity is a well-settled doctrine that permits a bankruptcy court to authorize payment of certain prepetition claims prior to the completion of the reorganization process where the payment of such claims is necessary to the reorganization. See In re Tropical Sportswear Int'l Corp., 320 B.R. at 17-18 (finding that a sound business justification existed for payment to critical vendors because the vendors would not do business with the debtor absent such payments); In re Just for Feet, Inc., 242 B.R. 821, 826 (D. Del. 1999) (stating that where the debtor "cannot survive" absent payment of certain prepetition claims, the doctrine of necessity should be invoked to permit payment); see also In re NVR L.P., 147 B.R. 126, 127 (Bankr. E.D. Va. 1992) ("[T]he court can permit preplan payment of pre-petition obligation when essential to the continued operation of the debtor."); In re Eagle-Picher Indus., Inc., 124 B.R. 1021, 1023 (Bankr. S. D. Ohio 1991) ("[T]o justify payment of a pre-petition unsecured creditor, a debtor must show that the payment is necessary to avert a serious threat to the Chapter 11 process.").

31. The doctrine of necessity is a widely accepted component of modern bankruptcy jurisprudence and has long been recognized as precedent within the Eleventh Circuit. See Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (making S. Ry. Co. v. U.S. Fid. & Guar. Co., 87 F.2d 118, 119 (5th Cir. 1936) (binding 11th Circuit precedent as valid 5th Circuit decision decided prior to creation of 11th Circuit are the equivalent of a binding 11th Circuit decision); S. Ry. Co. v. US. Rd. & Guar. Co., 87 F.2d 118, 119 (5th Cir. 1936) ("There is a doctrine which

permits preferential payment of a common claim when necessary for the benefit of the estate.") (citing cases, including Miltenberger, supra n. 12).

32. For the reasons discussed herein, payment of the Employee Obligations is necessary to the Debtors' effective reorganization. In particular, without payment of the Employee Obligations, the Debtors' business and operations will be detrimentally impacted through the reduction in employee morale and the potential loss of key employees during a critical time for the Debtors and the business. Hence, this Court should exercise its equitable powers to grant the relief requested in this Motion.

## VII. PAYMENT OF THE PREPETITION EMPLOYEE OBLIGATIONS IS WARRANTED UNDER BANKRUPTCY RULE 6003.

33. Similarly, the relief requested is warranted under Bankruptcy Rule 6003, which provides:

> Except to the extent that relief is necessary to avoid immediate and irreparable harm, the court shall not, within 21 days after the filing of the petition, grant relief regarding the following: . . . (b) a motion to use, sell, lease, or otherwise incur an obligation regarding property of the estate, including a motion to pay all or part of a claim that arose before the filing of the petition, but not a motion under Rule 4001.

Fed. R. Bankr. P. 6003; see In re First NLC Fin. Servs., LLC, 382 B.R. 547, 549-50 (Bankr. S.D. Fla. 2008) (holding that Bankruptcy Rule 6003 permits entry of retention orders on interim basis to avoid irreparable harm). The Debtors submit that for the reasons already set forth herein, the relief requested in this Motion is necessary to avoid immediate and irreparable harm such as exposure to litigation and the risk of expensive audits. Further, the Administrative Order states that a motion seeking authority for the

payment of prepetition wages shall be scheduled for a hearing within three (3) business days.

34. To the extent that the requirements of Bankruptcy Rule 6003 are applicable to the relief requested in the Motion, the Debtors submit that for the reasons already set forth herein, the relief requested in this Motion is necessary to avoid immediate and irreparable harm. Accordingly, the Court should allow the payment of the Employee Obligations as requested herein.

35. Numerous courts have permitted the postpetition payment of prepetition wage and salary obligations on the first day or in the early stages obligations on the first day or in the early stages of other chapter 11 bankruptcy cases. See, e.g., In re Trailer Bridge, Inc., Case No. 11-08348 (JAF) (Bankr. M.D. Fla. Mar. 21, 2012); In re RQB Resort, LP, Case No. 10-01596 (PMG) (Bankr. M.D. Fla. Mar. 4, 2010); In re Taylor, Bean & Whitaker Mortgage Corp., Case No. 09-07047 (JAF) (Bankr. M.D. Fla. Sept. 24, 2009); In re a21, Inc., Case No. 08-07610 (PMG) (Bankr. M.D. Fla. Dec. 12, 2008).

36. Accordingly, for all of the foregoing reasons, the Debtors submit that cause exists for granting the relief requested herein.

**NOTICE**

37. Notice of this Motion will be given to (i) the 20 largest creditors; (ii) the Office of the United States Trustee for the Middle District of Florida; (iii) the Internal Revenue Service; (iv) the Securities and Exchange Commission; (v) Jihe Zhang; (vi)

Lange Feng; and (vii) High Nature Holdings Limited. The Debtors submit that, under the circumstances, no other or further notice is required.

## NO PRIOR REQUEST

41. No previous request for the relief sought herein has been made to this Court or any other court.

## CONCLUSION

WHEREFORE, the Debtors respectfully request that the Court enter an Order granting the relief requested in the Motion and such other and further relief as may be just and proper.

                      NELSON MULLINS RILEY
                      & SCARBOROUGH LLP


                      By    */s/ Daniel F. Blanks*
                            Daniel F. Blanks (FL Bar No. 88957)
                            Lee D. Wedekind, III (FL Bar No. 670588)
                            50 N. Laura Street, Suite 4100
                            Jacksonville, Florida 32202
                            (904) 665-3600
                            (904) 665-3699 (fax)
                            daniel.blanks@nelsonmullins.com
                            lee.wedekind@nelsonmullins.com

                            *Proposed Counsel for the Debtors and Debtors in Possession RMS Titanic, Inc.*

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using CM/ECF on June 15, 2016. I also certify that the foregoing document is being served this day on the following via Federal Express:

| | |
|---|---|
| United States Trustee<br>Middle District of Florida<br>400 W. Washington Street, Suite 1100<br>Orlando FL 32801 | Internal Revenue Service<br>Centralized Insolvency Operations<br>600 Arch Street<br>Philadelphia PA 19106 |
| Securities and Exchange Commission<br>Office of Reorganization<br>950 E. Paces Ferry Road, NE, Suite 900<br>Atlanta GA 30326 | High Nature Holdings Limited<br>Lange Feng<br>Jihe Zhang<br>15953 107th Avenue<br>Surrey, BC V4N 5N7 |
| 417 Fifth Ave Real Estate LLC<br>c/o Sebastian Capital, Inc.<br>417 Fifth Avenue<br>New York, New York 10016 | ABC Imaging<br>1155 21st Street NW, Suite M<br>Washington, DC 20036 |
| Broadway Video<br>30 Rockefeller Plaza, 54th Floor<br>New York, NY 10112 | CBS Outdoor/Outfront Media<br>185 US Highway 48<br>Fairfield, NJ 07004 |
| Dentons Canada LLP<br>77 King Street West, Suite 400<br>Toronto, ON M5K 0A1 | George F. Eyde LLC<br>300 S. Washington Square, Suite 400<br>Lansing, MI 48933 |
| Hoffen Global Ltd.<br>305 Crosstree Lane<br>Atlanta, GA 30328 | NASDAQ Stock Market, LLC<br>805 King Farm Blvd.<br>Rockville, MD 28050 |
| New York Dept. of Taxation and Finance<br>ATTN: Office of Counsel<br>Building 9, W. A. Harriman Campus<br>Albany, NY 12227 | PacBridge Limited Partners<br>22/F Fung House<br>19-20 Connaught Road<br>Central, Hong King |
| Ramparts, Inc.<br>3900 Las Vegas Blvd. South<br>Las Vegas, NV 89119 | Samuel Weiser<br>565 Willow Road<br>Winnetka, IL 60093 |

Screen Actors Guild
1900 Broadway, 5th Floor
New York, NY 10023

Sophrintendenza Archeologica
di Napoli e Pompei
Piazza Museo 19
Naples, Italy

TPL
3340 Peachtree Road, Suite 2140
Atlanta, GA 30326

WNBC
NBC Universal Media
15000 SW 27th Street
Hollywood, FL 33027

Seaventures, Ltd.
5603 Oxford Moor Blvd.
Windemere, FL 34786

Structure Tone, Inc.
770 Broadway, 9th Floor
New York, NY 10003

Verifone, Inc.
300 S. Park Place Blvd.
Clearwater, FL 33759

Zigong Gengu Longteng Science
& Technical Co.
No. 10-4 TaiFeng Bldg.
68 HuiDong Road
Zigong, Sichuan Province, China

                                        */s/ Daniel F. Blanks*
                                              Attorney

~#4820-0036-4338 v.1~