# EXHIBIT E

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:

RMS TITANIC, INC., *et al.*,[1]

Debtors.

Case No. 3:16-bk-02230-PMG
Chapter 11

(Joint Administration Requested)

## DECLARATION OF DENIS MOURALIS

Pursuant to 28 U.S.C. § 1746, I hereby declare as follows:

1.      My name is Denis Mouralis. I am over the age of eighteen years. I have personal knowledge of, and am competent to testify to, the matters set forth in this Declaration.

2.      I am a tenured full Professor of arbitration law, international law and business law at Aix Marseille University in Aix-en-Provence, France. I am a member of the Center for Economic Law, the Institute of Business Law, and the Transport Law Center (CDMT / IFURTA) of that University. I teach courses for LL.M degrees (master of laws) and/or LL.B. degrees (bachelor of laws) in maritime law, arbitration law, investment law, international contracts law, air law, ethics of the legal profession, means of payment and credit.

3.      I received a Doctorate in law, Paul Cézanne University (Aix-Marseille III), 2008. I also received an LL.M degree from McGill, 2002; and a *DEA* (LL.M) of private law, Paul Cézanne University (Aix-Marseille III), 2003. I

D. M.

---

[1] The Debtors in the chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number include: RMS Titanic, Inc. (3162); Premier Exhibitions, Inc. (4922); Premier Exhibitions Management, LLC (3101); Arts and Exhibitions International, LLC (3101); Premier Exhibitions International, LLC (5075); Premier Exhibitions NYC, Inc. (9246); Premier Merchandising, LLC (3867), and Dinosaurs Unearthed Corp. (7309). The Debtors' service address is 3045 Kingston Court, Suite I, Peachtree Corners, Georgia 30071.

am a lawyer (*avocat*) admitted to the bar of Aix-en-Provence, since January 2005.

4.      I am the author or co-author of many leading publications on international arbitration law and procedure, such as the well-known French treatise on international commercial law entitled *Droit du commerce international* (Paris, LexisNexis, 2011). I also serve as arbitrator and counsel for domestic and international arbitrations, and act as a consultant on international legal issues.

5.      I am the author of a doctoral thesis on the interplay between arbitration and parallel legal proceedings, and have significant experience with international arbitrations (for instance, with respect to international ship construction contracts), as well as domestic arbitrations and with respect to disputes before domestic courts. I frequently advise on conflict of jurisdictions and the conflict of laws in the context of international contracts.

6.      I am a member of the French Arbitration Committee, the Institute of World Business Law of the International Chamber of Commerce, the research team for arbitration and international commerce of the University of Versailles Saint-Quentin en Yvelines and of the CDE (Center for Economic Law) of Aix-Marseille University, the French Association of Maritime Law (AFDM), among other organizations.

7.      I have been retained as an expert consultant by R.M.S. Titanic, Inc. ("RMST") to advise on the legal significance under French law of the *procès-verbal* issued to Titanic Ventures Limited Partnership, a predecessor to RMST on October 20, 1993 (the "*procès-verbal*").

2

8.      This *procès-verbal* in French, with a translation into English, together with French and English versions of a letter from Titanic Ventures Limited Partnership to the Office of Maritime Affairs of France (Ministry of Equipment, Transportation and Tourism) dated September 22, 1993, and of a letter from Ministry of equipment, transportation and tourism to Titanic Ventures Limited Partnership dated October 12, 1993 are annexed to the present declaration. These documents have been provided to me by RMST and I assume for purposes of this declaration that they are authentic.

9.      Under French law, this *procès-verbal* constitutes a legally enforceable administrative decision from an Administrator in the French Office of Maritime Affairs (Ministry of Equipment, Transportation and Tourism).

10.      This *procès-verbal* was executed pursuant to decree 61-1547 of 26 December 1961 (art. 13), in order to transfer property of some artefacts to Titanic Ventures Limited Partnership, as the entity that recovered those artefacts from the Titanic wreck.

11.      Under decree 61-1547, when someone, called the "rescuer" (*sauveteur*), has recovered a wreck or artefacts contained in a wreck, he or she must inform the Maritime Affairs Administrator (*administrateur des affaires maritimes*) (art. 2). If the owner of such wreck or artefacts is not known, the Maritime Affairs Administrator advertises the discovery, through placards or notices published in newspapers (art. 4). If, within three months of such advertisement, nobody has claimed ownership of the wreck or artefacts, the Maritime Affairs Administrator has them sold (art. 12).

D. Ⴕ.

3

12.     The sums obtained through the sale are used to reimburse the administration's and rescuer's expenses, the sale costs and any applicable taxes or duties; then the surplus, if any, is escrowed for five years, during which the owner of the goods sold can claim this surplus. If, after five years, nobody has claimed the surplus, it goes to the Public Treasury (art. 14).

13.     Alternatively, the Maritime Affairs Administrator can assign property of the wreck or artefacts to the rescuer (art. 13). In the case at hand, that was exactly the purpose of the *procès-verbal*, which transferred to "Titanic Ventures Limited Partnership" the legal property of the artefacts listed in its annex (list that I have not seen).

14.     According to the provisions of decree 61-1547 (art. 13), such transfer of ownership is total and not conditional. Decree 61-1547 does not provide that any other entity than the rescuer should have any interest in the goods assigned. Decree 61-1547 does not provide that a third party should receive liens or encumbrances on the artefacts assigned to the rescuer.

15.     Moreover, French law protects private property as a constitutional right (Declaration of the Rights of Man and of Citizen of 26 August 1789, art. 2). The owner of a thing has the absolute right to alienate it (French Civil Code, art. 537 and 544).

16.     Case law deduces from these principles that a contractual clause preventing the owner of a thing from alienating it is valid only if it is temporary and justified by a legitimate interest (Court of Cassation, 1st Civil Chamber, October 31, 2007, case n° 05-14238, *Bull. Civ.* 2007, I, n° 337).

D. 17.

4

17.     I declare under penalty of perjury in the United States of America that the foregoing is true and correct.

18.     Executed on this the 20th day of June, 2016.


DENIS MOURALIS


ANNEXED: documents transmitted by RMST, including the *procès-verbal* of October 20, 1993, and two letters

Annex to Denis MOURALIS' Declaration

Letter from Titanic Ventures Limited Partnership
to
Office of Maritime Affairs for France
(Ministry of Equipment, Transportation and Tourism)

September 22, 1993

English Version (2 pages)

D,M.

(Translation made by
J.C. Goldsmith & Associas)

Titanic Ventures Limited Partnership
204 Old Post Road
Southport Connecticut 06490

Mr. Tricot
Head of Headquarter of
Maritimes Affairs in Lorient
88-90 Ave, de Laperriere
BP 2143
56321 Lorient Cedex
France

Paris, September 22, 1993

Dear Sir,

The search procedure of the artifacts' heirs regarding the artifacts recovered from the Titanic during the 1987 expedition is over.

Titanic Ventures Limited Partnership (Titanic Ventures), as salvor, wishes to own the artifacts to which the owners of heirs have not been identified pursuant to the publicity measures implemented by the french authorities.

On this occasion, I hereby, on behalf of Titanic Ventures and as Director of Titanic Ventures, state that Titanic Ventures intends to make a respectfull use of the artifacts recovered from the Titanic in 1987 in memory of their initial owners.

In this view, I indicate you that the artifacts will only be used on a cultural purpose and will not,

therefore, be part of any operations which would lead to their dispersion, but to the exception of exhibition purposes, and none of the artifacts will be sold.

In supplement, I expressly discharge the French State of any liability vis-a-vis any third parties whose interests would have been damaged by the delivery of the artifacts recovered from the Titanic wreck.

yours sincerely,

George Tulloch
General Partner
Titanic Ventures Limited Partnership

D.M.

Letter from Titanic Ventures Limited Partnership
to
Office of Maritime Affairs for France
(Ministry of Equipment, Transportation and Tourism)

September 22, 1993

French Version (1 page)

D.M.

## TITANIC VENTURES

204 Old Post Road, Southport, Connecticut 06490
Tel. (203) 255-9481, Fax (203) 255-7673

Monsieur Tricot
Chef du Quartier des Affaires Maritimes
Quartier des Affaires Maritimes de Lorient
88 - 90 Avenue de Laperrière
BP 2143
56321 Lorient Cedex
France

Paris le 22 septembre 1993

Monsieur,

La procédure de recherche des ayants droit des objets tirés de l'épave du Titanic
lors de l'expédition de 1987, arrive à son terme.

Titanic Ventures Limited Partnership (Titanic Ventures), en sa qualité de sauveteur,
souhaite, donc prendre possession des objets dont les légitimes propriétaires ou
ayants droit n'ont pu être identifiés, comme suite aux mesures de publicité qui ont
été prises par les autorités françaises.

A cette occasion, je tiens au nom de Titanic Ventures dont je suis le Directeur, à
vous faire part de l'intention de la société de faire des objets prélevés de l'épave du
Titanic en 1987, un usage respectueux du souvenir de leurs propriétaires initiaux.

Dans cette optique, je vous indique que les objets ne seront utilisés que dans un but
culturel et ne feront, en conséquence, l'objet d'aucune opération entraînant leur
dispersion, si ce n'est pour les besoins d'une exposition, ni d'aucune vente de l'un
quelconque d'entre eux.

En outre, je décharge expressément l'Etat français de toute responsabilité vis-à-vis
des tiers dont les intérêts auraient été atteints par la remise des objets tirés de
l'épave du Titanic.

Je vous prie de croire, Monsieur, à l'assurance de mes sentiments distingués.

George Tulloch
General Partner
Titanic Ventures Limited Partnership

*TITANIC* and the Titanic logo are trademarks of Titanic Ventures.

D.T.

–56–

Letter from
Ministry of Equipment, Transportation and Tourism
to
Titanic Ventures Limited Partnership

October 12, 1993

English Version (2 pages)

D. M.

FRENCH REPUBLIC

Oct. 18, 1993

MINISTRY FOR EQUIPMENT,
TRANSPORTATION AND TOURISM

MARITIME MATTERS

LORIENT QUARTER

N° 443
HLD/DD

Matter followed by:
M. Le Doze

Lorient, October 12, 1993
88-90 Avenue de la Periere
B.P. 2143
56321 Lorient Cedex
Tel. 97 37 16 22
Telex : 950848
Facsimile : 97 83 97
The Quarter Master for Martime
Matters of Lorient

To

Mr. Georges Tulloch
Director Titanic Ventures
Limited Partnership
204 Old Post Road
Southport
06490 Connecticut (USA)

Elected domicile in France:
Professional Partnership of Attorneys
J. C. Goldsmith & Associates
4, avenue Van Dyck
75008 Paris
to the attention of Mr. de Foucard, Esq.

RE:.    Objects removed from the wreckage of the Titanic in 1987

Dear Sir:

The search for the heirs and assigns of the objects removed from the wreckage of the Titanic at the time of the 1987 expedition has now been completed.

Ownership of the objects that have not been claimed, or for which the claim for restitution has been refused, shall be delivered to the company Titanic Ventures Limited Partnership, as salvager, in accordance with the provisions of Article 13 of Decree n° 61-1547 of December 26, 1961 instituting the system governing wreckages.

D. 17.

-895-

Concerning this delivery of ownership, I have duly noted your intention, entered in the letter of 9/22/93, by which you agreed to make use of such objects in conformity with the respect due to the memory of their initial owners and to not carry out any commercial transaction concerning such objects nor any sale of any one of them nor any transaction entailing their dispersion, if not for the purposes of an exhibition.

In addition, I have also noted your discharge with respect to the French State for any liability vis a vis any third parties whose interests might have been harmed by the remittance of the objects removed from the wreckage of the Titanic.

Very truly yours,

(Stamp: Maritime Matters  Lorient)

Chief Administrator 2nd class
for Maritime Matters Tricot
(signature)

D. M.

-896-

Letter from
Ministry of Equipment, Transportation and Tourism
to
Titanic Ventures Limited Partnership

October 12, 1993

French Version (2 pages)

D. M.

18 OCT. 1999

MINISTERE DE L'EQUIPEMENT,
DES TRANSPORTS ET DU TOURISME
----------------------
AFFAIRES MARITIMES
-------------
QUARTIER DE LORIENT
----

LORIENT, le 12 octobre 199

80-80 Avenue de la Perrière
B.P. 2143
56321 LORIENT CEDEX
Tél. 97.37.16.22
Télex : 950848
Télécopie : 97.03.97.

N°443
HLD/DD

Le Chef du Quartier des Affaires
Maritimes de LORIENT.

Affaire suivie par :
M. LE DOZE

à

Monsieur Georges TULLOCH
Directeur TITANIC VENTURES
Limited Partnership
204 Old Rost Road
SOUTHPORT
06490 CONNECTICUT (U.S.A.)

DOMICILE ELU EN FRANCE :
Société d'Avocats'
J.C. GOLDSMITH et Associés
4, avenue Van Dyck
75008    PARIS
à l'attention de Maître de FOUCAUD

O B J E T : Objets prélevés sur l'épave du "TITANIC" en 1987.

Monsieur,

La procédure de recherche des ayants-droit des obje
tirés de l'épave du TITANIC lors de l'expédition de 1987, e
maintenant achevée.

Les objets non réclamés, ou dont la demande en rest
tution a été rejetée, vont être remis en propriété à la socié
TITANIC VENTURES Limited Partnership, en sa qualité de sauv
teur, conformément aux dispositions de l'article 13 du décr
n°61-1547 du 26 décembre 1961 fixant le régime des épaves.

Concernant cette remise, j'ai pris bonne note de votre intention, consignée dans le courrier du 22.09.93, par laquelle vous vous engagez à faire un usage desdits objets conforme au respect dû au souvenir de leurs propriétaires initiaux et à ne réaliser aucune opération commerciale sur ces objets ni aucune vente de l'un quelconque d'entre eux ni aucune opération entraînant leur dispersion si ce n'est pour les besoins d'une exposition.

En outre, j'ai pris note également de votre décharge à l'égard de l'Etat français de toute responsabilité vis-à-vis des tiers dont les intérêts auraient été atteints par la remise des objets retirés de l'épave du TITANIC.

Je vous prie de recevoir, Monsieur, l'expression de ma considération distinguée.

L'Administrateur en Chef de 2ème classe des Affaires Maritimes TRICOT

D.17.

-898-

*Minutes of Delivery to the Salvagor of the Artifacts Recovered*
*from the* Titanic *Wreck in 1987*
("Proces-Verbal")

by

Maritime Affairs Administrator of the
Ministry of Equipment, Transportation and Tourism

October 20, 1993

English Version (2 pages)

D. П,

*(Translation made by
J.C Goldsmith et Associés)*

### FRENCH REPUBLIC

MINISTRY OF EQUIPMENT
TRANSPORTATION AND TOURISM

MARITIMES AFFAIRS

HEADQUARTER OF LORIENT

"MINUTES OF DELIVERY TO THE SALVAGOR OF THE ARTIFACTS RECOVERED FROM
THE TITANIC WRECK IN 1987"

(Article 13 of the decree n° 61-1547 dated December 21, 1961 determining the regime
of the wreck at sea)

By the Maritime Affairs Administrator,
M. Chapalain
representing the Head of the Headquarter of Lorient,
86-90 Avenue Laperrière
B.P. 2143
56321 Lorient Cedex

to

Titanic Ventures Limited Partnership
represented by M. George Tulloch, Managing Partner,
assisted by Alain de Foucaud, Esq.,
204, Old Post Road, Southport
Connecticut 06490   (United States)

*. * *

In accordance with its decision dated October 12,1993, taken pursuant to the provisions of the
decree N° 61-1547 dated December 26, 1961 determining the regime of the wreck at Sea, M.
Chapalain, representing the Head of the Headquarter of Maritime Affairs of Lorient, has carried
out this day the delivery of the artifacts recovered from the Titanic wreck in 1987 and whose
legal owners or heirs have not been identified pursuant to the publicity measures implemented
by the French Authorities, to Titanic Ventures Limited Partnership, in its capacity of salvagor.

D. П.

−60.

The list of the artifacts is exhibited to the present minutes together with the letter of intent of Titanic Ventures Limited Partnership dated September 22, 1993.

Done at Saint-Remy, on October 20, 1993

The Administrator
of Maritime Affairs
M. Chapalain
representing the Head
of the Headquarter of Lorient

Titanic Ventures Limited Partnership
represented by M. George Tulloch,
Managing Partner

Assisted by Alain de Foucaud, Esq.
Attorney at Law

D. 17.

*Minutes of Delivery to the Salvagor of the Artifacts Recovered*
*from the* Titanic *Wreck in 1987*
("Proces-Verbal")

by

Maritime Affairs Administrator of the
Ministry of Equipment, Transportation and Tourism

October 20, 1993

French Version (2 pages)

D. 17.

REPUBLIQUE FRANCAISE

MINISTERE DE L'EQUIPEMENT,
DES TRANSPORTS ET DU TOURISME

AFFAIRES MARITIMES

QUARTIER DE LORIENT

"PROCES-VERBAL DE REMISE AU SAUVETEUR
DES OBJETS PRELEVES SUR L'EPAVE DU TITANIC EN 1987"

(Article 13 du décret n°61-1547 du 21 décembre 1961
fixant le régime des épaves maritimes)

Par l'Administrateur des Affaires Maritimes,
M. CHAPALAIN
représentant le Chef de Quartier de LORIENT,
88-90, Avenue de la Perrière
B.P. 2143
56321 LORIENT Cédex

à

la société TITANIC VENTURES Limited Partnership
représenté par Monsieur Georges TULLOCH, directeur
assisté de Maître Alain de FOUCAULD, avocat,
204 Old Post Road, Southport
CONNECTICUT 06490 (Etats-Unis)

* * *

Conformément à sa décision en date du 12 octobre 1993,
prise en application des dispositions du décret n°61-1547 du 26 décembre
1961 fixant le régime des épaves maritimes, Monsieur CHAPALAIN,
représentant le Chef de Quartier des Affaires Maritimes de LORIENT a
procédé ce jour à la remise des objets prélevés sur l'épave du TITANIC en
1987 et dont les légitimes propriétaires ou ayants droit n'ont pu être
identifiés, comme suite aux mesures de publicité prises par les autorités
françaises, à la société TITANIC VENTURES Limited Partnership, en sa
qualité de sauveteur.

-71-

D.M

La liste de ces objets figure en annexe du présent procès-verbal, ainsi que la lettre d'intention de la société TITANIC VENTURES Limited Partnership en date du 22 septembre 1993.

A Saint Rémy , le 20 octobre 1993

L'Administrateur
des Affaires Maritimes
Monsieur CHAPALAIN
représentant le Chef
de Quartier de LORIENT

La société TITANIC VENTURES
Limited Partnership représenté
par Monsieur G. TULLOCH,
Directeur

assisté de Maître A. de FOUCAULD,
Avocat

-72-