**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

In re:

RMS TITANIC, INC., *et al.*,[1]

Debtors.

Case No. 3:16-bk-02230-PMG
Chapter 11 (Jointly Administered)

**Hearing Time Requested: Ten (10) Minutes**

### DEBTORS' MOTION TO REJECT UNEXPIRED LEASE OF NON-RESIDENTIAL REAL PROPERTY EFFECTIVE *NUNC PRO TUNC* TO THE PETITION DATE

RMS Titanic, Inc. and certain of its affiliates, as Debtors and Debtors in possession in the above-captioned case (collectively, the "Debtors"), by and through its undersigned attorneys, hereby files its motion (the "Motion") to reject that certain unexpired lease of non-residential real property in New York, New York (the "Lease"). In support of this Motion, the Debtors respectfully represents as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue of this case and this Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[1] The Debtors in the chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number include: RMS Titanic, Inc. (3162); Premier Exhibitions, Inc. (4922); Premier Exhibitions Management, LLC (3101); Arts and Exhibitions International, LLC (3101); Premier Exhibitions International, LLC (5075); Premier Exhibitions NYC, Inc. (9246); Premier Merchandising, LLC (3867), and Dinosaurs Unearthed Corp. (7309). The Debtors' service address is 3045 Kingston Court, Suite I, Peachtree Corners, Georgia 30071.

2. The statutory predicate for the relief sought in this Motion is Section 365(a) of Title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (as amended, the "Bankruptcy Code").

## BACKGROUND

3. On June 14, 2016 (the "Petition Date"), the Debtors filed a voluntary petition in this Court for relief under chapter 11 of the Bankruptcy Code. The factual background regarding the Debtors, including their business operations, their capital and debt structure, and the events leading to the filing of this bankruptcy case, is set forth in detail in the Case Summary.

4. The Debtors continue to manage and operate its business as debtors in possession under Bankruptcy Code sections 1107 and 1108.

5. No trustee or examiner has been appointed in this chapter 11 case, and no committee has yet been appointed.

## RELIEF REQUESTED

6. By this Motion, the Debtors respectfully requests entry of an order authorizing the Debtors to reject the Lease (as defined below) effective *nunc pro tunc* to the Petition Date. Additionally, the Debtors seek authority pursuant to section 554(a) of the Bankruptcy Code and Bankruptcy Rule 6007 to abandon any fixtures, furniture, advertising displays, and other office and equipment (the "Abandoned Property").

7. On April 9, 2014, the Debtors and 417 Fifth Ave Real Estate LLC (the "Landlord") entered into that certain lease at 277 Park Avenue, 21st Floor, New York, New York (the "Lease").

8. The Debtors now desire to reject the Lease pursuant to Section 365(a) of the Bankruptcy Code. The Debtors, through the exercise of its business judgment, have determined that rejection of the Lease is in the best interests of the Debtors' estates. Indeed, the Debtors are no longer operating at the location and the Lease was incredibly unprofitable.

9. Through the rejection of the Lease, the Debtors will be relieved from paying the rent, as well as certain other costs, including taxes, utilities, insurance, operating expenses, and other related charges associated with the Lease. By rejecting the Lease as of the Petition Date, the Debtors will avoid incurring unnecessary administrative charges that provide no tangible benefit to the Debtors' estates. The resulting savings from the rejection of the Lease will increase the Debtors' future cash flow and assist in managing their estates.

10. The Debtors have also determined that the abandonment of the Abandoned Property is appropriate because such property is of inconsequential value and/or the cost of removing and storing such property exceeds its value to the Debtors' estates. Moreover, the Debtors believe that the Abandoned Property is no longer necessary for the operation of the Debtors' business.

11. Moreover, rejection of the Lease and abandonment of the Abandoned Property effective as of the Petition Date is necessary and justified under the

circumstances. As of the rejection date, the Debtors will have vacated the premises and surrendered the possession and keys to the Landlord. Accordingly, the Debtors believe that the rejection of the Lease and the abandonment of the Abandoned Property as of the Petition Date is in the best interests of their estates, their creditors, and all parties in interest.

### A. Rejection of the Lease is Supported by the Debtors' Business Judgment and Should be Approved by the Court

12. Pursuant to Section 365(a) of the Bankruptcy Code, the Debtors, as debtors in possession, may reject the Lease, subject to this Court's approval of the rejection. The Court should approve the rejection by the Debtors of the Lease if the rejection is made in the exercise of the Debtors' sound business judgment, and if such rejection benefits the Debtors' estates. See e.g., Sharon Steel Corp. v. National Fuel Gas Distr. Corp., 872 F.2d 36, 39 (3d Cir. 1989); In re Bildisco, 682 F.2d 72, 79 (3d Cir. 1982), aff'd 465 U.S. 513 (1984); In re Patterson, 119 B.R. 59 (Bankr. E.D. Pa. 1990). It is enough if the Debtors determine in its business judgment that a benefit will be realized. Sharon Steel Corp., 872 F.2d at 39 (citing In re Wheeling-Pittsburgh Steel Corp., 72 B.R. 845, 846 (Bankr. W.D. Pa. 1987)). The business judgment standard requires that the Court approve the Debtors' business decision unless that judgment is the product of bad faith, whim or caprice. Lubrizol Enterprises v. Richmond Metal Finishes, 756 F.2d 1043, 1047 (4th Cir. 1985), cert. denied, 475 U.S. 1057 (1986).

13. The Debtors' rejection of the Lease complies with the provisions of Section 365(a) of the Bankruptcy Code and satisfies the business judgment standard for

the reasons set forth in Paragraph 8 above and because the Lease serve no useful purpose for the Debtors. The Debtors' estates will benefit by eliminating unnecessary costs to the estates from rent accrual and other obligations associated with the Lease. The Debtors are no longer operating at the location. Allowing the rejection will avoid postpetition rent as a cost of administration.

### B. The Bankruptcy Code Authorizes the Abandonment of the Abandoned Property

14. With respect to the Debtors' request for authority to abandon property, the Debtors submit that the standard set forth in section 554(a) of the Bankruptcy Code is satisfied. Section 554(a) provides that a debtor in possession may abandon, subject to court approval, "property of the estate that . . . is of inconsequential value and benefit to the estate." 11 U.S.C. § 554(a). Before authorizing abandonment of property, a bankruptcy court must find either: (i) the property is burdensome to the estate or (ii) the property is both of inconsequential value and inconsequential benefit to the estate. See, e.g., Midlantic Nat'l Bank v. N.J. Dep't of Envtl. Prot., 474 U.S. 494, 497 (1986), reh'g denied, 475 U.S. 1091 (1986); In re Texaco, Inc., 90 B.R. 38, 44 (S.D.N.Y. 1988); In re Crowthers McCall Pattern, Inc., 114 B.R. 877, 882 n.7 (Bankr. S.D.N.Y. 1990). The personal property proposed to be abandoned in connection with the Lease would primarily consist of fixtures, furniture, advertising displays, and other office and store equipment that is (a) of no value or benefit to the Debtors' estates and/or (b) burdensome insofar as the costs of removal and storage of such property is likely to exceed the net proceeds

### C. The Court Should Authorize the Rejection of the Lease Effective *Nunc Pro Tunc*

15. Bankruptcy courts are empowered to authorize retroactive rejection of an executory contract or unexpired lease under section 365(a) of the Bankruptcy Code when the balance of the equities favors retroactive rejection. See, e.g., Thinking Machs. Corp. v. Mellon Fin. Servs. Corp. (In re Thinking Machs. Corp.), 67 F.3d 1021, 1028-29 (1st Cir. 1995) (holding that when principles of equity dictate, a bankruptcy court may approve rejection of a nonresidential lease pursuant to section 365(a) retroactive to the motion filing date); In re Colony Beach & Tennis Club Ass'n, Inc., 2010 WL 746708, at *5 (M.D. Fla. Mar. 2, 2010) ("However, bankruptcy courts, as courts of equity, "may enter retroactive orders of approval and should do so when the balance of equities preponderates in favor of such remediation."); In re Manis Lumber Co., 430 B.R. 269, 275 (Bankr. N.D. Ga. 2009); BP Enemy Co. v. Bethlehem Steel Corp., 2002 WL 31548723, at *3 (S.D.N.Y. Nov. 15, 2002); see also In re Jamesway Corp., 179 B.R. 33, 36-37 (S.D.N.Y. 1995) (stating that section 365 does not include "restrictions as to the manner in which the court can approve rejection").

16. The balance of the equities favors the relief requested herein. Without a retroactive date of rejection, the Debtors will be forced to incur unnecessary administrative expenses for the Lease, an agreement that provides no equivalent benefit to the Debtors' estates. See 11 U.S.C. § 365(d)(3). Moreover, Landlord will not be unduly prejudiced if the rejection is deemed as effective as of the Petition Date. Contemporaneously with the filing of this Motion, the Debtors will cause notice of this

Motion to be served on the Landlord, thereby allowing sufficient opportunity to respond accordingly.

### WAIVER OF BANKRUPTCY RULE 6004(a) AND 6004(h)

17. To implement the foregoing successfully, the Debtors seek a waiver of the notice requirements of Bankruptcy Rule 6004(a) and the 14-day stay of an order authorizing the use, sale, or lease of property under Bankruptcy Rule 6004(h).

### NO PRIOR REQUEST

18. No previous request for the relief sought herein has been made to this Court or any other court.

### CONCLUSION

Wherefore, the Debtors respectfully request that the Court enter an order granting the relief requested in the Motion and such other further relief as may be just and proper.

          NELSON MULLINS RILEY
          & SCARBOROUGH LLP

          By  */s/ Daniel F. Blanks*
               Daniel F. Blanks (FL Bar No. 88957)
               Lee D. Wedekind, III (FL Bar No. 670588)
               50 N. Laura Street, Suite 4100
               Jacksonville, Florida 32202
               (904) 665-3600 (direct)
               (904) 665-3699 (fax)
               daniel.blanks@nelsonmullins.com
               lee.wedekind@nelsonmullins.com

          *Proposed Counsel for the Debtors and Debtors in Possession*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using CM/ECF on June 24, 2016. I also certify that the foregoing document is being served this day on the following counsel of record via transmission of Electronic Filing generated by CM/ECF:

David W. Baddley, Esq.
U.S. Securities and Exchange Commission
Office of Reorganization
950 E. Paces Ferry Road, NE, Suite 900
Atlanta GA 30326
(404) 842-7625
(404) 842-7633 (fax)
atlreorg@sec.gov
*Attorneys for U.S. Securities and Exchange Commission*

Jay B. Verona, Esq.
Shumaker, Loop & Kendrick, LLP
101 E. Kennedy Blvd., Suite 2800
Tampa, FL 33602
(813) 229-7600
(813) 229-1660 (fax)
jverona@slk-law.com
*Attorneys for George F. Eyde Orlando, LLC and Louis J. Eyde Orlando, LLC*

Scott E. Bomkamp, Esq.
Office of the United States Trustee
Middle District of Florida
400 W. Washington Street, Suite 1100
Orlando FL 32801
(407) 648-6301 ext. 150
(407) 648-6323 (fax)
scott.e.bomkamp@usdojgov
*Attorneys for Guy G. Gebhardt, Acting U.S. Trustee for Region 21*

Scott M. Grossman, Esq.
Greenberg Traurig
401 East Las Olas Boulevard, Suite 2000
Fort Lauderdale, FL 33301
(954) 768-5212
(954) 765-1477 (fax)
grossmansm@gtlaw.com

Jason B. Burnett, Esq.
Alexandria V. Hill, Esq.
GrayRobinson, P.A.
50 N. Laura Street, Suite 1100
Jacksonville, FL 32202
(904) 598-9929
(904) 598-9109 (fax)
jason.burnett@gray-robinson.com
alexandria.hill@gray-robinson.com
*Attorneys for 417 Fifth Avenue Real Estate, LLC*

Andrew T. Jenkins, Esq.
Bush Ross, P.A.
P.O. Box 3913
Tampa, FL 33601-3913
(813) 224-9255
(813) 223-9620 (fax)
ajenkins@bushross.com
*Attorneys for Bank of America, N.A*

**Via U.S. Mail**

Internal Revenue Service
Centralized Insolvency Operations
600 Arch Street
Philadelphia PA 19106

Lange Feng
Jihe Zhang
Haiping Zou
15953 107th Avenue
Surrey, BC V4N 5N7

ABC Imaging
1155 21st Street NW, Suite M
Washington, DC 20036

Broadway Video
30 Rockefeller Plaza, 54th Floor
New York, NY 10112

CBS Outdoor/Outfront Media
185 US Highway 48
Fairfield, NJ 07004

Dentons Canada LLP
Attn:  Catherine Wade
250 Howe Street, 20th Floor
Vancouver, BC V6C 3R8

Hoffen Global Ltd.
305 Crosstree Lane
Atlanta, GA 30328

NASDAQ Stock Market, LLC
805 King Farm Blvd.
Rockville, MD 28050

New York Dept. of Taxation and Finance
ATTN: Office of Counsel
Building 9, W. A. Harriman Campus
Albany, NY 12227

National Oceanic and
Atmospheric Administration
1401 Constitution Avenue NW
Room 5128
Washington, DC 20230

PacBridge Limited Partners
22/F Fung House
19-20 Connaught Road
Central, Hong Kong

Ramparts, Inc.
d/b/a Luxor Hotel and Casino
3900 Las Vegas Blvd. South
Las Vegas, NV 89119

Screen Actors Guild
1900 Broadway, 5th Floor
New York, NY 10023

Seaventures, Ltd.
5603 Oxford Moor Blvd.
Windemere, FL 34786

Sophrintendenza Archeologica
di Napoli e Pompei
Piazza Museo 19
Naples, Italy 80135

Structure Tone, Inc.
770 Broadway, 9th Floor
New York, NY 10003

TPL  
3340 Peachtree Road, Suite 2140  
Atlanta, GA 30326

United States District Court  
Eastern District of Virginia  
Attn: Chief Judge Rebecca Beach Smith  
600 Granby Street  
Norfolk, VA 23510

Verifone, Inc.  
300 S. Park Place Blvd.  
Clearwater, FL 33759

Samuel Weiser  
565 Willow Road  
Winnetka, IL 60093

WNBC  
NBC Universal Media  
30 Rockefeller Center  
New York, NY 10112

Zigong Gengu Longteng Science  
& Technical Co.  
Add No.1 Shuanghou Road  
Ziliujing District  
Zigong, China 643000

Office of the United States Attorney  
Middle District of Florida  
300 N. Hogan Street, Suite 700  
Jacksonville, FL 32202

Office for Science and Technology  
4101 Reservoir Road, NW  
Washington, DC 20007

Ministry for Equipment, Transportation  
and Tourism  
88-90 Avenue de la Periere  
B.P. 2143  
Lorient, France 56321

 

*/s/ Daniel F. Blanks*  
Attorney