UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

IN RE:

RMS TITANIC, INC., *et al.,*

Case No.: 3:16-BK-02230-PMG
Chapter 11

Debtors.

_____/

(Jointly Administered)

### 417 FIFTH AVE REAL ESTATE LLC'S RESPONSE IN OPPOSITION TO DEBTORS' MOTION TO REJECT UNEXPIRED LEASE OF NON-RESIDENTIAL REAL PROPERTY EFFECTIVE *NUNC PRO TUNC* TO THE PETITION DATE

417 Fifth Ave Real Estate LLC ("417 Fifth Ave") files its Response in Opposition to Motion to Reject Unexpired Lease of Non-Residential Real Property Effective *Nunc Pro Tunc* to the Petition Date (the "Motion") [D.E. No. 46] filed by RMS Titanic Inc., *et al.* (collectively, the "Debtors"). In support 417 Fifth Ave states:

### BACKGROUND

1. On April 9, 2014, 417 Fifth Ave entered into a commercial lease (the "Lease") with Debtor Premier Exhibitions Inc. ("Premier") to rent the premises located at 417 Fifth Avenue, New York, New York (the "Property").

2. On June 14, 2016, (the "Petition Date") the Debtors filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. Prior to the Petition Date, Premier defaulted on the Lease by failing to make payments thereunder.

3. As of the Petition Date, Premier was still in possession of the Property and did not intend on returning possession until the end of June.

4. On June 29, 2016, Premier returned the keys to the Property to 417 Fifth Ave.

5. In the time that has elapsed from the Petition Date to the return of the Property, Premier has had exclusive use of the Property. Premier has retained possession of the personalty while removing its property and fixtures on a daily basis between June 14 to June 29.. During the process of removing personalty and fixtures, Premier has caused damage or "waste" to the Property.

6. On June 24, 2016, the Debtor filed the Motion to retroactively reject the Lease in an attempt to avoid administrative rent. 417 Fifth Ave seeks entry of an order from this Court rejecting the Lease as of June 29, 2016.

7. It is 417 Fifth Ave's position, and that of the majority of case law, that this Court should not retroactively reject the Lease. The case law is clear that the Court may apply retroactive treatment to the rejection of the Lease (to the date of the motion) only after balancing equitable principles. Unlike the cases cited by the Debtors, it would be inequitable to give retroactive treatment to the Lease rejection.

## **MEMORANDUM OF LAW**

8. A Court should determine whether a rejection of a non-residential real property lease should be rejected retroactively on a case by case basis. *In re Upper Crust, LLC*, 502 B.R. 1 (Bankr. D. Mass. 2013). Looking at Premier's actions in the instant matter, the Court should deny the Motion and not allow the Lease to be rejected *nunc pro tunc*.

9. Section 365(a) of the Bankruptcy Code allows a trustee, subject to the court's approval, to assume or reject any executory contract or unexpired lease of the debtor. 11 U.S.C. § 365(a).

10. Section 365(d)(3) of the Bankruptcy Code permits a debtor in possession of non-residential real property to reject unexpired leases with the court's approval but requires the

debtor to timely perform all obligations required under the lease, including the obligation to pay rent at the contract rate until the lease is rejected. *In re GCP CT School Acquisition, LLC.,* 429 B.R. 817, 824 (B.A.P. 1st Cir. 2010).

11. As explained in *In re GCP School Acquisition*,

> 'This provision was added to the Code to 'alleviate the unique financial strains the Code placed upon the commercial lessor,' namely that the lessor was formerly unable to collect rent from the debtor-tenant while at the same time prevented from taking any action to re-let the premises.'. . . Because the effective date of rejection determines when the obligation to pay rent ceases (and, in turn, controls the time period for which the lessor is entitled to an administrative claim under § 365(d)(3)), it is important for courts to determine when a lease rejection takes effect.

*In re GCP CT Sch. Acquisition, LLC*, 429 B.R. at 825. (Internal citations omitted).

12. The court in *In re-Winn Dixie, Inc.,* 333 B.R. 870 (B.R. M.D. Fla. 2005) also explained,

> The accrual approach interprets § 365(d)(3) as requiring that rent, taxes, and other payments under a lease which come due after the petition date be pro-rated between the pre-petition and post-petition periods. The trustee (or debtor-in-possession) is required to pay as an administrative expense only those amounts which accrue after the petition date. Specifically, the *accrual approach* best implements § 365(d)(3)'s goal of protecting landlords during the period between the bankruptcy filing and acceptance or rejection of a lease by making the debtor fully responsible for liabilities relating to its post-petition use of the property.

*In re Winn-Dixie Stores, Inc.*, 333 B.R. at 873.

13. In light of above, courts have suggested that equitable considerations might, in some cases, "allow the bankruptcy court to abandon mechanical solutions in favor of the pliant reins of fairness and approve a rejection retroactively **to the motion filing date**." *Thinking Machines Corp. v. Mellon Fin. Servs. Corp. (In re Thinking Machines Corporation)*, 67 F.3d 1021, 1028 (1st Cir. 1995) (**emphasis added**). The bankruptcy court's approval becomes a condition precedent for an effective rejection of a lease under § 365(d)(3).

14. Premier cites to *In re Colony Beach & Tennis Club Ass'n Inc.*, 2010 WL 746708, *5 (Bankr. M.D. Fla. Mar. 2, 2010), to support the notion of courts being able to balance equities when deciding whether to approve a rejection of a lease retroactive **to the petition date**. Premier's use of this case is wrong, and somewhat misleading. ***In re Colony* holds that a bankruptcy court may approve a lease rejection back to the date of filing the motion for rejection, not the petition date**. *Id*. at *3.

15. Debtors also use *Time Machine* for the same proposition. As with the Debtors' use of *In re Colony*, the Debtors' use of *Time Machine* is inaccurate. As stated above, *Time Machine*, like *In re Colony*, provides that a rejection of a lease cannot be retroactively applied to a period of time prior to the filing date of a motion to reject the lease. *Id*. at 1029.

16. Despite the clear language in *Time Machine* and *In re Colony* the Debtors cite the cases for the position that they are entitled to retroactively reject the Lease to the Petition Date. This is contrary to the holdings in *Thinking Machine* and *In re Colony*.

17. Neither *Thinking Machines* nor *In re Colony* suggest that retroactivity could be applied to a period of time **prior to the filing date of a pleading indicating the intent to reject** that contract, as Debtors suggest.

18. *In re Upper Crust, LLC* holds "the required filing need not necessarily be titled a 'motion to reject,' it also held that the rejection in that case could not be retroactively effective to a date preceding the trustee's filing of the pleading which made the intention to reject clear and that emails and other out-of-court communications could not constitute sufficiently adequate notice." *In re Upper Crust, LLC*, 502 B.R. at *7.

19. In this case, the Motion was filed on June 24, 2016. This was the first time the Debtors filed any formal pleading with regard to rejection of the Lease.

20. In accordance with section 365(a), this Court still has the ability to approve a debtor's rejection of a lease retroactively. However, if the Court does reject the lease retroactively, it must only go back as far as the Debtor's formal notice of its intention to reject the Lease. *Id.* at *7.

21. Because the Debtor provided formal notice of its intention to have the Lease rejected *nunc pro tunc* on June 24, 2016 when it filed its Motion to Reject, the Court should decline to approve the rejection of the Lease, as of the Petition Date (June 14, 2016), but rather to June 29th, when surrendered of the property by Premier was effected.

22. Even though the Courts may apply retroactive treatment to the date of filing the motion to reject, the courts must still weigh equitable principles. When deciphering the circumstances that may tip the balance of equities, it is important to note specific factors which the court should consider on a case by case basis. *In re Upper Crust, LLC*, 502 B.R. at 1.

23. For example, in a situation where the lessors had notice of the debtor's intention to reject the lease, but that debtor did not return the keys to the premises prior to the petition date when obligated, the court held equity did not dictate the rejection of the lease retroactive to the motion filing date (again, the motion filing date, not the petition date). *TW, Inc. v. Angelastro*, 2004 WL 115521, *2 (Bankr. D. Del. Jan. 14, 2004).

24. Similarly, courts have found approving a retroactive rejection of a lease based on out-of-court communications, such as emails, between debtors and lessors would "not only be contrary to the clear holding in *Thinking Machines* that rejection under § 365 requires express approach by the court, but would trivialize judicial oversight of the rejection process." *In re Upper Crust, LLC*, 502 B.R. at *4. Balancing the equitable principles in the case, the court held rejecting the lease retroactively to the motion filing date would not be proper. *Id.*

25.     In the present case, the Court will balance the equitable principles and deem the Lease should not retroactively be rejected. Since the Petition Date, the Debtors have had exclusive use of the Property, visited same regularly, and removed personalty and fixtures. Debtors did not provide the Landlord with access to the Property or with keys until June 29, 2016.

26.     During this time period, Fifth Ave was unable to collect rent from Premier, but at the same time, Premier's actions rendered it impossible for Fifth Ave to take any steps toward re-letting the Property.  Not to mention, Premier accrued damage to the Property post-petition for which it most certainly should be liable.  Allowing the Debtors to avoid paying administrative rent would be inequitable and injurious to 417 Fifth Ave.  This is not the type of case in which the equities favor retroactive rejection of the Lease.

## Conclusion

27.     Based on the foregoing, Debtor's Motion to Reject Unexpired Lease of Non-Residential Real Property Effective *Nunc Pro Tunc* should be granted as to rejection, denied as to *nunc pro tunc* application, and Premier should be ordered to pay administrative rent.

DATED: June 30, 2016                                  **GRAYROBINSON, P.A.**

*/s/ Jason B. Burnett*
JASON B. BURNETT
Florida Bar. No.: 822663
ALEXANDRIA V. HILL
Florida Bar No.: 84772
50 North Laura Street, Suite 1100
Jacksonville, Florida 32202
Telephone: (904) 598-9929
Facsimile: (904) 598-9109
*Attorneys for 417 FIFTH AVE REAL ESTATE LLC*

**CERTIFICATE OF SERVICE**

       I HEREBY that a true and correct coy of the foregoing was electronically filed with the Clerk of Court using CM/ECF on June 30, 2016.  I also certify that the foregoing document is being served this day on the following counsel of record via transmission of Electronic filing generated by CM/ECF:

| | |
|---|---|
| David W. Baddley, Esq.<br>U.S. Securities and Exchange Commission<br>Office of Reorganization<br>950 E. Paces Ferry Road, NW, Suite 900<br>Atlanta Georgia 30326<br>*Attorneys for U.S. Securities and Exchange Commission* | Jay B. Verona, Esq.<br>Shumaker, Loop & Kendrick, LLP<br>101 E. Kennedy Boulevard, Suite 2800<br>Tampa, FL 33602<br>*Attorneys for George F. Eyde Orlando, LLC and Louis J. Eyde Orlando, LLC* |
| Scott E. Bomkamp, Esq.<br>Office of the United States Trustee<br>Middle District of Florida<br>400 W. Washington Street, Suite 1100<br>Orlando, FL 32801<br>*Attorneys for Guy G. Gebhardt, Acting U.S. Trustee for Region 21* | Scott S. Grossman, Esq.<br>Greenberg Traurig<br>401 East Las Olas Boulevard, Suite 2000<br>Ft. Lauderdale, FL 33301 |
| Daniel F. Blanks, Esq.<br>Lee D. Wedekind, III<br>Nelson  Mullins Riley & Scarborough, LLP<br>50 North Laura Street, Suite 4100<br>Jacksonville, FL 32202<br>*Proposed Attorneys for Debtors and Debtors in Possession* | Andrew T. Jenkins, Esq.<br>Bush Ross, P.A.<br>Post Office Box 3913<br>Tampa, FL 33601-3913<br>Attorneys for Bank of America, N.A. |

**V**IA **U.S. M**AIL ON **7/1/16**

| | |
|---|---|
| Internal Revenue Service<br>Centralized Insolvency Operations<br>600 Arch Street<br>Philadelphia, PA  19106 | Lange Feng<br>Jihe Zhang<br>Haiping Zou<br>15953 107th Avenue<br>Surrey, BC V4N 5N7 |
| ABC Imaging<br>1155 21st Street NW, Suite M<br>Washington, DC  20036 | Broadway Video<br>30 Rockefeller Plaza, 54th Floor<br>New York, New York 10112 |

CBS Outdoor/Outfront Media  
185 US Highway 48  
Fairfield, NJ 07004  

Hoffen Global, Ltd.  
305 Crosstree Lane  
Atlanta, GA 30328  

New York Dept. of Taxation and Finance  
Attn.: Office of Counsel  
Building 9, W.A. Harriman Campus  
Albany, NY 12227  

PacBridge Limited Partners  
22/F Fung House  
19-20 Connaught Road  
Central, Hong Kong  

Screen Actors Guild  
1900 Broadway, 5th Floor  
New York, New York 10023  

Sophrintendenza Archeologica  
Di Napoli e Pompei  
Piazza Museo 19  
Naples, Italy 80135  

TPL  
3340 Peachtree Road, Suite 2140  
Atlanta, GA 30326  

Verifone, Inc.  
300 S. Park Place Boulevard  
Clearwater, FL 33759  

WNBC  
NBC Universal Media  
30 Rockefeller Center  
New York, New York 10112  

Dentons Canada LLP  
Attn: Catherine Wade  
250 Howe Street, 20th Floor  
Vancouver, BC  V6C 3R8  

NASDAQ Stock Market, LLC  
805 King Farm Boulevard  
Rockville, MD  28050  

National Oceanic and  
Atmospheric Administration  
1401 Constitution Avenue NW  
Room 5128  
Washington, DC 20230  

Ramparts, Inc.  
d/b/a Luxor Hotel and Casino  
3900 Las Vegas Boulevard, South  
Las Vegas, NV 89119  

Seaventures, Ltd.  
5603 Oxford Moor Boulevard  
Windemere, FL 34789  

Structure Tone, Inc.  
770 Broadway, 9th Floor  
New York, NY  10003  

United States District Court  
Eastern District of Virginia  
Attn: Chief Judge Rebecca Beach Smith  
600 Granby Street  
Norfolk, VA  23510  

Samuel Weiser  
565 Willow Road  
Winnetka, IL  60093  

Zigong Gengu Longteng Science  
& Technical Co.  
Add No. 1 Shuanghou Road  
Zilujing District  
Zigong, China 643000

Office of the United States Attorney
Middle District of Florida
300 N. Hogan Street, Suite 700
Jacksonville, FL 32202

Office for Science and Technology
4101 Reservoir Road, NW
Washington, DC  20007

Ministry for Equipment, Transportation
and Tourism
88-90 Avenue de la Periere
B.P. 2143
Lorient, France 56321

                                */s/ Jason B. Burnett*
                                      Attorney

# 1352100 v1