**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

In re:

RMS TITANIC, INC., *et al.*,[1]

Debtors.

Case No. 3:16-bk-02230-PMG

Chapter 11 (Jointly Administered)

**SUPPLEMENT TO MOTION FOR ORDER PURSUANT TO BANKRUPTCY CODE SECTIONS 105 AND 363 AND BANKRUPTCY RULES 6003, 6004, AND 9014 AUTHORIZING THE DEBTORS TO MARKET AND SELL CERTAIN TITANIC ARTIFACTS FREE AND CLEAR OF LIENS, CLAIMS, AND INTERESTS**

RMS Titanic, Inc. and certain of its affiliates, as Debtors and Debtors in possession in the above-captioned case (collectively, the "Debtors"), previously moved this Court for an order pursuant to sections 105 and 363 of title 11 of the United States Code (11 U.S.C. § 101, et seq., as amended the "Bankruptcy Code") and Rule 6003, 6004, and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for the entry of an order authorizing the Debtors to market and sell certain Titanic Artifacts free and clear of liens, claims, and interests (the "Motion to Sell Artifacts"). A hearing on the Motion to Sell Artifacts is scheduled for July 12, 2016 at 3:00pm. This pleading shall serve as a supplement to Debtor's Motion to Sell Artifacts.

---

[1] The Debtors in the chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number include: RMS Titanic, Inc. (3162); Premier Exhibitions, Inc. (4922); Premier Exhibitions Management, LLC (3101); Arts and Exhibitions International, LLC (3101); Premier Exhibitions International, LLC (5075); Premier Exhibitions NYC, Inc. (9246); Premier Merchandising, LLC (3867), and Dinosaurs Unearthed Corp. (7309). The Debtors' service address is 3045 Kingston Court, Suite I, Peachtree Corners, Georgia 30071.

## JURISDICTION AND VENUE

1.  This Court has jurisdiction to consider this Motion under 28 U. S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue for this case and this Motion in this District are proper under 28 U.S.C. §§ 1408 and 1409.

2.  The statutory predicates for the relief requested herein are Bankruptcy Code sections 105 and 363 and Bankruptcy Rules 6003, 6004, and 9014.

## BACKGROUND

3.  On June 14, 2016 (the "Petition Date"), each of the Debtors filed a voluntary petition in this Court for relief under chapter 11 of the Bankruptcy Code. The factual background regarding the Debtors, including its business operations, its capital and debt structure, and the events leading to the filing of this bankruptcy case, are set forth in detail in the Case Summary.

4.  The Debtors continue to manage and operate their business as a debtor in possession under Bankruptcy Code sections 1107 and 1108.

5.  No trustee or examiner has been appointed in this chapter 11 case, and no committee has yet been appointed.

## RELIEF REQUESTED

6.  By this Motion, the Debtors request entry of an order authorizing the Debtors to market and sell, after notice and hearing, certain assets of the Debtors, specifically certain artifacts of the Titanic.

**SUPPLEMENTAL BACKGROUND**

7. On June 21, 2016, Debtors appeared before the United States District Court for the Eastern District of Virginia, Norfolk Division (the "Court") to provide a status update on the Debtors' business operations (the "Hearing").

8. The Hearing was conducted pursuant to that court's continuing personal jurisdiction over the Debtors as set forth in Covenants.[2] The Hearing was scheduled several weeks prior to Debtors' Chapter 11 filing.

9. Prior to the commencement of the Hearing, the Debtors provided the Court with a courtesy copy of the Debtors' Motion to Sell Artifacts.

10. At the Hearing, counsel for the Debtors provided the Court with a general update on the Debtors' business operations, and their continued compliance with the Covenants. No testimonial or documentary evidence was offered by the Debtors. A complete copy of the transcript of the Hearing is attached hereto as Exhibit A.

11. At the Hearing, the Court noted that in their Motion, the Debtors only seek to sell French Artifacts, and not any American Artifacts.[3] Tr. at 11 ("My understanding [is] that it's only the French artifacts that are involved in this sale…..").

12. The Court acknowledged that the French Artifacts are not subject to the Covenants. Tr. at 22 (the Court: "As I understand it, at this juncture Mr. McFarland can just clarify for the Court on the record that the only artifacts that are looking to be liquidated are those which have been referred to as the French artifacts *which are not*

---

[2] The term "Covenants" is defined at page 6 of the Motion to Sell Artifacts.
[3] The terms "French Artifacts" and "American Artifacts" are defined at pages 3 and 4 of the Motion to Sell Artifacts.

*subject to the covenants and conditions*?" Debtor's Counsel: "That is correct Your Honor." (emphasis added)).

13. In fact, the Court noted that the French Artifacts were "excepted" from the Covenants, which apply only to the American Artifacts. Tr. at 11 (the French Artifacts "were excepted in the covenants and conditions that protected the artifacts that were before this Court").

14. The Court expressed no admonition or objection to Debtors regarding a sale of the French Artifacts.

15. The Court did caution the Debtors to, "go back and read the covenants and conditions that govern the Titanic artifacts [that are] *before this court.*" (emphasis added). Tr. at 12.

16. In that respect, the Court stated that as they relate to the <u>American Artifacts</u>, the Orders from the Titanic salvage proceedings take precedence over bankruptcy rulings from this Court. Tr. at 11-12.

17. The Court also stated that under Section VII of the Covenants, the American Artifacts, but not the French Artifacts, are carved out from the Debtors' estate in Chapter 11. Tr. at 11-12 ("the covenants and conditions specifically exclude the Titanic artifacts -I'm not talking about the French artifact collection -- from the bankruptcy estate of the trustee, and that's your covenant and conditions Section 7(d)").

18. The Court further stated that the automatic stay set forth in Bankruptcy Code section 362 does not apply to the proceedings in this court. Tr. at 5 and 18-20.

4

19.     The Court directed the Debtors to continue to file Periodic Reports with the Eastern District of Virginia every sixty days, to commence on July 15, 2016.  Tr. at 24.

20.     The Debtors contend that the statements made by the Court with respect to the French Artifacts accurately reflect the law of the case, as determined by the United States Fourth Circuit Court of Appeals in 2006, in its ruling that the Eastern District of Virginia "does not have in rem jurisdiction over the French artifacts, or, absent in rem jurisdiction, any other jurisdictional basis" upon which to exert control over the French artifacts.  *R.M.S. Titanic, Inc. v. The Wrecked and Abandoned Vessel*, 435 F.3d 521, 528 (4th Cir. 2006).

21.     In keeping with the Court's recognition of the status of the French Artifacts, the Debtors do not at this time seek enforcement of the automatic stay pursuant to Bankruptcy Code section 362, with respect to the proceedings in the Eastern District of Virginia.[4]

---

[4] At this juncture, whether the automatic stay provisions of bankruptcy code section 362 apply to the Eastern District of Virginia proceedings need not be officially determined.  In the Hearing, the Court stated that the automatic stay does not apply to the Eastern District of Virginia proceedings because the Debtors themselves commenced that in rem salvage action many years ago, such that they are therefore not defendants in that action.  The Court stated the automatic stay only "protects debtors who are or could be defendants in actions." Tr. at 19.  In support of its statement, the Court cited several cases, holding, "the automatic stay does not apply to actions originally commenced by the bankrupt party." See e.g., Overnite Transp. Co. v. Ryder/P-I-E Nationwide, Inc., No. 86-1060C(6), 1992 U.S. Dist. LEXIS 2385 (E.D. Mo. Mar. 2, 1992).  These cases present an accurate analysis of Bankruptcy Code section 362(a)(1) (stay of actions "proceeding against the debtor"), but do not appear to apply to stays under section 362(a)(3) (stay of actions seeking "to exercise control over property of the estate").  Section 362(a)(3) often serves to stay proceedings where the requirements of 362(a)(1) are not met.  See e.g., In re Bridge, 90 B.R. 839, 840 (Bankr. E.D. Mich. 1988) (holding forfeiture deemed act "to exercise control over property of the estate" and not proceeding "against the debtor," and hence subject to § 362(a)(3) and not subject to § 362(a)(1)).  Insofar as the fundamental purpose of the Eastern District of Virginia proceeding is to exercise continuing control over the artifacts, section 362(a)(3) appears to stay those proceedings.  Nevertheless, because the Motion to Sell Artifacts relates only to a proposed sale of the French Artifacts, and the Court did not seek to enjoin such a sale or otherwise dictate its terms, Debtors respectfully submit the issue of enforcing the

## **CONCLUSION**

Wherefore, the Debtors respectfully request that the Court enter an order granting the relief requested in the Motion to Sell Artifacts and such other further relief as may be just and proper.

NELSON MULLINS RILEY
& SCARBOROUGH LLP

By  */s/ Daniel F. Blanks*
Daniel F. Blanks (FL Bar No. 88957)
Lee D. Wedekind, III (FL Bar No. 670588)
50 N. Laura Street, Suite 4100
Jacksonville, Florida 32202
(904) 665-3600 (phone)
(904) 665-3699 (fax)
daniel.blanks@nelsonmullins.com
lee.wedekind@nelsonmullins.com

KALEO LEGAL

By  */s/ Brian A. Wainger*
Brian A. Wainger *(Admitted Pro Hac Vice)*
4456 Corporation Lane, Suite 135
Virginia Beach, VA 23462
(757) 965-6804
(757) 304-6175 (fax)
bwainger@kaleolegal.com

*Proposed Counsel for the Debtors and Debtors in Possession*

---

automatic stay with respect to the Eastern District of Virginia proceedings need not be determined by this Court at this time.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using CM/ECF on July 7, 2016.  I also certify that the foregoing document is being served this day on the following counsel of record via transmission of Electronic Filing generated by CM/ECF:

David W. Baddley, Esq.
U.S. Securities and Exchange Commission
Office of Reorganization
950 E. Paces Ferry Road, NE, Suite  900
Atlanta GA 30326
(404) 842-7625
atlreorg@sec.gov
*Attorneys for U.S. Securities and Exchange Commission*

Jay B. Verona, Esq.
Shumaker, Loop & Kendrick, LLP
101 E. Kennedy Blvd., Suite 2800
Tampa, FL 33602
(813) 229-7600
jverona@slk-law.com
*Attorneys for George F. Eyde Orlando, LLC and Louis J. Eyde Orlando, LLC*

Scott E. Bomkamp, Esq.
Office of the United States Trustee
Middle District of Florida
400 W. Washington Street, Suite 1100
Orlando FL 32801
(407) 648-6301 ext. 150
scott.e.bomkamp@usdojgov
*Attorneys for Guy G. Gebhardt, Acting U.S. Trustee for Region 21*

Scott M. Grossman, Esq.
Greenberg Traurig
401 East Las Olas Boulevard, Suite 2000
Fort Lauderdale, FL 33301
(954) 768-5212
grossmansm@gtlaw.com
*Attorneys for Lang Feng, Haiping Zou, Jihe Zhang, and High Nature Holdings Limited*

Ari Newman, Esq.
Greenberg Traurig, P.A.
333 S.E. 2nd Avenue, Suite 4400
Miami, FL 33131
(305) 579-0500
newmanar@gtlaw.com
*Attorneys for Lang Feng, Haiping Zou, Jihe Zhang, and High Nature Holdings Limited*

Jason B. Burnett, Esq.
Alexandria V. Hill, Esq.
GrayRobinson, P.A.
50 N. Laura Street, Suite 1100
Jacksonville, FL 32202
(904) 598-9929
jason.burnett@gray-robinson.com
alexandria.hill@gray-robinson.com
*Attorneys for 417 Fifth Avenue Real Estate, LLC*

Matthew J. Troy, Esq.
Senior Trial Counsel
US Department of Justice
1100 L Street NW, Room 10030
Washington, DC 20530
Matthew.troy@usdoj.gov

Andrew T. Jenkins, Esq.
Bush Ross, P.A.
P.O. Box 3913
Tampa, FL 33601-3913
(813) 224-9255
ajenkins@bushross.com
*Attorneys for Bank of America, N.A*

**<u>Via U.S. Mail</u>**

ABC Imaging
1155 21st Street NW, Suite M
Washington, DC 20036

Broadway Video
30 Rockefeller Plaza, 54th Floor
New York, NY 10112

CBS Outdoor/Outfront Media
185 US Highway 48
Fairfield, NJ 07004

Dentons Canada LLP
Attn: Catherine Wade
250 Howe Street, 20th Floor
Vancouver, BC V6C 3R8

Hoffen Global Ltd.
305 Crosstree Lane
Atlanta, GA 30328

Internal Revenue Service
Centralized Insolvency Operations
600 Arch Street
Philadelphia PA 19106

NASDAQ Stock Market, LLC
805 King Farm Blvd.
Rockville, MD 28050

New York Dept. of Taxation and Finance
ATTN: Office of Counsel
Building 9, W. A. Harriman Campus
Albany, NY 12227

National Oceanic and
Atmospheric Administration
1401 Constitution Avenue NW
Room 5128
Washington, DC 20230

PacBridge Limited Partners
22/F Fung House
19-20 Connaught Road
Central, Hong Kong

Ramparts, Inc.
d/b/a Luxor Hotel and Casino
3900 Las Vegas Blvd. South
Las Vegas, NV 89119

Screen Actors Guild
1900 Broadway, 5th Floor
New York, NY 10023

Seaventures, Ltd.
5603 Oxford Moor Blvd.
Windemere, FL 34786

Sophrintendenza Archeologica
di Napoli e Pompei
Piazza Museo 19
Naples, Italy 80135

Structure Tone, Inc.
770 Broadway, 9th Floor
New York, NY 10003

TPL
3340 Peachtree Road, Suite 2140
Atlanta, GA 30326

United States District Court
Eastern District of Virginia
Attn:  Chief Judge Rebecca Beach Smith
600 Granby Street
EDVA, VA 23510

Verifone, Inc.
300 S. Park Place Blvd.
Clearwater, FL 33759

Samuel Weiser
565 Willow Road
Winnetka, IL 60093

WNBC
NBC Universal Media
30 Rockefeller Center
New York, NY 10112

Zigong Gengu Longteng Science
& Technical Co.
Add No. 1 Shuanghou Road
Ziliujing District
Zigong, China 643000

Office of the United States Attorney
Middle District of Florida
300 N. Hogan Street, Suite 700
Jacksonville, FL 32202

Office for Science and Technology
4101 Reservoir Road, NW
Washington, DC 20007

Ministry for Equipment, Transportation
and Tourism
88-90 Avenue de la Periere
B.P. 2143
Lorient, France 56321

                */s/ Daniel F. Blanks*
                    Attorney

~#4846-0788-5108 v.1~