**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**
**www.flmb.uscourts.gov**

**In re:**

**RMS TITANIC,** *et al.,*[1]           Case No. 6:15-bk-03447-KSJ
                                        Chapter 11
    **Debtors.**
_____/

**ACTING UNITED STATES TRUSTEE'S LIMITED OBJECTION**
**TO DEBTORS' MOTION FOR JOINT ADMINISTRATION**
**(OBJECTION TO CONSOLIDATION OF OPERATING REPORTS AND**
**JOINT LISTS OF 20 LARGEST UNSECURED CREDITORS)**

Guy G. Gebhardt, Acting United States Trustee for Region 21 ("UST"), by and through his undersigned counsel, files this limited objection to the Debtors' Motion for Order Pursuant to Bankruptcy Rule 1015(b) Directing Joint Administration of Chapter 11 Cases ("Motion for Joint Administration"; Dkt. 2). The UST objects only to the extent that the Debtors are seeking to file joint operating reports, file joint lists of 20 largest unsecured creditors, or seeking other aspects of substantive consolidation. In support, the UST states as follows:

**STANDING**

1.  The United States Trustee has standing to raise, appear, and be heard on any issue in any bankruptcy case generally under 11 U.S.C. § 307, including issues

---

[1] The Debtors in the chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number include: RMS Titanic, Inc. (3162); Premier Exhibitions, Inc. (4922); Premier Exhibitions Management, LLC (3101); Arts and Exhibitions International, LLC (3101); Premier Exhibitions International, LLC (5075); Premier Exhibitions NYC, Inc. (9246); Premier Merchandising, LLC (3867), and Dinosaurs Unearthed Corp. (7309). The Debtors' service address is 3045 Kingston Court, Suite I, Peachtree Corners, Georgia 30071.

1

relating to the administration of cases under chapter 11 and matters relating to substantive consolidation of cases.

## BACKGROUND

2. The Debtors filed their petitions on June 14, 2016.

3. No Schedules or Statements of Financial Affairs have been filed, the UST has not yet conducted a section 341 meeting, and no creditor committee or other committee has been appointed to the case.

4. On June 14, 2016, the Debtors filed the Motion for Joint Administration.

5. The Motion for Joint Administration states that the Debtors intend to file consolidated operating reports for all of the Debtors.

6. The Motion for Joint Administration does not request permission to file consolidated lists of 20 largest unsecured creditors in each of the Debtors' cases. However, it appears that the list of 20 largest unsecured creditors is identical in each of the Debtors' cases. Upon information and belief, the creditors do not have identical creditor bodies.

## OBJECTION

7. The UST objects to the Motion for Joint Administration to the extent that it seeks the consolidation of monthly operating reports and to the extent it seeks to authorize the filing of combined lists of 20 largest creditors.

8. "Great care must be taken to avoid confusion between the attributes of joint administration and indicia supporting substantive consolidation." *Reider v. FDIC (In re Reider)*, 31 F.3d 1102, 1109 (1994). Joint administration promotes the efficient

handling of administrative matters by filing papers to a common docket. Substantive consolidation combines the affiliates' bankruptcy estates and gives all of the affiliates' creditor claims against the combined bankruptcy estate. *See Id.*

9.  The filing of consolidated monthly operating reports and combined lists of 20 largest creditors are aspects of substantive consolidation because these practices treat the creditor body as though the affiliates' estates have been combined and treat the creditors as though they have a claim against the combined estate. But this is simply not the case unless and until the cases are substantively consolidated.

10. A combined lists of 20 largest unsecured creditors risks disenfranchising a creditor from serving on the unsecured creditors' committee of the affiliate against which the creditor holds a claim. For example, this could happen if the unsecured creditor was the 21st largest creditor of the jointly administered affiliate group but the 3rd largest creditor of the affiliate against which the creditor holds a claim.

11. Likewise, consolidated monthly operating reports fail to provide creditors with relevant information during the pendency of the bankruptcy regarding the financial performance of the particular affiliate against which the creditor holds a claim.

12. The Debtors cannot meet the test for substantive consolidation. A party seeking substantive consolidation "must demonstrate (i) there is substantial identity between the entities to be consolidated and (ii) consolidation is necessary to avoid some harm or to realize some benefit." *Reider*, 31 F.3d at 1108 (11th Cir. 1994)). The Court cannot make these required determinations because the Debtors have not filed Schedules or provided other required information.

## **CONCLUSION**

13. The filing of consolidated monthly operating reports and the filing of joint lists of 20 largest creditors are aspects of substantive consolidation and the Debtors cannot meet the test for substantive consolidation. Therefore, based upon the foregoing, the UST objects to the consolidation of Debtors' operating reports and the joint filing of lists of 20 largest unsecured creditors.

WHEREFORE, the UST respectfully requests that the Court, 1) require Debtors to file separate operating reports; 2) require Debtors to file separate lists of 20 largest creditors 3) grant such other and further relief as is just and appropriate.

DATED:   July 6, 2016

RESPECTFULLY SUBMITTED,

GUY G. GEBHARDT
ACTING UNITED STATES TRUSTEE
REGION 21

 /s/  Scott Bomkamp
Scott Bomkamp, Trial Attorney
Indiana Bar No.: 28475-49
Office of the United States Trustee
U.S. Department of Justice
George C. Young Federal Building
400 West Washington Street, Suite 1100
Orlando, FL 32801
Telephone No.:   (407) 648-6301, Ext. 150
Facsimile No.:    (407) 648-6323
Email: Scott.E.Bomkamp@usdoj.gov

**CERTIFICATE OF SERVICE**

     I HEREBY CERTIFY that on July 6, 2016 I have caused a true and correct copy of the foregoing to be served through CM/ECF on parties having appeared electronically in the instant matter.

                                                 */s/ Scott Bomkamp*
                                                  Scott Bomkamp, Trial Attorney