**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**
**www.flmb.uscourts.gov**

**In re:**

**RMS TITANIC,** *et al.,*[1]                                      Case No. 6:15-bk-03447-KSJ
                                                                    Chapter 11

       **Debtors.**
_____/

**ACTING UNITED STATES TRUSTEE'S OBJECTION**
**TO DEBTORS' MOTION FOR AN ORDER PURSUANT TO 11**
**U.S.C. § 105(a) AND RULE 2002 ESTABLISHING NOTICING PROCEDURES**

Guy G. Gebhardt, Acting United States Trustee for Region 21 ("UST"), by and through his undersigned counsel, files this objection to Debtors' Motion for an Order Pursuant to 11 U.S.C. § 105(a) and Rule 2002 Establishing Noticing Procedures ("Motion to Limit Notice"; Dkt. No. 4). In support of the objection, the UST states as follows.

**STANDING**

1.      The United States Trustee has standing to raise, appear, and be heard on any issue in any bankruptcy case generally under 11 U.S.C. § 307.

**BACKGROUND**

2.      The Debtors filed their petitions on June 14, 2016.

---

[1] The Debtors in the chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number include: RMS Titanic, Inc. (3162); Premier Exhibitions, Inc. (4922); Premier Exhibitions Management, LLC (3101); Arts and Exhibitions International, LLC (3101); Premier Exhibitions International, LLC (5075); Premier Exhibitions NYC, Inc. (9246); Premier Merchandising, LLC (3867), and Dinosaurs Unearthed Corp. (7309). The Debtors' service address is 3045 Kingston Court, Suite I, Peachtree Corners, Georgia 30071.

3. No Schedules or Statements of Financial Affairs have been filed, the UST has not yet conducted a section 341 meeting, and no creditor committee or other committee has been appointed to the cases.

4. On June 14, 2016, the Debtors filed the Motion to Limit Notice.

5. The Motion to Limit Notice proposes that the Debtors will establish a Master Notice List consisting of the following entities: (a) the Debtors' counsel; (b) the UST; (c) the IRS; (d) the SEC; (e) Jihe Zhang; (f) Lange Feng; (g) High Nature Holdings Limited; (h) the 20 largest creditors; and (i) any entity whose interests are directly affected by the matters raised in a particular notice or other documents (unless such pleadings, motions, orders, and other documents are filed under seal) ("Noticed Parties"; Motion to Limit Notice ¶ 9).

6. Notably, "the 20 largest creditors" may not include the 20 largest creditors in each affiliate case. The Debtors have filed identical 20 largest lists of unsecured creditors in each affiliate's case. Upon information and belief, the affiliates do not have identical creditor bodies. The UST has separately objected to the consolidation of Debtors' lists of 20 largest unsecured creditors (Dkt. No. 70).

7. The Motion to Limit Notice would not apply to the following sorts of pleadings: (a) a proposes use, sale, or lease of property of the estate other than a sale in the ordinary course of business; (b) any notices related to claims bar dates (including rejection damages claims); (c) the time fixed for filing objections and the hearing to consider approval of a disclosure statement or confirmation of a plan of reorganization

and liquidation; and (d) notice of and transmittal of ballots for accepting or rejecting a Chapter 11 plan ("Exempt List"; Motion to Limit Notice ¶ 10).

8. Notably, the Exempt List does not include the Order for Relief under Federal Rule of Bankruptcy Procedure 2002(f).

9. Notably, the Exempt List does not include notice of the section 341 meeting as required by Federal Rule of Bankruptcy Procedure 2002(a)(1).

10. The Motion to Limit Notice provides that, if any creditor makes a written request to receive notice, the creditor would receive notice in accordance with Rule 2002. But the Motion to Limit Notice does not provide any mechanism that would notice creditors of their right to receive notice of all pleadings upon written request.

**OBJECTION**

11. Federal Rule of Bankruptcy Rule 2002 contains an integrated scheme of numerous noticing provisions. The Debtors seek to completely replace Rule 2002 with a simplified notice procedure. The UST is not aware of any legal basis for this simplified procedure and the Debtors do not cite to any. Although certain subsections of Rule 2002 allow the Court to order to deviate from a default rule for cause (for example, Rule 2002(a)(2) permits the Court to shorten the length of notice for a sale outside the ordinary course of business from 21 days for cause), the Debtors cite no legal basis for the sweeping relief they seek. Accordingly, the UST objects to the Motion to Limit Notice in its entirety.

12. The UST objects to the Debtors' list of 20 largest unsecured creditors. At a minimum, the Debtors should notice the 20 largest creditors in each affiliate case.

13. The UST objects to the Motion to Limit Notice to the extent that it will prevent all creditors, equity holders and parties in interest from receiving notice of the Order for Relief. All creditors and parties in interest have a right to know that the Debtors are in bankruptcy.

14. The UST objects to the Motion to Limit Notice to the extent that it will prevent all creditors, equity holders and parties in interest from receiving notice of the section 341 meeting. All creditors, equity holders and parties in interest have a right to appear at the section 341 meeting and ask the Debtors questions.

15. The UST objects to the Motion to Limit Notice to the extent that it does not provide creditors, equity holders and parties and interest notice that they can "opt in" to receiving notice in accordance with Rule 2002. The possibility of opting in is not meaningful if creditors and parties in interest do not have notice of their rights.

WHEREFORE, the UST respectfully requests that the Court, (1) deny the Motion to Limit Notice and (2) grant such other and further relief as is just and appropriate.

DATED:    July 6, 2016

        RESPECTFULLY SUBMITTED,

        GUY G. GEBHARDT
        ACTING UNITED STATES TRUSTEE
        REGION 21

        */s/  Scott Bomkamp*
        Scott Bomkamp, Trial Attorney
        Indiana Bar No.: 28475-49
        Office of the United States Trustee
        U.S. Department of Justice
        George C. Young Federal Building
        400 West Washington Street, Suite 1100
        Orlando, FL 32801
        Telephone No.:   (407) 648-6301, Ext. 150
        Facsimile No.:   (407) 648-6323
        Email: Scott.E.Bomkamp@usdoj.gov

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on July 6, 2016 I have caused a true and correct copy of the foregoing to be served through CM/ECF on parties having appeared electronically in the instant matter.

        */s/  Scott Bomkamp*
        Scott Bomkamp, Trial Attorney