UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | § § | |
| RMS TITANIC, INC., *et al*. | § § § | Case No. 3:16-bk-02230 Chapter 11 |
| Debtors. | § § § | |

### UNITED STATES' OBJECTION TO DEBTORS' MOTION FOR ORDER PURSUANT TO BANKRUPTCY CODE SECTIONS 105 AND 363 AND BANKRUPTCY RULES 6003, 6004, AND 9014 AUTHORIZING THE DEBTORS TO MARKET AND SELL CERTAIN TITANIC ARTIFACTS <u>FREE AND CLEAR OF LIENS, CLAIMS, AND INTERESTS</u>

The United States, on behalf of the Department of Commerce (<u>Commerce</u>), objects to the Debtors' Motion for Order Pursuant to Bankruptcy Code Sections 105 and 363 and Bankruptcy Rules 6003, 6004, and 9014 Authorizing the Debtors to Market and Sell Certain Titanic Artifacts Free and Clear of Liens, Claims, and Interests (the <u>Motion</u>), ECF No. 28, and states its objection as follows:

#### INTRODUCTION

RMS Titanic, Inc. (<u>RMST</u>) and several related companies[1] (collectively, the <u>Debtors</u>) have asked for authority to market, <u>not</u> sell, artifacts RMST holds in trust for the public benefit. At this early stage in the case RMST is unable to identify the property it desires to sell, the procedure by which it will decide on a buyer, the identity of any proposed buyer, or the time and place for a sale. Despite its title, the Motion is not an attempt by RMST to authorize a sale or

---

[1] The Debtors in the chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number include: RMS Titanic, Inc. (3162); Premier Exhibitions, Inc. (4922); Premier Exhibitions Management, LLC (3101); Arts and Exhibitions International, LLC (3101); Premier Exhibitions International, LLC (5075); Premier Exhibitions NYC, Inc. (9246); Premier Merchandising, LLC (3867), and Dinosaurs Unearthed Corp. (7309). The Debtors' service address is 3045 Kingston Court, Suite I, Peachtree Corners, Georgia 30071.

1

sale procedures. Instead, RMST really seeks an advisory opinion from this Court, that RMST may sell unidentified artifacts it holds in trust to fund not only its own bankruptcy case but also the bankruptcy cases of the co-debtors. The United States opposes RMST's motion because it is not, in actuality, a motion to sell and because it suffers from fatal procedural and substantive defects.

### STATEMENT OF RELEVANT FACTS AND PROCEDURE

1.  In 1987, RMST's predecessor-in-interest, Titanic Ventures Limited Partnership (TVLP), and the Institut Francais de Recherche Pour l'Exploitation de la Mer, the French government oceanographic institute, recovered artifacts during an expedition to the wreck of the RMS Titanic (the French Artifacts), which the Motion describes as consisting of 2,100 artifacts.[2] The charter for the 1987 expedition noted that objects recovered would not be sold but would only be used for exhibition purposes. Exhibit 1 at ¶ 20.2.

2.  In fall 1993, TVLP sought title to the French Artifacts from the French Ministry of Equipment, Transportation, and Tourism, claiming that "the artifacts will only be used [for] a cultural purpose and will not, therefore, be part of any operations which would lead to their dispersion, but to the exception of exhibition purposes, and none of the artifacts will be sold." See R.M.S. Titanic, Inc., 435 F.3d at 527 (alteration in original). On October 22, 1993, an administrator in the French Ministry of Equipment, Transportation and Tourism awarded TVLP title to the French Artifacts subject to the assurances made by TVLP in its letter requesting title. Id. at 527-28.

---

[2] The Motion poses a discrepancy concerning the number of items comprising the French Artifacts. Although the Motion asserts the number is 2,100 items, Motion at ¶ 26, the Fourth Circuit, in a 2006 decision involving the French Artifacts, stated that "approximately 1,800 artifacts . . . were taken to France for conservation and restoration." R.M.S. Titanic, Inc. v. The Wrecked and Abandoned Vessel, 435 F.3d 521, 524 (4th Cir. 2006). The unexplained discrepancy is further proof that NOAA must be afforded an opportunity to determine the provenance of any artifacts identified for sale.

3. In May 1993, RMST merged with TVLP and acquired all the assets and liabilities of TVLP. ECF No. 8 at 2. Also in 1993, RMST mounted a second expedition to the R.M.S. Titanic wreck and recovered more artifacts. Motion at 3.

4. In August 1993, RMST commenced an in rem action in the United States District Court for the Eastern District of Virginia (the District Court) against the artifacts recovered in its 1993 expedition and against the wreck of the R.M.S. Titanic in its entirety. R.M.S. Titanic, Inc., 435 F.3d at 524.

5. From 1994 to 2004, RMST conducted further expeditions to the R.M.S. Titanic wreck and recovered approximately 3000 more artifacts (together with the artifacts recovered in 1993, the American Artifacts).

6. On August 15, 2011, the District Court granted RMST an in specie salvage award of title to the American Artifacts subject to Covenants and Conditions (C&Cs) drafted jointly between RMST and the United States. R.M.S. Titanic, Inc. v. Wrecked & Abandoned Vessel, 804 F. Supp. 2d 508, 509 (E.D. Va. 2011); see also Exhibit 2. The C&Cs require RMST to maintain the American Artifacts and the French Artifacts together as an integrated whole to the maximum extent possible. Exhibit 2 at 5.

7. On June 14, 2016 (Petition Date), Debtors filed voluntary petitions for bankruptcy relief under chapter 11 of the Bankruptcy Code. ECF No. 1.

8. On June 20, 2016, RMST filed the Motion seeking to sell artifacts recovered from the R.M.S. Titanic free and clear of the interests of third parties including the United States.

**ARGUMENT**

A.     **The Motion is Procedurally Flawed**

9.     The Motion is defective for failing to respect the requirements of 11 U.S.C. § 363 and Federal Rules of Bankruptcy Procedure 2002 and 6004.  The Motion fails to: (1) identify the property to be sold; (2) state the time and place of the sale; (3) state the procedures RMST will use to execute the sale; and (4) provide proper notice.

10.    The Bankruptcy Code authorizes RMST to sell property of the estate outside the normal course of business only after notice and a hearing.  11 U.S.C. § 363(b)(1).  The Bankruptcy Code and applicable rules of bankruptcy procedure require RMST to describe the property to be sold.  See Fed. R. Bankr. P. 6004.

11.    The Motion fails to meet that requirement.  Rather than identify items of property it wishes to sell, RMST merely identifies a general class of property—artifacts of the R.M.S. Titanic—and requests carte blanche permission to sell any or all such items.  In effect, RMST seeks blanket authority to sell all of the assets of the estate.  The Motion even concedes that it omits a proper identification of what is to be sold: "This list is provided merely as an example of some of the artifacts within the French Collection; it is not intended as an election to sell any specific artifacts."  Motion at 13 (emphasis added).  The Motion fails to identify the property to be sold and thus fails to comply with the requirements for a sale under 11 U.S.C. § 363(b)(1).

12.    RMST's failure is especially dangerous given the acknowledged interest of the United States in the American Artifacts.  Motion at 6.  RMST claims it will only sell French Artifacts, but RMST's failure to identify the property intended for sale denies the United States the ability to safeguard the American Artifacts and places those artifacts at risk.  The

4

Bankruptcy Code requires RMST to identify property and give notice so that interest holders have the opportunity to safeguard their interests in the property. See Metal Foundation Acquisition, LLC v. Reinert (In re Reinert), 467 B.R. 830, 831 (Bankr. W.D. Pa. 2012) (noting debtor's failure to "specifically describe or identify any of the domain names subject to sale"). RMST's wholesale failure to identify the property it wishes to sell deprives the United States of its right to safeguard the public interest in the artifacts and, therefore, fails to satisfy the requirements of the Bankruptcy Code. The Court should deny the Motion because RMST has failed to identify the property to be sold.

13.    RMST must also identify the time and place intended for a public sale, Fed. R. Bankr. P. 2002(c)(1), but has not done so. If no public sale is contemplated, RMST must disclose the terms and conditions of any private sale, but RMST has not done that either. Id. RMST's failure to disclose the manner of the contemplated sale deprives interest holders of the ability to assess the fairness of the sale. Further, RMST has failed even to disclose the objection deadline for the proposed sale as required. Id. ("notice . . . shall include . . . the time fixed for filing objections."). The Court should deny the Motion because RMST has failed to identify the manner of the sale or the objection deadline.

14.    Before a sale can occur under 11 U.S.C. § 363(b)(1), free and clear of interests, RMST must demonstrate that it has given proper notice to parties in interest. 11 U.S.C. § 363(b)(1) ("The trustee, after notice and a hearing, may use, sell, or lease . . .) (emphasis added); Fed. R. Bankr. P. 6004(c) ("A motion for authority to sell property free and clear of liens or other interests . . . shall be served on the parties who have liens or other interests in the property to be sold."). RMST has not satisfied this notice obligation.

15. RMST has provided no notice to France, and instead goes to great lengths to assert that France has no interest in the French Artifacts. <u>See</u> ECF No. 28-5. The declaration offered by Denis Mouralis is mere legal argument couched as an expert opinion, and its proffer underscores the need to give notice to France. The United States concurs with the United States Trustee in his objection that a 363 motion is not a proper mechanism for disputing or determining France's interest in the French Artifacts. <u>See</u> ECF No. 67 at ¶ 33. Even if RMST's position had merit, RMST admits that it obtained the grant of title to the French Artifacts by the French Ministry of Equipment, Transportation and Tourism <u>subject to</u> assurances made by its predecessor, TVLP, in its letter requesting title. Motion at 3 ("The Administrator's decision noted assurances made by the Company . . ."). The Fourth Circuit has also acknowledged this interest in these artifacts:

> The Administrator's decision also incorporated Titanic Ventures' assurances made in its September 22, 1993 letter, stating that '[Titanic Ventures] agreed to make use of such objects in conformity with the respect due the memory of their initial owners and to not carry out any commercial transaction concerning such objects nor any sale of any one of them nor any transaction entailing their dispersion, if not for the purposes of an exhibition.'

<u>R.M.S. Titanic, Inc.</u>, 435 F.3d at 527-28. On this record, RMST must give proper notice to France.

16. Rather than give proper notice, however, RMST seeks to paper over that omission with a self-serving affidavit. That is not the procedure authorized by the Bankruptcy Code. As noted by the objection of the United States Trustee, RMST carved-out 363 sales from its Motion to Limit Notice. ECF No. 4 at ¶ 10. The Court should require RMST to give proper notice to France before it considers any request by RMST to sell property free and clear of any French interest in the R.M.S. Titanic's artifacts. The Court should deny the Motion because RMST has failed to provide proper notice to France.

**B.     The Motion is Also Substantively Flawed**

17.     Although the Bankruptcy Code empowers RMST to sell property of the estate free and clear of interests in that property, 11 U.S.C. § 363(b), such sales may occur only if the requirements of 11 U.S.C. § 363(f) are satisfied.  RMST has failed to do so for the proposed sale.  Section 363(f) allows a sale free and clear of an interest if applicable nonbankruptcy law would permit sale of the property free and clear of the interest.  11 U.S.C. § 363(f)(1).  Alternatively, RMST may sell property free and clear of an interest if the entity holding the interest consents.  11 U.S.C. § 363(f)(2).

18.     RMST has not satisfied either prong of 11 U.S.C. § 363(f).  The United States and France each have interests in the R.M.S. Titanic artifacts.  RMST has not obtained the consent of either country and applicable nonbankruptcy law does not permit RMST to sell the artifacts free and clear of the United States' and France's interests.  To the contrary, the District Court and the French Ministry of Equipment, Transportation and Tourism both expressly conditioned the grant of title to RMST on its ability to keep the collections of artifacts together.  RMST cannot, therefore, sell any artifacts without the consent of interest holders to include the United States and France.  See, e.g., In re Sw. Fla. Heart Group, P.A., 342 B.R. 639, 643-44 (Bankr. M.D. Fla. 2006) (holding that trustee could not sell facility free and clear because interest-holder in facility did not consent to sale).

19.     RMST also bears the burden of identifying a business justification for the sale of property but has not done so.  See In re Lionel Corp., 722 F.2d 1063, 1071 (2d. Cir. 1983) (holding that sale under § 363(b) requires a sound business justification beyond mere appeasement of creditors); In re Diplomat Const., 481 B.R. 215, 218 (Bankr. N.D. Ga. 2012) (citing In re Lionel Corp. with approval in requiring business justification for transaction).

RMST's <u>only</u> justification for the proposed sale is that the proceeds will be used to pay creditors and equity. Motion at 13. But satisfying creditors, alone, does not justify holding a sale in advance of confirmation. <u>In re Lionel Corp.</u>, 722 F.2d at 1071. RMST has proffered <u>no</u> evidence why a sale is necessary at this early stage in the bankruptcy case. RMST and its co-debtors have not filed schedules, <u>see</u> Fed. R. Bankr. P. 1007(a)(1) and (b), or submitted to examination pursuant to Section 341. Rather, RMST and its co-debtors extended the deadline for filing their schedules and statements of financial affairs to coincide with the hearing on the Motion, thus the record is devoid of any evidence justifying a proposed sale of assets outside of the ordinary course of business. The Court, therefore, should deny the Motion for lack of a business justification for the proposed sale.

20. Finally, RMST offers no authority for its presumption that it is able to sell off assets it holds in order to fund the bankruptcy cases of co-debtors. Substantive consolidation must be ordered before the assets and liabilities of multiple entities can be pooled. <u>See Eastgroup Props. v. S. Motel Ass'n, Ltd.</u> 935 F.2d 245, 248-49 (11th Cir. 1991) (noting standard for substantive consolidation and that it "should be used sparingly"). Absent substantive consolidation, the various bankruptcy estates of the co-debtors (and associated, non-bankrupt Canadian entities) have no claim on the proceeds of the sale of property of RMST's estate. RMST thus lacks authority to fund the bankruptcy cases of its co-debtors with its bankruptcy estate, and its claim that it will do so, absent court authorization, is improper. The Court should, therefore, deny the Motion because RMST's proposed use of the proceeds is improper.

**C.      The Motion is Also Improper Because It Seeks Only an Advisory Opinion**

21.     The Motion is not, as RMST claims, a motion to sell free and clear under 11 U.S.C. § 363(b)(1). It is instead a bald attempt by RMST to obtain an advisory opinion from this Court stating that, at some point in the future, RMST is free to sell artifacts taken from the R.M.S. Titanic, clear of strict conditions imposed by the United States and France and agreed to by RMST. RMST does not state a valid business reason for the Motion because the Motion has nothing to do with business. The Motion is an attempt, early in the case—before schedules are filed, before proper notice to France is given, and before creditors and the United States have any insights into RMST's financial status—to gain a free hand to sell the R.M.S. Titanic artifacts.

22.     Although an advisory opinion might be helpful to RMST's planning efforts, this Court must deny the Motion. The Supreme Court has long recognized that "the implicit policies embodied in Article III, and not history alone, impose the rule against advisory opinions on federal courts." Flast v. Cohen, 392 U.S. 83, 96 (1968); see also Miller v. FCC, 66 F.3d 1140, 1145-46 (11th Cir. 1995) (noting that the "prohibition on advisory opinions is a logical corollary of the case or controversy requirement."); see also In re Inn on the Old Bay, Ltd., 154 B.R. 364, 367 (Bankr. S.D. Fla. 1993) ("Bankruptcy courts do not exist for the purpose of solving abstract, academic, or hypothetical questions."). Yet RMST asks for just that: an advisory opinion, and the Court should decline RMST's improper entreaty.

23.     Further, as the United States Trustee points out in his objection, a motion under 11 U.S.C. § 363 is not the proper method to determine France's interest in the French Artifacts. See ECF No. 67 at ¶ 33. The proper method for RMST to determine the extent of France's interest is an adversary proceeding, not a motion to sell. Fed. R. Bankr. P. 7001(2). The Court

9

should deny RMST's attempt to determine the extent of that interest through a motion and without notice to France.

## CONCLUSION

Accordingly, the United States respectfully requests that the Court deny the Debtor's motion to sell.

Dated:  July 6, 2016                                  Respectfully submitted,

                                                 BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General

A. LEE BENTLEY, III
United States Attorney

/s/ *Theodore B. Randles*
RUTH A. HARVEY
MICHAEL J. QUINN
MATTHEW TROY
THEODORE B. RANDLES
(Florida Bar No. 115790)
U. S. Department of Justice, Civil Division
P. O. Box 875
Ben Franklin Station
Washington, D.C.  20044-0875
(202) 307-3242

ATTORNEYS FOR THE UNITED STATES

CERTIFICATE OF CONFERENCE

I hereby certify that on June 29 and July 1, 2016, the United States conferred with counsel for RMST in an attempt to resolve the United States' objection. The parties were unable to resolve the matter.

*/s/ Theodore B. Randles*
THEODORE B. RANDLES

CERTIFICATE OF SERVICE

I hereby certify that on July 6, 2016, a true and correct copy of the foregoing objection was duly served upon all parties via the Court's electronic case filing system (ECF).

*/s/ Theodore B. Randles*
THEODORE B. RANDLES