ORDERED.

Dated:  August 17, 2016

_____
Paul M. Glenn
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:

RMS TITANIC, INC., *et al.*,[1]

Debtors.

Case No. 3:16-bk-02230-PMG
Chapter 11 (Jointly Administered)

### ORDER GRANTING MOTION TO ESTABLISH PROCEDURES TO PERMIT MONTHLY PAYMENT OF INTERIM FEE APPLICATIONS OF CHAPTER 11 PROFESSIONALS

THIS PROCEEDING came on for hearing on August 2, 2016, on the Debtors' Motion to Establish Procedures to Permit Monthly Payment of Interim Fee Applications of Chapter 11 Professionals [D.E. 89] ("Motion").

Accordingly, it is

**ORDERED:**

1. The Motion is GRANTED.

---

[1] The Debtors in the chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number include: RMS Titanic, Inc. (3162); Premier Exhibitions, Inc. (4922); Premier Exhibitions Management, LLC (3101); Arts and Exhibitions International, LLC (3101); Premier Exhibitions International, LLC (5075); Premier Exhibitions NYC, Inc. (9246); Premier Merchandising, LLC (3867), and Dinosaurs Unearthed Corp. (7309).  The Debtors' service address is 3045 Kingston Court, Suite I, Peachtree Corners, Georgia 30071.

2. On or before the 15th day of each month following the month for which compensation is sought, each Professional whose employment was approved by order of this Court authorized to seek compensation may serve a monthly statement, by email to the United States Trustee, counsel for the Debtors, counsel for any appointed committee, if any, counsel for the secured creditors Lang, Fenge, Haiping Zou, and Jihie Zhang, and any other party that the Court may designate (collectively, the "Service Parties").

3. The monthly statement need not be filed with the Court and a courtesy copy need not be delivered to the presiding judge's chambers because this Order is not intended to alter the fee application requirements outlined in Sections 330 and 331 of the Bankruptcy Code because professionals are still required to serve and file interim and final applications for approval of fees and expenses in accordance with the relevant provisions of the Bankruptcy Code, and the Bankruptcy Rules.

4. Each monthly fee statement must contain an abbreviated narrative of the services rendered, accompanied by a printout or schedule of the reimbursable expenses incurred and the Professional and paraprofessional time spent (in sufficient detail to allow the review of the time by the Service Parties), which shall ordinarily be for services rendered through a particular calendar month.

5. Each Service Party receiving a statement may object to the payment of the fees and the reimbursement of costs set forth therein by serving a written objection (which shall not be filed with the Court) upon the other Service Parties on or before the 25th day of the month in which the statement is received. The objection shall state the

nature of the objection and identify the amount of the fees or costs to which objection is made. The objecting party shall attempt in good faith to object only to the portion of the statement that is deemed to be objectionable.

6. In absence of any timely objection, the Debtors are authorized to pay up to 80% of the fees and 100% of the expenses identified in each monthly statement to which no objection had been timely made in accordance with paragraph 5 of this Order.

7. If the Debtors receive an objection to a particular fee statement, it shall withhold payment of that portion of the fee statement to which the objection is directed and promptly pay the remainder of the fees and disbursements in the percentages set forth in paragraph 6 above. All Professionals subject to this Order will establish a separate billing number for any time spent on the resolution of fee disputes. Any fees incurred in connection with such fee disputes shall not be paid pursuant to the monthly statement, but may only be sought and paid upon the filing of an interim fee application as set forth in paragraph 11 below and after order of the Court.

8. Similarly, if parties to an objection are able to resolve their dispute, then the Debtors are authorized to pay that portion of the fee statement that is no longer subject to an objection, if the party whose statement was objected to serves on the Service Parties a statement indicating that the objection was withdrawn and describing in detail the terms of the resolution.

9. Any objections that are not resolved by the parties would be preserved and presented to the Court by the objecting party at the next interim or final fee application hearing to be heard by the Court.

10. The service of an objection in accordance with paragraph 5 of this Order shall not prejudice the objecting party's right to object to any fee application on any ground, whether or not raised in the objection. Further, the decision by any party not to object to a fee statement shall not be a waiver of, nor otherwise prejudice, that party's right to object to any subsequent fee application.

11. Unless the Court orders otherwise, each of the Professionals utilizing the procedures described in this Order shall file interim fee applications, for the amount of fees and costs sought in paragraph 6 above, in accordance with the 120 day guideline set forth in Section 331 of the Bankruptcy Code.

12. A Professional who fails to file an application seeking approval of compensation and expenses previously paid under this Order when such application is due shall preclude such Professional from utilizing the automatic pay procedures as provided herein until an interim fee application has been filed and heard by the Court.

13. A determination, by the Court, that payment of compensation or reimbursement of expenses was improper as to a particular monthly statement shall not disqualify a Professional from the future payment of compensation or reimbursement of expenses as set forth above, unless otherwise ordered by the Court.

14. Neither the payment of, nor the failure to pay, in whole or in part, monthly compensation and reimbursement as provided herein shall have any effect on this Court's interim or final allowance of compensation and reimbursement of expenses of any Professionals.

15. The Debtors shall include all payments to Professionals on its monthly operating reports, detailed so as to state the amount paid to each of the Professionals.

16. The Debtors may not make any payments under this Order if the Debtors have not timely filed monthly operating reports or remained current with its administrative expenses and 28 U.S.C. § 1930. Otherwise, this Order shall continue and shall remain in effect during the pendency of this case unless otherwise ordered by this Court.

17. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

18. Upon motion or application, and after due notice to all parties set forth on the Court's mailing matrix, additional professionals employed by the Debtors or a committee may be authorized to participate in modified interim compensation procedures as set forth in this Order.

19. All Professionals subject to this Order shall be required to monitor their own compliance with the terms of this Order and shall include the following certification on each monthly invoice: *I hereby certify that I am in compliance with the terms of the Order Establishing Procedures to Permit Monthly Payment of Interim Fee Applications of Chapter 11 Professionals*.

20.     Notwithstanding the possible applicability of Bankruptcy Rule 6004(h), this Order shall be immediately effective and enforceable upon its entry.

###

Copies furnished to:

Daniel F. Blanks, Esq.

Attorney Daniel F. Blanks is directed to serve a copy of this Order on all non-CM/ECF interested parties and file a proof of service within 3 days of entry of the Order.

~#4846-3582-6485 v.1~