UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION
www.flmb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 11 |
| RMS TITANIC, INC., *et al.*,[1] | Case No. 16-2230 (PMG) |
| Debtors. | Jointly Administered |

**APPLICATION OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO EMPLOY STORCH AMINI & MUNVES PC AS ITS ATTORNEYS, *NUNC PRO TUNC* TO SEPTEMBER 2, 2016**

The Official Committee of Unsecured Creditors (the "Creditors' Committee") of RMS Titanic, Inc. and its debtor affiliates (the "Debtors") hereby submits this application to employ Storch Amini & Munves PC ("SAM") as its attorneys, *nunc pro tunc* to September 2, 2016, pursuant to Bankruptcy Code section 1103(a). In support of its application, the Creditors' Committee also submits the Declaration of Jeffrey Chubak of SAM, attached hereto as Exhibit 1.

1. By this application, the Creditors' Committee requests entry of an order, substantially in the form attached hereto as Exhibit 2, approving SAM's employment, *nunc pro tunc* to September 2, 2016, the date the Creditors' Committee selected SAM as its counsel.

2. The Creditors' Committee desires to employ SAM as its attorneys because of its extensive chapter 11 experience. Jeffrey Chubak and Avery Samet, the SAM attorneys who will be primarily responsible for this engagement, have extensive experience in all aspects of chapter

---

[1] The Debtors in these cases, along with the last four digits of their respective federal tax identification numbers, are: RMS Titanic, Inc. (3162); Premier Exhibitions, Inc. (4922); Premier Exhibitions Management, LLC (3101); Arts and Exhibitions International, LLC (3101); Premier Exhibitions International, LLC (5075); Premier Exhibitions NYC, Inc. (9246); Premier Merchandising, LLC (3867), and Dinosaurs Unearthed Corp. (7309). The Debtors' mailing address is 3045 Kingston Court, Suite I, Peachtree Corners, Georgia 30071.

11 cases, having represented debtors, creditors' committees, unsecured creditors that were members of creditors' committees, chapter 7 and 11 trustees, post-confirmation trustees, secured creditors, and various other constituencies in bankruptcy cases. The Creditors' Committee believes SAM has the necessary background and experience to deal effectively with the potential legal issues which may arise in these cases, and is well-qualified and capable of representing the Creditors' Committee in an efficient manner.

3. Subject to further order of this Court, SAM will render, *inter alia*, the following professional services:

    (a) rendering legal advice regarding the Creditors' Committee's organization, duties, and powers in these cases;

    (b) assisting the Creditors' Committee in its investigation of the acts, conduct, assets, liabilities, and financial condition of the Debtors, the operation of the Debtors' business and the desirability of continuing the same, the potential sale of the Debtors' assets, and any other matter relevant to these cases or the formulation and analysis of any chapter 11 plan;

    (c) attending meetings of the Creditors' Committee and meetings with the Debtors, the Official Committee of Equity Security Holders, and their respective attorneys and other professionals;

    (d) representing the Creditors' Committee in hearings before this Court and in related proceedings, as requested by the Creditors' Committee;

    (e) assisting the Creditors' Committee in preparing all necessary motions, applications, objections, reports, and other pleadings in connection with the administration of these cases; and

    (f) providing such other legal assistance as the Creditors' Committee may deem necessary and appropriate.

4. Upon information and belief, and based upon the Chubak Declaration, SAM does not represent any entity having an adverse interest to the Creditors' Committee or to the Debtors' estates in connection with these cases, consistent with the requirements of Bankruptcy Code section 1103(b).

5.   The Creditors' Committee proposes that SAM be compensated for the services it will be rendering on the basis of its normal hourly rates for attorneys, paralegals, and other personnel that provide such services; *provided, however*, SAM has agreed to discount its attorneys' hourly rates by 10% and waive all travel time and expenses associated with travel between New York City and Jacksonville.  The hourly rates of SAM's attorneys and paralegals are set forth in the Chubak Declaration.

6.   SAM has stated its desire and willingness to act in these cases and render the necessary professional services as Creditors' Committee's counsel.  SAM represented it will bill for services rendered and out of pocket expenses incurred pursuant to the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, the United States Trustee guidelines, and such procedures as may be fixed by order of this Court.

7.   The Creditors' Committee believes SAM is eminently qualified to represent it in these cases, associated adversary proceedings, and related proceedings, whether in this district or another jurisdiction.

8.   Notice of this application has been served via ECF, and via e-mail on counsel of record for the Debtors, the Office of the United States Trustee, all parties that have entered appearances in these cases, and members of the Official Committees of Unsecured Creditors and Equity Security Holders.  Given the nature of the relief requested, the Creditors' Committee submits that no further notice need be given.

WHEREFORE, the Creditors' Committee requests that this Court enter an order, substantially in the form attached hereto as Exhibit 2, authorizing it to employ SAM, *nunc pro tunc* to September 2, 2016, and granting such other and further relief as may be just and proper.

Dated: September 7, 2016

Respectfully submitted,

Official Committee of Unsecured Creditors
of RMS Titanic, Inc., *et al.*

By: B.E. Capital Management Fund LP,
its Chairperson

*Thomas Braziel*
Thomas Braziel
Managing Partner and Chief Investment Officer

## Certificate of Service

I hereby certify that, on September 7, 2016, the foregoing was transmitted to the Court for uploading to the Case Management/Electronic Case files ("CM/ECF") System, which will send a notice of electronic filing to all creditors and parties in interest who have consented to receiving electronic notifications in this case. In accordance with the Court's Order Granting Debtors' Motion for an Order Pursuant to 11 U.S.C. § 105(a) and Rule 2002 Establishing Notice Procedures [Docket No. 140], copies of the foregoing were also furnished on September 7, 2016 by U.S. Mail, postage prepaid to the Master Service List attached hereto.

        Avery Samet, Esq.
        Jeffrey Chubak, Esq.
        **STORCH AMINI & MUNVES PC**
        140 East 45th Street, 25th Floor
        New York, New York 10017
        (212) 490-4100

        -and-

        **THAMES MARKEY & HEEKIN, P.A.**

        *Richard R. Thames*
        By _____
            Richard R. Thames
            Robert A. Heekin, Jr.

        Florida Bar No. 0718459
        Florida Bar No. 652083
        50 N. Laura Street, Suite 1600
        Jacksonville, Florida 32202
        (904) 358-4000
        (904) 358-4001 Facsimile
        rrt@tmhlaw.net
        rah@tmhlaw.net

        Proposed Attorneys for the Official Committee of Unsecured Creditors

7

417 5th Ave Real Estate, LLC
c/o Sebastian Capital, Inc.
417 Fifth Avenue
New York, NY 10016

A-1 Storage and Crane
2482 197th Avenue
Manchester, IA 52057

ABC Imaging
1155 21st Street NW
Suite M400
Washington, DC 20036

A.N. Deringer, Inc.
PO Box 11349
Succursale Centre-Ville
Montreal, QC H3C 5H1

ATS, Inc.
1900 W. Anaheim Street
Long Beach, CA 90813

Broadway Video
30 Rockefeller Plaza
54th Floor
New York, NY 10112

CBS Outdoor/Outfront Media
185 US Highway 48
Fairfield, NJ 07004

Dentons Canada LLP
250 Howe Street
20th Floor
Vancouver, BC V6C 3R8

Enterprise Rent-A-Car Canada
709 Miner Avenue
Scarborough, ON M1B 6B6

Expedia, Inc.
10190 Covington Cross Drive
Las Vegas, NV 89144

Lange Feng
15953 107th Avenue
Surrey, BC V4N 5N7

George F. Eyde LLC
300 S. Washington Square
Suite 400
Lansing, MI 48933

George Young Company
509 Heron Drive
Swedesboro, NJ 08085

Gowling Lafleuer Henderson
550-2300 Burrard Street
Vancouver, BC V6C 2B5

Hoffen Global Ltd.
305 Crosstree Lane
Atlanta, GA 30328

Kirvin Doak Communications
7935 W. Sahara Avenue
Las Vegas, NV 89117

MNP LLP
15303 - 31st Avenue
Suite 301
Surrey, BC V3Z 6X2

Morris Visitor Publications
PO Box 1584
Augusta, GA 30903

NASDAQ Stock Market, LLC
805 King Farm Blvd.
Rockville, MD 20850

National Geographic Society
1145 - 17th Avenue NW
Washington, DC 20036

NYC Dept. of Finance
PO Box 3646
New York, NY 10008

NY Dept. of Taxation and Finance
Attn: Office of Counsel
W.A. Harriman Campus Bldg. 9
Albany, NY 12227

NY Dept. of Taxation and Finance
PO Box 4127
Binghamton, NY 13902

PacBridge Limited Partners
22/F Fung House
19-20 Connaught Road
Central Hong Kong

Central Hong Kong
Pallet Rack Surplus, Inc.
1981 Old Covington Cross Road NE
Conyers, GA 30013

Ramparts, Inc.
d/b/a Luxor Hotel and Casino
3900 Las Vegas Blvd. South
Las Vegas, NV 89119

Screen Actors Guild
1900 Broadway
5th Floor
New York, NY 10023

Seaventures, Ltd.
5603 Oxford Moor Blvd.
Windemere, FL 34786

Sophrintendenza Archeologica
di Napoli e Pompei
Piazza Museo 19
Naples, Italy 80135

Structure Tone, Inc.
770 Broadway
9th Floor
New York, NY 10003

Syzygy3, Inc.  
1350 6th Avenue  
2nd Floor  
New York, NY 10019  

Time Out New York  
475 Tenth Avenue  
12th Floor  
New York, NY 10018  

TPL  
3340 Peachtree Road  
Suite 2140  
Atlanta, GA 30326  

TSX Operating Co.  
70 West 40th Street  
9th Floor  
New York, NY 10018  

Verifone, Inc.  
300 S. Park Place Blvd.  
Clearwater, FL 33759  

Sam Weiser  
565 Willow Road  
Winnetka, IL 60093  

WNBC - NBC Universal Media  
30 Rockefeller Center  
New York, NY 10112  

Jihe Zhang  
59 Dongsanhuan Middle Road  
Fuli Shuangzi Towers, Building A  
Suite 2606, Chaoyang Dist.  
Beijing, China 100021  

Haiping Zou  
Unit 110-115 Wanke Qingqing Homelan  
Dougezhuang, Chaoyang Dist.  
Beijing, China 100021

# EXHIBIT 1

**Declaration of Jeffrey Chubak**

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**
www.flmb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 11 |
| RMS TITANIC, INC., *et al.*,[1] | Case No. 16-2230 (PMG) |
| Debtors. | Jointly Administered |
| _____/ | |

**DECLARATION OF JEFFREY CHUBAK IN SUPPORT OF APPLICATION OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO EMPLOY STORCH AMINI & MUNVES PC AS ITS ATTORNEYS, *NUNC PRO TUNC* TO SEPTEMBER 2, 2016**

I, Jeffrey Chubak, hereby declare:

1. I am an attorney with Storch Amini & Munves PC ("SAM"), a law firm located at 140 East 45th Street in New York, New York. I submit this declaration in support of the application of the Official Committee of Unsecured Creditors (the "Creditors' Committee") of RMS Titanic, Inc. and its debtor affiliates (the "Debtors") to employ SAM as its attorneys, *nunc pro tunc* to September 2, 2016, pursuant to Bankruptcy Code section 1103(a). I have personal knowledge of the facts stated herein.

2. Based on the conflicts search performed by SAM's conflicts personnel and described herein, to the best of my knowledge, SAM does not represent any other entity having an adverse interest in connection with these cases, within the meaning of section 1103(b).

---

[1] The Debtors in these cases, along with the last four digits of their respective federal tax identification numbers, are: RMS Titanic, Inc. (3162); Premier Exhibitions, Inc. (4922); Premier Exhibitions Management, LLC (3101); Arts and Exhibitions International, LLC (3101); Premier Exhibitions International, LLC (5075); Premier Exhibitions NYC, Inc. (9246); Premier Merchandising, LLC (3867), and Dinosaurs Unearthed Corp. (7309). The Debtors' mailing address is 3045 Kingston Court, Suite I, Peachtree Corners, Georgia 30071.

3. SAM searched its conflicts database for any connections to the following persons:

(a) the Debtors;

(b) the Debtors' current directors and officers, and Michael Little;

(c) the Debtors' twenty (20) largest unsecured creditors;

(d) persons identified in Form 13-Ds filed during the past two years;

(e) the Debtors' secured creditors, and their agent;

(f) members of the Official Committee of Equity Security Holders; and

(g) other potential parties in interest, including the Republic of France.

4. SAM does not presently represent any parties included in the categories listed in the preceding paragraph.

5. SAM previously represented plaintiffs in a breach of fiduciary duty class action by holders of RMS Titanic, Inc. common equity against RMS Titanic, Inc., its former President, CEO, and Director (Arnie Geller), and its former CFO and Director (Gerald Couture), captioned *Shuttle v. Geller*, Case No. 03-cv-2515 (M.D. Fla., Tampa Div.), and a related derivative action captioned *D'Addario v. Geller*, Case No. 02-cv-250 (E.D. Va., Norfolk Div.). Those litigations ended in 2006, upon receipt of court approval of a Settlement Agreement under which RMS Titanic, Inc. and Premier Exhibitions, Inc. agreed to implement a Corporate Governance Plan and pay SAM's attorneys' fees and expenses in the amount of approximately $300,000. A copy of the Settlement Agreement is available on the docket of the *Shuttle* action [ECF No. 87-2]. Pursuant to Section VII of the Corporate Governance Plan, SAM received written reports concerning compliance with the same, and those reports ceased in 2011 under such plan's terms. SAM has long ceased represented the plaintiffs in the foregoing actions, and Debtors' management has since completely turned over.

6. SAM also previously represented defendants Bill Willard, Catherine Nichols, and Michelle Turman in a defamation action captioned *RMS Titanic, Inc. v. Willard*, Index No. 124108/2001 (Sup. Ct. N.Y. Co.). By order, dated November 12, 2002, the court granted defendants' motion to dismiss with prejudice and found commencement of the action constituted frivolous conduct and referred the matter to a special referee. The special referee recommended an award of sanctions against plaintiff, which was confirmed, in part, by order dated September 25, 2003. That litigation ended in 2003.

7. The information listed in this declaration may change during the pendency of these cases, in which case I or another SAM attorney will update this declaration, as necessary, promptly upon SAM becoming aware of new material information.

8. SAM has extensive chapter 11 experience. Avery Samet and I, the SAM attorneys who will be primarily responsible for this engagement, have extensive experience in all aspects of chapter 11 cases, having represented debtors, creditors' committees, unsecured creditors that were members of creditors' committees, chapter 7 and 11 trustees, post-confirmation trustees, secured creditors, and various other constituencies in bankruptcy cases. Accordingly, SAM has the necessary background and experience to deal effectively with the potential legal issues which may arise in the context of these cases.

9. SAM's anticipated duties and responsibilities in these cases include, but are not limited to:

(a) rendering legal advice regarding the Creditors' Committee's organization, duties, and powers in these cases;

(b) assisting the Creditors' Committee in its investigation of the acts, conduct, assets, liabilities, and financial condition of the Debtors, the operation of the Debtors' business and the desirability of continuing the same, the potential sale of the Debtors' assets, and any other matter relevant to these cases or the formulation and analysis of any chapter 11 plan;

3

(c) attending meetings of the Creditors' Committee and meetings with the Debtors, the Official Committee of Equity Security Holders, and their respective attorneys and other professionals;

(d) representing the Creditors' Committee in hearings before this Court and in related proceedings, as requested by the Creditors' Committee;

(e) assisting the Creditors' Committee in preparing all necessary motions, applications, objections, reports, and other pleadings in connection with the administration of these cases; and

(f) providing such other legal assistance as the Creditors' Committee may deem necessary and appropriate.

10. SAM intends to seek compensation for its services to the Creditors' Committee in accordance with the normal hourly rates it charges its other clients; *provided, however*, SAM has agreed to discount its attorneys' hourly rates by 10% and waive all travel time and expenses associated with travel between New York City and Jacksonville. SAM's standard hourly billing rates for attorneys and paralegals are as follows:

> Partners: $550-$800
> Associates: $300-$500
> Paralegals: $110-$135

These rates are designed to fairly compensate SAM for the work of its attorneys and paralegals, and are adjusted by SAM from time to time. The standard billing rates for Avery Samet and myself are $550/hour and $500/hour, respectively ($495/hour and $450/hour post-discount).

11. It is SAM's policy to charge clients for additional expenses incurred in connection with the client's case. Expenses charged to clients include, among other things, telephone toll and other charges, express mail charges, special or hand delivery charges, document processing, photocopying charges, travel expenses, computerized research, transcription costs, as well as non-ordinary overhead expenses such as secretarial and other overtime. SAM will charge the Debtors' estates for these expenses in a manner and at rates consistent with charges made generally to its

4

other clients, subject to the limitation that SAM will not charge for expenses associated with travel between New York City and Jacksonville, as noted above.

12. SAM has stated its desire and willingness to act in these cases and render the necessary professional services as counsel to the Creditors' Committee. SAM will bill for services rendered and out-of-pocket expenses incurred, as set forth above, pursuant to the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, the United States Trustee guidelines, and such procedures as may be fixed by order of this Court.

13. The proposed employment of SAM is not prohibited by Bankruptcy Rule 5002. I am not related, and to the best of my knowledge, no attorney at my firm is related to, any United States Bankruptcy Judge for the Middle District of Florida or to the Office of the United States Trustee for such district or any employee in that office.

14. I, and all other attorneys in my firm, are members in good standing of the New York State Bar. SAM has substantial experience practicing in bankruptcy courts throughout the United States.

I declare under penalty of perjury that the foregoing is true and correct.
Executed on September 7, 2016.

/s/ Jeffrey Chubak

## EXHIBIT 2

**Proposed Order**

Case 3:16-bk-02230-PMG   Doc 183   Filed 09/07/16   Page 14 of 16

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**
www.flmb.uscourts.gov

In re:                                              Chapter 11

RMS TITANIC, INC., *et al.*,[1]                     Case No. 16-2230 (PMG)

   Debtors.                                         Jointly Administered
_____/

**ORDER AUTHORIZING EMPLOYMENT OF STORCH AMINI &**
**MUNVES AS ATTORNEYS FOR THE OFFICIAL COMMITTEE OF**
**UNSECURED CREDITORS, *NUNC PRO TUNC* TO SEPTEMBER 2, 2016**

Upon the application, filed September 7, 2016, of the Official Committee of Unsecured Creditors (the "Creditors' Committee") of RMS Titanic, Inc. and its debtor affiliates (together, the "Debtors") for an order authorizing the Creditors' Committee to employ Storch Amini & Munves PC ("SAM") as its attorneys, *nunc pro tunc* to September 2, 2016, pursuant to Bankruptcy Code section 1103(a); and upon the declaration of Jeffrey Chubak in support of such application; and it appearing that, while representing the Creditors' Committee in these cases, SAM will not represent any other entity having an adverse interest in connection with these cases, consistent with section 1103(b); and due and proper notice of the application having been provided; and it further appearing that the Creditors' Committee's retention of SAM as counsel is in the best interests of the Debtors' estates; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED:

---

[1] The Debtors in these cases, along with the last four digits of their respective federal tax identification numbers, are: RMS Titanic, Inc. (3162); Premier Exhibitions, Inc. (4922); Premier Exhibitions Management, LLC (3101); Arts and Exhibitions International, LLC (3101); Premier Exhibitions International, LLC (5075); Premier Exhibitions NYC, Inc. (9246); Premier Merchandising, LLC (3867), and Dinosaurs Unearthed Corp. (7309). The Debtors' mailing address is 3045 Kingston Court, Suite I, Peachtree Corners, Georgia 30071.

1. The application is granted in all respects.

2. The Creditors' Committee is authorized to employ SAM as its attorneys in these chapter 11 cases, *nunc pro tunc* to September 2, 2016, the date of the Creditors Committee's selection of SAM to serve in this capacity.

3. SAM shall be compensated in accordance with the procedures set forth in Bankruptcy Code sections 330 and 331, applicable Federal Rules of Bankruptcy Procedure, and such procedures as may be fixed by order of this Court.

4. The terms of this order shall be immediately effective and enforceable.

5. This Court shall retain jurisdiction over all issues related to the implementation and interpretation of this order.

Dated: _____, 2016
Jacksonville, Florida

                                           Honorable Paul M. Glenn
                                           United States Bankruptcy Judge