## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## <u>JACKSONVILLE DIVISION</u>

| | | |
|---|---|---|
| In re | ) | |
| RMS TITANIC, INC., et al.,[1] | ) | Case No. 3:16-bk-2230-PMG |
| Debtors. | ) | Chapter 11 |
| _____ | ) | |

## MOTION FOR ORDER CLARIFYING THE OBLIGATIONS OF
## THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS
## <u>OF RMS TITANIC, INC., ET AL., UNDER 11 U.S.C. § 1102(b)(3)</u>

The Official Committee of Unsecured Creditors (the "Committee") of RMS Titanic, Inc., and certain of its affiliates and subsidiaries ( "Debtors"), moves the Court for entry of an Order clarifying the Committee's obligations under 11 U.S.C. § 1102(b)(3) to provide unsecured creditors who are not members of the Committee with access to information, and in support thereof states:

### <u>Background</u>

1.    On June 14, 2016 (the "Petition Date"), RMS Titanic, Inc., Premier Exhibitions, Inc., Premier Exhibitions Management, LLC, Premier Exhibitions International, LLC, Premier Exhibitions NYC, Inc., Premier Merchandising, LLC, Dinosaurs Unearthed Corp., Arts and Exhibitions International, LLC (collectively, the

---

[1]    The Debtors in these cases, along with the last four digits of their respective federal tax identification numbers, are: RMS Titanic, Inc. (3162); Premier Exhibitions, Inc. (4922); Premier Exhibitions Management, LLC (3101); Arts and Exhibitions International, LLC (3101); Premier Exhibitions International, LLC (5075); Premier Exhibitions NYC, Inc. (9246); Premier Merchandising, LLC (3867), and Dinosaurs Unearthed Corp. (7309). The Debtors' mailing address is 3045 Kingston Court, Suite I, Peachtree Corners, Georgia 30071.

"Debtors") filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code. Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to §§ 1107(a) and 1008 of the Bankruptcy Code.

2.      On August 24, 2016, the United States Trustee appointed the Committee and designated the following three members to serve [Docket No. 166]:   (i) TSX Operating Co., LLC, c/o James Sanna, (ii) Dallian Hoffen Biotechnique Co., Ltd., c/o Ezra B. Jones, and (iii) B.E. Capital Management Fund, LP, c/o Thomas Braziel. Following its organizational meeting, and after interviewing multiple candidates, the Committee selected Storch Amini & Munves PC and Thames Markey & Heekin, P.A. to represent it during the pendency of the Debtors' Chapter 11 cases.

## Discussion

3.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b).

4.      Venue of this Chapter 11 case is proper under 28 U.S.C. §§ 1408 and 1409(a).

5.      Pursuant to § 1102(a), the United States Trustee is required to appoint a committee of creditors holding unsecured claims who are willing to serve in such capacity.

6.      Once appointed, the committee is required to periodically provide information to the unsecured creditor body in accordance with § 1102(b)(3):

        (3) A committee appointed under subsection (a) shall—

        (A) provide access to information for creditors who—

> (i) hold claims of the kind represented by that committee; and
>
> (ii) are not appointed to the committee;
>
> (B) solicit and receive comments from the creditors described in subparagraph (A); and
>
> (C) be subject to a court order that compels any additional report or disclosure to be made to the creditors described in subparagraph (A).

11 U.S.C. § 1102(b)(3).

7.    The legislative history of § 1102(b)(3) does not provide any guidance as to the method, type or extent of information to be provided to unsecured creditors, and instead merely reiterates the language of the Code section. *See* H.R. Rep. No. 109-31, 109th Cong., 1st Sess. 87 (2005) ("Section 405(b) requires the Committee to give creditors having claims of the kind represented by the Committee access to information.   In addition, the Committee must solicit and receive comments for these creditors and, pursuant to court order, make additional reports and disclosures available to them").

8.    Determining the proper scope of § 1102(b)(3)(A) and the mechanisms under which the Committee should be required to make information available to its constituents should therefore be analyzed in light of the diverse duties and functions of the Committee and the relative size of these Chapter 11 cases.

9.    As a starting point, an official committee of unsecured creditors has a pivotal duty aiding, assisting, and monitoring the debtor to ensure that the unsecured creditors' views are heard and their interests are protected. *Pan Am Corp. v. Delta Airlines, Inc.*, 175 B.R. 438, 514 (S.D.N.Y 1994).   Committees are heavily involved in the formation of the debtor's Chapter 11 plan.   Committees also provide an oversight

function for the debtor's reorganization, they investigate the debtor's assets and affairs, and they may also perform other services as are in the interest of the unsecured creditor body. *Johns-Manville Sales Corp. v. Doan (In re Johns-Manville Corp.)*, 26 B.R. 919, 925 (Bankr. S.D.N.Y. 1983).

10.    In fulfilling these roles, the members of a committee owe fiduciary duties of loyalty and care to their constituents, which are all of the debtor's unsecured creditors. *The Bohack Corp. v. Gulf & W. Indus., Inc. (In re Bohack Corp.)*, 607 F.2d 258, 262 (2d Cir. 1979).    Additionally, under certain circumstances, the bankruptcy court may give a creditors' committee the authority to act not only on behalf of the unsecured creditor body but also as a fiduciary on behalf of the debtor's estate. *See Official Comm. of Unsecured Creditors of Cybergenics Corp. v. Chinery*, 330 F.3d 548 (3d Cir. 2003) (granting derivative standing to the creditors' committee to pursue fraudulent transfer avoidance litigation for the benefit of the Chapter 11 estate).

11.    A powerful tool available to the Committee to fulfill its statutory function is its ability to obtain confidential, sensitive financial and strategic information of a debtor, and to use such information to its best advantage in its negotiations or litigation with the debtor and other interested parties.    However, requiring unfettered access to such information for the benefit of every interested person might impair the Committee's negotiation and litigation opportunities.    Additionally, competitors of the debtor may obtain and use such information to that competitor's advantage and to the disadvantage of the debtor.    Consequently, a debtor may be reluctant to provide such valuable information to the Committee, which, in turn, could inhibit the Committee's pursuit of an investigation of potential assets to recover on behalf of the debtor's estate.

12.     Similarly, where, as here, the debtor has public stock or debt, the securities laws may preclude the debtor from disclosing material non-public information on a selective basis to committee members or their representatives absent a binding confidentiality agreement. *See e.g.*, SEC Regulation FD (17 C.F.R. § 243.100). A Committee's selective disclosure of material non-public information that it has developed on its own may raise similar issues, although the underlying concern would not be a breach of the securities laws as much as a potential breach of a member's duty of loyalty and care to all unsecured creditors by profiting from, or enabling selected creditors to profit from, non-public information obtained as a result of committee membership or from the ability to obtain non-public information through the Committee.

13.     In addition, § 107(b)(1) of the Bankruptcy Code provides that "[o]n request of a party in interest, the bankruptcy court *shall ...* protect an entity with respect to a trade secret or confidential research, development, or commercial information." 11 U.S.C. § 107(b)(1) (emphasis added).[2]  Section 107(b)(1) is mandatory. *See Video Software Dealers Ass'n v. Orion Pictures Corp.*, 21 F.3d 24, 27 (2d Cir. 1994) (providing that the protections of section 107(b)(1) are mandatory upon request). As a result, under § 107(b)(1) of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 9018, this Court is empowered to protect confidential information and privileged information from disclosure to general creditors.

14.     Maintaining confidentiality against unsecured creditors is also necessary to preserve a committee's attorney-client privilege. *In re Baldwin-United Corp.*, 38 B.R.

---

[2]  Section 107(b)(1) is further supported by Federal Rule of Bankruptcy Procedure 9018, which provides that "[o]n motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information. . . ." Fed. R. Bankr. P. 9018.

802, 804-5 (Bankr. S.D. Ohio 1984). The Committee and its individual members should not therefore be required to disclose information that could reasonably have the effect of waiving the attorney-client or work product privileges notwithstanding § 1102(b)(3).

15.    In light of the foregoing, it is important that the Court limit the information which the Committee must provide to its constituents so that the parties' reasonable expectations of confidentiality may be maintained, this enabling the Committee to properly perform its oversight and negotiation functions.

16.    The relief requested in this Motion does not mean that the Committee will not be providing information to its constituents pursuant to § 1102(b)(3) of the Bankruptcy Code. To the contrary, the Committee, through the proposed procedures set forth in the attached proposed Order, will make available to creditors a variety of public information concerning the Debtors, including pleadings filed with the Court, orders entered by the Court, the Debtor's Schedules and Statement of Financial Affairs, and the Debtors' monthly operating reports. In addition, the Committee anticipates seeking and receiving comments from its constituents pursuant to § 1102(b)(3)(B) of the Bankruptcy Code. When and if plans are filed in these Chapter 11 cases and related disclosure statements are filed and approved by the Court, the plan proponent will provide creditors with additional material information in each such disclosure statement that satisfies the requirements of § 1125(b) of the Bankruptcy Code. Therefore, notwithstanding the relief requested herein, the Debtors' creditors should have more than sufficient information to satisfy the purposes of § 1102(b)(3)(A) of the Bankruptcy Code.

17.    Since the effective date of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, creditors' committees, in many cases, have sought relief similar to that sought herein. *See In re Refco, Inc.*, 336 B.R. 187 (Bankr. S.D.N.Y.

2006); *In re Falcon Air Express, Inc. and Majel Aircraft Leasing Corp.*, (Case No. 06-11877 BKC-AJC) (Bankr. S.D. Fla. 2006); *ITG Vegas, Inc., et al.,* (Case No. 06-16350-BKC-PCH) (Bankr. S.D. Fla. 2006). This Court has likewise previously granted the relief sought in this motion. *See In re Heritage Funding Group, Inc.*, Case No. 3:07-bk-00492-JAF (Bankr. M.D. Fla. Nov. 30, 2007).

18.     Attached hereto as **Exhibit A** is a proposed order setting forth detailed procedures and protocols which the Committee believes will fulfill its obligation to provide access to information for general unsecured creditors, but which will not unduly burden the Committee in the exercise of its duties or impair its ability to utilize confidential, sensitive, or tactically critical information to the beset advantage of the interests of the Committee's constituency.

19.     The methods as set forth on **Exhibit A** by which the Committee in good faith proposed to comply with § 1102(b)(3) are reasonable and commensurate with the relative size of the Debtors' businesses, the value of assets of the estates, the potential distribution to unsecured creditors, and the number of creditors holding claims of the kind represented by the Committee.

20.     Therefore, pursuant to §§ 105(a), 107(b)(1) and 1102(b)(3) of the Bankruptcy Code, the Committee requests that the Court authorize it to implement the information sharing procedures as described in this Motion and on the proposed order attached as **Exhibit A**.

**Conclusion**

WHEREFORE, the Official Committee of Unsecured Creditors of RMS Titanic, Inc., et al., respectfully request that this Court (i) grant this Motion; (ii) enter an order, substantially in the form annexed hereto as **Exhibit A**, clarifying the Committee's obligations under 11 U.S.C. § 1102(b)(3) and establishing protocols by which reasonable compliance with the Bankruptcy Code may be accomplished regarding the dissemination and solicitation of information to the unsecured creditor body; and (iii) grant such other further relief as is appropriate under the circumstances.

Avery Samet, Esq.
Jeffrey Chubak, Esq.
**STORCH AMINI & MUNVES PC**
140 East 45th Street, 25th Floor
New York, New York  10017
(212) 490-4100
(212) 490-4208 (Facsimile)
asamet@samlegal.com
jchubak@samlegal.com

-and-

**THAMES MARKEY & HEEKIN, P.A.**

*Richard R. Thames*
By _____
Richard R. Thames
Robert A. Heekin, Jr.

Florida Bar No. 0718459
Florida Bar No. 652083
50 North Laura Street, Suite 1600
Jacksonville, Florida  32202
(904) 358-4000
(904) 358-4001 (Facsimile)
rrt@tmhlaw.net
rah@tmhlaw.net

Proposed Attorneys for the Official Committee of Unsecured Creditors

-8-

## Certificate of Service

I hereby certify that, on September 15, 2016, the foregoing was transmitted to the Court for uploading to the Case Management/Electronic Case files ("CM/ECF") System, which will send a notice of electronic filing to all creditors and parties in interest who have consented to receiving electronic notifications in this case. In accordance with the Court's Order Granting Debtors' Motion for an Order Pursuant to 11 U.S.C. § 105(a) and Rule 2002 Establishing Notice Procedures [Docket No. 140], copies of the foregoing were also furnished on September 15, 2016 by U.S. Mail, postage prepaid to the Master Service List attached hereto.

*/s/ Richard R. Thames*
_____
Attorney

11.3

417 5th Ave Real Estate, LLC
c/o Sebastian Capital, Inc.
417 Fifth Avenue
New York, NY 10016

A-1 Storage and Crane
2482 197th Avenue
Manchester, IA 52057

ABC Imaging
1155 21st Street NW
Suite M400
Washington, DC 20036

A.N. Deringer, Inc.
PO Box 11349
Succursale Centre-Ville
Montreal, QC H3C 5H1

ATS, Inc.
1900 W. Anaheim Street
Long Beach, CA 90813

Broadway Video
30 Rockefeller Plaza
54th Floor
New York, NY 10112

CBS Outdoor/Outfront Media
185 US Highway 48
Fairfield, NJ 07004

Dentons Canada LLP
250 Howe Street
20th Floor
Vancouver, BC V6C 3R8

Enterprise Rent-A-Car Canada
709 Miner Avenue
Scarborough, ON M1B 6B6

Expedia, Inc.
10190 Covington Cross Drive
Las Vegas, NV 89144

Lange Feng
15953 107th Avenue
Surrey, BC V4N 5N7

George F. Eyde LLC
300 S. Washington Square
Suite 400
Lansing, MI 48933

George Young Company
509 Heron Drive
Swedesboro, NJ 08085

Gowling Lafleuer Henderson
550-2300 Burrard Street
Vancouver, BC V6C 2B5

Hoffen Global Ltd.
305 Crosstree Lane
Atlanta, GA 30328

Kirvin Doak Communications
7935 W. Sahara Avenue
Las Vegas, NV 89117

MNP LLP
15303 - 31st Avenue
Suite 301
Surrey, BC V3Z 6X2

Morris Visitor Publications
PO Box 1584
Augusta, GA 30903

NASDAQ Stock Market, LLC
805 King Farm Blvd.
Rockville, MD 20850

National Geographic Society
1145 - 17th Avenue NW
Washington, DC 20036

NYC Dept. of Finance
PO Box 3646
New York, NY 10008

NY Dept. of Taxation and Finance
Attn: Office of Counsel
W.A. Harriman Campus Bldg. 9
Albany, NY 12227

NY Dept. of Taxation and Finance
PO Box 4127
Binghamton, NY 13902

PacBridge Limited Partners
22/F Fung House
19-20 Connaught Road

Central Hong Kong
Pallet Rack Surplus, Inc.
1981 Old Covington Cross Road NE
Conyers, GA 30013

Ramparts, Inc.
d/b/a Luxor Hotel and Casino
3900 Las Vegas Blvd. South
Las Vegas, NV 89119

Screen Actors Guild
1900 Broadway
5th Floor
New York, NY 10023

Seaventures, Ltd.
5603 Oxford Moor Blvd.
Windemere, FL 34786

Sophrintendenza Archeologica
di Napoli e Pompei
Piazza Museo 19
Naples, Italy 80135

Structure Tone, Inc.
770 Broadway
9th Floor
New York, NY 10003

Syzygy3, Inc.
1350 6th Avenue
2nd Floor
New York, NY 10019

Time Out New York
475 Tenth Avenue
12th Floor
New York, NY 10018

TPL
3340 Peachtree Road
Suite 2140
Atlanta, GA 30326

TSX Operating Co.
70 West 40th Street
9th Floor
New York, NY 10018

Verifone, Inc.
300 S. Park Place Blvd.
Clearwater, FL 33759

Sam Weiser
565 Willow Road
Winnetka, IL 60093

WNBC - NBC Universal Media
30 Rockefeller Center
New York, NY 10112

Jihe Zhang
59 Dongsanhuan Middle Road
Fuli Shuangzi Towers, Building A
Suite 2606, Chaoyang Dist.
Beijing, China 100021

Haiping Zou
Unit 110-115 Wanke Qingqing
Homeland
Dougezhuang, Chaoyang Dist.

Beijing, China 100021

# Exhibit "A"

# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
### <u>JACKSONVILLE DIVISION</u>

In re        )

RMS TITANIC, INC., et al.,[1]  )  Case No. 3:16-bk-2230-PMG

     Debtors.  )  Chapter 11

_____ )

### ORDER GRANTING THE MOTION OF
### OFFICIAL COMMITTEE OF UNSECURED CREDITORS
### OF RMS TITANIC, INC. FOR ORDER CLARIFYING THE
### <u>OBLIGATIONS OF THE COMMITTEE UNDER 11 U.S.C. § 1102(B)(3)</u>

   This case is before the Court upon the Motion of the Official Committee of Unsecured Creditors (the "Committee") of RMS Titanic, Inc., and certain of its affiliates and subsidiaries ( "Debtors") for entry of an Order clarifying the Committee's obligations under 11 U.S.C. § 1102(b)(3) to provide unsecured creditors who are not members of the Committee with access to information. The Court having reviewed the Motion and otherwise being fully advised in the premises, it is ORDERED:

---

[1] The Debtors in these cases, along with the last four digits of their respective federal tax identification numbers, are: RMS Titanic, Inc. (3162); Premier Exhibitions, Inc. (4922); Premier Exhibitions Management, LLC (3101); Arts and Exhibitions International, LLC (3101); Premier Exhibitions International, LLC (5075); Premier Exhibitions NYC, Inc. (9246); Premier Merchandising, LLC (3867), and Dinosaurs Unearthed Corp. (7309). The Debtors' mailing address is 3045 Kingston Court, Suite I, Peachtree Corners, Georgia 30071.

1.      The Motion is granted.

2.      In satisfaction of the Committee's obligations to provide access to information for unsecured creditors in accordance with § 1102(b)(3)(A) and (B) of the Bankruptcy Code, the Committee shall, until the earliest to occur of dissolution of the Committee, dismissal, or conversion of these Chapter 11 cases of the Debtors to Chapter 7 (the "Cases"), or further order of the Court:

(a)      Provide access to information for the Committee's constituents through web-based technology (the "Committee Website"), which may include, but shall not be limited to, the following information:

(i)      General information concerning the Cases, including the composition of the Committee, access to certain docket filings, and information summarizing recent proceedings, events and public financial information;

(ii)      A calendar with upcoming significant events in the case;

(iii)      Press releases (if any) issued by the Committee and the Debtors;

(iv)      Answers to frequently asked questions, discussing, among other things, the role of the Committee, the responsibility of the Committee members, and the filing of a proof of claim;

(v)      A section providing creditors the ability to e-mail the Committee questions and receive a response, provided that the Committee may privately provide such responses to the inquiring creditor in the exercise of its reasonable discretion, in light of the nature of the

-2-

information requested and the creditor's agreement to adhere to any appropriate confidentiality constraints; and

      (vi)    Any other information to be posted at the direction of the Court, the Committee or its counsel;

      (b)    Provide notice to the unsecured creditors of the existence of the Committee Website by mailing one letter to all unsecured creditors listed on the Debtors' Schedule F in each of their respective Cases; and

      (c)    Provide such other services as required by the Court, the Committee and its counsel to assist the Committee in complying with the requirements of § 1102(b)(3) of the Bankruptcy Code.

3.    The Committee and its individual members and their respective representatives, advisors and counsel shall provide access to information to creditors holding claims of the kind represented by the Committee, unless the Committee in its discretion determines that disclosure of such information is not in the best interest of the Committee and/or the Debtors' estates and that such disclosure would likely (i) impair the Committee's negotiations or litigation with certain interested parties, (ii) inhibit the Committee's pursuit of an investigation of potential assets to recover on behalf of the Debtors' estates, or (iii) constitute a general waiver of the attorney-client, work product or other privilege.  The Committee may condition its provision of information to any requesting party upon advance payment of any copying or shipping charges for any request which it in its sole discretion deems burdensome.

4.    The Committee shall not be required to disclose any information or documents designated as confidential pursuant to the terms of a confidentiality order or agreement with third-parties.  Similarly, the Committee and its representatives shall not

-3-

be required to disclose internal assessments and evaluations regarding the allowance or disallowance of any claims or its litigation strategies with respect thereto.

5.     The Committee and its individual members shall be entitled to the protections of the attorney-client and work product privilege with respect to their communications with counsel for the Committee, and vice-versa, unless otherwise waived in accordance with applicable law.

6.     None of the Committee members or its counsel, nor any of their respective agents or advisors (the "Committee Parties"), shall have or incur an liability to any entity (including the Debtors and their affiliates) for any act taken or mitted in good faith in compliance with paragraphs 2 through 4 above, or any other provision of this Order; provided, however, that the foregoing shall not preclude or abridge the right of any creditor to move the Court for an order requiring the production of other or further information, to the extent available.

7.     Nothing in this order requires the Committee to provide access to information to any person or entity that has not demonstrated to the satisfaction of the Committee or its professionals that it is an unsecured creditors holding a claim of the kind described in § 1102(b)(3)(A) of the Bankruptcy Code.

8.     This Order is without prejudice to the Committee's right to seek a protective order with respect to any request for information which it deems to be oppressive, unduly burdensome or inappropriate.

9.     Except as otherwise set forth herein, nothing herein shall expand or diminish the qualified immunity under applicable law of any Committee Party, or any of their respective agents, advisors or counsel.

10.     The Committee is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

11.     This Order shall be effective as of the date hereof; however, the terms of this Order shall apply to all information governed by such Order, including information in the Committee's possession on or prior to the entry of this Order.

12.     This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Richard R. Thames, Esq. is directed to serve a copy of this Order on interested parties who are non-CM/ECF users and file a proof of service within three days of entry of the Order.
12.4