**UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

In re:

RMS TITANIC, INC., *et al.*,[1]

            Debtors.

Case No. 3:16-bk-02230-PMG
Chapter 11 (Jointly Administered)

**Hearing Time Requested:
20 Minutes**

## DEBTORS' MOTION FOR EXTENSION OF EXCLUSIVITY

RMS Titanic, Inc. and certain of its affiliates, as Debtors and Debtors in possession in the above-captioned case (collectively, the "Debtors"), by and through its undersigned counsel, request that the Court extend the periods prescribed by Sections 1121(b), 1121(c)(2), and 1121(c)(3) of title 11 of the United States Code, 11 U.S.C. § 101, et seq. (as amended the "Bankruptcy Code"), during which the Debtors have the exclusive right to file a Chapter 11 plan. The Debtors propose that the 120-period prescribed in Section 1121 be extended until January 10, 2017. As grounds for the requested extensions, the Debtors state the following:

### JURISDICTION AND VENUE

1.      This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§157 and 1334. The subject matter of this Motion is a core proceeding

---

[1] The Debtors in the chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number include: RMS Titanic, Inc. (3162); Premier Exhibitions, Inc. (4922); Premier Exhibitions Management, LLC (3101); Arts and Exhibitions International, LLC (3101); Premier Exhibitions International, LLC (5075); Premier Exhibitions NYC, Inc. (9246); Premier Merchandising, LLC (3867); and Dinosaurs Unearthed Corp. (7309).  The Debtors' service address is 3045 Kingston Court, Suite I, Peachtree Corners, Georgia 30071.

pursuant to 28 U.S.C. §157(b). Venue in this district is proper pursuant to 28 U.S.C. §1408.

2.     The statutory predicates for the relief requested by this Motion are Sections 1121(b), 1121(c)(2), 1121(c)(3), and 1121(d) of the Bankruptcy Code [11 U.S.C. §§1121(b), 1121(c)(2), 1121(c)(3), and 1121(d)]. Sections 1121(b) and (c) of the Bankruptcy Code prescribe the periods of exclusivity during which only the Debtors may file a plan of reorganization.  Sections 1121(b) and 1121(c)(2) of the Bankruptcy Code provide that only the Debtors may file a plan for 120 days following the filing of the Chapter 11 petition.   Section 1121(c)(3) extends that period to 180 days for acceptances to be obtained.   Section 1121(d)(1) gives the Court authority for cause shown to increase the 120-day period or the 180-day period, subject to Section 1121(d)(2).

## BACKGROUND

3.     On June 14, 2016 (the "Petition Date"), each of the Debtors filed a voluntary petition in this Court for relief under Chapter 11 of the Bankruptcy Code. The factual background regarding the Debtors, including their business operations, capital and debt structure, and the events leading to the filing of this bankruptcy case, are set forth in detail in the Chapter 11 Case Management Summary (the "Case Summary") [D.E. 8].

4.     The Debtors continue to manage and operate their business as debtors in possession under Bankruptcy Code sections 1107 and 1108.

5.     On August 24, 2016, the United States Trustee appointed an Official Committee of Unsecured Creditors and an Official Committee of Equity Security Holders [D.E. 166, 167].

## RELIEF REQUESTED AND GROUNDS FOR RELIEF

6.     But for the filing of this Motion, the 120-day and the 180-day periods of exclusivity prescribed in Section 1121 would expire on October 12, 2016, and December 11, 2016, respectively.  By this Motion, the Debtors seek to extend both the 120-day period and the 180-day period in each of the cases.

7.     Numerous grounds establish cause for increases in the periods of exclusivity.  The legislative history of Section 1121 recognizes that the sheer size of a Chapter 11 case may constitute cause to extend exclusivity:

> Proposed Chapter 11 recognizes the need for the debtor to remain in control to some degree, or else debtors will avoid the reorganization provisions in the bill until it would be too late for them to be an effective remedy.  At the same time, the bill recognizes the legitimate interests of creditors, whose money is in the enterprise as much as the debtor's, to have a say in the future of the company.  The bill gives the debtor an exclusive right to propose a plan for 120 days.  In most cases, 120 days will give the debtor adequate time to negotiate a settlement without unduly delaying creditors.  The court is given the power, though, to increase or reduce the 120-day period depending on the circumstances of the case.  *For example, if an unusually large company were to seek reorganization under chapter 11, the court would probably need to extend the time in order to allow the debtor to reach an agreement.*  If, on the other hand, a debtor delayed in arriving at an agreement, the court could shorten the period and permit creditors to formulate and propose a reorganization plan.  Again, the bill allows the flexibility for individual cases that is unavailable today.

H.R. Rep. No. 95-595, 95th Cong., 2d Sess. 221-222 (1978) (citations omitted) (emphasis added).

3

8.    Although "cause" is not defined in the Code, courts have developed and adopted the following nonexclusive list of factors to determine whether cause exists to extend the exclusivity period:

(a)    the size and complexity of the case;

(b)    the necessity for sufficient time to negotiate and prepare adequate information;

(c)    the existence of good-faith progress toward reorganization; and

(d)    whether creditors will be prejudiced by the requested extension.  See In re Friedman's, Inc., 336 B.R. 884, 888 (Bankr. S.D. Ga. 2005); In re Service Merch. Co., 256 B.R. 744, 751 (Bankr. M.D. Tenn.2000); In re Express One Intern., Inc., 194 B.R. 98, 100 (Bankr. E.D. Tex.1996); In re McLean Indus. Inc., 87 B.R. 830, 834 (Bankr. S.D.N.Y.1987).

9.    In evaluating these factors, the courts are given maximum flexibility to review the particular facts and circumstances presented in the cases before them.  See In re Public Serv. Co., 88 B.R. 521, 534 (Bankr. D.N.H. 1988) ("[T]he legislative intent . . . is to promote maximum flexibility . . . ."); In re Hollinger Indus, Inc., 292 B.R. 639 (8th Cir. BAP 2003) (stating that not all factors "are relevant in every case" and the court has discretion to "decide which factors are relevant and give the appropriate weight to each").

10.    An analysis of these factors in this case leads to the conclusion that cause clearly exists to extend exclusivity.

***Size and Complexity of Case***

11.    Courts frequently grant an extension of exclusivity based upon the size and complexity of a Chapter 11 case.  See McLean, 87 B.R. at 834; In re Homestead Partners, 187 B.R. 706, 720 (Bankr. N.D.Ga. 1996) (recognizing the presence of complex legal issues as one of the bases for cause pursuant to Section 1121(d)).  See also Gaines v. Perkins (In re Perkins), 71 B.R. 294, 297 (W.D. Tenn. 1987) (in a case involving 100 creditors holding approximately 225 claims aggregating $10 million against the estate valued at $13 million, the district court affirmed the bankruptcy court's enlargement of the exclusivity period and held that cause may exist if the case is unusually large).

14.    As the Court is aware, the Debtors are attempting to sell certain French Artifacts to have sufficient capital to fund a chapter 11 plan of reorganization to pay all creditors in full.  The Debtors should be provided sufficient time to propose their plan of Reorganization.

***Good Faith Progress Toward Reorganization***

18.    The Debtors have made good faith progress in these Chapter 11 cases, including the following:

(a)    The Debtors obtained approval of various first-day motions filed in this case and has taken necessary steps to implement the authorizations granted by such orders.

(b)    Early in the case, the Debtors file a motion to sell the French Artifacts.

(c)     The Debtors have file an adversary proceeding against the Republic of France.

(d)     The Debtors haves complied with the reporting requirements of the United States Trustee, including the submission of initial and monthly reports.

(e)     The Debtors have prepared and filed voluminous and comprehensive statements of financial affairs and schedules of assets and liabilities consistent with the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure.

(f)     The Debtors have worked extensively and cooperatively with the Creditors' Committee and Equity Committee and provided substantial documentation and information to the Committees in order to assist the Committees in fulfilling their statutory obligations.

(g)     The Debtors obtained court approval for the rejection of an unexpired leases of nonresidential real property in New York, New York.

19.     Based upon the substantial progress demonstrated to date, the requested extension of exclusivity is fully justified on the particular facts of these cases.

*Absence of Prejudice to Creditors and Parties in Interest*

20.     Under the circumstances of these cases, a premature termination of exclusivity would deny the Debtors a meaningful opportunity to negotiate and propose a confirmable plan and would be antithetical to the paramount objectives of Chapter 11. Termination of exclusivity at this point in time could have the undesirable effect of

encouraging the development of competing multiple plans that could lead to unwarranted confrontations, litigation, and administrative expenses.

21.     Moreover, given the current posture of these case and unresolved issues, it would be premature and counterproductive for any nondebtor party in interest to initiate the plan proposal process.  Instead, the requested extension will increase the likelihood of a consensual resolution of these cases that preserves value much more than would a plan filed at this time—or than would a creditor-initiated plan lacking the necessary information, foundation, and support.

22.     The requested extension of exclusivity will not prejudice the legitimate interest of any creditor or other party in interest.  To the contrary, the proposed extension will advance the Debtors' efforts to further the reconciliation process, obtain information and answers, preserve value, and avoid unnecessary and wasteful motion practice.

23.     This Motion is not submitted for purposes of delay and will not prejudice any party.  The Debtors have been in continual and regular discussions with the numerous constituencies in this case, most if not all of which are aware of the Debtors' progress.  To the best of the knowledge of the Debtors and their professionals, none of the constituencies in these cases seek to propose a Chapter 11 plan apart from the ongoing process and the plan that the Debtors will formulate.

WHEREFORE, the Debtors respectfully requests that the Court (A) grant this Motion; (B) extend until January 10, 2017, the 120-day period prescribed in Section 1121 time during which the Debtors have the initial exclusive right to propose and file a

Chapter 11 plan, without prejudice to the Debtors' right to seek further extensions as appropriate; (C) upon the filing of a plan, further extend exclusivity until the entry of an order at the conclusion of the hearing on confirmation of the plan as filed; and (D) grant such other and further relief as is just and proper.

NELSON MULLINS RILEY
& SCARBOROUGH LLP


By_____*/s/ Daniel F. Blanks*_____
       Daniel F. Blanks (FL Bar No. 88957)
       Lee D. Wedekind, III (FL Bar No. 670588)
       50 N. Laura Street, Suite 4100
       Jacksonville, Florida 32202
       (904) 665-3656 (direct)
       (904) 665-3699 (fax)
       daniel.blanks@nelsonmullins.com
       lee.wedekind@nelsonmullins.com

*Counsel for the Debtors and Debtors in Possession*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using CM/ECF on September 30, 2016. I also certify that the foregoing document is being served this day on the following counsel of record via transmission of Electronic Filing generated by CM/ECF:

David W. Baddley, Esq.
U.S. Securities and Exchange Commission
Office of Reorganization
950 E. Paces Ferry Road, NE, Suite 900
Atlanta GA 30326
(404) 842-7625
atlreorg@sec.gov
*Attorneys for U.S. Securities and*
*Exchange Commission*

Jay B. Verona, Esq.
Shumaker, Loop & Kendrick, LLP
101 E. Kennedy Blvd., Suite 2800
Tampa, FL 33602
(813) 229-7600
jverona@slk-law.com
*Attorneys for George F. Eyde*
*Orlando, LLC and Louis J. Eyde*
*Orlando, LLC*

Scott E. Bomkamp, Esq.
Office of the United States Trustee
Middle District of Florida
400 W. Washington Street, Suite 1100
Orlando FL 32801
(407) 648-6301 ext. 150
scott.e.bomkamp@usdoj.gov
*Attorneys for Guy G. Gebhardt,*
*Acting U.S. Trustee for Region 21*

Scott M. Grossman, Esq.
Greenberg Traurig
401 East Las Olas Boulevard, Suite 2000
Fort Lauderdale, FL 33301
(954) 768-5212
grossmansm@gtlaw.com
*Attorneys for Lang Feng, Haiping Zou,*
*Jihe Zhang, and High Nature Holdings*
*Limited*

Ari Newman, Esq.
Greenberg Traurig, P.A.
333 S.E. 2nd Avenue, Suite 4400
Miami, FL 33131
(305) 579-0500
newmanar@gtlaw.com
*Attorneys for Lang Feng, Haiping Zou,*
*Jihe Zhang, and High Nature Holdings*
*Limited*

Jason B. Burnett, Esq.
Alexandria V. Hill, Esq.
GrayRobinson, P.A.
50 N. Laura Street, Suite 1100
Jacksonville, FL 32202
(904) 598-9929
jason.burnett@gray-robinson.com
alexandria.hill@gray-robinson.com
*Attorneys for 417 Fifth Avenue Real*
*Estate, LLC*

Andrew T. Jenkins, Esq.
Bush Ross, P.A.
P.O. Box 3913
Tampa, FL 33601-3913
(813) 224-9255
ajenkins@bushross.com
*Attorneys for Bank of America, N.A*

Theodore B. Randles, Esq.
U.S. Dept. of Justice
1100 L Street NW, Suite 10060
Washington, DC 20005
(202) 307-3242
Theodore.B.Randles@usdoj.gov
*Attorneys for the United States Department of
Commerce, National Oceanic and Atmospheric
Administration*

Kathy A. Jorrie, Esq.
Pillsbury Winthrop Shaw Pittman LLP
725 S. Figueroa Street, Suite 2800
Los Angeles, CA 90017
(213) 488-7251
Kathy.jorrie@pillsburylaw.com
*Attorneys for AEG Live, Inc.*

Oscar E. Sanchez, Esq.
Goldberg Segalla, LLP
222 Lakeview Avenue, Suite 800
West Palm Beach, FL 33401
(786) 814-4804
osanchez@goldbergsegalla.com
aburno@goldbergsegalla.com
mmartiez@goldbergsegalla.com
*Attorneys for Structure Tone, Inc.*

J. Ellsworth Summers, Jr., Esq.
Burr Forman, LLP
50 N. Laura Street, Suite 3000
Jacksonville, FL 32202
(904) 232-7200
esummers@burr.com
*Attorneys for Michael J. Little*

Norman P. Fivel, Esq.
Assistant Attorney General
Office of the New York State Attorney General
Civil Recoveries Bureau, Bankruptcy Litigation Unit
The Capitol
Albany, NY 12224-0341
(518) 776-2264
norman.fivel@ag.ny.gov
*Attorneys for New York Dept. of Taxation
and Finance*

D. Marcus Braswell, Jr., Esq.
Sugarman & Susskind, P.A.
100 Miracle Mile, Suite 300
Coral Gables, FL 33134
(305) 529-2801
mbraswell@sugarmansusskind.com
*Attorneys for Theatrical Protective Union,
Local No. One, IATSE*

Chris Broussard, Esq.
Suzy Tate, Esq.
Suzy Tate, P.A.
14502 N. Dale Mabry Highway, Suite 200
Tampa, FL 33618
(813) 264-1685
cbrouss@suzytate.com
suzy@suzytate.com
*Attorneys for The Armada Group GP, Inc.*

Richard R. Thames, Esq.
Thames Markey & Heekin, P.A.
50 N. Laura Street, Suite 1600
Jacksonville, FL 32202
(904) 358-4000
rrt@tmhlaw.net
*Attorneys for Official Committee of
Unsecured Creditors*


**Via U.S. Mail**

A-1 Storage and Crane
2482 197th Avenue
Manchester, IA 52057

ABC Imaging
1155 21st Street NW
Suite M400
Washington, DC 20036

A.N. Deringer, Inc.
PO Box 11349
Succursale Centre-Ville
Montreal, QC H3C 5H1

ATS, Inc.
1900 W. Anaheim Street
Long Beach, CA 90813

Broadway Video
30 Rockefeller Plaza
54th Floor
New York, NY 10112

CBS Outdoor/Outfront Media
185 US Highway 48
Fairfield, NJ 07004

Dentons Canada LLP
250 Howe Street
20th Floor
Vancouver, BC V6C 3R8

Enterprise Rent-A-Car Canada
709 Miner Avenue
Scarborough, ON M1B 6B6

Expedia, Inc.
10190 Covington Cross Drive
Las Vegas, NV 89144

George Young Company
509 Heron Drive
Swedesboro, NJ 08085

Gowling Lafleuer Henderson
550-2300 Burrard Street
Vancouver, BC V6C 2B5

Hoffen Global Ltd.
305 Crosstree Lane
Atlanta, GA 30328

Kirvin Doak Communications
5230 W. Patrick Lane
Las Vegas, NV 89118

MNP LLP
15303 - 31st Avenue
Suite 301
Surrey, BC V3Z 6X2

Morris Visitor Publications
PO Box 1584
Augusta, GA 30903

NASDAQ Stock Market, LLC
805 King Farm Blvd.
Rockville, MD 20850

National Geographic Society
1145 - 17th Avenue NW
Washington, DC 20036

NYC Dept. of Finance
PO Box 3646
New York, NY 10008

PacBridge Limited Partners
22/F Fung House
19-20 Connaught Road
Central Hong Kong

Pallet Rack Surplus, Inc.
1981 Old Covington Cross Road NE
Conyers, GA 30013

Ramparts, Inc.
d/b/a Luxor Hotel and Casino
3900 Las Vegas Blvd. South
Las Vegas, NV 89119

Screen Actors Guild
1900 Broadway
5th Floor
New York, NY 10023

Seaventures, Ltd.
5603 Oxford Moor Blvd.
Windemere, FL 34786

Sophrintendenza Archeologica
di Napoli e Pompei
Piazza Museo 19
Naples, Italy 80135

Syzygy3, Inc.
1350 6th Avenue
2nd Floor
New York, NY 10019

Time Out New York
475 Tenth Avenue
12th Floor
New York, NY 10018

TPL
3340 Peachtree Road
Suite 2140
Atlanta, GA 30326

TSX Operating Co.
70 West 40th Street
9th Floor
New York, NY 10018

Verifone, Inc.
300 S. Park Place Blvd.
Clearwater, FL 33759

Sam Weiser
565 Willow Road
Winnetka, IL 60093

WNBC - NBC Universal Media
30 Rockefeller Center
New York, NY 10112

United States Attorney's Office
Middle District of Florida
300 N. Hogan Street, Suite 700
Jacksonville, FL 32202

Jonathan B. Ross, Esq.
Gowling WLG (Canada) LLP
550 Burrard Street, Suite 2300, Bentall 5
Vancouver, BC V6C 2B5

Christine R. Etheridge, Esq.
Bankruptcy Administration
Wells Fargo Vendor Financial Services, LLC
PO Box 13708
Macon, GA 31208

TSX Operating Co., LLC
c/o James Sanna
70 W. 40th Street
New York, NY 10018
*Creditor Committee*

Dallian Hoffen Biotechnique Co., Ltd.
c/o Ezra B. Jones
305 Crosstree Lane
Atlanta, GA 30328
*Creditor Committee*

B.E. Capital Management Fund LP
Thomas Branziel
205 East 42nd Street , 14th Floor
New York, NY 10017
*Creditor Committee*

/s/ Daniel F. Blanks
Attorney

~#4820-5514-1688 v.1 ~