**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

In re:

RMS TITANIC, INC., *et al.*,[1]

        Debtors.

Case No. 3:16-bk-02230-PMG
Chapter 11 (Jointly Administered)

**DECLARATION OF RONALD L. GLASS PURSUANT TO
BANKRUPTCY RULES 2014 AND 2016 IN SUPPORT OF APPLICATION
OF THE DEBTORS FOR ENTRY OF AN ORDER PURSUANT TO 11 U.S.C.
§§ 327(e) AUTHORIZING EMPLOYMENT AND RETENTION OF GLASSRATNER
ADVISORY & CAPITAL GROUP LLC AS FINANCIAL ADVISORS
AND CHIEF RESTRUCTURING OFFICER FOR THE DEBTORS
IN POSSESSION EFFECTIVE AS OF THE DATE HEREOF**

I, RONALD L. GLASS, declare that:

1. I am a principal of the firm of GlassRatner Advisory & Capital Group LLC ("GlassRatner" or the "Firm"), which maintains an office for financial advisory services at 3445 Peachtree Road, Suite 1225, Atlanta, Georgia 30326. My office telephone number is (404) 835-8830.

**SERVICES TO BE RENDERED**

2. The Debtors have requested that GlassRatner render all financial advisory services to the Debtors and that I be appointed Chief Restructuring Officer.

---

[1] The Debtors in the chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number include: RMS Titanic, Inc. (3162); Premier Exhibitions, Inc. (4922); Premier Exhibitions Management, LLC (3101); Arts and Exhibitions International, LLC (3101); Premier Exhibitions International, LLC (5075); Premier Exhibitions NYC, Inc. (9246); Premier Merchandising, LLC (3867), and Dinosaurs Unearthed Corp. (7309). The Debtors' service address is 3045 Kingston Court, Suite I, Peachtree Corners, Georgia 30071.

3. Subject to this Court's approval of the Application, GlassRatner is willing to serve as the Debtors' financial advisors and Chief Restructuring Officer, and to perform the services described above, and any other services as requested by the Debtors.

### DISINTERESTEDNESS OF GLASSRATNER

4. Except as otherwise set forth herein, GlassRatner (a) does not have any connection with the Debtors, its creditors, the U.S. Trustee, or any person employed in the Office of the U.S. Trustee, or any other party in interest, or its respective attorneys and accountants, (b) is a "disinterested person," as that term is defined in section 101(14) of the Bankruptcy Code, and (c) does not hold or represent any interest adverse to the estate. Mr. Glass is currently serving as Chapter 11 Trustee in a chapter 11 in the Northern District of Georgia. The U.S. Trustee recommended the appointment. In addition, GlassRatner has been involved with others matters that have or may have included several of the law firms in this case and the U.S. Trustee. Also, the firm may have other assignments with the U.S. Department of Justice that are unrelated to this matter.

5. GlassRatner does not represent creditors of the Debtors or other parties in interest in matters unrelated to the Debtors, the Debtors' reorganization cases, or such entities' claims against or interest in the Debtors. GlassRatner has searched its computer database of current and previous clients with respect to all parties provided by the Debtors.

6. GlassRatner was engaged on June 3, 2016 by the Debtors as financial advisors to a special committee of the board of directors to review certain financial information. That engagement ended on or about June 15, 2016. Otherwise, GlassRatner has not represented in the past, does not presently represent, and will not during the pendency of these bankruptcy

2

cases represent any of the above entities, or any of its known affiliates or subsidiaries, in matters adverse to and/or related to the Debtors or the Bankruptcy Case.

7. In addition to the foregoing, GlassRatner employs 80 advisors, has a diversified practice with a client roll with hundreds of names that encompass many commercial corporations, some of which are or may consider themselves to be creditors or parties in interest in these cases or otherwise have interests in these cases. GlassRatner will not represent any other client in matters related in any manner to the Debtors during the pendency of these cases. GlassRatner will periodically review its files during the pendency of these cases to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new relevant facts or relationships are discovered or arise, GlassRatner will use reasonable efforts to identify such further developments and promptly will file a supplemental statement pursuant to Bankruptcy Rule 2014(a).

8. In the unlikely event any matters were, in the future, to give rise to potential conflict with respect to matters that otherwise would have been handled by GlassRatner, other counsel for the Debtors may be available to handle such matters and GlassRatner will not be involved.

9. Neither GlassRatner nor any principal or employee at the Firm holds or represents an interest adverse to the Debtors' bankruptcy estates.

10. Neither GlassRatner nor any principal or employee at the Firm is or was an officer, director, or insider of the Debtors in the last two years, and is not an equity holder of Debtors. GlassRatner previously rendered financial advice services to the Debtors for which the Firm was compensated. In addition, certain GlassRatner principals or employees may have

relatives employed by the Debtors or its professionals or were formerly employed by the Debtors or its professionals.

11. GlassRatner does not have an interest materially adverse to the interests of the estate or of any class of creditors or equity security holders by reason of any direct or indirect relationship to, connection with, or for any other reason.

12. GlassRatner has instituted and is carrying on further inquiries of its attorneys with respect to the matters contained herein, including the circulation of an electronic new matter notification to each of the attorneys in all of the Firm's offices. GlassRatner will file supplemental declarations regarding this retention if any additional relevant information comes to the Firm's attention. Additionally, as a matter of retention and disclosure policy, GlassRatner will periodically review its past and present relationships with entities materially participating in these bankruptcy cases from time to time and will file a supplemental disclosure, if warranted.

13. In view of the foregoing, GlassRatner is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code.

## PROFESSIONAL COMPENSATION

14. In connection with this representation, the Debtors have agreed to pay GlassRatner a reduced hourly rate for matters of this nature, which rates currently range from $575 per hour for principals to $135 per hour for staff/managers.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed on September 30, 2016.

By    */s/ Ronald L. Glass*
        Ronald L. Glass, Principal
        GlassRatner Advisory & Capital Group LLC
        3445 Peachtree Road, Suite 1225
        Atlanta, Georgia  30326
        (404)  835-8830
        rglass@glassratner.com

*Proposed Financial Advisors for the Debtors and Debtors in Possession*

~#4830-6616-3000 v.1~