ORDERED.

Dated:  September 30, 2016

_____
Paul M. Glenn
United States Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| In re | ) | |
| RMS TITANIC, INC., et al.,[1] | ) | Case No. 3:16-bk-2230-PMG |
| Debtors. | ) | Chapter 11 |
| _____ | ) | |

**ORDER AUTHORIZING THE OFFICIAL COMMITTEE**
**OF UNSECURED CREDITORS TO EMPLOY STORCH**
**AMINI & MUNVES PC AS COUNSEL FOR THE COMMITTEE**

This case came before the Court upon the Application (the "Application") of the Official Committee of Unsecured Creditors (the "Committee") for authorization to employ Storch Amini & Munves PC ("SAM") as counsel for the Committee, effective as of September 2, 2016 [Docket No. 183]. Based on the Application and the Declaration of Jeffrey Chubak in support thereof, the Court finds that (a) the attorneys of SAM are duly

---

[1] The Debtors in these cases, along with the last four digits of their respective federal tax identification numbers, are: RMS Titanic, Inc. (3162); Premier Exhibitions, Inc. (4922); Premier Exhibitions Management, LLC (3101); Arts and Exhibitions International, LLC (3101); Premier Exhibitions International, LLC (5075); Premier Exhibitions NYC, Inc. (9246); Premier Merchandising, LLC (3867), and Dinosaurs Unearthed Corp. (7309). The Debtors' mailing address is 3045 Kingston Court, Suite I, Peachtree Corners, Georgia 30071.

qualified to practice in this Court pursuant to Local Rule 2090-1(a); (b) SAM and its attorneys do not represent any entity having an adverse interest in connection with these cases, as required by 11 U.S.C. § 1103(b), or represent or hold an interest adverse to the interest of the estate with respect to the matters upon which they have been engaged, as required by 11 U.S.C. § 328(c); (c) SAM and its attorneys are disinterested persons within the meaning of 11 U.S.C. § 101(14), as required by 11 U.S.C. § 328(c); (d) SAM has disclosed any and all connections with the parties as required by Fed. R. Bankr. P. 2014; (e) the Application and SAM are in full compliance with all other requirements of 11 U.S.C. § 1103 and Fed. R. Bankr. P. 2014; and (f) the employment and retention of SAM is necessary and in the best interest of the Committee.  More than 20 days have passed since the filing of the Application, and no objection to the Application or to the proposed employment of SAM has been filed or otherwise interposed.  Accordingly, it is ORDERED:

1.      The Application is approved, and the relief requested in the Application is granted effective as of September 2, 2016.

2.      Pursuant to 11 U.S.C. § 1103(a), the Committee is authorized to retain SAM as counsel for the Committee for the purposes set forth in the Application.

3.      SAM shall be entitled to interim compensation in accordance with the Court's Order of August 17, 2016 establishing interim compensation procedures for professionals retained in connection with this case [Docket No. 141], with final compensation determined and awarded in accordance with the requirements of 11 U.S.C. §§ 328, 330, and 331 of the Bankruptcy Code and such orders of this Court which may from time to time be entered.

3

Richard R. Thames, Esq. is directed to serve a copy of this Order on interested parties who are non-CM/ECF users and file a proof of service within three days of entry of the Order.