UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:

RMS TITANIC, INC., *et al.*,

Debtors.[1]

_____/

Case No.: 3:16-bk-02230-PMG

Chapter 11

(Jointly Administered)

**RESPONSE IN OPPOSITION TO APPLICATION OF THE DEBTORS FOR ENTRY OF AN ORDER PURSUANT TO 11 U.S.C. §§ 327(a), 328(a) AND 1107(b) AUTHORIZING EMPLOYMENT AND RETENTION OF GLASSRATNER ADVISORY & CAPITAL GROUP LLC AS FINANCIAL ADVISORS AND CHIEF RESTRUCTURING OFFICER FOR THE DEBTORS AND DEBTORS IN POSSESSION EFFECTIVE AS OF THE DATE HEREOF**

The Official Committee of Equity Security Holders (the "Equity Committee") of Premier Exhibitions, Inc. ("Premier"), Chapter 11 Debtor in Case No. 3:16-bk-02232-PMG and the parent company of RMS Titanic, Inc. ("RMST"), the Chapter 11 Debtor in Case No. 3:16-bk-02230-PMG, hereby files its opposition ("Opposition") to the *Application of the Debtors for Entry of an Order Pursuant to 11 U.S.C. §§ 327(a), 328(a), and 1107(b) Authorizing Employment of GlassRatner Advisory & Capital Group LLC as Financial Advisors and Chief Restructuring Officer for the Debtors and Debtors in Possession Effective as of the Date Hereof* (the "Application") (Doc. 247), and respectfully represents the following:

---

[1] The Debtors in the chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number include: RMS Titanic, Inc. (3162); Premier Exhibitions, Inc. (4922); Premier Exhibitions Management, LLC (3101); Arts and Exhibitions International, LLC (3101); Premier Exhibitions International, LLC (5075); Premier Exhibitions NYC, Inc. (9246); Premier Merchandising, LLC (3867); and Dinosaurs Unearthed Corp. (7309) (collectively, the "Debtors"). The Debtors' service address is 3045 Kingston Court, Suite I, Peachtree Corners, Georgia 30071.

{39838418;1}

**Background**

1.  On June 14, 2016 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, commencing the above-captioned, jointly administered bankruptcy case (the "Bankruptcy Case").

2.  The Debtors continue to operate their businesses as debtors in possession pursuant to Bankruptcy Code Section 1107 and 1108.

3.  No trustee or examiner has been appointed in the Bankruptcy Case.

4.  On August 24, 2016, the Acting United States Trustee, Guy G. Gebhardt, appointed the members of the Equity Committee. On August 31, 2016, the Equity Committee selected Landau Gottfried & Berger LLP and Akerman LLP as its general bankruptcy counsel.

5.  On September 30, 2016, the Debtors filed the Application, seeking an Order pursuant to Sections 327(a), 328(a) and 1107(b) of the Bankruptcy Code, authorizing retention of GlassRatner Advisory & Capital Group, LLC ("GlassRatner") to provide restructuring management services and Ronald L. Glass ("Mr. Glass") as Chief Restructuring Officer ("CRO").

6.  After filing the Application, the Debtors provided the Equity Committee a revised October 13, 2016 Engagement Letter (the "Agreement") between the Debtors and GlassRatner, which no longer provides for CRO services by Mr. Glass.[2]

**Bases for Opposition to Application**

7.  For the reasons set forth below, the Equity Committee opposes the Debtors' proposed retention of GlassRatner as financial and restructuring advisor under the terms set forth in the Application and Agreement.[3]

---

[2] Presumably, an amended application that attaches and describes the Agreement is forthcoming from the Debtors..

8. Pursuant to section 327(a) of the Bankruptcy Code, a debtor-in-possession is authorized to employ professional persons "that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the [debtor in possession] in carrying out [its] duties under [the Bankruptcy Code.]".

9. In general, the Application and the subsequent Agreement are extremely hard to reconcile and do not afford the Committee an opportunity to truly understand the exact scope of services the Debtors seek to be provided by GlassRatner and the terms of engagement.

10. The Application is focused in large part on Mr. Glass serving as chief restructuring officer ("CRO") of the Debtor and has a request for GlassRatner to serve as a financial advisor, although it lacks specific detail of the financial advisory role GlassRatner would serve. Any objective viewer of these bankruptcy cases would agree that those are the services that these Debtors require.

11. The subsequently provided Agreement, however, has no CRO retention terms and appears to shift the focus of the proposed GlassRatner engagement to provide financial services focused primarily of raising capital. Unfortunately, that also is the focus of GlassRatner's proposed compensation structure.

12. The Agreement is vague and not focused towards the financial advisory services truly needed by the Debtors. Instead it appears that GlassRatner will not be advising the Debtors so much as taking direction from the Debtors who intend to direct GlassRatner's energies toward raising funds to support the Debtors' vision of its future. That is not the support that these Debtors need at this time.

---

[3] The Committee and its counsel has the utmost respect for GlassRatner and its professionals and know them to be professional and provide quality services. Unfortunately, the facts and circumstances of this bankruptcy case and actions of the Debtors give rise to this objection.

13. The Agreement proposes to pay a "success fee" to GlassRatner of 1.5% of the new proceeds of the financing or plan sponsorship arrangement for any Chapter 11 plan (the "Success Fee") with certain other qualifications. The term net proceeds is not defined and the financing triggers for the Success Fee and associated defined term Qualified Party are extremely broad.

14. Any Success Fee should be reduced and limited and the financing triggers for any such Success Fee narrowed to actual cash investment provided by disinterested, outside parties and should not include, *inter alia*, (i) any promissory notes or equity issued by the Debtors, (ii) any funding or capital from any insiders or current lenders of the Debtors, and (iii) any funding introduced by other interested party or their counsel in the case.

15. The Agreement includes a retainer provision that should be eliminated.

16. The Agreement provides that any disagreements arising under it shall be resolved by binding arbitration. In the interests of judicial economy and maintaining consistency in these cases, the Bankruptcy Court should resolve any disputes related to the Agreement and any retention of GlassRatner.

17. Outside of the Application and Agreement, the Debtors' management has made several missteps in the Bankruptcy Case. Those facts describing the Debtors' mismanagement set forth in the Limited Objection of the Official Committee of Equity Security Holders to the Debtors' Motion for Extension of Exclusivity [Docket No. 284] are incorporated herein by reference. This mismanagement supports appointment of a CRO in these bankruptcy case and the Committee expects to be involved in the process to select any CRO candidate and negotiation of the terms of retention of any CRO.

18. Perhaps more troubling than any of the above statements is the process that the Debtors employed that led to the Application and presumably negotiations that led to the Agreement. The Committee was shut out of this process and its recommendations to the Debtors respecting the Debtors obtaining the advisory services that they require fell on deaf ears. The GlassRatner retention and the proposed terms of their engagement do not provide the assistance that these Debtors require.

19. Furthermore, the Equity Committee has recently selected Teneo Securities LLC ("Teneo") as its own financial advisor and is in the process of finalizing its application to retain Teneo.

20. Many of the services to be provided by Teneo will be of benefit the Debtors. The Committee also believes it has negotiated better financial terms with Teneo than those proposed in the Application and Agreement.

21. Based on the forgoing, the Equity Committee believes that the Debtors' retention of GlassRatner requires substantial clarification and modification. Moreover, the terms of engagement of GlassRatner and/or any proposed financial or other advisor to the Debtors going forward must directly and substantially involve the Committee.

## Conclusion

WHEREFORE, the Equity Committee respectfully requests the Court enter an Order denying the Application and granting such other and further relief as the Court deems just and proper.

Dated: October 21, 2016

>	Peter J. Gurfein, Esq.
>	**LANDAU GOTTFRIED & BERGER LLP**
>	1801 Century Park East, Suite 700
>	Los Angeles, California 90067
>	(310) 557-0050

(310) 557-0056 (Facsimile)
pgurfein@lgbfirm.com

-and-

**AKERMAN LLP**

By: */s/ Jacob A. Brown*
Jacob A. Brown
Florida Bar No. 170038
50 North Laura Street, Suite 3100
Jacksonville, Florida 32202
(904) 798-3700
(904) 798-3730 (Facsimile)
Jacob.brown@akerman.com

Attorneys for the Official Committee of Equity Security Holders of Premier Exhibitions, Inc.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 21, 2016, the foregoing was transmitted to the Court for uploading to the Case Management/Electronic Case Files ("CM/ECF") System, which will send a notice of electronic filing to all creditors and parties in interest who have consented to receiving electronic notifications in this case.  In accordance with the Court's Order Granting Debtors' Motion for an Order Pursuant to 11 U.S.C. § 105(a) and Rule 2002 Establishing Notice Procedures (Doc. 140), a copy of the foregoing was also furnished on October 21, 2016 by U.S. mail, postage prepaid and properly addressed, to the Master Service List attached hereto.

*/s/ Jacob A. Brown*
Attorney

**MASTER SERVICE LIST**
*Case No. 3:16-bk-02230-PMG*

417 5th Ave Real Estate, LLC
c/o Sebastian Capital, Inc.
417 Fifth Avenue
New York, NY 10016

ABC Imaging
1155 21st Street NW
Suite M400
Washington, DC 20036

ATS, Inc.
1900 W. Anaheim Street
Long Beach, CA 90813

CBS Outdoor/Outfront Media
185 US Highway 48
Fairfield, NJ 07004

Enterprise Rent-A-Car Canada
709 Miner Avenue
Scarborough, ON M1B 6B6

Lange Feng
15953 107th Avenue
Surrey, BC V4N 5N7

George Young Company
509 Heron Drive
Swedesboro, NJ 08085

Hoffen Global Ltd.
305 Crosstree Lane
Atlanta, GA 30328

MNP LLP
15303 - 31st Avenue
Suite 301
Surrey, BC V3Z 6X2

A-1 Storage and Crane
2482 197th Avenue
Manchester, IA 52057

A.N. Deringer, Inc.
PO Box 11349
Succursale Centre-Ville
Montreal, QC H3C 5H1

Broadway Video
30 Rockefeller Plaza
54th Floor
New York, NY 10112

Dentons Canada LLP
250 Howe Street
20th Floor
Vancouver, BC V6C 3R8

Expedia, Inc.
10190 Covington Cross Drive
Las Vegas, NV 89144

George F. Eyde LLC
300 S. Washington Square
Suite 400
Lansing, MI 48933

Gowling Lafleuer Henderson
550-2300 Burrard Street
Vancouver, BC V6C 2B5

Kirvin Doak Communications
7935 W. Sahara Avenue
Las Vegas, NV 89117

Morris Visitor Publications
PO Box 1584
Augusta, GA 30903

NASDAQ Stock Market, LLC
805 King Farm Blvd.
Rockville, MD 20850

National Geographic Society
1145 - 17th Avenue NW
Washington, DC 20036

NYC Dept. of Finance
PO Box 3646
New York, NY 10008

NY Dept. of Taxation and Finance
Attn: Office of Counsel
W.A. Harriman Campus Bldg. 9
Albany, NY 12227

NY Dept. of Taxation and Finance
PO Box 4127
Binghamton, NY 13902

PacBridge Limited Partners
22/F Fung House
19-20 Connaught Road
Central Hong Kong

Pallet Rack Surplus, Inc.
1981 Old Covington Cross Road NE
Conyers, GA 30013

Ramparts, Inc.
d/b/a Luxor Hotel and Casino
3900 Las Vegas Blvd. South
Las Vegas, NV 89119

Screen Actors Guild
1900 Broadway
5th Floor
New York, NY 10023

Seaventures, Ltd.
5603 Oxford Moor Blvd.
Windemere, FL 34786

Sophrintendenza Archeologica
di Napoli e Pompei
Piazza Museo 19
Naples, Italy 80135

Structure Tone, Inc.
770 Broadway
9th Floor
New York, NY 10003

Syzygy3, Inc.
1350 6th Avenue
2nd Floor
New York, NY 10019

Time Out New York
475 Tenth Avenue
12th Floor
New York, NY 10018

TPL
3340 Peachtree Road
Suite 2140
Atlanta, GA 30326

TSX Operating Co.
70 West 40th Street
9th Floor
New York, NY 10018

Verifone, Inc.
300 S. Park Place Blvd.
Clearwater, FL 33759

Sam Weiser
565 Willow Road
Winnetka, IL 60093

WNBC - NBC Universal Media
30 Rockefeller Center
New York, NY 10112

Jihe Zhang
59 Dongsanhuan Middle Road
Fuli Shuangzi Towers, Building A

                                            Suite 2606, Chaoyang Dist.
                                            Beijing, China 100021

Haiping Zou
Unit 110-115 Wanke Qingqing Homeland
Dougezhuang, Chaoyang Dist.
Beijing, China 100021

~#4815-9164-9591 v.1~