UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re | ) | |
| RMS TITANIC, INC., et al.,[1] | ) | Case No. 3:16-bk-2230-PMG |
| Debtors. | ) | Chapter 11 |
| _____ | ) | |

**OFFICIAL COMMITTEE OF UNSECURED CREDITORS'
OBJECTION TO DEBTORS' AMENDED APPLICATION TO
EMPLOY DENTONS US AS OUTSIDE GENERAL COUNSEL**

The Official Committee of Unsecured Creditors (the "Creditors' Committee") of RMS Titanic, Inc. and its debtor subsidiaries (together, the "Debtors") files this objection to the Debtors' amended application to employ Dentons US LLP ("Dentons US") as their outside general counsel ("outside GC") pursuant to Bankruptcy Code section 327(e), filed October 12, 2016 [ECF No. 269] (the "Application"), and respectfully states:

**Preliminary Statement**

1. The Debtors' initial application, filed September 30, 2016 [ECF No. 244], sought to employ both Dentons US and Dentons Canada LLP ("Dentons Canada") as outside GC and securities counsel under section 327(e).

---

[1] The Debtors in these cases, along with the last four digits of their respective federal tax identification numbers, are: RMS Titanic, Inc. (3162); Premier Exhibitions, Inc. (4922); Premier Exhibitions Management, LLC (3101); Arts and Exhibitions International, LLC (3101); Premier Exhibitions International, LLC (5075); Premier Exhibitions NYC, Inc. (9246); Premier Merchandising, LLC (3867), and Dinosaurs Unearthed Corp. (7309). The Debtors' mailing address is 3045 Kingston Court, Suite I, Peachtree Corners, Georgia 30071.

2.  After the initial application was filed, the Creditors' Committee advised the Debtors that the employment of an outside GC must be under section 327(a), and that employment under such section would require that Dentons Canada waive its $155,233 claim scheduled by Premier Exhibitions, Inc. (Case No. 3:16-bk-2232, ECF No. 39), as section 327(a)'s disinterestedness requirement precludes the employment of creditors as estate professionals.

3.  In an attempt to avoid the foregoing conflict, the Debtors have amended their application to only seek authorization to employ Dentons US, and further represented Dentons Canada is not a creditor as its legal fees were owed by DinoKing Tech Inc., the Canadian nondebtor subsidiary of Debtor Premier Exhibitions, Inc., and not the Debtors. (Pinkas Decl. ¶¶15-16.)[2]

4.  That quick fix, however, does not cure conflict issues presented by the Application. Dentons Canada is conflicted by virtue of its prior representation of the Lenders (defined in the Application) (*see* Pinkas Decl. ¶13; Equity Comm. Obj. ¶14.d), who are the recipients of a potentially avoidable transfer.[3] That conflict is imputed to Dentons US both under section 327(a) and Professional Conduct Rule 1.10(a), which in turn precludes Dentons US's employment under section 327(a).

---

[2] The Creditors' Committee requested copies of the engagement letter and invoices relating to the foregoing legal fees on October 16 to confirm Dentons Canada was engaged by DinoKing, and that the Debtors' scheduling DinoKing as an unsecured creditor was, indeed, in error. To date, the Creditors' Committee has not received a response from the Debtors.

[3] Pursuant to a December 2015 promissory note between the Lenders and certain of the Debtors, Lenders Lange Feng and Jihe Zhang were granted a security interest in substantially all of the Debtors' assets. In March 2016, the Lenders entered into amended and restated notes with the Debtors, and their security interests were perfected in April 2016 pursuant to a financing statement filed by Dentons US with the Secretary of State of Florida. Their security interests are potentially avoidable as preferences.

**Objection**

I. **Outside General Counsel may not be Employed under 11 U.S.C. § 327(e)**

5. The employment of Dentons US (or any other firm) as outside GC must be pursuant to section 327(a), not (e). As noted in *In re Air South Airlines, Inc.*, No. 97-7229, 1998 WL 34020727, at *6 (Bankr. D. S.C. Jan. 16, 1998):

> This Court cannot find any reported case which allows § 327(e) as a means to provide the retention of outside general counsel … despite the applicant's belief that such retention was necessary under the circumstances of this case. To the contrary, there is reasonable case authority which requires an application which seeks to broadly employ an attorney "to perform legal services for the debtor as may be necessary" … to be viewed in the same light as general Chapter 11 counsel under § 327(a).

6. Courts repeatedly rejected efforts by debtors to circumvent section 327(a)'s requirements by seeking authorization to employ counsel under section 327(e). As noted in *In re First Am. Health Care of Georgia, Inc.*, No. 96-20188, 1996 WL 33404562, at *4 (Bankr. S.D. Ga. April 18, 1996):

> I construe Section 327(a) and (e) together as generally discouraging the employment of a creditor and as resolving any doubt in favor of denial of the application. Ultimately, the bankruptcy court, when considering the application of prospective counsel pursuant to Section 327(e) must guard against the retention of a creditor whose role as "special counsel" has the potential of placing the professional in a *de facto* role which is impermissibly broad and general. To do otherwise would circumvent the "no creditor" rule of Section 327(a) by which Congress clearly intended to eliminate from the bankruptcy process the reality, or the appearance, of a conflict of interest on the part of professionals.

*See also In re Running Horse, LLC*, 371 B.R. 446, 452 (Bankr. E.D. Cal. 2007).

7.      The Debtors are aware of this, as this Court's order authorizing the employment of Kaleo Legal as outside GC and securities counsel provided for that firm's retention under section 327(a) [ECF No. 132] even though the Debtors asked to employ Kaleo under section 327(e) [ECF No. 25].

8.      Nowhere in the Application do the Debtors explain why they are seeking to employ Dentons US in the same capacity under section 327(e) even though it is anticipated Dentons US will have more responsibilities than Kaleo, such as advising on bankruptcy matters. (Application ¶12; Pinkas Decl. ¶¶3-4.)

## II.     Dentons US is Conflicted

9.      The Debtors argue any conflicts Dentons Canada has by virtue of its prior and current representation of DinoKing and prior representation of the Lenders should not be imputed to Dentons US because they are separate entities within the Dentons verein, and the Debtors are not (presently) seeking to employ Dentons Canada. (Application ¶¶13-14; Pinkas Decl. ¶¶9-10.)

10.     That argument fails. Courts have disregarded the technical corporate separateness of different entities within a verein for the purpose of evaluating compliance with section 327(a). *See*, *e.g.*, *In re Project Orange Assocs., LLC*, 431 B.R. 363, 371 n.3 (Bankr. S.D.N.Y. 2010) (discussed in Equity Comm. Obj. ¶¶27-31, incorporated herein).

11.     Dentons Canada's conflicts are imputed to Dentons US under nonbankruptcy law as well. Professional Conduct Rule 1.10(a) provides, subject to inapplicable exceptions, that if one lawyer at a "firm" is prohibited from representing a client under conflict rules, all lawyers at that "firm" are prohibited from representing that client as well. Comment 1, in turn, provides "the term 'firm' denotes lawyers in a law

partnership, professional corporation … or other association authorized to practice law." *See also* West's F.S.A. Bar Rule 4-1.10, made applicable by, *inter alia*, Local Rule 2090-1(d).

12. That the term "firm" under the rule includes all verein members is reflected in ABA Comm. on Ethics and Prof. Responsibility, Formal Op. 84-351 (Oct. 20, 1984), which provides:

> When a firm elects to affiliate or associate another with it and to communicate that fact to the public and clients, there is no practical distinction between the relationship of affiliates under that arrangement and the relationship of separate offices in a law firm. Under both the Model Rules and the Model Code, the Committee would ordinarily apply the same analysis to both arrangements to determine when the firms have a disqualifying conflict of interest treating the "affiliated" or "associated" firms for this purpose as a single firm.

13. Section 327(a)'s adverse interest requirement precludes the employment of any professional with "any interest or relationship, however slight, 'that would even faintly color the independence and impartial attitude required by the Code.'" *In re Granite Partners, L.P.*, 219 B.R. 22, 33 (Bankr. S.D.N.Y. 1998) (quoted in *In re Sunbum5 Enterps., LLC*, No. 10-cv-1268, 2011 WL 4529648, at *6 (M.D. Fla. Sept. 30, 2011)).

14. The Creditors' Committee submits that Dentons US's independence would be, at a minimum, "colored" by Dentons Canada's prior representation of the Lenders, whose conflicts are imputed to Dentons US pursuant to section 327(a) and Professional Conduct Rule 1.10(a), putting aside Dentons US's actual representation of the Lenders. (Pinkas Decl. ¶13.) *See also In re Keller Fin. Servs. of Florida, Inc.*, 248 B.R. 859, 895

(Bankr. M.D. Fla. 2000) (insider relationships colored independence and impartial attitude required under section 327(a)).

WHEREFORE, the Application should be denied.

Dated: October 27, 2016

      Avery Samet, Esq.
      Jeffrey Chubak, Esq.
      **STORCH AMINI & MUNVES PC**
      140 East 45th Street, 25th Floor
      New York, New York  10017
      (212) 490-4100
      (212) 490-4208 (Facsimile)
      asamet@samlegal.com
      jchubak@samlegal.com

      -and-

      **THAMES MARKEY & HEEKIN, P.A.**

          *Richard R. Thames*
      By _____
          Richard R. Thames
          Robert A. Heekin, Jr.

      Florida Bar No. 0718459
      Florida Bar No. 652083
      50 North Laura Street, Suite 1600
      Jacksonville, Florida  32202
      (904) 358-4000
      (904) 358-4001 (Facsimile)
      rrt@tmhlaw.net
      rah@tmhlaw.net

      Attorneys for the Official Committee of Unsecured Creditors

**Certificate of Service**

I hereby certify that, on October 27, 2016, the foregoing was transmitted to the Court for uploading to the Case Management/Electronic Case files ("CM/ECF") System, which will send a notice of electronic filing to all creditors and parties in interest who have consented to receiving electronic notifications in this case. In accordance with the Court's Order Granting Debtors' Motion for an Order Pursuant to 11 U.S.C. § 105(a) and Rule 2002 Establishing Notice Procedures [Docket No. 140], copies of the foregoing were also furnished on October 27, 2016 by U.S. Mail, postage prepaid to the Master Service List attached hereto.

/s/ Richard R. Thames
_____
Attorney

| | | |
|---|---|---|
| 417 5th Ave Real Estate, LLC<br>c/o Sebastian Capital, Inc.<br>417 Fifth Avenue<br>New York, NY 10016 | A-1 Storage and Crane<br>2482 197th Avenue<br>Manchester, IA 52057 | ABC Imaging<br>1155 21st Street NW<br>Suite M400<br>Washington, DC 20036 |
| A.N. Deringer, Inc.<br>PO Box 11349<br>Succursale Centre-Ville<br>Montreal, QC H3C 5H1 | ATS, Inc.<br>1900 W. Anaheim Street<br>Long Beach, CA 90813 | Broadway Video<br>30 Rockefeller Plaza<br>54th Floor<br>New York, NY 10112 |
| CBS Outdoor/Outfront Media<br>185 US Highway 48<br>Fairfield, NJ 07004 | Dentons Canada LLP<br>250 Howe Street<br>20th Floor<br>Vancouver, BC V6C 3R8 | Enterprise Rent-A-Car Canada<br>709 Miner Avenue<br>Scarborough, ON M1B 6B6 |
| Expedia, Inc.<br>10190 Covington Cross Drive<br>Las Vegas, NV 89144 | Lange Feng<br>15953 107th Avenue<br>Surrey, BC V4N 5N7 | George F. Eyde LLC<br>300 S. Washington Square<br>Suite 400<br>Lansing, MI 48933 |
| George Young Company<br>509 Heron Drive<br>Swedesboro, NJ 08085 | Gowling Lafleuer Henderson<br>550-2300 Burrard Street<br>Vancouver, BC V6C 2B5 | Hoffen Global Ltd.<br>305 Crosstree Lane<br>Atlanta, GA 30328 |
| Kirvin Doak Communications<br>7935 W. Sahara Avenue<br>Las Vegas, NV 89117 | MNP LLP<br>15303 - 31st Avenue<br>Suite 301<br>Surrey, BC V3Z 6X2 | Morris Visitor Publications<br>PO Box 1584<br>Augusta, GA 30903 |
| NASDAQ Stock Market, LLC<br>805 King Farm Blvd.<br>Rockville, MD 20850 | National Geographic Society<br>1145 - 17th Avenue NW<br>Washington, DC 20036 | NYC Dept. of Finance<br>PO Box 3646<br>New York, NY 10008 |
| NY Dept. of Taxation and Finance<br>Attn: Office of Counsel<br>W.A. Harriman Campus Bldg. 9<br>Albany, NY 12227 | NY Dept. of Taxation and Finance<br>PO Box 4127<br>Binghamton, NY 13902 | PacBridge Limited Partners<br>22/F Fung House<br>19-20 Connaught Road |
| Central Hong Kong<br>Pallet Rack Surplus, Inc.<br>1981 Old Covington Cross Road NE<br>Conyers, GA 30013 | Ramparts, Inc.<br>d/b/a Luxor Hotel and Casino<br>3900 Las Vegas Blvd. South<br>Las Vegas, NV 89119 | Screen Actors Guild<br>1900 Broadway<br>5th Floor<br>New York, NY 10023 |
| Seaventures, Ltd.<br>5603 Oxford Moor Blvd.<br>Windemere, FL 34786 | Sophrintendenza Archeologica<br>di Napoli e Pompei<br>Piazza Museo 19<br>Naples, Italy 80135 | Structure Tone, Inc.<br>770 Broadway<br>9th Floor<br>New York, NY 10003 |

| | | |
|---|---|---|
| Syzygy3, Inc.<br>1350 6th Avenue<br>2nd Floor<br>New York, NY 10019 | Time Out New York<br>475 Tenth Avenue<br>12th Floor<br>New York, NY 10018 | TPL<br>3340 Peachtree Road<br>Suite 2140<br>Atlanta, GA 30326 |
| TSX Operating Co.<br>70 West 40th Street<br>9th Floor<br>New York, NY 10018 | Verifone, Inc.<br>300 S. Park Place Blvd.<br>Clearwater, FL 33759 | Sam Weiser<br>565 Willow Road<br>Winnetka, IL 60093 |
| WNBC - NBC Universal Media<br>30 Rockefeller Center<br>New York, NY 10112 | Jihe Zhang<br>59 Dongsanhuan Middle Road<br>Fuli Shuangzi Towers, Building A<br>Suite 2606, Chaoyang Dist.<br>Beijing, China 100021 | Haiping Zou<br>Unit 110-115 Wanke Qingqing Homeland<br>Dougezhuang, Chaoyang Dist.<br>Beijing, China 100021 |