### UNITED STATES BANKRUPTCY COURT
### MIDDLE DISTRICT OF FLORIDA
### JACKSONVILLE DIVISION

In re:

RMS TITANIC, INC., *et al.*,[1]

        Debtors.

        Case No. 3:16-bk-02230-PMG
        Chapter 11 (Jointly Administered)

### DEBTORS' APPLICATION TO EMPLOY AND RETAIN
### TROUTMAN SANDERS LLP AS CO-COUNSEL FOR THE DEBTORS

RMS Titanic, Inc. ("RMS") and its affiliated debtors, as debtors in possession (collectively, the "Debtors"), respectfully submit this application (the "Application") for entry of an order, substantially in the form attached hereto as Exhibit A (the "Proposed Order"), authorizing the Debtors to employ and retain Troutman Sanders LLP ("Troutman") as their bankruptcy co-counsel pursuant to Section 327(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") effective as of November 9, 2016. In support of this Application, the Debtors respectfully state as follows:

#### JURISDICTION AND VENUE

1.    This Court has jurisdiction to consider this Application pursuant to 28 U.S.C. § 1334. Consideration of this Application is a core proceeding pursuant to 28

---

[1] The Debtors in the chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number include: RMS Titanic, Inc. (3162); Premier Exhibitions, Inc. (4922); Premier Exhibitions Management, LLC (3101); Arts and Exhibitions International, LLC (3101); Premier Exhibitions International, LLC (5075); Premier Exhibitions NYC, Inc. (9246); Premier Merchandising, LLC (3867); and Dinosaurs Unearthed Corp. (7309). The Debtors' service address is 3045 Kingston Court, Suite I, Peachtree Corners, Georgia 30071.

U.S.C. § 157(b).  Venue of this proceeding is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

### General

2.      On June 14, 2016 (the "Petition Date"), the Debtors commenced voluntary cases under chapter 11 of the Bankruptcy Code in this Court.  The chapter 11 cases commenced thereby are, collectively, the "Chapter 11 Cases."  The Debtors continue to operate their business and manage their properties as debtors in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

3.      No trustee or examiner has been appointed in the Chapter 11 Cases.

## RELIEF REQUESTED

4.      By this Application the Debtors are seeking to employ and retain Troutman to represent them as their co-counsel in connection with the Chapter 11 Cases effective as of November 9, 2016.  Accordingly, the Debtors respectfully request that the Court enter the Proposed Order authorizing them to employ and retain Troutman as their attorneys.

5.      Subject to further order of the Court, the Debtors request the employment and retention of Troutman to render the following professional services:

   (a)      advising the Debtors of their rights, powers and duties as debtors and debtors in possession in continuing to operate and manage their respective businesses and properties under Chapter 11 of the Bankruptcy Code;

   (b)      preparing on behalf of the Debtors all necessary and appropriate applications, motions, proposed orders, other pleadings, notices,

Schedules and other documents, and reviewing all financial and other reports to be filed in these Chapter 11 Cases;

(c)     advising the Debtors concerning, and preparing responses to, applications, motions, other pleadings, notices and other papers that may be filed by other parties in these Chapter 11 Cases;

(d)     advising the Debtors with respect to, and assisting in the negotiation and documentation of, financing agreements and related transactions;

(e)     advising the Debtors regarding their ability to initiate actions to collect and recover property for the benefit of their estates;

(f)     advising and assisting the Debtors in connection with any potential property dispositions;

(g)     advising the Debtors concerning executory contract and unexpired lease assumptions, assignments and rejections, and lease restructurings and recharacterizations;

(h)     advising the Debtors in connection with the formulation, negotiation and promulgation of a plan or plans of reorganization, and related transactional documents;

(i)     assisting the Debtors in reviewing, estimating and resolving claims asserted against the Debtors' estates;

(j)     commencing and conducting litigation necessary and appropriate to assert rights held by the Debtors, protect assets of the Debtors' chapter 11 estates or otherwise further all efforts at achieving the Debtors' successful reorganization;

(k)     providing non-bankruptcy multi-disciplinary legal services for the Debtors to the extent requested by the Debtors, including, without limitation, corporate, securities, tax, intellectual property and insurance-related advice; and

(l)     performing all other necessary and appropriate legal services in connection with these Chapter 11 Cases for or on behalf of the Debtors.

## NO DUPLICATION OF EFFORT

6.     The Debtors have previously sought and obtained bankruptcy court approval of its retention of Nelson Mullins Riley & Scarborough, LLP ("Nelson

Mullins"), Kaleo Legal, and McGuire Woods LLP in the Chapter 11 cases to perform various services in these Chapter 11 cases. Troutman is being engaged to serve as co-counsel to Nelson Mullins in these cases and will work with Nelson Mullins and the other counsel engaged by the Debtors to avoid duplication of efforts by the respective firms.

**BASIS FOR RELIEF REQUESTED**

7.     Under Section 327(a) of the Bankruptcy Code, a debtor in possession is authorized to employ professional persons "that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the [debtor in possession] in carrying out [its] duties under this title." 11 U.S.C. § 327(a). Such employment may be based "on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on fixed percentage fee basis, or on a contingent fee basis." 11 U.S.C. § 328(a).

**Troutman's Qualifications**

8.     The Debtors believe that Troutman is particularly well qualified to serve as co-counsel to the Debtors in these Chapter 11 Cases. Founded in 1897, Troutman is an international law firm with over six hundred (600) attorneys serving clients throughout the world from offices in Atlanta, Beijing, Charlotte, Chicago, Hong Kong, New York, Orange County, Portland, Raleigh, Richmond, San Diego, San Francisco, Shanghai, Tysons Corner, Virginia Beach and Washington, D.C. Troutman is recognized as an American Lawyer top 100 law firm and has experience in virtually all aspects of the law, having more than twenty-one (21) dedicated practice areas.

These include, among many others, bankruptcy, health care, corporate, employee benefits, international, finance, intellectual property, labor and employment, mergers and acquisitions, real estate, securities, and tax.

9.      As further described in the affidavit of Jeffery W. Cavender, a partner at Troutman (the "Cavender Affidavit"), attached hereto as Exhibit B, Troutman's "Business Restructuring and Reorganization" practice group consists of approximately twenty-one (21) attorneys practicing in its various offices.  Troutman's restructuring lawyers have played significant roles in a wide array of Chapter 11 cases, including those of Allied Holdings, Inc.; Allis-Chambers Corporation; American Pad & Paper LLC; Ameripol Synpol Corporation; Braniff Airways; Caldor Corporation; eLot, Inc.; Food Fair; Forum Group; Frost Bros., Inc.; G. Heileman Brewing Company; Hedstrom Holdings, Inc.; Jamesway Corporation; Johns-Manville Corporation; Korvettes, Inc.; Leaseway Transportation; LTV Corporation; Enron Corp.; M. Fabrikant & Sons, Inc.; Perkins & Marie Callender's, Inc.; Public Service Company of New Hampshire; Steak & Brew, Inc.; Taylor, Bean & Whitaker Mortgage Corp.; Waterscape Resort LLC; Wolf Camera, Inc.; and Zapata Corp.

## Compensation and Fee Applications

10.      Troutman intends to apply to the Court for allowance of compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any applicable orders of this Court.  Subject to those provisions, the Debtors propose to pay Troutman its customary hourly rates, less a 10% discount, in effect from time to time in accordance

with the engagement letter between Troutman and the Debtors and as set forth in the Cavender Affidavit.  The Debtors submit that these rates are reasonable.  Troutman will maintain detailed, contemporaneously-entered time and expense records in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and any additional procedures that may be established by this Court in these Chapter 11 Cases.  In addition, Troutman has agreed to accept as compensation and reimbursement of expenses such sums as may be ultimately allowed by this Court.  It is Troutman's policy to charge its clients in all areas of practice for expenses incurred in connection with the client's case.  The expenses charged to a client's case include, among other things, airline tickets, hotels, restaurants and caterers, outside courier services, outside copying services, court reporters, and computer legal research providers, such as Lexis/Nexis® and Westlaw®.  Costs billed to Troutman by parties who supply goods or services related to the firm's work on behalf of the Debtors will be billed to the Debtors at the actual out-of-pocket cost that Troutman pays to the third party on its behalf.  The Debtors will not be billed for any internal firm costs incurred on their behalf, such as telephone (including long distance charges), telecopy charges, word processing, secretarial overtime, firm couriers, postage (including FedEx, UPS or similar overnight delivery services), printing and photocopying performed in-house. Additionally, Troutman will not bill for non-working travel time of its professionals.

11.     Troutman recognizes that interim and final fee awards are subject to approval by this Court.  Troutman will seek approval of payment of compensation and reimbursement of costs and expenses during these Chapter 11 Cases upon Troutman's

filing of appropriate applications for allowance of interim or final compensation pursuant to Sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any applicable orders of this Court.

12.    As set forth in the attached Cavender Affidavit, Troutman has not received or been promised any compensation for legal services rendered or to be rendered in any capacity in connection with the Debtors' Chapter 11 Cases, other than as permitted by the Bankruptcy Code, nor has Troutman agreed to share compensation received in connection with these Chapter 11 Cases with any other person, except as permitted by Section 504(b) of the Bankruptcy Code and Bankruptcy Rule 2016(b) in respect of the sharing of compensation among Troutman's partners.

**Disclosure Concerning Disinterestedness**

13.    The Cavender Affidavit discloses Troutman's "connections" to the Debtors and principal creditors and parties in interest in these Chapter 11 Cases, which is incorporated herein by reference.  In reliance on the Cavender Affidavit, and except as set forth therein and herein, to the best of the Debtors' knowledge: (a) Troutman is a "disinterested person" under Section 101(14) of the Bankruptcy Code; (b) Troutman does not hold or represent an interest adverse to the Debtor's estates; and (c) Troutman's partners and associates have no connection to the Debtors, their creditors, or their related parties except as may be disclosed in the Cavender Affidavit.  Also as set forth in the Cavender Affidavit, no partner or associate of Troutman is a relative of, or has been so connected with, any judge of the bankruptcy court for this District.  Accordingly, the appointment of Troutman is not prohibited by Bankruptcy Rule 5002.

## NOTICE

14.     Notice of this Motion has been provided to (i) the Office of the United States Trustee for the Middle District of Florida; (ii) counsel for the Official Committee of Unsecured Creditors, (iii) counsel for the Committee of Equity Security Holders of Premier Exhibitions, Inc.; and (iv) all other persons requesting notices.  The Debtors submit that no other or further notice need be provided.

15.     No prior request for the relief sought in this Application has been made to this or any other Court.

**WHEREFORE**, for the reasons set forth herein, the Debtors respectfully request that this Court (a) enter an order substantially in the form attached hereto as Exhibit A, granting the relief requested herein; and (b) granting such other and further relief to the Debtors as this Court may deem just and proper.

Dated:  November 15, 2016                    RMS TITANIC, INC.


By     */s/ Jerome S. Henshall*
        Jerome S. Henshall
        Chief Financial Officer