**EXHIBIT B**

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION
www.flmb.uscourts.gov

In re:

RMS TITANIC, INC., *et al.*,

Debtors.[1]

_____/

Case No.: 3:16-bk-02230-PMG

Chapter 11

(Jointly Administered)

### ORDER AUTHORIZING EMPLOYMENT OF TENEO SECURITIES LLC AS FINANCIAL ADVISOR *NUNC PRO TUNC* TO OCTOBER 20, 2016 AND GRANTING RELATED RELIEF

THIS CASE is before the Court for consideration of the Application (the "Application")[2] (Doc. 313) of the Committee of Equity Security Holders of Premier Exhibitions, Inc. for an Order authorizing the Equity Committee to retain and employ Teneo Securities LLC ("Teneo"), effective as of October 20, 2016, as financial advisor in the above-captioned jointly administered cases. The Court being satisfied Teneo is "disinterested" as defined in section 101(14) of the Bankruptcy Code and holds no interest adverse to the Debtors or their estates in connection with the matters for which Teneo is to be retained by the Equity Committee, as required by section 327(a) of the Bankruptcy Code; and the Court having jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. § 1334; and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. §157(b); and

---

[1] The Debtors in the chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number include: RMS Titanic, Inc. (3162); Premier Exhibitions, Inc. (4922); Premier Exhibitions Management, LLC (3101); Arts and Exhibitions International, LLC (3101); Premier Exhibitions International, LLC (5075); Premier Exhibitions NYC, Inc. (9246); Premier Merchandising, LLC (3867); and Dinosaurs Unearthed Corp. (7309) (collectively, the "Debtors"). The Debtors' service address is 3045 Kingston Court, Suite I, Peachtree Corners, Georgia 30071.

[2] Defined terms from the Application are incorporated by reference herein.

{39866894;2}

venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application having been provided under the circumstances of these Chapter 11 cases, and it appearing that no other or further notice need be provided; the Court having reviewed the Application and having determined that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and upon all of the proceedings had before this Court, after due deliberation and sufficient cause appearing therefore, and based upon the Application and the representations on the record at the hearing on November 29, 2016, the Court **FINDS** as follows:

1. It is in the best interests of the Debtors' estates, creditors, and equity holders to appoint Teneo as financial advisor to the Equity Committee.

2. Teneo is well-qualified to perform and assume the duties set forth in the Application.

Accordingly, it is **ORDERED**:

3. The Application is approved, as set forth herein.

4. The Equity Committee's retention of Teneo is approved pursuant to 11 U.S.C. §§ 105, 327(a), 328(a), 363(b), and 1103.

5. Teneo is hereby appointed financial advisor to the Equity Committee.

6. The Engagement Letter (the "Engagement Letter") for Teneo attached as Exhibit A to the *Stipulation between the Debtors and the Official Committee of Equity Security Holders Respecting Withdrawal of Oppositions to and Consent to Engagement of GlassRatner Advisory & Capital Group LLC, as Financial Advisor to the Debtors and of Teneo Capital LLC as Financial Advisor to the Equity Committee* [Doc. No. ___] is approved pursuant to section 328(a) of the Bankruptcy Code.

7. Teneo shall be entitled to interim compensation in accordance with the Court's August 17, 2016 Interim Compensation Order and pursuant to any additional procedures which may be or have already been established by this Court in the Bankruptcy Case.

8. The Equity Committee is authorized to indemnify and hold harmless Teneo and its affiliates, their respective officers, directors, employees, agents and each other entity or person, if any, controlling Teneo or any of its affiliates, and each of their respective successors and assignees pursuant to the indemnification provisions of the Engagement Letter. In addition to carving out from the indemnification provisions of the Engagement Letter any gross negligence or willful misconduct, any claims that may arise from a breach of fiduciary duty by Teneo shall likewise be excluded from the indemnification provisions of the Engagement Letter.

9. The Equity Committee is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

10. The terms of this Order shall be immediately effective and enforceable upon its entry.

11. Nothing in this Order precludes the Court, the United States Trustee or other interested parties from review and challenge of any fee application under 11 U.S.C. § 330.

12. This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order. Specifically and notwithstanding anything in the Engagement Letter to the contrary, the Court shall have and retain jurisdiction to hear, determine, and resolve any disputes under the Engagement Letter.

Attorney Jacob A. Brown is directed to serve a copy of this order on interested parties who are non-CM/ECF users and file a proof of service within 3 days of entry of the order.