**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

In re:

RMS TITANIC, INC., *et al.*,

    Debtors.[1]

_____/

Case No.: 3:16-bk-02230-PMG

Chapter 11

(Jointly Administered)

## NOTICE OF ISSUANCE OF SUBPOENA

The Official Committee of Equity Security Holders of Premier Exhibitions, Inc., Chapter 11 Debtor in Case No. 3:16-bk-02232-PMG and the parent company of RMS Titanic, Inc., the Chapter 11 Debtor in Case No. 3:16-bk-02230-PMG, pursuant to Federal Rule of Civil Procedure 45, hereby gives notice of the issuance of a Subpoena to Produce Documents in a Bankruptcy Case (the "Subpoena") on December 21, 2016 to JP Morgan Chase & Co. A true and correct copy of the Subpoena is attached to this Notice as **Exhibit 1**.

Dated: December 21, 2016

**LANDAU GOTTFRIED & BERGER LLP**

By: */s/ Peter J. Gurfein*
    Peter J. Gurfein, Esq.
    pgurfein@lgbfirm.com
    Roye Zur, Esq.
    rzur@lgbfirm.com
    1801 Century Park East, Suite 700
    Los Angeles, California 90067
    (310) 557-0050
    (310) 557-0056 (Facsimile)

-and-

---

[1] The Debtors in the chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number include: RMS Titanic, Inc. (3162); Premier Exhibitions, Inc. (4922); Premier Exhibitions Management, LLC (3101); Arts and Exhibitions International, LLC (3101); Premier Exhibitions International, LLC (5075); Premier Exhibitions NYC, Inc. (9246); Premier Merchandising, LLC (3867); and Dinosaurs Unearthed Corp. (7309) (collectively, the "Debtors"). The Debtors' service address is 3045 Kingston Court, Suite I, Peachtree Corners, Georgia 30071.

{40235535;1}

        **AKERMAN LLP**
        Jacob A. Brown
        Florida Bar No.: 0170038
        Email: jacob.brown@akerman.com
        Katherine C. Fackler
        Florida Bar No.: 0068549
        Email: katherine.fackler@akerman.com
        50 North Laura Street, Suite 3100
        Jacksonville, FL  32202
        Telephone:  (904) 798-3700
        Facsimile:  (904) 798-3730

        Attorneys for the Official Committee of Equity
        Security Holders of Premier Exhibitions, Inc.

## **CERTIFICATE OF SERVICE**

     I HEREBY CERTIFY that on December 21, 2016, the foregoing was transmitted to the Court for uploading to the Case Management/Electronic Case Files ("CM/ECF") System, which will send a notice of electronic filing to all creditors and parties in interest who have consented to receiving electronic notifications in this case.  In accordance with the Court's Order Granting Debtors' Motion for an Order Pursuant to 11 U.S.C. § 105(a) and Rule 2002 Establishing Notice Procedures (Doc. 140), a copy of the foregoing was also furnished on December 21, 2016 by U.S. mail, postage prepaid and properly addressed, to the Master Service List attached hereto.

        */s/ Peter J. Gurfein*
        Attorney

David W. Baddley, Esq.
U.S. Securities and Exchange Commission
Office of Reorganization
950 E. Paces Ferry Road, NE, Suite 900
Atlanta GA 30326 (404) 842-7625
atlreorg@sec.gov
*Attorneys for U.S. Securities and Exchange Commission*

Jay B. Verona, Esq.
Shumaker, Loop & Kendrick, LLP
101 E. Kennedy Blvd., Suite 2800
Tampa, FL 33602
(813) 229-7600
jverona@slk-law.com
*Attorneys for George F. Eyde Orlando, LLC and Louis J. Eyde Orlando, LLC*

Scott E. Bomkamp, Esq.
Office of the United States Trustee
Middle District of Florida
400 W. Washington Street, Suite 1100
Orlando FL 32801
(407) 648-6301 ext. 150
scott.e.bomkamp@usdojgov
*Attorneys for Guy G. Gebhardt, Acting U.S. Trustee for Region 21*

Scott M. Grossman, Esq.
Greenberg Traurig
401 East Las Olas Boulevard, Suite 2000
Fort Lauderdale, FL 33301
(954) 768-5212
grossmansm@gtlaw.com
*Attorneys for Lang Feng, Haiping Zou, Jihe Zhang, and High Nature Holdings Limited*

Ari Newman, Esq.
Greenberg Traurig, P.A.
333 S.E. 2nd Avenue, Suite 4400
Miami, FL 33131 (305) 579-0500
newmanar@gtlaw.com
*Attorneys for Lang Feng, Haiping Zou, Jihe Zhang, and High Nature Holdings Limited*

Jason B. Burnett, Esq.
Alexandria V. Hill, Esq.
GrayRobinson, P.A.
50 N. Laura Street, Suite 1100
Jacksonville, FL 32202
(904) 598-9929
jason.burnett@gray-robinson.com
alexandria.hill@gray-robinson.com
*Attorneys for 417 Fifth Avenue Real Estate, LLC*

3

Andrew T. Jenkins, Esq. Bush Ross, P.A.
P.O. Box 3913
Tampa, FL 33601-3913
(813) 224-9255
ajenkins@bushross.com
*Attorneys for Bank of America, N.A*

Theodore B. Randles, Esq. U.S. Dept. of Justice
1100 L Street NW, Suite 10060
Washington, DC 20005
(202) 307-3242
Theodore.B.Randles@usdoj.gov
*Attorneys for the United States Department of Commerce, National Oceanic and Atmospheric Administration*

Kathy A. Jorrie, Esq.
Pillsbury Winthrop Shaw Pittman LLP
725 S. Figueroa Street, Suite 2800
Los Angeles, CA 90017
(213) 488-7251
Kathy.jorrie@pillsburylaw.com
*Attorneys for AEG Live, Inc.*

Brian D. Equi, Esq.
Goldberg Segalla, LLP
121 S. Orange Avenue, Suite 1500
Orlando, FL 32801 (407) 458-5608
bequi@goldbergsegalla.com
salamina@goldbergsegalla.com
sherndon@goldbergsegalla.com
*Attorneys for Structure Tone, Inc.*

J. Ellsworth Summers, Jr., Esq. Burr Forman, LLP
50 N. Laura Street, Suite 3000
Jacksonville, FL 32202
(904) 232-7200
esummers@burr.com
*Attorneys for Michael J. Little*

Norman P. Fivel, Esq.
Assistant Attorney General
Office of the New York State Attorney General
Civil Recoveries Bureau, Bankruptcy Litigation Unit
The Capitol
Albany, NY 12224-0341
 (518) 776-2264
norman.fivel@ag.ny.gov
*Attorneys for New York Dept. of Taxation and Finance*

D. Marcus Braswell, Jr., Esq. Sugarman & Susskind, P.A.
100 Miracle Mile, Suite 300
Coral Gables, FL 33134
(305) 529-2801
mbraswell@sugarmansusskind.com
*Attorneys for Theatrical Protective Union, Local No. One, IATSE*

Chris Broussard, Esq. Suzy Tate, Esq.
Suzy Tate, P.A.
14502 N. Dale Mabry Highway, Suite 200
Tampa, FL 33618
(813) 264-1685
suzy@suzytate.com
*Attorneys for The Armada Group GP, Inc.*

| | |
|---|---|
| Richard R. Thames, Esq. Thames Markey & Heekin, P.A.<br>50 N. Laura Street, Suite 1600<br>Jacksonville, FL 32202 (904) 358-4000<br>rrt@tmhlaw.net<br>rah@tmhlaw.net<br>*Attorneys for Official Committee of Unsecured Creditors* | Avery Samet, Esq.<br>Jeffrey Chubak, Esq.<br>Storch Amini & Munves PC<br>140 East 45th Street, 25th Floor<br>New York, NY 10017<br>(212) 490-4100<br>asamet@samlegal.com<br>jchubak@samlegal.com<br>*Attorneys for Official Committee of Unsecured Creditors* |
| Daniel F. Blanks<br>Lee D. Wedekind,<br>50 N. Laura Street, Suite 4100<br>Jacksonville, Florida 32202<br>(904) 665-3656 (direct)<br>(904) 665-3699 (fax)<br>daniel.blanks@nelsonmullins.com<br>lee.wedekind@nelsonmullins.com<br>*Counsel for the Debtors and Debtors in Possession* | Jacob A. Brown<br>50 North Laura Street, Suite 3100<br>Jacksonville, Florida 32202<br>(904) 798-3700<br>jacob.brown@akerman.com<br>*Attorneys for the Official Committee of Equity Security Holders of Premier Exhibitions, Inc.* |

**Via U.S. Mail**

| | |
|---|---|
| A-1 Storage and Crane<br>2482 197th Avenue<br>Manchester, IA 5205 | ABC Imaging<br>1155 21st Street<br>NW Suite M400<br>Washington, DC 20036 |
| A.N. Deringer, Inc. PO Box 11349<br>Succursale Centre-Ville<br>Montreal, QC H3C 5H1 | ATS, Inc.<br>1900 W. Anaheim Street<br>Long Beach, CA 90813 |
| Broadway Video<br>30 Rockefeller Plaza<br>54th Floor<br>New York, NY 10112 | CBS Outdoor/Outfront Media<br>185 US Highway 48<br>Fairfield, NJ 07004 |
| Dentons Canada LLP<br>250 Howe Street<br>20th Floor<br>Vancouver, BC V6C 3R8 | Enterprise Rent-A-Car Canada<br>709 Miner Avenue<br>Scarborough, ON M1B 6B6 |

Case 3:16-bk-02230-JAF    Doc 398    Filed 12/21/16    Page 6 of 17

Expedia, Inc.
10190 Covington Cross Drive
Las Vegas, NV 89144

George Young Company
509 Heron Drive
Swedesboro, NJ 08085

Gowling Lafleuer Henderson
550-2300 Burrard Street
Vancouver, BC V6C 2B5

Hoffen Global Ltd.
305 Crosstree Lane
Atlanta, GA 30328

Kirvin Doak Communications
5230 W. Patrick Lane
Las Vegas, NV 89118

MNP LLP
15303 - 31st Avenue
Suite 301
Surrey, BC V3Z 6X2

Morris Visitor Publications
PO Box 1584
Augusta, GA 30903

NASDAQ Stock Market, LLC
805 King Farm Blvd.
Rockville, MD
20850

National Geographic Society
1145 - 17th Avenue NW
Washington, DC 20036

NYC Dept. of Finance
PO Box 3646
New York, NY 10008

PacBridge Limited Partners
22/F Fung House
19-20 Connaught Road
Central Hong Kong

Pallet Rack Surplus, Inc.
1981 Old Covington Cross Road
NE Conyers, GA 30013

Ramparts, Inc.
d/b/a Luxor Hotel and Casino
3900 Las Vegas Blvd. South
Las Vegas, NV 89119

Screen Actors Guild
1900 Broadway
5th Floor
New York, NY 10023

Seaventures, Ltd.
5603 Oxford Moor Blvd. Windemere, FL 34786

Sophrintendenza
Archeologica di Napoli e Pompei
Piazza Museo 19
Naples, Italy 80135

Syzygy3, Inc.
231 West 29th Street
Suite 606
New York, NY 1001

Time Out New York
475 Tenth Avenue
12th Floor
New York, NY 10018

TPL
3340 Peachtree Road
Suite 2140
Atlanta, GA 30326

Verifone, Inc.
300 S. Park Place Blvd. Clearwater,
FL 33759

WNBC - NBC Universal Media
30 Rockefeller Center
New York, NY 10112

Jonathan B. Ross, Esq. Gowling
WLG (Canada) LLP
550 Burrard Street, Suite 2300, Bentall 5
Vancouver, BC V6C 2B5

TSX Operating Co., LLC
c/o James Sanna
70 W. 40th Street
New York, NY 10018
*Creditor Committee*

RMS Titanic, Inc.
3045 Kingston Court, Suite 1
Peachtree Corners, GA 30071
*Debtor*

TSX Operating Co.
70 West 40th Street
9th Floor
New York, NY 10018

Sam Weiser
565 Willow Road
Winnetka, IL 60093

United States Attorney's Office
Middle District of Florida
300 N. Hogan Street, Suite 700
Jacksonville, FL 32202

Christine R. Etheridge,
Esq. Bankruptcy
Administration
Wells Fargo Vendor Financial Services,
LLC PO Box 13708
Macon, GA 31208

Dallian Hoffen Biotechnique Co.,
Ltd. c/o Ezra B. Jones
305 Crosstree Lane
Atlanta, GA 30328
*Creditor Committee*

B.E Capital Management Fund LP
Thomas Branziel
205 East 42nd Street, 14th Floor
New York, NY 10017

EXHIBIT 1

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT
### Middle District of Florida

In re  RMS Titanic, Inc., et al.,
  Debtor

*(Complete if issued in an adversary proceeding)*

Case No. 3:16-bk-2230-PMG (jointly administered)

Chapter 11

_____
  Plaintiff
  v.
_____
  Defendant

Adv. Proc. No. _____

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To:  JP Morgan Chase & Co.
*(Name of person to whom the subpoena is directed)*

[X] *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:  Specified in Schedule A hereto.

| PLACE | DATE AND TIME |
|---|---|
| Landau Gottfried & Berger LLP<br>1801 Century Park East, Suite 700, Los Angeles, CA 90067 | January 11, 2017, at 10:00 a.m. PST |

[ ] *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

   The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  December 21, 2016

  CLERK OF COURT

  _____        OR    /s/ _____
  *Signature of Clerk or Deputy Clerk*         *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
Official Committee of Equity Security Holders , who issues or requests this subpoena, are:
Peter J. Gurfein, Landau Gottfried & Berger LLP
1801 Century Park East, Suite 700, Los Angeles, CA 90067; Tel : (310) 557-0050; Email: pgurfein@lgbfirm.com

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

EXHIBIT 1
8

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

EXHIBIT 1
9

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

(c) **Place of compliance.**

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
　(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
　(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
　　(i) is a party or a party's officer; or
　　(ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:
　(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
　(B) inspection of premises, at the premises to be inspected.

(d) **Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
　(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
　(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
　　(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
　　(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*
　(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
　　(i) fails to allow a reasonable time to comply;
　　(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
　　(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
　　(iv) subjects a person to undue burden.
　(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
　　(i) disclosing a trade secret or other confidential research, development, or commercial information; or
　　(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
　(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
　　(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
　　(ii) ensures that the subpoenaed person will be reasonably compensated.

(e) **Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
　(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
　(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
　(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
　(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
　(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
　　(i) expressly make the claim; and
　　(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
　(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(g) **Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

EXHIBIT 1
10

# SCHEDULE A

EXHIBIT 1
11

## **SCHEDULE A**

## **DEFINITIONS**

1.  "Premier" refers to Premier Exhibitions, Inc. its affiliates, subsidiaries, officers, directors, executives, employees, agents, independent contractors, representatives, attorneys, consultants, and any other person and/or entity acting or purporting to act on behalf of or under the control of Premier Exhibitions, Inc.

2.  "JP Morgan" refers to JP Morgan Chase & Co. and its affiliates, subsidiaries, general or limited partners, officers, directors, executives, employees, agents, independent contractors, representatives, attorneys, consultants, and any other person and/or entity acting or purporting to act on behalf of or under the control of JP Morgan Chase & Co.

3.  The term "Document" means any medium upon which information or intelligence can be recorded or retrieved, including, without limitation, any written or graphic matter or other means of preserving thought or expression, and all tangible things from which information can be processed or transcribed, including the originals and all non-identical copies, whether different from the original by reason of any notation made on such copy or otherwise, including, but not limited to, correspondence, memoranda, notes, messages, letters, telegrams, teletypes, telefaxes, **electronic mail entries,** bulletins, meetings or other communications, inter-office or intra-office telephone calls, diaries, chronological data, minutes, books, reports, studies, summaries, pamphlets, bulletins, printed matter, charts, ledgers, invoices, worksheets, receipts, returns, computer printouts, prospectuses, financial statements, schedules, affidavits, contracts, canceled checks, statements, transcripts, statistics, surveys, magazine or newspaper articles, releases (any and all drafts, alterations and modifications, changes and amendments of any of the

foregoing), graphic or oral records or representations of any kind, including, without limitation, microfilm, photographs, charts, microfiche, videotape, recordings, motion pictures, mini-discs, floppy discs, CD-ROM discs, or mechanical or electronic recordings or representations of any kind (including without limitation, tapes, cassettes, discs, and records).  A draft or non-identical copy is a separate "document" within the meaning of this term.  Moreover, "document" includes all e-mails, regardless of whether they have yet to be printed out.

4. The term "All Documents" means every Document or group of Documents as defined above that are known to you or that can be located or discovered by reasonably diligent efforts.

5. The terms "Person" mean any natural person, public or private corporation, partnership, joint venture, association, government or governmental entity (including any governmental agency or political sub-division of any government), and any form of business or legal organization or entity.

6. The term "Communication(s)" means every manner or means of disclosure, transfer or exchange of information, whether in person, by telephone, mail, personal delivery or otherwise.

7. A document "Relates" or is "Relating" to a given subject matter if it constitutes, contains, comprises, consists of, embodies, identifies, states, refers to, deals with, sets forth, proposes, shows, evidences, discloses, describes, discusses, explains, summarizes, concerns, or otherwise addresses in any way the subject matter of the Request.

8. As used herein, the singular shall include the plural, the plural shall include the singular, and the masculine, feminine, and neuter shall include each of the other genders.

9. The words "and" and "or" shall be construed either conjunctively or disjunctively to bring within the scope of these requests any documents which might otherwise be construed to be outside their scope.

## INSTRUCTIONS

1. **Except as otherwise expressly indicated in these Requests**, these Requests seek all responsive Documents created at any time from **January 1, 2014 to the date of production.**

2. Documents produced in response to these Requests shall be produced as they are kept in the usual course of business or shall be organized and labeled to correspond with the categories in the Requests.

3. These Requests are directed to and cover all Documents in your possession, custody or control, or in the possession, custody, or control of any of your agents, attorneys, or other representatives.

4. When producing the Documents, please keep all Documents segregated by the file in which the Documents are contained and indicate the name of the file in which the Documents are contained and the name of the Documents being produced.

5. You shall produce Documents responsive to these Requests in such a manner that the source of the Documents is easily ascertainable.

6. When producing the requested Documents, please produce all other Documents that are clipped, stapled, or otherwise attached to any requested Document.

7. In the event such file(s) or Document(s) has (have) been removed, either for the purpose of this Action or for some other purpose, please state the name and address of the person who removed the file, the title of the file and each subfile, if any, maintained within the file, and the present location of the file.

8. If you withhold any Documents that you are otherwise required to produce by these Requests, specifically identify each document by stating its date, author, recipients and the reason for withholding said document.

9. If you choose to withhold any Documents from production or inspection on the grounds of privilege or other immunity from discovery, please provide the following information: the type of document, general subject matter of the document, its date, author(s), signatory(ies), addressee(s) or recipient(s), relationship of the author(s) and addressee(s), present location, present and all previous custodian(s), number of pages, and the nature of the privilege claimed (including work-product), and sufficient additional information to explain the claim of privilege and to enable adjudication of the propriety of that claim.

10. If any Document herein requested has been lost or destroyed, or is otherwise no longer in your possession, custody or control, please submit in lieu of each document a written statement which shall:

    (a) describe in detail the nature of the document and its contents;

    (b) identify the person who prepared or authorized the document and, if applicable, the person to whom the document was sent;

    (c) specify the date on which the document was prepared or transmitted or both;

    (d) specify, if possible, the date on which the document was lost or destroyed and, if destroyed, the conditions of or reasons for such destruction and the person(s) requesting and performing the destruction; and

{40132714;1}

EXHIBIT 1
15

(e) if the document was not destroyed, what was done with the document, and the identity and address of its current custodian or any person with knowledge of its location.

## DOCUMENTS TO BE PRODUCED

1. All documents related to any potential financing, investment, merger, or acquisition involving Premier.

2. All documents relating to efforts by JP Morgan to solicit financing, investment, merger, or acquisition on Premier's behalf from January 1, 2014 until June 14, 2016.

3. All documents related to any investment banking or financial advisory services provided by JPMorgan to Premier from January 1, 2014 until June 14, 2016.

{40132714;1}

EXHIBIT 1
16