## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

In re:

RMS TITANIC, INC., *et al.*,[1]

               Debtors.

Case No. 3:16-bk-02230-PMG
Chapter 11 (Jointly Administered)

---

### OPPOSITION OF THE OFFICIAL COMMITTEE OF EQUITY SECURITY HOLDERS TO DEBTORS' SECOND MOTION FOR EXTENSION OF EXCLUSIVITY

The Official Committee of Equity Security Holders (the "Equity Committee") of Premier Exhibitions, Inc. ("Premier"), Chapter 11 Debtor in Case No. 3:16-bk-02232-PMG and the parent company of RMS Titanic, Inc. ("RMST"), the Chapter 11 Debtor in Case No. 3:16-bk-02230-PMG, hereby files its opposition ("Opposition") to the *Debtors' Second Motion for Extension of Exclusivity* [Docket No. 382] ("Motion"), and respectfully represents the following:

### BACKGROUND.

1.      On June 14, 2016 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, commencing the above-captioned, jointly administered bankruptcy case (the "Bankruptcy Case").

2.      The Debtors continue to operate their businesses as debtors in possession pursuant to Bankruptcy Code Section 1107 and 1108.

3.      No trustee or examiner has been appointed in the Bankruptcy Case.

---

[1] The Debtors in the chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number include: RMS Titanic, Inc. (3162); Premier Exhibitions, Inc. (4922); Premier Exhibitions Management, LLC (3101); Arts and Exhibitions International, LLC (3101); Premier Exhibitions International, LLC (5075); Premier Exhibitions NYC, Inc. (9246); Premier Merchandising, LLC (3867); and Dinosaurs Unearthed Corp. (7309). The Debtors' service address is 3045 Kingston Court, Suite I, Peachtree Corners, Georgia 30071.

4.      On August 24, 2016, the Acting United States Trustee, Guy G. Gebhardt, appointed the members of the Equity Committee as fiduciaries to represent the interests of all equity holders in the case.[2] On August 31, 2016, the Equity Committee selected Landau Gottfried & Berger LLP and Akerman LLP as its general bankruptcy counsel.

5.      On September 30, 2016, as the end approached of the Debtors' statutory exclusivity periods under Section 1121(d) of the Bankruptcy Code, the Debtors filed their motion seeking entry of an order extending those periods [Docket No. 246] ("Debtors' Exclusivity Motion").  The Equity Committee timely filed a limited opposition to the Debtors' Exclusivity Motion [Docket No. 284] ("Limited Opposition") in which the Equity Committee sought entry of an order limiting the extensions of the exclusivity periods to 90 days each, with exclusivity thereafter being automatically terminated only as to the Equity Committee and the official committee of creditors holding unsecured claims appointed in the case ("Creditors Committee") for an additional 90 days.

6.      On October 28, 2016, the Court, following a hearing held on October 25, 2016, entered its order granting the Debtors' Exclusivity Motion and extending the Debtors' exclusive periods in which to propose and solicit acceptances of a plan to January 10, 2017 and March 10, 2017, respectively [Docket No. 308] ("Order").  The Order was without prejudice to the rights of the Debtors or any party in interest under Section 1121(d)(1) of the Bankruptcy Code.  *See,* Order, ¶ 4.

7.      On November 29, 2016, Euclid Investments LP ("Euclid Investments") and Euclid Claims Recovery LLC ("Euclid Claims" and, together with Euclid Investments, "Euclid") filed their motion seeking entry of an order terminating the Debtors' exclusive right to propose and solicit acceptances for a plan [Docket No. 354] ("Euclid Motion").

---

[2] The members of the Equity Committee were selected, and appointed to the Committee, by the United States Trustee to serve as fiduciaries for all equity holders. *See* Docket 167.  As fiduciaries, the members of the Equity Committee represent the interests of all equity holders, not the Committee member's pecuniary interests. Nevertheless, at the Debtors' request the Equity Committee intends to file a Rule 2019 Statement.

8.      On December 16, 2016, the Equity Committee filed its motion and limited joinder in the Euclid Motion [Docket No. 380] ("Limited Joinder").  By the Limited Joinder, the Equity Committee sought entry of an order terminating the Debtors' exclusive right to propose and solicit acceptances of a plan in this Bankruptcy Case solely as to the Equity Committee, to allow the Equity Committee to continue to engage the Debtors in plan negotiations while at the same time having the authority to propose and solicit acceptances for the Equity Committee's own alternate plan.

9.      On December 28, 2016, the official committee of unsecured creditors ("Creditors Committee") filed its objection to the Motion [Docket No. 402] ("Creditors Committee Objection"), by which the Creditors Committee requests that the Court deny the Debtors' Motion and terminate exclusivity with respect to the Equity Committee (as requested in the Limited Joinder) and also with respect to the Creditors Committee.  The Equity Committee does not object to such an extension of the relief sought in the Limited Joinder to encompass the Creditors Committee as well.

## OPPOSITION.

10.     In the Motion, the Debtors seek a further extension of the periods in which the Debtors may exclusively propose and solicit acceptances for a plan under Section 1121 of the Bankruptcy Code to April 10, 2017 and June 10, 2017, respectively.  The Equity Committee opposes the Motion, for reasons that are set forth more fully in the Limited Joinder, which is incorporated herein as though fully set forth. Those reasons more than adequately establish cause for terminating the Debtors' exclusivity, and there is nothing in the Motion that would support a different result.

11.     In the Motion, the Debtors point to the existence of multiple debtors in the Bankruptcy Case and the contested nature of the Debtors' rights to the French Artifacts as well as the ongoing litigation concerning the remaining Titanic artifacts and argue that, as a result, the Bankruptcy Case is complicated, and a further extension of the Debtors' exclusivity is therefore warranted.  Motion, ¶¶ 12 – 16.  The reality is that there is nothing about the Debtors'

cases so large or complex as to explain the Debtors' utter lack of progress for the past six months.  While there are multiple Debtors, the Debtors' assets, which they value to be in excess of $200 million, far exceed the claims filed in the case.[3]  There are numerous avenues to explore to monetize these assets and to restructure the Debtors' corporate and financial landscape.  Yet the Debtors hold onto the sale of the Titanic Artifacts as the centerpiece of their efforts and assert that the Chapter 11 case itself cannot be resolved without the resolution of the French adversary proceeding.  That is simply not accurate.  In arguing that point, the Debtors add unnecessary complexity.  In any event, the Chapter 11 case is not so complex to justify the Debtors' six-month delay to date in promulgating a plan or to warrant further extension of exclusivity.

12.     The Debtors argue that the unresolved disputes regarding the Debtors' rights in the French Artifacts must be resolved in the French Adversary Proceeding or else the Debtors cannot reorganize.  That is just not so.  As detailed in the Limited Joinder, the delay in resolving title to the French Artifacts is almost entirely the result of the Debtors' mishandling of the litigation surrounding that issue.  Limited Joinder, ¶¶ 16, 21.  And, in any case, the existence of an unresolved contingency does not, in and of itself, warrant an extension of exclusivity, especially where, as here, the contingencies relating to the French Artifacts are not external to the Bankruptcy Case but are the subject of litigation that is pending before this Court.  *See*, Limited Joinder, ¶ 21 and cases cited therein.

13.     Nor have the Debtors demonstrated sufficient good faith progress in negotiating and formulating a plan to warrant extension of their exclusivity.[4]  Indeed, one of the principal concerns of the Equity Committee is that the Debtors have been reluctant to consider any plan structure in the Bankruptcy Case that does not somehow require the use of the French Artifacts to finance a plan.  It is evident from the Motion that this continues to be the case.  For example,

---

[3] *See* Motion, ¶ 12.

[4] As noted in the Limited Joinder, within the past three weeks the Debtors have finally engaged the Equity Committee in plan discussions.

in the Motion the Debtors note: (i) their issuance of a request for proposal to auction companies in connection with a "potential sale of the French Artifacts should the Debtors obtain a favorable outcome in the French Adversary" (Motion, ¶ 17(b)), (ii) a pending motion for entry of default in the French Adversary (Motion, ¶ 17(e)), and (iii) attempts to raise financing to "to fund administrative expenses and payments to creditors" (Motion, ¶ 17(d)) (presumably to allow the Debtors to continue to postpone any plan in the case until such time as the disputes concerning the French Artifacts are resolved) as examples of the Debtors' progress in plan negotiations. They are not.

14.      The Equity Committee has urged the Debtors to consider alternate plan structures, including (for example) a sale of the entire Titanic artifacts collection or the sale of the entity that holds the artifacts, RMS Titanic, Inc., or the sale or restructure of the Debtors' other subsidiaries.[5]  The Debtor's bald claim to the contrary in their Motion in just not true. (*See* Motion ¶ 20: "To date the Debtors have received no proposals from any party in interest regarding any alternative transactions or proposed strategies for the overall resolution of these complex cases").  The fact that the Debtors may now belatedly be heeding the Equity Committee's recommendation that they consider alternatives to the sale of artifacts is without moment.  In their deeds, and in their pleadings relating to their motion to extend exclusivity, they continue to focus primarily upon resolving the French adversary proceeding and the sale of the Artifacts.  It is clear that sale has been and continues to be their focus.  In a Bankruptcy Case rich in assets, but so short on liquidity that, by the Debtors' own projections, it will be administratively insolvent in a matter of months, the time has come to terminate exclusivity with respect to the Equity Committee and the Creditors Committee so that they may propose alternate structures to facilitate proposal of a viable plan sooner, rather than later.

---

[5] The Debtors also complain about the Equity Committee investigating estate causes of action.  With respect to the discovery the Debtors complain of, this discovery is in large part related to claims the Debtors have ignored.  The Equity Committee cannot stand by and let the Debtors fail to pursue and to realize the value of such claims that would inure to the benefit of the estate.

15.     Moreover, granting the Committees relief from exclusivity does not deprive the Debtors of their ability to propose a plan.  And if it is a well-reasoned plan it should attract support from parties in interest – including the Committees.  In view of the Debtors' track record to date, though, the best way to make progress in this case is to open the case to alternatives that the Debtors have, to date, been hesitant and even unwilling to consider. After relief from exclusivity the Equity Committee intends to continue to engage the Debtors in plan discussions, but as equals not as supplicants.  And the Equity Committee hopes that the Debtors will do the same.  Relieving the Committees from the yoke of exclusivity makes it more likely, not less likely, that a consensual plan can be achieved.

16.     The alternative to allowing the Debtors to maintain exclusivity is to put the Committees at a disadvantage while maintaining a long and unproductive status quo.  Opening exclusivity, as requested by the Committees, should force the Debtors to involve the Committees and either yield a joint plan or allow for presentation of competing plans that can be voted on, and either option should be less costly and require less time to bring the Bankruptcy Case to conclusion.

## CONCLUSION

Accordingly, and for the additional reasons set forth above, the Equity Committee requests that the Court enter its order denying the Debtors' Motion and terminating the Debtors' exclusive right under Section 1121 of the Bankruptcy Code to propose and solicit a plan, solely with respect to the Equity Committee and the Creditors Committee.

Date: January 4, 2017

Peter J. Gurfein, Esq.
**LANDAU GOTTFRIED & BERGER LLP**
1801 Century Park East, Suite 700
Los Angeles, California 90067
(310) 557-0050
(310) 557-0056 (Facsimile)
pgurfein@lgbfirm.com

-and-

**AKERMAN LLP**

By: */s/ Jacob A. Brown*
Jacob A. Brown
Florida Bar No. 170038
50 North Laura Street, Suite 3100
Jacksonville, Florida 32202
(904) 798-3700
(904) 798-3730 (Facsimile)
Jacob.brown@akerman.com

Attorneys for the Official Committee of Equity
Security Holders of Premier Exhibitions, Inc.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 4, 2017, the foregoing was transmitted to the Court for uploading to the Case Management/Electronic Case Files ("CM/ECF") System, which will send a notice of electronic filing to all creditors and parties in interest who have consented to receiving electronic notifications in this case.  In accordance with the Court's Order Granting Debtors' Motion for an Order Pursuant to 11 U.S.C. § 105(a) and Rule 2002 Establishing Notice Procedures (Doc. 140), a copy of the foregoing was also furnished on January 4, 2017 by U.S. mail, postage prepaid and properly addressed, to the Master Service List attached hereto.

*/s/ Jacob A. Brown*
Attorney

## MASTER SERVICE LIST
### Case No. 3:16-bk-02230-PMG

A-1 Storage and Crane
2482 197th Avenue
Manchester, IA 52057

ABC Imaging
14 East 38th Street
New York, NY 10017

A.N. Deringer, Inc.
PO Box 11349
Succursale Centre-Ville
Montreal, QC H3C 5H1

ATS, Inc.
1900 W. Anaheim Street
Long Beach, CA 90813

Broadway Video
30 Rockefeller Plaza
54th Floor
New York, NY 10112

CBS Outdoor/Outfront Media
185 US Highway 48
Fairfield, NJ 07004

Dentons Canada LLP
250 Howe Street, 20th Floor
Vancouver, BC V6C 3R8

Enterprise Rent-A-Car Canada
709 Miner Avenue
Scarborough, ON M1B 6B6

Expedia, Inc.
10190 Covington Cross Drive
Las Vegas, NV 89144

George Young Company
509 Heron Drive
Swedesboro, NJ 08085

Gowlings
550 Burrard Street
Suite 2300, Bental 5
Vancouver, BC V6C 2B5

Hoffen Global Ltd.
305 Crosstree Lane
Atlanta, GA 30328

Kirvin Doak Communications
5230 W. Patrick Lane
Las Vegas, NV 89118

MNP LLP
15303 - 31st Avenue
Suite 301
Surrey, BC V3Z 6X2

Morris Visitor Publications
PO Box 1584
Augusta, GA 30903

NASDAQ Stock Market, LLC
805 King Farm Blvd.
Rockville, MD 20850

National Geographic Society
1145 - 17th Avenue NW
Washington, DC 20036

NYC Dept. of Finance
PO Box 3646
New York, NY 10008

PacBridge Limited Partners
22/F Fung House
19-20 Connaught Road
Central Hong Kong

Ramparts, Inc.
d/b/a Luxor Hotel and Casino
3900 Las Vegas Blvd. South
Las Vegas, NV 89119

Seaventures, Ltd.
5603 Oxford Moor Blvd.
Windemere, FL 34786

Syzygy3, Inc.
231 West 29th Street
Suite 606
New York, NY 10001

TPL
3340 Peachtree Road
Suite 2140
Atlanta, GA 30326

Verifone, Inc.
300 S. Park Place Blvd.
Clearwater, FL 33759

WNBC - NBC Universal Media
30 Rockefeller Center
New York, NY 10112

Jonathan B. Ross, Esq.
Gowling WLG (Canada) LLP
550 Burrard Street, Suite 2300, Bentall 5
Vancouver, BC V6C 2B5

Pallet Rack Surplus, Inc.
1981 Old Covington Cross Road NE
Conyers, GA 30013

Screen Actors Guild
1900 Broadway
5th Floor
New York, NY 10023

Sophrintendenza Archeologica
di Napoli e Pompei
Piazza Museo 19
Naples, Italy 80135

Time Out New York
405 Park Avenue
New York, NY 10022

TSX Operating Co.
70 West 40th Street
9th Floor
New York, NY 10018

Samuel Weiser
565 Willow Raod
Winnetka, IL 60093

United States Attorney's Office
Middle District of Florida
300 N. Hogan Street, Suite 700
Jacksonville, FL 32202

Christine R. Etheridge, Esq.
Bankruptcy Administration
Wells Fargo Vendor Financial Services, LLC
PO Box 13708
Macon, GA 31208

TSX Operating Co., LLC
c/o James Sanna
70 W. 40th Street
New York, NY 10018
***Creditor Committee***

Dallian Hoffen Biotechnique Co., Ltd.
c/o Ezra B. Jones
305 Crosstree Lane
Atlanta, GA 30328
***Creditor Committee***

B.E. Capital Management Fund LP
Thomas Branziel
205 East 42nd Street , 14th Floor
New York, NY 10017
***Creditor Committee***