# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
### JACKSONVILLE DIVISION

In re:

RMS TITANIC, INC., *et al.*,[1]

       Debtors.

———————————————

Case No. 3:16-bk-02230-PMG
Chapter 11 (Jointly Administered)

**Hearing Time Requested:
20 Minutes**

In re:

PREMIER EXHIBITIONS, INC.,

       Debtor.

———————————————

Case No. 3:16-bk-02232-PMG
Chapter 11

In re:

PREMIER EXHIBITIONS
MANAGEMENT, LLC,

       Debtor.

———————————————

Case No. 3:16-bk-02233-PMG
Chapter 11                                    ,

In re:

PREMIER EXHIBITIONS
INTERNATIONAL, LLC,

       Debtor.

———————————————

Case No. 3:16-bk-02234-PMG
Chapter 11                                    ,

---

[1] The Debtors in the chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number include: RMS Titanic, Inc. (3162); Premier Exhibitions, Inc. (4922); Premier Exhibitions Management, LLC (3101); Arts and Exhibitions International, LLC (3101); Premier Exhibitions International, LLC (5075); Premier Exhibitions NYC, Inc. (9246); Premier Merchandising, LLC (3867); and Dinosaurs Unearthed Corp. (7309). The Debtors' service address is 3045 Kingston Court, Suite I, Peachtree Corners, Georgia 30071.

In re:

PREMIER EXHIBITIONS                     Case No. 3:16-bk-02235-PMG
NYC, INC.,                              Chapter 11                      ,

       Debtor.

_____

In re:

PREMIER MERCHANDISING, LLC,             Case No. 3:16-bk-02236-PMG
                                        Chapter 11                      ,
       Debtor.

_____

In re:

DINOSAURS UNEARTHED CORP.,              Case No. 3:16-bk-02237-PMG
                                        Chapter 11                      ,
       Debtor.

_____

In re:

ARTS AND EXHIBITIONS                    Case No. 3:16-bk-02238-PMG
INTERNATIONAL, LLC,                     Chapter 11

       Debtor.

_____

## DEBTORS' OMNIBUS OBJECTION TO THE
## CLAIMS FILED BY THE ARMADA GROUP GP, INC.

---

### <u>IMPORTANT NOTICE</u>:  THIS IS AN OBJECTION TO YOUR CLAIM
### LOCATE YOUR NAME AND CLAIM INFORMATION BELOW

    Pursuant to Local Rule 2002-4, the Court will consider relief requested in this paper without further notice or hearing unless a party in interest files an objection within thirty (30) days from the date set forth on the attached proof of service, plus an additional three days for service if any party was served by U.S. Mail.

---

2

If you object to the relief requested in this paper, you must file a response with the Clerk of the Court at Bryan Simpson United States Courthouse, 300 North Hogan Street, Suite 3-350, Jacksonville, Florida 32202, and serve a copy on the movant's attorney, Daniel F. Blanks, Esq., Nelson Mullins Riley & Scarborough LLP, 50 N. Laura Street, Suite 4100, Jacksonville, Florida 32202, and any other appropriate persons within the time allowed. If you file and serve a response within the time permitted, the Court will either schedule and notify you of a hearing, or consider the response and grant or deny the relief requested without a hearing.

If you do not file a response within the time permitted, the Court will consider that you do not oppose the relief requested in the paper, will proceed to consider the paper without further notice or hearing, and may grant the relief requested.

RMS Titanic, Inc. and certain of its affiliates, as Debtors and Debtors in possession in the above-captioned cases (collectively, the "Debtors"), by and through its undersigned counsel, request that the Court disallow each of the claims filed by The Armada Group GP, Inc. (the "Creditor" or "Armada") pursuant to Sections 501, 502, and 1106(a)(1) of Title 11 of the United States Code, 11 U.S.C. § 101 et seq. (as amended the "Bankruptcy Code"), Rule 3007 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 3007-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Middle District of Florida (the "Local Rules). In support of the relief sought herein (the "Objection"), the Debtors state as follows:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction to consider this Objection pursuant to 28 U.S.C. §§ 157 and 1334.  The subject matter of this Objection is a core proceeding pursuant to 28 U.S.C. §157(b)(2).

2.      Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory predicates for the relief requested by this Objection are Sections 501, 502, and 1106(a)(1) of the Bankruptcy Code, Bankruptcy Rules 3007 and 9014, and Local Rule 3007-1.

## BACKGROUND

4.      On June 14, 2016 (the "Petition Date"), each of the Debtors filed a voluntary petition in this Court for relief under Chapter 11 of the Bankruptcy Code. The factual background regarding the Debtors, including their business operations, capital and debt structure, and the events leading to the filing of this bankruptcy case, are set forth in detail in the Chapter 11 Case Management Summary (the "Case Summary") [D.E. 8].

5.      The Debtors continue to manage and operate their business as debtors in possession under Bankruptcy Code sections 1107 and 1108.

6.      On August 24, 2016, the United States Trustee appointed an Official Committee of Unsecured Creditors and an Official Committee of Equity Security Holders [D.E. 166, 167].

## RELIEF REQUESTED

7.     Section 502(a) of the Bankruptcy Code provides that "[a] claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest . . . objects." A debtor in possession has the duty to object to the allowance of any claim that is improper. See 11 U.S.C. § 1106(a)(1).

8.     As set forth in Bankruptcy Rule 3001(f), a properly executed and filed proof of claim constitutes *prima facie* evidence of the validity and the amount of the claim under section 502(a) of the Bankruptcy Code. See In re Allegheny Int'l, Inc., 954 F.2d 167, 173 (3d Cir. 1992). Bankruptcy courts have generally held that in order to receive the benefit of *prima facie* validity, however, the claimant must set forth facts necessary to support the claim. See COLLIER ON BANKRUPTCY ¶ 3001.01 (16th ed. revised 2016)). Additionally, a claimant's proof of claim is entitled to the presumption of *prima facie* validity under Bankruptcy Rule 3001(f) only until an objecting party shows that there exists a true dispute as to the validity and amount of the claim. See id at 3001.09[2]. Once the objecting party refutes an allegation critical to the claim, the burden reverts to the claimant to prove the validity of the claim by a preponderance of the evidence. "The debtor, however, need only present evidence supporting its objection in order to shift the burden of proving the claim back to the claimant. " In re Rasbury, 141 B.R. 752, 757 (Bankr. N.D. Ala. 1992). In other words, once the *prima facie* validity of a claim is rebutted, "it is for the claimant to prove his claim, not for the objector to disprove it." In re Kahn, 114 B.R. 40, 44 (Bankr. S.D.N.Y. 1990) (citations omitted).

9.      For the reasons set forth in this Objection, the Armada Claims (as hereinafter defined) should be disallowed in their entirety.   If not disallowed as requested herein, the Creditor will receive recoveries to which it is not entitled, to the detriment of the Debtors' other stakeholders.   Thus, the relief requested herein is necessary to prevent any inappropriate distribution of estate funds and to facilitate the administration of the claims-allowance process.

**OBJECTION AND BASIS FOR RELIEF**

10.      On July 12, 2016, the Court entered the Notice of Commencement of Case, Section 341 Meeting of Creditors, and Fixing Deadlines which set a proof of claim bar date of October 24, 2016 [D.E. 83].

11.      On July 15, 2016, the Debtors filed their Schedules and Statements of Financial Affairs.

12.      Approximately 80 claims have been filed asserting approximately $135 million in the aggregate.   Many of these claims are duplicative and assert claims for which the Debtors have no liability.   The Debtors and their advisors are in the process of reviewing the proofs of claim, including supporting documentation, if any, filed together with any proof of claim, and reconciling the proofs of claims with the Debtors' books and records to determine the validity of the proofs of claim.   For the reasons set forth in more detail below, and based on their review to date, the Debtors have determined that the Armada Claims (as hereinafter defined) are objectionable, and the Debtors dispute all liability.

13.     On August 9, 2016, Armada filed Claim No. 10 in Case No. 3:16-bk-02232-PMG asserting a general unsecured claim in the amount of $10,000,000.00.

14.     On October 21, 2016, Armada filed Claim No. 33-1 Case No. 3:16-bk-02230-PMG asserting a general unsecured claim in the amount of $10,000,000.00.

15.     On October 21, 2016, Armada filed Claim No. 33-1 in Case No. 3:16-bk-02232-PMG asserting a general unsecured claim in the amount of $10,000,000.00.

16.     On October 24, 2016, Armada filed Claim No. 33-2 in Case No. 3:16-bk-02232-PMG asserting a general unsecured claim in the amount of $10,000,000.00.

17.     On October 21, 2016, Armada filed Claim No. 16-1 in Case No. 3:16-bk-02233-PMG asserting a general unsecured claim in the amount of $10,000,000.00.

18.     On October 24, 2016, Armada filed Claim No. 16-2 in Case No. 3:16-bk-02233-PMG asserting a general unsecured claim in the amount of $10,000,000.00.

19.     On October 21, 2016, Armada filed Claim No. 2-1 in Case No. 3:16-bk-02234-PMG asserting a general unsecured claim in the amount of $10,000,000.00.

20.     On October 24, 2016, Armada filed Claim No. 2-2 in Case No. 3:16-bk-02234-PMG asserting a general unsecured claim in the amount of $10,000,000.00.

21.     On October 21, 2016, Armada filed Claim No. 3-1 in Case No. 3:16-bk-02235-PMG asserting a general unsecured claim in the amount of $10,000,000.00.

22.     On October 24, 2016, Armada filed Claim No. 3-2 in Case No. 3:16-bk-02235-PMG asserting a general unsecured claim in the amount of $10,000,000.00.

23.     On October 21, 2016, Armada filed Claim No. 1-1 in Case No. 3:16-bk-02236-PMG asserting a general unsecured claim in the amount of $10,000,000.00.

24.     On October 24, 2016, Armada filed Claim No. 1-2 in Case No. 3:16-bk-02236-PMG asserting a general unsecured claim in the amount of $10,000,000.00.

25.     On October 21, 2016, Armada filed Claim No. 2-1 in Case No. 3:16-bk-02237-PMG asserting a general unsecured claim in the amount of $10,000,000.00.

26.     On October 24, 2016, Armada filed Claim No. 1-2 in Case No. 3:16-bk-02237-PMG asserting a general unsecured claim in the amount of $10,000,000.00.

27.     On October 21, 2016, Armada filed Claim No. 1-1 in Case No. 3:16-bk-02238-PMG asserting a general unsecured claim in the amount of $10,000,000.00.

28.     On October 24, 2016, Armada filed Claim No. 1-2 in Case No. 3:16-bk-02238-PMG asserting a general unsecured claim in the amount of $10,000,000.00. Collectively, all of the claims filed by Armada against the Debtors are the "Armada Claims."

29.     Each of the Armada Claims is substantively identical.  A true and correct copy of the claim filed against RMST, Inc. is attached hereto as Exhibit A as an example of the Armada Claims.

30.     The Armada Claims assert claims against the Debtors for vicarious liability relating to a breach of contract claim against non-Debtors.  The Claim purportedly relates to litigation currently pending in the United States District Court for the Northern District of Illinois in the matter styled *Sellers Capital, LLC et al. v. Armada Group, GP, Inc., et al.,* Case No. 15cv17644 (the "District Court Litigation"). In the District Court Litigation, Sellers Capital LLC ("Sellers Capital") sued Armada and others for breach of contract resulting from Armada's failure to perform under a

contract to purchase stock of debtor Premier Exhibitions, Inc. ("PRXI").    Armada sought **and was denied** leave in the District Court Litigation to bring a third party complaint against Samuel Weiser ("Weiser"), the former CEO of the Debtors from November 2011 to June 2014, for his alleged tortious interference with Armada's contract with Sellers Capital.

31.    Armada sought to allege that Weiser tortiously interfered with Armada's contractual relationship with Sellers Capital which induced Armada's nonperformance and breach of the contract, resulting in damages to Armada in the form of lost value of the PRXI shares it was to acquire and revenue that it could have generated through its ownership of the PRXI shares.    The Court in the District Court Litigation denied Armada relief to assert the claims it alleged against Weiser by an order entered on November 28, 2016, a true and correct copy of which is attached hereto as Exhibit B and incorporated herein by reference.    Among other things, the Court held:

> the claims asserted in Defendants' proposed third-party complaint do not state proper claims for relief for tortious interference with contract.    *See IBEW, Local 134 v. Cunningham*, 2013 U.S. Dist. LEXIS 61083, at *17-18 (N.D. Ill. April 29, 2013); *McCoy v. Gamesa Tech Corp.*, 2012 U.S. Dist. LEXIS 9431, at *23 (N.D. Ill. January 26, 2012).    *See also Chicago United Indus. V. City of Chicago*, 669 F.3d 847, 853 (7th Cir. 2012); *House of Brides, Inc. v. Alfred Angelo, Inc.*, 2014 U.S. Dist. LEXIS 167887, at *27 (N.D. Ill. December 4, 2014).

A more detailed discussion of why Armada's proposed third party complaint against Weiser failed to state a claim for which relief can be granted is set forth in detail in Plaintiff's Memorandum in Opposition to Defendants' Motion for Leave to File Third-

Party Complaint filed in the District Court Litigation, a true and correct copy of which is attached hereto as Exhibit C and incorporated herein by reference, at pp. 5-11. Among other reasons, a claim for tortious interference with contract requires improper interference with a third party that induces **the third party** to breach a contract.  In this case, Armada seeks to allege that Weiser's conduct caused Armada itself to breach its contract with Sellers Capital.  Such allegations fail to properly state a claim for tortious interference with contract.

32.    Armada seeks in the Armada Claims to hold the Debtors vicariously liable for the alleged tortious interference committed by Weiser.  Because Armada cannot state a viable claim against Weiser for tortious interference with a contract, it likewise has no claim for vicarious liability against the Debtors.  Moreover, a claim against the Debtors is even more remote and attenuated than a claim against Weiser personally, as a claim against the Debtors would require an additional finding that Weiser was acting in his professional capacity as an agent of the Debtors, and not in his personal capacity as a shareholder of Sellers Capital.

33.    Even if it could state such a claim, and it cannot, Armada provides absolutely no basis or documentation that would support a claim against the Debtors for $10 million or in any amount.  Armada has filed multiple claims in the exact same amount alleging the same basis in each of the Debtors' cases, and each of those claims should be disallowed in its entirety.

34.    Accordingly, the Armada Claims should be disallowed in their entirety.

## RESERVATION OF RIGHTS

35.     The Debtors expressly reserve the right to amend, modify, or supplement this Omnibus Objection and to file additional substantive or non-substantive objections to the Armada Claims or any other claim, filed or not, that may be asserted against the Debtors.   Should one or more of the grounds of objection stated in this Omnibus Objection be overruled, the Debtors reserve the right to object on any other applicable grounds.   In addition, the Debtors reserve the right to seek to reduce any Claim for any reason, including to the extent such Claim has been paid.   The Debtors reserve the right to raise further objections, including objections under Section 502(d) of the Bankruptcy Code.   Nothing in this Omnibus Objection or the relief requested herein will limit the right of the Debtors to bring additional objections to any claims on any basis.

## NOTICE

36.     Notice of this Omnibus Objection will be provided to all parties entitled to notice pursuant to that certain Order Granting Motion for Approval Pursuant to 11 U.S.C. 105(a) and Rule 2002 Establishing Notice Procedures [D.E. 140].

## NO PRIOR REQUEST

37.     No prior request for the relief sought in this Objection has been made to this or any other court.

## CONCLUSION

WHEREFORE, the Debtors respectfully requests that the Court (A) grant this Omnibus Objection; (B) disallow each of the Armada Claims in their entirety; and (C) grant such other and further relief as is just and proper.

NELSON MULLINS RILEY
& SCARBOROUGH LLP

By       */s/ Daniel F. Blanks*
      Daniel F. Blanks (FL Bar No. 88957)
      Lee D. Wedekind, III (FL Bar No. 670588)
      50 N. Laura Street, Suite 4100
      Jacksonville, Florida 32202
      (904) 665-3656 (direct)
      (904) 665-3699 (fax)
      daniel.blanks@nelsonmullins.com
      lee.wedekind@nelsonmullins.com

and

TROUTMAN SANDERS LLP
Jeffery W. Cavender (Ga. Bar No. 117751)
Stephen S. Roach (Ga. Bar No. 463206)

600 Peachtree Street NE, Suite 5200
Atlanta, GA 30308
(404) 885-3000 (phone)
(404) 962-6990 (fax)
Jeffery.cavender@troutmansanders.com
Stephen.roach@troutmansanders.com

*Co-Counsel for the Debtors and Debtors in Possession*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using CM/ECF on January 6, 2017. I also certify that the foregoing document is being served this day on the following counsel of record via transmission of Electronic Filing generated by CM/ECF:

David W. Baddley, Esq.
U.S. Securities and Exchange Commission
Office of Reorganization
950 E. Paces Ferry Road, NE, Suite 900
Atlanta GA 30326
(404) 842-7625
atlreorg@sec.gov
*Attorneys for U.S. Securities and*
*Exchange Commission*

Jay B. Verona, Esq.
Shumaker, Loop & Kendrick, LLP
101 E. Kennedy Blvd., Suite 2800
Tampa, FL 33602
(813) 229-7600
jverona@slk-law.com
*Attorneys for George F. Eyde*
*Orlando, LLC and Louis J. Eyde*
*Orlando, LLC*

Scott E. Bomkamp, Esq.
Office of the United States Trustee
Middle District of Florida
400 W. Washington Street, Suite 1100
Orlando FL 32801
(407) 648-6301 ext. 150
scott.e.bomkamp@usdoj.gov
*Attorneys for Guy G. Gebhardt,*
*Acting U.S. Trustee for Region 21*

Scott M. Grossman, Esq.
Greenberg Traurig
401 East Las Olas Boulevard, Suite 2000
Fort Lauderdale, FL 33301
(954) 768-5212
grossmansm@gtlaw.com
*Attorneys for Lang Feng, Haiping Zou,*
*Jihe Zhang, and High Nature Holdings*
*Limited*

Ari Newman, Esq.
Greenberg Traurig, P.A.
333 S.E. 2nd Avenue, Suite 4400
Miami, FL 33131
(305) 579-0500
newmanar@gtlaw.com
*Attorneys for Lang Feng, Haiping Zou,*
*Jihe Zhang, and High Nature Holdings*
*Limited*

Jason B. Burnett, Esq.
Alexandria V. Hill, Esq.
GrayRobinson, P.A.
50 N. Laura Street, Suite 1100
Jacksonville, FL 32202
(904) 598-9929
jason.burnett@gray-robinson.com
alexandria.hill@gray-robinson.com
*Attorneys for 417 Fifth Avenue Real*
*Estate, LLC*

Andrew T. Jenkins, Esq.
Bush Ross, P.A.
P.O. Box 3913
Tampa, FL 33601-3913
(813) 224-9255
ajenkins@bushross.com
*Attorneys for Bank of America, N.A*

Theodore B. Randles, Esq.
U.S. Dept. of Justice
1100 L Street NW, Suite 10060
Washington, DC 20005
(202) 307-3242
Theodore.B.Randles@usdoj.gov
*Attorneys for the United States Department of Commerce, National Oceanic and Atmospheric Administration*

Kathy A. Jorrie, Esq.
Pillsbury Winthrop Shaw Pittman LLP
725 S. Figueroa Street, Suite 2800
Los Angeles, CA 90017
(213) 488-7251
Kathy.jorrie@pillsburylaw.com
*Attorneys for AEG Live, Inc.*

Brian D. Equi, Esq.
Goldberg Segalla, LLP
121 S. Orange Avenue, Suite 1500
Orlando, FL 32801
(407) 458-5608
bequi@goldbergsegalla.com
salamina@goldbergsegalla.com
sherndon@goldbergsegalla.com
*Attorneys for Structure Tone, Inc.*

J. Ellsworth Summers, Jr., Esq.
Burr Forman, LLP
50 N. Laura Street, Suite 3000
Jacksonville, FL 32202
(904) 232-7200
esummers@burr.com
*Attorneys for Michael J. Little*

Norman P. Fivel, Esq.
Assistant Attorney General
Office of the New York State Attorney General
Civil Recoveries Bureau, Bankruptcy Litigation Unit
The Capitol
Albany, NY 12224-0341
(518) 776-2264
norman.fivel@ag.ny.gov
*Attorneys for New York Dept. of Taxation and Finance*

D. Marcus Braswell, Jr., Esq.
Sugarman & Susskind, P.A.
100 Miracle Mile, Suite 300
Coral Gables, FL 33134
(305) 529-2801
mbraswell@sugarmansusskind.com
*Attorneys for Theatrical Protective Union, Local No. One, IATSE*

Chris Broussard, Esq.
Suzy Tate, Esq.
Suzy Tate, P.A.
14502 N. Dale Mabry Highway, Suite 200
Tampa, FL 33618
(813) 264-1685
cbrouss@suzytate.com
suzy@suzytate.com
*Attorneys for The Armada Group GP, Inc.*

Richard R. Thames, Esq.
Thames Markey & Heekin, P.A.
50 N. Laura Street, Suite 1600
Jacksonville, FL 32202
(904) 358-4000
rrt@tmhlaw.net
*Attorneys for Official Committee of
Unsecured Creditors*

Avery Samet, Esq.
Jeffrey Chubak, Esq.
Storch Amini & Munves PC
140 East 45th Street, 25th Floor
New York, NY 10017
(212) 490-4100
asamet@samlegal.com
jchubak@samlegal.com
*Attorneys for Official Committee of
Unsecured Creditors*

Peter J. Gurfein, Esq.
Roye Zur, Esq.
Landau Gottfried & Berger LLP
1801 Century Park East, Suite 700
Los Angeles, CA 90067
(310) 557-0050
pgurfein@lgbfirm.com
rzur@lgbfirm.com
*Attorneys for Official Committee of Equity
Security Holders of Premier Exhibitions,
Inc.*

Jacob A. Brown, Esq.
Katherine C. Fackler, Esq.
Akerman LLP
50 N. Laura Street, Suite 3100
Jacksonville, FL 32202
(904) 798-3700
jacob.brown@akerman.com
katherine.fackler@akerman.com
*Attorneys for the Official Committee of Equity
Security Holders of Premier Exhibitions, Inc.*

Skyler M. Tanner, Esq.
Lane Powell PC
601 SW Second Avenue, Suite 2100
Portland, OR 97204
tanners@lanepowell.com
beldingt@lanepowell.com
docketing-pdx@lanepowell.com
*Attorneys for Oregon Museum of Science
and Industry*

T. David Mitchell, Esq.
Brenner Kaprosy Mitchell, L.L.P.
30050 Chagrin Blvd., Suite 100
Pepper Pike, OH 44124
(216) 292-5555
tdmitchell@brenner-law.com
***Attorneys for CRI Properties, Ltd.***

Howard Siegel, Esq.
945 McKinney Street, PMB 434
Houston, TX 77002
(713) 984-4801
howard@eucinv.com
*Attorney for Euclid Investments, LP
And Euclid Claims Recovery LLC*

**Via U.S. Mail**

A-1 Storage and Crane
2482 197th Avenue
Manchester, IA 52057

ABC Imaging
14 East 38th Street
New York, NY 10017

A.N. Deringer, Inc.
PO Box 11349
Succursale Centre-Ville
Montreal, QC H3C 5H1

ATS, Inc.
1900 W. Anaheim Street
Long Beach, CA 90813

Broadway Video
30 Rockefeller Plaza
54th Floor
New York, NY 10112

CBS Outdoor/Outfront Media
185 US Highway 48
Fairfield, NJ 07004

Dentons Canada LLP
250 Howe Street, 20th Floor
Vancouver, BC V6C 3R8

Enterprise Rent-A-Car Canada
709 Miner Avenue
Scarborough, ON M1B 6B6

Expedia, Inc.
10190 Covington Cross Drive
Las Vegas, NV 89144

George Young Company
509 Heron Drive
Swedesboro, NJ 08085

Gowlings
550 Burrard Street
Suite 2300, Bental 5
Vancouver, BC V6C 2B5

Hoffen Global Ltd.
305 Crosstree Lane
Atlanta, GA 30328

Kirvin Doak Communications
5230 W. Patrick Lane
Las Vegas, NV 89118

MNP LLP
15303 - 31st Avenue
Suite 301
Surrey, BC V3Z 6X2

Morris Visitor Publications
PO Box 1584
Augusta, GA 30903

NASDAQ Stock Market, LLC
805 King Farm Blvd.
Rockville, MD 20850

National Geographic Society
1145 - 17th Avenue NW
Washington, DC 20036

NYC Dept. of Finance
PO Box 3646
New York, NY 10008

PacBridge Limited Partners
22/F Fung House
19-20 Connaught Road
Central Hong Kong

Ramparts, Inc.
d/b/a Luxor Hotel and Casino
3900 Las Vegas Blvd. South
Las Vegas, NV 89119

Seaventures, Ltd.
5603 Oxford Moor Blvd.
Windemere, FL 34786

Syzygy3, Inc.
231 West 29th Street
Suite 606
New York, NY 10001

TPL
3340 Peachtree Road
Suite 2140
Atlanta, GA 30326

Verifone, Inc.
300 S. Park Place Blvd.
Clearwater, FL 33759

WNBC - NBC Universal Media
30 Rockefeller Center
New York, NY 10112

Jonathan B. Ross, Esq.
Gowling WLG (Canada) LLP
550 Burrard Street, Suite 2300, Bentall 5
Vancouver, BC V6C 2B5

Pallet Rack Surplus, Inc.
1981 Old Covington Cross Road NE
Conyers, GA 30013

Screen Actors Guild
1900 Broadway
5th Floor
New York, NY 10023

Sophrintendenza Archeologica
di Napoli e Pompei
Piazza Museo 19
Naples, Italy 80135

Time Out New York
405 Park Avenue
New York, NY 10022

TSX Operating Co.
70 West 40th Street
9th Floor
New York, NY 10018

Samuel Weiser
565 Willow Raod
Winnetka, IL 60093

United States Attorney's Office
Middle District of Florida
300 N. Hogan Street, Suite 700
Jacksonville, FL 32202

Christine R. Etheridge, Esq.
Bankruptcy Administration
Wells Fargo Vendor Financial Services, LLC
PO Box 13708
Macon, GA 31208

TSX Operating Co., LLC
c/o James Sanna
70 W. 40th Street
New York, NY 10018
***Creditor Committee***

Dallian Hoffen Biotechnique Co., Ltd.
c/o Ezra B. Jones
305 Crosstree Lane
Atlanta, GA 30328
***Creditor Committee***

B.E. Capital Management Fund LP
Thomas Branziel
205 East 42nd Street , 14th Floor
New York, NY 10017
***Creditor Committee***

Armada Group GP, Inc.
Attention:  George Wight, President
1720 Main Street, NE
Building 4
Palm Bay, FL 32905

*/s/ Daniel F. Blanks*
Attorney

~#4813-7956-2816~