ORDERED.

Dated: January 13, 2017

_____
Paul M. Glenn
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:

RMS TITANIC, INC., *et al.*,[1]

Debtors.
_____

Case No. 3:16-bk-02230-PMG

Chapter 11 (Jointly Administered)

## ORDER ON MOTION FOR
## AUTHORITY TO USE CASH COLLATERAL

THIS PROCEEDING came on for hearing on January 9, 2017 at 1:30 p.m. on the Debtors' Motion for Order (I) Authorizing Debtors to Utilize Cash Collateral Pursuant to 11 U.S.C. § 363, *nunc pro tunc* to the Petition Date, and (II) Granting Adequate Protection to Pre-Petition Secured Parties Pursuant to 11 U.S.C. §§ 361, 362, 363 (D.E. 370) (the "Motion") filed by the above-captioned Debtors and Debtors-in-Possession (the "Debtors"), seeking authority for Debtors Premier Exhibitions, Inc. ("Premier"), RMS Titanic, Inc., Premier Exhibitions Management LLC, and Premier

---

[1] The Debtors in the chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number include: RMS Titanic, Inc. (3162); Premier Exhibitions, Inc. (4922); Premier Exhibitions Management, LLC (3101); Arts and Exhibitions International, LLC (3101); Premier Exhibitions International, LLC (5075); Premier Exhibitions NYC, Inc. (9246); Premier Merchandising, LLC (3867), and Dinosaurs Unearthed Corp. (7309). The Debtors' service address is 3045 Kingston Court, Suite I, Peachtree Corners, Georgia 30071.

Merchandising, LLC (collectively, the "Applicable Debtors") to use the cash collateral of Secured Creditors Lange Feng, Jihe Zhang, and Haiping Zou (the "Secured Creditors"). After a hearing on the Motion on January 9, 2017, and upon the prior oral consent of counsel for the Debtors and for the Secured Creditors to interim use of the Secured Creditors' cash collateral, the Court finds and concludes:

    A.    On June 14, 2016 (the "Petition Date"), the Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code. The Debtors seek relief pursuant to 11 U.S.C. § 363(c)(2)(B). This Court has jurisdiction pursuant to 28 U.S.C. § 1334(b). This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b).

    B.    On August 24, 2016, the Office of the United States Trustee appointed both an official committee of unsecured creditors (D.E. 166) (the "Creditors Committee") and an official committee of equity security holders (D.E. 167) (the "Equity Committee," and together with the Creditors Committee, the "Committees").

    C.    Premier is the parent corporation of the Debtors. All of the other Debtors are direct or indirect subsidiaries of Premier. Premier is a leading provider of museum-quality touring exhibitions around the world. Since Premier's formation, it has developed, deployed, and operated unique exhibition products that are presented to the public in exhibition centers, museums, and non-traditional venues (the "Business"). Income from the exhibitions is generated primarily through ticket sales, third-party licensing, sponsorships, and merchandise sales.

D.      The Secured Creditors assert a first position secured claim in excess of $3,000,000, secured by a security interest in substantially all assets of the Applicable Debtors, including cash collateral as defined in and pursuant to 11 U.S.C. §§ 363(a) and 552(b) (the "Cash Collateral").  The Debtors and the Committees dispute the Secured Creditors' position, but consent to the treatment in this Order; provided, however, the Debtors and the Committees reserve any and all of their rights to contest the Secured Creditors' rights and interest in the Cash Collateral.

E.      The Secured Creditors assert that all of the Applicable Debtors' cash, whether now existing or hereafter created or acquired, together with all proceeds received from the use, sale, or other disposition of the Collateral constitute the Secured Creditors' "cash collateral" within the meaning of 11 U.S.C. §§ 363(a) and 552(b). The Debtors and the Committees dispute the Secured Creditors' position, but consent to the treatment in this Order; provided, however, the Debtors and the Committees reserve any and all of their rights to contest the Secured Creditors' rights and interest in the Cash Collateral.

F.      The Debtors seek authority to use the Secured Creditors' Cash Collateral to pay expenses incurred in connection with these Chapter 11 cases and in the ordinary course of business after the Petition Date in connection with the Debtors' operations of the Business, *nunc pro tunc* to the Petition Date.  The Secured Creditors have consented to the use of their Cash Collateral only through and including March 31, 2017 (the "Termination Date").

Based on the foregoing and for the reasons stated on the record in open Court, which are incorporated here by reference, it is

**ORDERED**:

1. The Motion is granted in part, as set forth in this Order. *Nunc pro tunc* relief is however denied.

2. <u>Cash Collateral Authorization</u>. Subject to the provisions of this Order, the Debtors are authorized to use Cash Collateral to pay: (a) amounts expressly authorized by this Court, including payments to the United States Trustee for quarterly fees; (b) the current and necessary expenses set forth in the Budget attached as <u>Exhibit A</u>, plus an amount not to exceed ten percent for each line item, (c) the professional fees incurred by and costs advanced by the Committees (solely in accordance with the terms of the Court's August 17, 2016 *Order Granting Motion to Establish Procedures to Permit Monthly Payment of Interim Fee Applications of Chapter 11 Professionals* (D.E. 141) or further Order of the Court); and (d) such additional amounts as may be expressly approved in writing by the Secured Creditors. This authorization will continue until the Termination Date. Except as authorized in this Order, the Debtors are prohibited from use of Cash Collateral.

4. <u>Debtors' Obligations</u>. The Debtors are required to timely perform all obligations of debtors-in-possession required by the Bankruptcy Code, Federal Rules of Bankruptcy Procedure, this Order, and all other Orders of this Court.

5. <u>Access to Records and Premises</u>. Upon reasonable notice, the Debtors must grant to the Secured Creditors (including their agents, consultants, and professionals) access to the Debtors' business records and premises for inspection.

6. <u>Replacement Lien</u>. The Secured Creditors are granted post-petition replacement liens against Cash Collateral to the same extent, validity and priority as the security interests the Secured Creditors held as of the Petition Date, without the need to file or execute any document as may otherwise be required under applicable non-bankruptcy law. The replacement liens are in addition to any post-petition liens that the Secured Creditors may have under 11 U.S.C. § 552(b), but shall not otherwise enlarge or create any liens in property which did not exist prior to the Petition Date.

7. <u>Insurance</u>. The Debtors must maintain insurance coverage for the Business in accordance with the obligations under the loan and security documents with the Secured Creditors. The Debtors must promptly deliver to the Secured Creditors a current certificate of insurance on the Collateral. The Debtors must provide the Secured Creditors with any and all notices under the insurance policies.

8. <u>Without Prejudice</u>. This Order is without prejudice to: (a) any subsequent request by a party in interest for modified adequate protection or restrictions on use of Cash Collateral; or (b) any other right or remedy which may be available to the Secured Creditors, including without limitation the right to seek partial or complete relief from stay under 11 U.S.C. § 362(d), the right to seek conversion or dismissal under 11 U.S.C. § 1112, or any other right available to the Secured Creditors under the Bankruptcy Code or other applicable law.

9. <u>Official Committees</u>.  The provisions of this Order are without prejudice to, and without waiver of, the rights of the Committees to challenge the validity, priority or extent of any lien(s) asserted against Cash Collateral or their right to seek relief from the Budget attached hereto as <u>Exhibit A</u>, or any other budget agreed to between and among the Debtors and the Secured Creditors, should circumstances warrant.

10. This Order is without prejudice to the Secured Creditors objecting to use of Cash Collateral beyond the period authorized by this Order.

11. This Order is without prejudice to the Debtors or the Committees contesting the Secured Creditors' rights and interest in the Cash Collateral.

12. <u>Enforcement</u>. The Court retains jurisdiction to enforce the terms of this Order.

13. <u>Adequate Protection</u>. As adequate protection, the full amount of any adequate protection claim of the Secured Creditors as provided in this Order (solely to the extent of the Secured Creditors' allowed secured claims) is allowed and given priority over all other claims of any party in interest, under 11 U.S.C. §§ 507(a)(2) and 507(b).

14. <u>Bi-Monthly Reporting</u>. As additional adequate protection to the Secured Creditors, the Debtors must provide the Secured Creditors and the Committees by twice monthly with bi-monthly financial reports in a form reasonably acceptable to the Secured Creditors, along with a budget-to-actual reconciliation to the prior month's Cash Collateral budget, for each of the Debtors, as well as for non-debtors

ExchangeCo. 80845 5398 RC0001, a British Columbia company, and DinoKing Tech, Inc., d/b/a Dinosaurs Unearthed, a British Columbia company (together, the "Non-Debtor Canadian Subsidiaries").  In addition, the Debtors must provide the Secured Creditors with any other budget, estimate, projection or financial report the Debtors submit to either of the Committees, other creditors, or other party in interest in this case, concurrently with submitting such reports.  The Debtors must also promptly provide the Secured Creditors and the Committees with such additional or other financial information as the Secured Creditors may from time to time reasonably request, including other financial information with respect to the Non-Debtor Canadian Subsidiaries.  The Debtors must also promptly provide to the Committees all bi-monthly financial reports, reconciliations, and additional financial information provided to the Secured Creditors pursuant to this Paragraph.

15.    Non-waiver.  The failure by the Secured Creditors at any time to require strict performance by the Debtors of any provision of this Order does not waive, affect or diminish any right of the Secured Creditors to demand strict compliance and performance of this Order.  No delay on the part of the Secured Creditors in the exercise of any right or remedy under this Order precludes any other or further exercise of any right or remedy.  Except as expressly provided in this Order, the Secured Creditors are not deemed to have suspended or waived any of their respective rights or remedies unless such suspension or waiver is in writing, signed by the Secured Creditors, and directed to the Debtors.

8

16. <u>Further Hearing</u>.  A further hearing to consider use of Cash Collateral beyond the Termination Date is scheduled for March  23 , 2017 at 1:30 PM at the United States Courthouse, 300 North Hogan Street, Courtroom 4A, Jacksonville, Florida 32202.

17. This Court shall retain exclusive jurisdiction over any and all matters arising from or related to the implementation or interpretation of this Order.

###

Attorney Daniel F. Blanks is directed to serve a copy of this Order on interested parties and file a proof of service within 3 days of entry of the Order.

~#4841-6593-0553~