# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

In re:

RMS TITANIC, INC., *et al.*,

    Debtors. [1]

_____/

Case No.: 3:16-bk-02230-PMG

Chapter 11

(Jointly Administered)

## NOTICE OF ISSUANCE OF SUBPOENA

    The Official Committee of Equity Security Holders of Premier Exhibitions, Inc., Chapter 11 Debtor in Case No. 3:16-bk-02232-PMG and the parent company of RMS Titanic, Inc., the Chapter 11 Debtor in Case No. 3:16-bk-02230-PMG, pursuant to Federal Rule of Civil Procedure 45, hereby gives notice of the issuance of a Subpoena to Produce Documents in a Bankruptcy Case (the "Subpoena") on February 8, 2017 to Premier Exhibitions, Inc. A true and correct copy of the Subpoena is attached to this Notice as **Exhibit 1**.

Dated: February 8, 2017

                                        **LANDAU GOTTFRIED & BERGER LLP**

                                        By: */s/ Peter J. Gurfein*
                                            Peter J. Gurfein, Esq.
                                            pgurfein@lgbfirm.com
                                            Roye Zur, Esq.
                                            rzur@lgbfirm.com
                                            1801 Century Park East, Suite 700
                                            Los Angeles, California 90067
                                            (310) 557-0050
                                            (310) 557-0056 (Facsimile)

                                                     -and-

---

[1] The Debtors in the chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number include: RMS Titanic, Inc. (3162); Premier Exhibitions, Inc. (4922); Premier Exhibitions Management, LLC (3101); Arts and Exhibitions International, LLC (3101); Premier Exhibitions International, LLC (5075); Premier Exhibitions NYC, Inc. (9246); Premier Merchandising, LLC (3867); and Dinosaurs Unearthed Corp. (7309) (collectively, the "Debtors"). The Debtors' service address is 3045 Kingston Court, Suite I, Peachtree Corners, Georgia 30071.

{40235535;1}

                                    **AKERMAN LLP**
Jacob A. Brown
Florida Bar No.: 0170038
Email: jacob.brown@akerman.com
Katherine C. Fackler
Florida Bar No.: 0068549
Email: katherine.fackler@akerman.com
50 North Laura Street, Suite 3100
Jacksonville, FL  32202
Telephone:  (904) 798-3700
Facsimile:  (904) 798-3730

Attorneys for the Official Committee of Equity Security Holders of Premier Exhibitions, Inc.

## CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that on February 8, 2017, the foregoing was transmitted to the Court for uploading to the Case Management/Electronic Case Files ("CM/ECF") System, which will send a notice of electronic filing to all creditors and parties in interest who have consented to receiving electronic notifications in this case.  In accordance with the Court's Order Granting Debtors' Motion for an Order Pursuant to 11 U.S.C. § 105(a) and Rule 2002 Establishing Notice Procedures (Doc. 140), a copy of the foregoing was also furnished on February 8, 2017 by U.S. mail, postage prepaid and properly addressed, to the Master Service List attached hereto.

                                        */s/ Peter J. Gurfein*
                                        Attorney

## **CERTIFICATE OF SERVICE**

David W. Baddley, Esq.
U.S. Securities and Exchange Commission
Office of Reorganization
950 E. Paces Ferry Road, NE, Suite 900
Atlanta GA 30326
(404) 842-7625
atlreorg@sec.gov
*Attorneys for U.S. Securities and Exchange Commission*

Scott E. Bomkamp, Esq.
Office of the United States Trustee
Middle District of Florida
400 W. Washington Street, Suite 1100
Orlando FL 32801
(407) 648-6301 ext. 150
scott.e.bomkamp@usdojgov
*Attorneys for Guy G. Gebhardt, Acting U.S. Trustee for Region 21*

Ari Newman, Esq.
Greenberg Traurig, P.A.
333 S.E. 2nd Avenue, Suite 4400
Miami, FL 33131
(305) 579-0500
newmanar@gtlaw.com
*Attorneys for Lang Feng, Haiping Zou, Jihe Zhang, and High Nature Holdings Limited*

Jay B. Verona, Esq.
Shumaker, Loop & Kendrick, LLP
101 E. Kennedy Blvd., Suite 2800
Tampa, FL 33602
(813) 229-7600
jverona@slk-law.com
*Attorneys for George F. Eyde Orlando, LLC and Louis J. Eyde Orlando, LLC*

Scott M. Grossman, Esq.
Greenberg Traurig
401 East Las Olas Boulevard, Suite 2000
Fort Lauderdale, FL 33301
(954) 768-5212
grossmansm@gtlaw.com
*Attorneys for Lang Feng, Haiping Zou, Jihe Zhang, and High Nature Holdings Limited*

Jason B. Burnett, Esq.
Alexandria V. Hill, Esq.
GrayRobinson, P.A.
50 N. Laura Street, Suite 1100
Jacksonville, FL 32202
(904) 598-9929
jason.burnett@gray-robinson.com
alexandria.hill@gray-robinson.com
*Attorneys for 417 Fifth Avenue Real Estate, LLC*

Andrew T. Jenkins, Esq.
Bush Ross, P.A.
P.O. Box 3913
Tampa, FL 33601-3913
(813) 224-9255
ajenkins@bushross.com
*Attorneys for Bank of America, N.A*

Theodore B. Randles, Esq.
U.S. Dept. of Justice
1100 L Street NW, Suite 10060
Washington, DC 20005
(202) 307-3242
Theodore.B.Randles@usdoj.gov
*Attorneys for the United States Department of Commerce, National Oceanic and Atmospheric Administration*

Kathy A. Jorrie, Esq.
Pillsbury Winthrop Shaw Pittman LLP
725 S. Figueroa Street, Suite 2800
Los Angeles, CA 90017
(213) 488-7251
Kathy.jorrie@pillsburylaw.com
*Attorneys for AEG Live, Inc.*

Brian D. Equi, Esq.
Goldberg Segalla, LLP
121 S. Orange Avenue, Suite 1500
Orlando, FL 32801
(407) 458-5608
bequi@goldbergsegalla.com
salamina@goldbergsegalla.com
sherndon@goldbergsegalla.com
*Attorneys for Structure Tone, Inc.*

J. Ellsworth Summers, Jr., Esq.
Burr Forman, LLP
50 N. Laura Street, Suite 3000
Jacksonville, FL 32202
(904) 232-7200
esummers@burr.com
*Attorneys for Michael J. Little*

Norman P. Fivel, Esq.
Assistant Attorney General
Office of the New York State Attorney General
Civil Recoveries Bureau, Bankruptcy Litigation Unit
The Capitol
Albany, NY 12224-0341
(518) 776-2264
norman.fivel@ag.ny.gov
*Attorneys for New York Dept. of Taxation and Finance*

D. Marcus Braswell, Jr., Esq.
Sugarman & Susskind, P.A.
100 Miracle Mile, Suite 300
Coral Gables, FL 33134
(305) 529-2801
mbraswell@sugarmansusskind.com
*Attorneys for Theatrical Protective Union, Local No. One, IATSE*

Chris Broussard, Esq.
Suzy Tate, Esq.
Suzy Tate, P.A.
14502 N. Dale Mabry Highway, Suite 200
Tampa, FL 33618
(813) 264-1685
cbrouss@suzytate.com
suzy@suzytate.com
*Attorneys for The Armada Group GP, Inc.*

4

Richard R. Thames, Esq.
Thames Markey & Heekin, P.A.
50 N. Laura Street, Suite 1600
Jacksonville, FL 32202
(904) 358-4000
rrt@tmhlaw.net
rah@tmhlaw.net
*Attorneys for Official Committee of Unsecured Creditors*

Avery Samet, Esq.
Jeffrey Chubak, Esq.
Storch Amini & Munves PC
140 East 45th Street, 25th Floor
New York, NY 10017
(212) 490-4100
asamet@samlegal.com
jchubak@samlegal.com
*Attorneys for Official Committee of Unsecured Creditors*

Skyler M. Tanner, Esq.
Lane Powell PC
601 SW Second Avenue, Suite 2100
Portland, OR 97204
tanners@lanepowell.com
beldingt@lanepowell.com
docketing-pdx@lanepowell.com
Attorneys for Oregon Museum of Science and Industry

T. David Mitchell, Esq.
Brenner Kaprosy Mitchell, L.L.P.
30050 Chagrin Blvd., Suite 100
Pepper Pike, OH 44124
(216) 292-5555
tdmitchell@brenner-law.com
Attorneys for CRI Properties, Ltd.

Howard Siegel, Esq.
945 McKinney Street, PMB 434
Houston, TX 77002
(713) 984-4801
howard@eucinv.com
Attorney for Euclid Investments, LP
And Euclid Claims Recovery LLC

## Via U.S. Mail

A-1 Storage and Crane
2482 197th Avenue
Manchester, IA 52057

ABC Imaging
1155 21st Street NW
Suite M400
Washington, DC 20036

A.N. Deringer, Inc.
PO Box 11349
Succursale Centre-Ville
Montreal, QC H3C 5H1

ATS, Inc.
1900 W. Anaheim Street
Long Beach, CA 90813

Broadway Video
30 Rockefeller Plaza
54th Floor
New York, NY 10112

CBS Outdoor/Outfront Media
185 US Highway 48
Fairfield, NJ 07004

Dentons Canada LLP
250 Howe Street
20th Floor
Vancouver, BC V6C 3R8

Expedia, Inc.
10190 Covington Cross Drive
Las Vegas, NV 89144

Gowlings
550 Burrard Street
Suite 2300, Bental 5
Vancouver, BC V6C 2B5

Kirvin Doak Communications
5230 W. Patrick Lane
Las Vegas, NV 89118

Morris Visitor Publications
PO Box 1584
Augusta, GA 30903

National Geographic Society
1145 - 17th Avenue NW
Washington, DC 20036

PacBridge Limited Partners
22/F Fung House
19-20 Connaught Road
Central Hong Kong

Ramparts, Inc.
d/b/a Luxor Hotel and Casino
3900 Las Vegas Blvd. South
Las Vegas, NV 89119

Seaventures, Ltd.
5603 Oxford Moor Blvd.
Windemere, FL 34786

Enterprise Rent-A-Car Canada
709 Miner Avenue
Scarborough, ON M1B 6B6

George Young Company
509 Heron Drive
Swedesboro, NJ 08085

Hoffen Global Ltd.
305 Crosstree Lane
Atlanta, GA 30328

MNP LLP
15303 - 31st Avenue
Suite 301
Surrey, BC V3Z 6X2

NASDAQ Stock Market, LLC
805 King Farm Blvd.
Rockville, MD 20850

NYC Dept. of Finance
PO Box 3646
New York, NY 10008

Pallet Rack Surplus, Inc.
1981 Old Covington Cross Road NE
Conyers, GA 30013

Screen Actors Guild
1900 Broadway
5th Floor
New York, NY 10023

Sophrintendenza Archeologica
di Napoli e Pompei
Piazza Museo 19
Naples, Italy 80135

Syzygy3, Inc.
1350 6th Avenue
2nd Floor
New York, NY 10019

Time Out New York
405 Park Avenue
New York, NY 10022

TPL
3340 Peachtree Road
Suite 2140
Atlanta, GA 30326

TSX Operating Co.
70 West 40th Street
9th Floor
New York, NY 10018

Verifone, Inc.
300 S. Park Place Blvd.
Clearwater, FL 33759

Samuel Weiser
565 Willow Road
Winnetka, IL 60093

WNBC - NBC Universal Media
30 Rockefeller Center
New York, NY 10112

United States Attorney's Office
Middle District of Florida
300 N. Hogan Street, Suite 700
Jacksonville, FL 32202

Jonathan B. Ross, Esq.
Gowling WLG (Canada) LLP
550 Burrard Street, Suite 2300, Bentall 5
Vancouver, BC V6C 2B5

Christine R. Etheridge, Esq.
Bankruptcy Administration
Wells Fargo Vendor Financial Services, LLC
PO Box 13708
Macon, GA 31208

TSX Operating Co., LLC
c/o James Sanna
70 W. 40th Street
New York, NY 10018
*Creditor Committee*

Dallian Hoffen Biotechnique Co., Ltd.
c/o Ezra B. Jones
305 Crosstree Lane
Atlanta, GA 30328
*Creditor Committee*

B.E. Capital Management Fund LP
Thomas Branziel
205 East 42nd Street , 14th Floor
New York, NY 10017
*Creditor Committee*

# EXHIBIT 1

2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT
Middle District of Florida

In re RMS Titanic, Inc., et al.,
Debtor

*(Complete if issued in an adversary proceeding)*

Case No. 3:16-bk-2230-PMG (jointly administered)

Chapter 11

_____
Plaintiff
v.
_____
Defendant

Adv. Proc. No. _____

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: Premier Exhibitions, Inc.
*(Name of person to whom the subpoena is directed)*

[X] *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: Specified in Schedule A hereto.

| PLACE | DATE AND TIME |
|---|---|
| Landau Gottfried & Berger LLP  1801 Century Park East, Suite 700, Los Angeles, CA 90067 | February 22, 2017, at 10:00 a.m. PST |

[ ] *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: February 8, 2017

CLERK OF COURT

_____  OR  _____
Signature of Clerk or Deputy Clerk          Attorney's signature

The name, address, email address, and telephone number of the attorney representing *(name of party)* Official Committee of Equity Security Holders, who issues or requests this subpoena, are:
Peter J. Gurfein, Landau Gottfried & Berger LLP
1801 Century Park East, Suite 700, Los Angeles, CA 90067; Tel.: (310) 557-0050; Email: pgurfein@lgbfirm.com

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

EXHIBIT 1
8

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on (*date*) _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

 My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

EXHIBIT 1
9

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
  (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
  *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
  *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or

    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
  *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

EXHIBIT 1
10

# SCHEDULE A

EXHIBIT 1
11

## SCHEDULE A

## DEFINITIONS

1.  "Premier" refers to Premier Exhibitions, Inc., its affiliates, subsidiaries, officers, directors, executives, employees, agents, independent contractors, representatives, attorneys, consultants, and any other person and/or entity acting or purporting to act on behalf of or under the control of Premier Exhibitions, Inc.

2.  "Guernsey's" refers to Guernsey's, a Division of Barlan Enterprises, Ltd., and its affiliates, subsidiaries, general or limited partners, officers, directors, executives, employees, agents, independent contractors, representatives, attorneys, consultants, and any other person and/or entity acting or purporting to act on behalf of or under the control of Guernsey's, a Division of Barlan Enterprises, Ltd.

3.  "RMST" refers to RMS Titanic, Inc., its affiliates, subsidiaries, officers, directors, executives, employees, agents, independent contractors, representatives, attorneys, consultants, and any other person and/or entity acting or purporting to act on behalf of or under the control of RMS Titanic, Inc.

4.  "Property" refers to the collection of artifacts, including each individual artifact and any sub-set of the entire artifact collection, recovered from the RMS Titanic and the debris found adjacent to the RMS Titanic, along with all records of recovery, photographs, video recordings, related intellectual property, and RMST's rights as Salvor-in-Possession of the RMS Titanic.

5.  "Guernsey's Solicitation" refers to the solicitation evidenced by the Opportunity Overview, dated January 2012, under which Guernsey's solicited potential purchasers of the

Property pursuant to that certain Consignment Agreement between Premier, RMST, and Guernsey's dated December 20, 2011.

6.   "Communication" shall mean every manner or means of disclosure, transfer or exchange of information, and any oral or written utterance, notation or statement of any nature whatsoever, by or to whomsoever made, including but not limited to correspondence, conversations, dialogues, discussions, interviews, consultations, agreements, and other understandings between or among two or more persons, whether in person, by telephone, mail, personal delivery or otherwise.

7.   The term "document" shall have the broadest meaning ascribed to it by Rule 34(a) of the Federal Rules of Civil Procedure and Rule 7034 of the Federal Rules of Bankruptcy Procedure and means any writing of any kind, including originals and all non-identical copies (whether different from the original by reason of any notation made on such copies or otherwise).  This shall include, without limitation, the following items, whether printed or reproduced by any process, or written or produced by hand or stored in computer memory, magnetic or hard disk or other data storage medium, and whether or not claimed to be privileged, confidential or otherwise excludable from discovery, namely, notes, letters, correspondence, communications, e-mails, telegrams, memoranda, summaries or records of telephone conversations, summaries or records of personal conversations or meetings, diaries, reports, photographs, video images, minutes or records of meetings, summaries of interviews, reports, or investigations, opinions or reports of consultants, opinions of counsel, agreements, reports or summaries of negotiations, press releases, drafts of documents, and all other material fixed in a tangible medium of whatever kind known to you or in your possession, custody, or control.

8. "Person" shall mean and include any natural person, individual, proprietorship, association, limited liability company, joint venture, firm, partnership, corporation, estate, trust, receiver, syndicate, municipal corporation, party and/or any other form of business enterprise or legal entity, governmental body, group of natural persons or entity, including any employee or agent thereof.

9. The words "pertain to" or "pertaining to" mean relates to, refers to, contains, concerns, describes, embodies, mentions, constitutes, constituting, supports, corroborates, demonstrates, proves, evidences, shows, refutes, disputes, rebuts, controverts or contradicts.

10. As used herein, the singular shall include the plural, the plural shall include the singular, and the masculine, feminine, and neuter shall include each of the other genders.

11. The words "and" and "or" shall be construed either conjunctively or disjunctively to bring within the scope of this Request for Production any information which might otherwise be construed to be outside their scope.

## INSTRUCTIONS

1. In responding to these requests, you shall produce all responsive documents which are in your possession, custody or control or in the past or present possession, custody or control of your predecessors, successors, parents, subsidiaries, divisions, or affiliates, or any of your respective directors, officers, managing agents, agents, employees, attorneys, accountants, or other representatives. A document shall be deemed to be within your control if you have the right to secure the document or a copy of the document from another person having possession or custody of the document.

2. In responding to these requests, you shall produce all responsive documents available at the time of production and you shall supplement your responses as required by Rule

26(e) of the Federal Rules of Civil Procedure and Rule 7026 of the Federal Rules of Bankruptcy Procedure.

3.  Pursuant to the Federal Rules of Civil Procedure and Federal Rules of Bankruptcy Procedure, you are to produce for inspection and copying, original documents as they are kept in the usual course of business, or you shall organize and label them to correspond with the categories in these requests.

4.  If any document responsive to these requests is withheld under a claim of privilege or upon any other ground, as to each such document, identify the privilege being asserted and provide the following information in sufficient detail to permit the court to rule on your claim:

   a.  the date, author, primary addressee and secondary addressees or persons copied, and the relationship of those persons to the client and/or author of the document;

   b.  a brief description sufficient to identify the type, subject matter and purpose of the document;

   c.  all persons to whom its contents have been disclosed; and

   d.  the party who is asserting the privilege.

5.  If a portion of any document responsive to these requests is withheld under claim of privilege pursuant to Instruction 4, any non-privileged portion of such document must be produced with the portion claimed to be privileged redacted.

6.  You are to produce each document requested herein in its entirety, without deletion or excision (except as qualified by Instructions 4 and 5 above), regardless of whether you consider the entire document to be relevant or responsive to the requests.

7. The singular shall include the plural and the disjunctive shall include the conjunctive, and vice versa, such that each document request calls for the production of the greatest number of documents.

8. "All" shall include the term "each," or "any," and vice versa.

### DOCUMENTS REQUESTED

1. All documents pertaining to Guernsey's Solicitation for an auction of RMST's Property issued by Guernsey's in or about January 2012.

2. All documents pertaining to efforts by Guernsey's to solicit a purchase of any of RMST's assets, including, but not limited to, the Property.

3. All documents pertaining to any proposal or offer to purchase the Property (or any portion thereof) received by Guernsey's from December 1, 2011, to January 1, 2014.

4. All documents pertaining to any inquiries, statements respecting the Property, or responses to Guernsey's Solicitation received by Guernsey's from third parties from December 1, 2011, to January 1, 2014.

5. All communications between Premier and Guernsey's pertaining to any inquiries, statements respecting the Property, or responses to Guernsey's Solicitation, including without limitation proposals to purchase the Property received by Guernsey's from December 1, 2011, to January 1, 2014.

6. All communications between RMST and Guernsey's pertaining to any inquiries, statements respecting the Property, or responses to Guernsey's Solicitation, including without limitation proposals to purchase the Property received by Guernsey's from December 1, 2011, to January 1, 2014.

7.     All communications between Premier and third-parties pertaining to any inquiries, statements respecting the Property, or responses to Guernsey's Solicitation, including without limitation proposals relating to proposals to purchase the Property received by Guernsey's from December 1, 2011, to January 1, 2014.

8.     All communications between RMST and third-parties pertaining to any inquiries, statements respecting the Property, or responses to Guernsey's Solicitation, including without limitation proposals to purchase the Property received by Guernsey's from December 1, 2011, to January 1, 2014.

9.     All documents that reflect, mention, describe, or evidence a response from any third party to Guernsey's Solicitation.

10.    All communications between RMST and Guernsey's between December 1, 2011, and the date of your response to this request (to the extent not covered by request nos. 1-9 above).

11.    All communications between Premier and Guernsey's between December 1, 2011, and the date of your response to this request (to the extent not covered by request nos. 1-9 above).