**UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

In re:

RMS TITANIC, INC., *et al.*,[1]

Debtors.

Case No. 3:16-bk-02230-PMG
Chapter 11 (Jointly Administered)

**DEBTORS' OBJECTION TO CLAIM NO. 30
FILED BY FIFTH AVE REAL ESTATE LLC**

---

**IMPORTANT NOTICE: THIS IS AN OBJECTION TO YOUR CLAIM
NOTICE OF OPPORTUNITY TO OBJECT AND REQUEST FOR HEARING**

Pursuant to Local Rule 2002-4, the Court will consider relief requested in this paper without further notice or hearing unless a party in interest files an objection within thirty (30) days from the date set forth on the attached proof of service, plus an additional three days for service if any party was served by U.S. Mail.

If you object to the relief requested in this paper, you must file a response with the Clerk of the Court at Bryan Simpson United States Courthouse, 300 North Hogan Street, Suite 3-150, Jacksonville, Florida 32202, and serve a copy on the movant's attorney, Daniel F. Blanks, Esq., Nelson Mullins Riley & Scarborough LLP, 50 N. Laura Street, Suite 4100, Jacksonville, Florida 32202, and any other appropriate persons within the time allowed. If you file and serve a response within the time permitted, the Court will either schedule and notify you of a hearing, or consider the response and grant or deny the relief requested without a hearing.

If you do not file a response within the time permitted, the Court will consider that you do not oppose the relief requested in the paper, will proceed to consider the paper without further notice or hearing, and may grant the relief requested.

---

[1] The Debtors in the chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number include: RMS Titanic, Inc. (3162); Premier Exhibitions, Inc. (4922); Premier Exhibitions Management, LLC (3101); Arts and Exhibitions International, LLC (3101); Premier Exhibitions International, LLC (5075); Premier Exhibitions NYC, Inc. (9246); Premier Merchandising, LLC (3867); and Dinosaurs Unearthed Corp. (7309). The Debtors' service address is 3045 Kingston Court, Suite I, Peachtree Corners, Georgia 30071.

RMS Titanic, Inc. and certain of its affiliates, as Debtors and Debtors in possession in the above-captioned case (collectively, the "Debtors"), by and through its undersigned counsel, request that the Court disallow in its entirety Claim No. 30 filed by Fifth Ave Real Estate LLC (the "Creditor") in Case No. 3:16-bk-002230-PMG pursuant to Sections 501, 502, and 1106(a)(1) of Title 11 of the United States Code, 11 U.S.C. § 101 et seq. (as amended the "Bankruptcy Code"), Rule 3007 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 3007-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Middle District of Florida (the "Local Rules). In support of the relief sought herein (the "Objection"), the Debtors state as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this Objection pursuant to 28 U.S.C. §§157 and 1334. The subject matter of this Objection is a core proceeding pursuant to 28 U.S.C. §157(b)(2).

2. Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief requested by this Objection are Sections 501, 502, and 1106(a)(1) of the Bankruptcy Code, Bankruptcy Rules 3007 and 9014, and Local Rule 3007-1.

## BACKGROUND

4. On June 14, 2016 (the "Petition Date"), each of the Debtors filed a voluntary petition in this Court for relief under Chapter 11 of the Bankruptcy Code.

The factual background regarding the Debtors, including their business operations, capital and debt structure, and the events leading to the filing of this bankruptcy case, are set forth in detail in the Chapter 11 Case Management Summary (the "Case Summary") [D.E. 8].

5. The Debtors continue to manage and operate their business as debtors in possession under Bankruptcy Code sections 1107 and 1108.

6. On August 24, 2016, the United States Trustee appointed an Official Committee of Unsecured Creditors and an Official Committee of Equity Security Holders [D.E. 166, 167].

## RELIEF REQUESTED

7. Section 502(a) of the Bankruptcy Code provides that "[a] claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest . . . objects." A debtor in possession has the duty to object to the allowance of any claim that is improper. See 11 U.S.C. § 1106(a)(1).

8. As set forth in Bankruptcy Rule 3001(f), a properly executed and filed proof of claim constitutes *prima facie* evidence of the validity and the amount of the claim under section 502(a) of the Bankruptcy Code. See In re Allegheny Int'l, Inc., 954 F.2d 167, 173 (3d Cir. 1992). Bankruptcy courts have generally held that in order to receive the benefit of *prima facie* validity, however, the claimant must set forth facts necessary to support the claim. See COLLIER ON BANKRUPTCY ¶ 3001.01 (16th ed. revised 2016)). Additionally, a claimant's proof of claim is entitled to the presumption of *prima facie* validity under Bankruptcy Rule 3001(f) only until an

objecting party shows that there exists a true dispute as to the validity and amount of the claim.  See id at 3001.09[2].  Once the objecting party refutes an allegation critical to the claim, the burden reverts to the claimant to prove the validity of the claim by a preponderance of the evidence.  "The debtor, however, need only present evidence supporting its objection in order to shift the burden of proving the claim back to the claimant. "  In re Rasbury, 141 B.R. 752, 757 (Bankr. N.D. Ala. 1992).  In other words, once the *prima facie* validity of a claim is rebutted, "it is for the claimant to prove his claim, not for the objector to disprove it."  In re Kahn, 114 B.R. 40, 44 (Bankr. S.D.N.Y. 1990) (citations omitted).

9. For the reasons set forth in this Objection, Claim No. 30 should be disallowed in its entirety.  If it is not disallowed as requested herein, the Creditor will receive recoveries to which it is not entitled, to the detriment of the Debtors' other stakeholders.  Thus, the relief requested herein is necessary to prevent any inappropriate distribution of estate funds and to facilitate the administration of the claims-allowance process.

## OBJECTION AND BASIS FOR RELIEF

10. On July 12, 2016, the Court entered the Notice of Commencement of Case, Section 341 Meeting of Creditors, and Fixing Deadlines which set a proof of claim bar date of October 24, 2016 [D.E. 83].

11. On July 15, 2016, the Debtors filed their Schedules and Statements of Financial Affairs.

12. Approximately 80 claims have been filed asserting approximately $135 million in the aggregate. Many of these claims are duplicative and assert claims for which the Debtors have no liability. The Debtors and their advisors are in the process of reviewing the proofs of claim, including supporting documentation, if any, filed together with any proof of claim, and reconciling the proofs of claims with the Debtors' books and records to determine the validity of the proofs of claim. For the reasons set forth in more detail below, and based on their review to date, the Debtors have determined that Claim No. 30 is objectionable, and the Debtors dispute all liability.

13. On October 24, 2016, the Creditor filed Claim No. 30 asserting a general unsecured claim in the amount of $8,127,546.66.

14. On April 9, 2014, the Creditor and Premier Exhibitions, Inc. ("Premier") entered into that certain commercial lease, as subsequently amended on November 24, 2014 (as amended, the "Lease"), in which Premier leased the premises located at 417 Fifth Avenue, New York, New York (the "Property"). A full and complete copy of the Lease is attached hereto as Exhibit A.[2]

15. Claim No. 30 asserts that in addition to the Lease term and payments, Premier is also obligated to the Creditor for a $5,000,000 "loan" that was included in the Lease. This is in addition to the Creditor's rejection damages claim that is included in Claim No. 32.

16. The Creditor is not entitled to an additional claim for a "loan" to Premier. There is no promissory note, separate documentation, or other indicia of a

---

[2] A partial copy of the Lease was attached to Claim No. 30.

5

"loan" to the Debtors. All obligations, rights, and interests are solely included in the Lease. No other documentation was executed by the parties. Furthermore, the Lease is titled "Standard Form of Office Lease."

17. Section 46.D(6) of the Lease provides for a "Construction Allowance" to complete the buildout of the Property. Furthermore, this allowance is defined by the Lease as "Additional Amortized Rent." Lease § 46.D(6)(c). "Additional Rent" is defined as "all sums of money, costs, expenses, or charges of any kind or amount whatsoever (other than Fixed Annual Rent) which become due and payable by Tenant to Landlord pursuant to this Lease." Lease § 52.E. The Debtor never received any actual monies from the Creditor in the form of a loan or otherwise. Rather, the Creditor paid certain contractors for improvements to its Property. The Debtor rejected the Lease, and the Creditor is only entitled to its capped claim for rejection damages associated with the rejected Lease pursuant to Section 502(b)(6) of the Bankruptcy Code.

18. As this court has previously observed:

> The legislative history of § 502(b)(6) is instructive because it states that the landlord's "allowed claim is for his total damages, as limited by this paragraph" . . . Moreover, the case law supports the idea that the landlord's claim is not limited to merely the rent under the lease. 'The damage cap [§ 502(b)(6)] applies to all damages . . . . Thus, as a matter of law, the actual damage claim of the [landlord] for termination of the lease, whether for non-payment of rent, taxes, costs, attorneys' fees, or other financial covenants, are limited by the damage cap in § 502(b)(6).

In re Clements, 185 B.R. 895, 902-903 (Bankr. M.D. Fla. 1995) (Funk, J.). Based on the foregoing, Claim No. 30 should be disallowed in its entirety.

## RESERVATION OF RIGHTS

19. The Debtors expressly reserve the right to amend, modify, or supplement this Objection and to file additional substantive or nonsubstantive objections to Claim No. 30 or any other claim, filed or not, that may be asserted against the Debtors. Should one or more of the grounds of objection stated in this Objection be overruled, the Debtors reserve the right to object on any other applicable grounds. In addition, the Debtors reserve the right to seek to reduce any Claim for any reason, including to the extent such Claim has been paid. The Debtors reserve the right to raise further objections, including objections under Section 502(d) of the Bankruptcy Code. Nothing in this Objection or the relief requested herein will limit the right of the Debtors to bring additional objections to any claims on any basis.

## NOTICE

20. Notice of this Motion will be provided to all parties entitled to notice pursuant to that certain Order Granting Motion for Approval Pursuant to 11 U.S.C. 105(a) and Rule 2002 Establishing Notice Procedures [D.E. 140].

## NO PRIOR REQUEST

21. No prior request for the relief sought in this Objection has been made to this or any other court.

## CONCLUSION

WHEREFORE, the Debtors respectfully requests that the Court (A) grant this Objection; (B) disallow Claim No. in its entirety; and (C) grant such other and further relief as is just and proper.

NELSON MULLINS RILEY
& SCARBOROUGH LLP


By   */s/ Daniel F. Blanks*
   Daniel F. Blanks (FL Bar No. 88957)
   Lee D. Wedekind, III (FL Bar No. 670588)
   50 N. Laura Street, Suite 4100
   Jacksonville, Florida 32202
   (904) 665-3656 (direct)
   (904) 665-3699 (fax)
   daniel.blanks@nelsonmullins.com
   lee.wedekind@nelsonmullins.com

and

TROUTMAN SANDERS LLP
Jeffery W. Cavender (Ga. Bar No. 117751)
Stephen S. Roach (Ga. Bar No. 463206)

600 Peachtree Street NE, Suite 5200
Atlanta, GA 30308
(404) 885-3000 (phone)
(404) 962-6990 (fax)
Jeffery.cavender@troutmansanders.com
Stephen.roach@troutmansanders.com

*Co-Counsel for the Debtors and Debtors in Possesssion*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using CM/ECF on February 10, 2017. I also certify that the foregoing document is being served this day on the following counsel of record via transmission of Electronic Filing generated by CM/ECF:

David W. Baddley, Esq.
U.S. Securities and Exchange Commission
Office of Reorganization
950 E. Paces Ferry Road, NE, Suite 900
Atlanta GA 30326
(404) 842-7625
atlreorg@sec.gov
*Attorneys for U.S. Securities and Exchange Commission*

Jay B. Verona, Esq.
Shumaker, Loop & Kendrick, LLP
101 E. Kennedy Blvd., Suite 2800
Tampa, FL 33602
(813) 229-7600
jverona@slk-law.com
*Attorneys for George F. Eyde Orlando, LLC and Louis J. Eyde Orlando, LLC*

Scott E. Bomkamp, Esq.
Office of the United States Trustee
Middle District of Florida
400 W. Washington Street, Suite 1100
Orlando FL 32801
(407) 648-6301 ext. 150
scott.e.bomkamp@usdojgov
*Attorneys for Guy G. Gebhardt, Acting U.S. Trustee for Region 21*

Scott M. Grossman, Esq.
Greenberg Traurig
401 East Las Olas Boulevard, Suite 2000
Fort Lauderdale, FL 33301
(954) 768-5212
grossmansm@gtlaw.com
*Attorneys for Lang Feng, Haiping Zou, Jihe Zhang, and High Nature Holdings Limited*

Ari Newman, Esq.
Greenberg Traurig, P.A.
333 S.E. 2nd Avenue, Suite 4400
Miami, FL 33131
(305) 579-0500
newmanar@gtlaw.com
*Attorneys for Lang Feng, Haiping Zou, Jihe Zhang, and High Nature Holdings Limited*

Jason B. Burnett, Esq.
Alexandria V. Hill, Esq.
GrayRobinson, P.A.
50 N. Laura Street, Suite 1100
Jacksonville, FL 32202
(904) 598-9929
jason.burnett@gray-robinson.com
alexandria.hill@gray-robinson.com
*Attorneys for 417 Fifth Avenue Real Estate, LLC*

Andrew T. Jenkins, Esq.
Bush Ross, P.A.
P.O. Box 3913
Tampa, FL 33601-3913
(813) 224-9255
ajenkins@bushross.com
*Attorneys for Bank of America, N.A*

Theodore B. Randles, Esq.
U.S. Dept. of Justice
1100 L Street NW, Suite 10060
Washington, DC 20005
(202) 307-3242
Theodore.B.Randles@usdoj.gov
*Attorneys for the United States Department of Commerce, National Oceanic and Atmospheric Administration*

Kathy A. Jorrie, Esq.
Pillsbury Winthrop Shaw Pittman LLP
725 S. Figueroa Street, Suite 2800
Los Angeles, CA 90017
(213) 488-7251
Kathy.jorrie@pillsburylaw.com
*Attorneys for AEG Live, Inc.*

Oscar E. Sanchez, Esq.
Goldberg Segalla, LLP
222 Lakeview Avenue, Suite 800
West Palm Beach, FL 33401
(786) 814-4804
osanchez@goldbergsegalla.com
aburno@goldbergsegalla.com
mmartiez@goldbergsegalla.com
*Attorneys for Structure Tone, Inc.*

J. Ellsworth Summers, Jr., Esq.
Burr Forman, LLP
50 N. Laura Street, Suite 3000
Jacksonville, FL 32202
(904) 232-7200
esummers@burr.com
*Attorneys for Michael J. Little*

Norman P. Fivel, Esq.
Assistant Attorney General
Office of the New York State Attorney General
Civil Recoveries Bureau, Bankruptcy Litigation Unit
The Capitol
Albany, NY 12224-0341
(518) 776-2264
norman.fivel@ag.ny.gov
*Attorneys for New York Dept. of Taxation and Finance*

D. Marcus Braswell, Jr., Esq.
Sugarman & Susskind, P.A.
100 Miracle Mile, Suite 300
Coral Gables, FL 33134
(305) 529-2801
mbraswell@sugarmansusskind.com
*Attorneys for Theatrical Protective Union, Local No. One, IATSE*

Chris Broussard, Esq.
Suzy Tate, Esq.
Suzy Tate, P.A.
14502 N. Dale Mabry Highway, Suite 200
Tampa, FL 33618
(813) 264-1685
cbrouss@suzytate.com
suzy@suzytate.com
*Attorneys for The Armada Group GP, Inc.*

Richard R. Thames, Esq.
Thames Markey & Heekin, P.A.
50 N. Laura Street, Suite 1600
Jacksonville, FL 32202
(904) 358-4000
rrt@tmhlaw.net
*Attorneys for Official Committee of Unsecured Creditors*

**Via U.S. Mail**

A-1 Storage and Crane
2482 197th Avenue
Manchester, IA 52057

ABC Imaging
1155 21st Street NW
Suite M400
Washington, DC 20036

A.N. Deringer, Inc.
PO Box 11349
Succursale Centre-Ville
Montreal, QC H3C 5H1

ATS, Inc.
1900 W. Anaheim Street
Long Beach, CA 90813

Broadway Video
30 Rockefeller Plaza
54th Floor
New York, NY 10112

CBS Outdoor/Outfront Media
185 US Highway 48
Fairfield, NJ 07004

Dentons Canada LLP
250 Howe Street
20th Floor
Vancouver, BC V6C 3R8

Enterprise Rent-A-Car Canada
709 Miner Avenue
Scarborough, ON M1B 6B6

Expedia, Inc.
10190 Covington Cross Drive
Las Vegas, NV 89144

George Young Company
509 Heron Drive
Swedesboro, NJ 08085

Gowling Lafleuer Henderson
550-2300 Burrard Street
Vancouver, BC V6C 2B5

Hoffen Global Ltd.
305 Crosstree Lane
Atlanta, GA 30328

Kirvin Doak Communications
5230 W. Patrick Lane
Las Vegas, NV 89118

MNP LLP
15303 - 31st Avenue
Suite 301
Surrey, BC V3Z 6X2

Morris Visitor Publications
PO Box 1584
Augusta, GA 30903

National Geographic Society
1145 - 17th Avenue NW
Washington, DC 20036

PacBridge Limited Partners
22/F Fung House
19-20 Connaught Road
Central Hong Kong

Ramparts, Inc.
d/b/a Luxor Hotel and Casino
3900 Las Vegas Blvd. South
Las Vegas, NV 89119

Seaventures, Ltd.
5603 Oxford Moor Blvd.
Windemere, FL 34786

Syzygy3, Inc.
1350 6th Avenue
2nd Floor
New York, NY 10019

TPL
3340 Peachtree Road
Suite 2140
Atlanta, GA 30326

Verifone, Inc.
300 S. Park Place Blvd.
Clearwater, FL 33759

WNBC - NBC Universal Media
30 Rockefeller Center
New York, NY 10112

NASDAQ Stock Market, LLC
805 King Farm Blvd.
Rockville, MD 20850

NYC Dept. of Finance
PO Box 3646
New York, NY 10008

Pallet Rack Surplus, Inc.
1981 Old Covington Cross Road NE
Conyers, GA 30013

Screen Actors Guild
1900 Broadway
5th Floor
New York, NY 10023

Sophrintendenza Archeologica
di Napoli e Pompei
Piazza Museo 19
Naples, Italy 80135

Time Out New York
475 Tenth Avenue
12th Floor
New York, NY 10018

TSX Operating Co.
70 West 40th Street
9th Floor
New York, NY 10018

Sam Weiser
565 Willow Road
Winnetka, IL 60093

United States Attorney's Office
Middle District of Florida
300 N. Hogan Street, Suite 700
Jacksonville, FL 32202

| | |
|---|---|
| Jonathan B. Ross, Esq.<br>Gowling WLG (Canada) LLP<br>550 Burrard Street, Suite 2300, Bentall 5<br>Vancouver, BC V6C 2B5 | Christine R. Etheridge, Esq.<br>Bankruptcy Administration<br>Wells Fargo Vendor Financial Services, LLC<br>PO Box 13708<br>Macon, GA 31208 |
| TSX Operating Co., LLC<br>c/o James Sanna<br>70 W. 40th Street<br>New York, NY 10018<br>*Creditor Committee* | Dallian Hoffen Biotechnique Co., Ltd.<br>c/o Ezra B. Jones<br>305 Crosstree Lane<br>Atlanta, GA 30328<br>*Creditor Committee* |
| B.E. Capital Management Fund LP<br>Thomas Branziel<br>205 East 42nd Street , 14th Floor<br>New York, NY 10017<br>*Creditor Committee* | |

                                                 */s/ Daniel F. Blanks*
                                                                 Attorney

~#4814-6855-7374~