**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

----------------------------------------------------x
In re:                                              :       Case No. 3:16-bk-02230-PMG
                                                    :
RMS TITANIC, INC., *et al.*, [1]                    :       Chapter 11 (Jointly Administered)
                                                    :
                          Debtors.                  :
----------------------------------------------------x

**DEBTORS' SUPPLEMENTAL APPLICATION FOR ENTRY OF**
**AN ORDER AUTHORIZING EMPLOYMENT AND RETENTION**
**OF CARR, RIGGS & INGRAM, LLC AS TAX ADVISORS TO THE**
**DEBTORS IN POSSESSION NUNC PRO TUNC TO SEPTEMBER 7, 2017**

RMS Titanic, Inc. ("RMST") and certain of its affiliates, as Debtors and Debtors

in possession in the above-captioned case (collectively, the "Debtors"), by and through

the undersigned counsel, pursuant to Section 327(a), 328(a) and 1107(b) of title 11 of the

United States Code and Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy

Procedure file this supplemental application (the "Supplemental Application") seeking

entry of an order (i) authorizing the Debtors to expand the scope of the Debtors retention

and employment of Carr, Riggs & Ingram, LLC ("CRI") as tax advisors effective *nucn*

*pro tunc* to September 7, 2017for the sale of all or some combination of a portion of the

Debtors' assets in accordance with the terms and conditions set forth in the engagement

letter dated September 7, 2017 (the "Supplemental Engagement Letter"), a copy of which

---

[1] The Debtors in the chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number include: RMS Titanic, Inc. (3162); Premier Exhibitions, Inc. (4922); Premier Exhibitions Management, LLC (3101); Arts and Exhibitions International, LLC (3101); Premier Exhibitions International, LLC (5075); Premier Exhibitions NYC, Inc. (9246); Premier Merchandising, LLC (3867); and Dinosaurs Unearthed Corp. (7309). The Debtors' service address is 3045 Kingston Court, Suite I, Peachtree Corners, Georgia 30071.

is attached hereto as **<u>Exhibit A</u>**[2] and (ii) authorizing the compensation of CRI for its legal/tax services as set for in the Supplemental Engagement Letter.

The Court previously authorized the Debtors to retain and employ CRI as their tax advisors pursuant to the Court's *Order Approving Debtors' Application for Entry of an Order Authorizing Employment and Retention of Carr, Riggs & Ingram, LLC as Tax Advisors to the Debtors in Possession* [D.E. 604] (the "<u>Retention Order</u>") and on the terms set forth in the Engagement Letters dated March 21, 2017 and March 30, 2017 (the "<u>Approved Engagement Letters</u>"), which are attached as Exhibit C to the *Debtors' Application for Entry of an Order Authorizing Employment and Retention of Carr, Riggs & Ingram, LLC as Tax Advisors to the Debtors in Possession* [D.E. 566] (the "<u>Original Application</u>").  The Approved Engagement Letters, however, do not contemplate that CRI will help the Debtors evaluate possible deal structures and legal/tax considerations from the sale of the Debtors' assets (in whole or in part).  The Debtors and CRI, therefore, have entered into the Supplemental Engagement Letter to expand the scope of CRI's engagement to include tax/legal advisement in connection with a potential sale of the Debtors' assets, and to explain the compensation for CRI in exchange for such services.  Further, CRI has added Douglas Stein, an attorney, to the advisory team, as requested by the Debtors.

---

[2] Any references to, or summaries of, the Supplemental Engagement Letter in this Supplemental Application are qualified by the express terms of the Engagement Letter, which shall govern if there is any conflict between the Supplemental Engagement Letter and such summaries or references herein. Additionally, any capitalized terms used in this Supplemental Application and not otherwise defined herein shall have the means ascribed to them in the Engagement Letter.

In support of this Supplemental Application, the Debtors rely on (i) the Declaration of Chris D. Clayton (the "Original Declaration"), which was attached as Exhibit A to the Original Application, and (ii) the Declaration of Chris D. Clayton (the "Supplemental Declaration") attached as **Exhibit B** hereto.  The Debtors further respectfully state as follows:

## JURISDICTION AND VENUE

1.    This Court has jurisdiction to consider this Application pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.    The statutory bases for the relief requested herein are sections 327(a) and 328(a) of Bankruptcy Code and Bankruptcy Rules 2014(a) and 2016.

## BACKGROUND

3.    On June 14, 2016 (the "Petition Date"), the Debtors initiated this bankruptcy case by filing a joint voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

4.    The Debtors continue to operate their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107 and 1108.

5.    No trustee or examiner has been appointed in the Bankruptcy Case.

6.    The factual background relating to the Debtors, including its current and historical business operations, and the events precipitating the chapter 11 filing, are set forth in the *Chapter 11 Case Management Summary* (the "Case Summary"), which is incorporated herein by reference.

## The Approved Engagement Letter

7.      On March 21, 2017 and March 30, 2017, the Debtors and CRI executed the Approved Engagement Letters, which the Court authorized and approved through the Retention Order on May 26, 2017.

8.      The Approved Engagement Letters contemplate that CRI will prepare certain federal and state tax returns for the Debtors for 2015 and 2016.  The Approved Engagement Letters provide that CRI is to be compensated for time billed by CRI in connection with tax services at the hourly rates set forth in the Original Application.

9.      The Approved Engagement Letters, however, do not specifically contemplate or provide for tax advisement in connection with a potential sale of all or a portion of the Debtors' assets.

## The Plan Support Agreement

10.     The Debtors and the statutory committees appointed in these Bankruptcy Cases (the "Committees") have entered into and filed a motion to approve that certain Plan Support Agreement (the "PSA") [D.E. 587]. The PSA contemplates, among other things, a sale of substantially all assets of the Debtors that will be implemented through the marketing and sale of (a) the common shares in RMST or the entire artifact collection held by RMST, and (b) the operations of Premier and its subsidiaries in accordance with, and subject to, the terms and conditions contained in the PSA.

11.     The PSA provides a timeline for the proposed sale process, which, among other things, sets forth deadlines for the culmination of a marketing and sale process, the designation of one or more stalking horse bidders, and an auction of the Debtors' assets. In

exchange for the Debtors' agreement to pursue such a sale on the timelines agreed upon, both of the Committees have agreed to, among other things, support a plan that is consistent with the PSA.

12.    In light of the PSA and the Debtors' commitment to pursue a sale of substantially all of its assets, they have entered into the Supplemental Engagement Letter to engage CRI specifically for tax/legal advice in connection with the contemplated sale of the Debtors' assets.

## RELIEF REQUESTED

13.    The Debtors seek a supplemental order (i) to authorize the Debtors to expand the scope of the Debtors retention and employment of CRI as tax advisors effective as of the date hereof for the sale of all or some combination of a portion of the Debtors' assets in accordance with the terms and conditions set forth in the Supplemental Engagement Letter and (ii) to authorize the compensation of CRI for its legal/tax services as set for in the Supplemental Engagement Letter.  For the avoidance of doubt, the Supplemental Engagement Letter is intended only to supplement the Approved Engagement Letters and shall not modify, cancel, alter or amend the Approved Engagement Letters, Retention Order, or any compensation or fees that may be owed or may become owed to CRI pursuant to the terms thereof.

## QUALIFICATIONS

14.    As already set forth in the Original Application, CRI has substantial experience in this field as detailed in the Original Declaration, which is incorporated

herein by reference.  The Debtors have selected CRI because of its experience and expertise in state and federal tax issues.

15.    Since the Debtors engaged CRI as tax advisors, CRI has developed extensive institutional knowledge of the Debtors' business and operations and has provided extensive advisory services to the Debtors in connection with these Bankruptcy Cases, which makes CRI uniquely qualified to act as the Debtors' tax/legal advisor in connection with a sale.

## TERMS OF THE SUPPLEMENTAL ENGAGEMENT LETTER

### Services to be Provided

16.    The parties have entered into the Supplemental Engagement Letter, which governs the relationship between the Debtors and CRI.  The terms and conditions of the Supplemental Engagement Letter were negotiated between the Debtors and CRI and reflect the parties' mutual agreement as to the services that will be provided pursuant to the Supplemental Engagement Letter.  Under the Supplemental Engagement Letter, in consideration for the compensation contemplated thereby, CRI has agreed to help the Debtors evaluate possible deal structures and legal/tax considerations from the sale of the company as it relates to an exit strategy as a result of the Chapter 11 reorganization.  Per the Debtors' request, CRI has included an attorney, Douglas Stein, as a member of the advisory team.

17. The services that CRI will provide to the Debtors are necessary to enable the Debtors to maximize the value of their estates. The Debtors believe that the services will not duplicate the services already provided by CRI or other professionals to the Debtors in these Bankruptcy Cases.

**Professional Compensation**

18. In consideration for the services to be provided by CRI, and as more fully described in the Supplemental Engagement Letter, subject to this Court's approval of the Supplemental Application, the Debtors have agreed to pay CRI based upon the amount of time required at CRI's standard billing rates, plus out-of-pocket expenses, as set forth in the Supplemental Engagement Letter (the "Fee Structure").

19. The hourly billing rates of the professionals selected to assist in this engagement are as follows:

| | | |
|---|---|---|
| (a) | Chris Clayton | $360/hour |
| (b) | Kristin Peniston | $150/hour |
| (c) | Douglas Stein | $450/hour |

**The Fee Structure Is Appropriate and Should be Approved under Section 328(a) of the Bankruptcy Code.**

20. The Debtors believe that the Fee Structure is comparable to those fees generally charged by tax of similar stature to CRI for comparable engagements, both in and out of bankruptcy proceedings.

21. The Fee Structure is consistent with CRI's normal and customary billing practices for comparably sized and complex cases, both in and out of court, involving the services to be provided in these Bankruptcy Cases. The Fee Structure is consistent with

and typical of arrangements entered into by CRI and other tax/legal advisors of comparable standing in connection with the rendering of similar services to clients such as the Debtors. CRI and the Debtors believe that the Fee Structure is market-based and reasonable in light of the facts and circumstances, and uncertainties, known and capable of being known.

## BASIS FOR RELIEF

22.     Under Section 327(a) of the Bankruptcy Code, a debtor in possession is authorized to employ professional persons "that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the [debtor in possession] in carrying out [its] duties under this title." 11 U.S.C. § 327(a). Such employment may be based "on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed percentage fee basis, or on a contingent fee basis." 11 U.S.C. § 328(a).

### CRI's Disinterestedness

23.     CRI asserts that to the best of its knowledge, information and belief, at the time of the filing of this Application, CRI does not represent or hold any interest adverse to the Debtors with respect to matters on which CRI is to be employed and will disclose any conflicts that may arise in the future or of which it becomes aware and will not represent any party with interests adverse to the Debtors with regard to the matters on which it is to be retained.

24.     CRI has not received or been promised any compensation for services rendered or to be rendered in any capacity in connection with the Debtors' Chapter 11 Cases, other than as permitted by the Bankruptcy Code, nor has CRI agreed to share compensation received in connection with the Debtors' Chapter 11 Cases with any other person.

25.     During the pendency of these Bankruptcy Cases, CRI has received compensation from the Debtors as compensation for professional services performed, and received reimbursement of reasonable and necessary expenses incurred.  Further, as of the filing of this Supplemental Application, CRI is owed $13,028.35 for services rendered and expenses incurred in connection with the Approved Engagement Letters, and is owed $14,100.56 for services rendered and expenses incurred in connection with this Supplemental Application.  The Debtors, however, do not believe that these amounts create an interest adverse to them and anticipate paying all amounts owed to CRI prior to or soon after approval of this Supplemental Application.

26.     Under the circumstances, the Debtors submit that retention of CRI to serve as tax advisors under the proposed compensation structure is warranted and is in the best interest of the Debtors' estate.

**NOTICE**

27.     Notice of this Motion has been provided to (i) the Office of the United States Trustee for the Middle District of Florida; (ii) counsel for the Official Committee of Unsecured Creditors, (iii) counsel for the Official Committee of Equity Security

Holders of Premier Exhibitions, Inc.; and (iv) all other persons requesting notices. The

Debtors submit that no other or further notice need be provided.

WHEREFORE, the Debtors respectfully request that this Court enter an order

substantially in the form attached hereto as **Exhibit C** (i) granting the relief sought herein

and (ii) granting such other and further relief as the Court may deem proper.

NELSON MULLINS RILEY
& SCARBOROUGH LLP


By_____*/s/ Daniel F. Blanks*_____
         Daniel F. Blanks (FL Bar No. 88957)
         Lee D. Wedekind, III (FL Bar No. 670588)
         50 N. Laura Street, Suite 4100
         Jacksonville, Florida 32202
         (904) 665-3656 (direct)
         (904) 665-3699 (fax)
         daniel.blanks@nelsonmullins.com
         lee.wedekind@nelsonmullins.com

and

TROUTMAN SANDERS LLP
Jeffery W. Cavender (Ga. Bar No. 117751)
Stephen S. Roach (Ga. Bar No. 463206)
600 Peachtree Street NE, Suite 5200
Atlanta, GA 30308
(404) 885-3000 (phone)
(404) 962-6990 (fax)
Jeffery.cavender@troutmansanders.com
Stephen.roach@troutmansanders.com

*Counsel for the Debtors and Debtors in Possession*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using CM/ECF on October 26, 2017.  I also certify that the foregoing document is being served this day on the following counsel of record via transmission of Electronic Filing generated by CM/ECF:

Jay B. Verona, Esq.
Shumaker, Loop & Kendrick, LLP
101 E. Kennedy Blvd., Suite 2800
Tampa, FL 33602
(813) 229-7600
jverona@slk-law.com
*Attorneys for George F. Eyde*
*Orlando, LLC and Louis J. Eyde*
*Orlando, LLC*

Jill E. Kelso, Esq.
Miriam G. Suarez, Esq.
Office of the United States Trustee
400 W. Washington Street, Suite 1100
Orlando FL 32801
(407) 648-6301 ext. 137
jill.kelso@usdoj.gov
Miriam.g.suarez@usdoj.gov
*Attorneys for Guy G. Gebhardt,*
*Acting U.S. Trustee for Region 21*

Scott M. Grossman, Esq.
Greenberg Traurig
401 East Las Olas Boulevard, Suite 2000
Fort Lauderdale, FL 33301
(954) 768-5212
grossmansm@gtlaw.com
*Attorneys for Lang Feng, Haiping Zou,*
*Jihe Zhang, and High Nature Holdings*
*Limited*

Ari Newman, Esq.
Greenberg Traurig, P.A.
333 S.E. 2nd Avenue, Suite 4400
Miami, FL 33131
(305) 579-0500
newmanar@gtlaw.com
*Attorneys for Lang Feng, Haiping Zou,*
*Jihe Zhang, and High Nature Holdings*
*Limited*

Jason B. Burnett, Esq.
GrayRobinson, P.A.
50 N. Laura Street, Suite 1100
Jacksonville, FL 32202
(904) 598-9929
jason.burnett@gray-robinson.com
*Attorneys for 417 Fifth Avenue Real*
*Estate, LLC*

Andrew T. Jenkins, Esq.
Bush Ross, P.A.
P.O. Box 3913
Tampa, FL 33601-3913
(813) 224-9255
ajenkins@bushross.com
*Attorneys for Bank of America, N.A.*

Matthew J. Troy, Esq.
U.S. Dept. of Justice
1100 L Street NW, Suite 10030
Washington, DC 20005
(202) 514-9038
matthew.troy@usdoj.gov
*Attorneys for the United States Department*
*of Commerce, National Oceanic and*
*Atmospheric Administration*

Kathy A. Jorrie, Esq.
Pillsbury Winthrop Shaw Pittman LLP
725 S. Figueroa Street, Suite 2800
Los Angeles, CA 90017
(213) 488-7251
Kathy.jorrie@pillsburylaw.com
*Attorneys for AEG Live, Inc.*

Brian D. Equi, Esq.
Goldberg Segalla, LLP
121 S. Orange Avenue, Suite 1500
Orlando, FL 32801
(407) 458-5608
bequi@goldbergsegalla.com
salamina@goldbergsegalla.com
sherndon@goldbergsegalla.com
*Attorneys for Structure Tone, Inc.*

J. Ellsworth Summers, Jr., Esq.
Burr Forman, LLP
50 N. Laura Street, Suite 3000
Jacksonville, FL 32202
(904) 232-7200
esummers@burr.com
*Attorneys for Michael J. Little*

Norman P. Fivel, Esq.
Assistant Attorney General
Office of the New York State
Attorney General
Civil Recoveries Bureau,
Bankruptcy Litigation Unit
The Capitol
Albany, NY 12224-0341
(518) 776-2264
norman.fivel@ag.ny.gov
*Attorneys for New York Dept. of Taxation*
*and Finance*

D. Marcus Braswell, Jr., Esq.
Sugarman & Susskind, P.A.
100 Miracle Mile, Suite 300
Coral Gables, FL 33134
(305) 529-2801
mbraswell@sugarmansusskind.com
*Attorneys for Theatrical Protective Union,*
*Local No. One, IATSE*

Chris Broussard, Esq.
Suzy Tate, Esq.
Suzy Tate, P.A.
14502 N. Dale Mabry Highway, Suite 200
Tampa, FL 33618
(813) 264-1685
cbrouss@suzytate.com
suzy@suzytate.com
*Attorneys for The Armada Group GP, Inc.*

Richard R. Thames, Esq.
Thames Markey & Heekin, P.A.
50 N. Laura Street, Suite 1600
Jacksonville, FL 32202
(904) 358-4000
rrt@tmhlaw.net
*Attorneys for Official Committee of*
*Unsecured Creditors*

Avery Samet, Esq.
Jeffrey Chubak, Esq.
Storch Amini & Munves PC
140 East 45th Street, 25th Floor
New York, NY 10017
(212) 490-4100
asamet@samlegal.com
jchubak@samlegal.com
*Attorneys for Official Committee of*
*Unsecured Creditors*

Jacob A. Brown, Esq.
Katherine C. Fackler, Esq.
Akerman LLP
50 N. Laura Street, Suite 3100
Jacksonville, FL 32202
(904) 798-3700
jacob.brown@akerman.com
katherine.fackler@akerman.com
*Attorneys for the Official Committee of*
*Equity Security Holders of Premier*
*Exhibitions, Inc.*

T. David Mitchell, Esq.
Brenner Kaprosy Mitchell, L.L.P.
30050 Chagrin Blvd., Suite 100
Pepper Pike, OH 44124
(216) 292-5555
tdmitchell@brenner-law.com
*Attorneys for CRI Properties, Ltd.*

Susan R. Sherrill-Beard, Esq.
U.S. Securities and Exchange Commission
Office of Reorganization
950 East Paces Ferry Road, N.E.
Suite 900
Atlanta, GA 30326
(404) 842-7626
sherrill-beards@sec.gov
atlreorg@sec.gov
*Attorneys for U.S. Securities and*
*Exchange Commission*

Peter J. Gurfein, Esq.
Roye Zur, Esq.
Landau Gottfried & Berger LLP
1801 Century Park East, Suite 700
Los Angeles, CA 90067
(310) 557-0050
pgurfein@lgbfirm.com
rzur@lgbfirm.com
*Attorneys for Official Committee of Equity Security*
*Holders of Premier Exhibitions, Inc.*

Skyler M. Tanner, Esq.
Lane Powell PC
601 SW Second Avenue, Suite 2100
Portland, OR 97204
tanners@lanepowell.com
beldingt@lanepowell.com
docketing-pdx@lanepowell.com
*Attorneys for Oregon Museum of Science and*
*Industry*

Howard Siegel, Esq.
945 McKinney Street, PMB 434
Houston, TX 77002
(713) 984-4801
howard@eucinv.com
*Attorney for Euclid Investments, LP*
*And Euclid Claims Recovery LLC*

Garrett A. Nail, Esq.
John F. Isbell, Esq.
Thompson Hine LLP
3560 Lenox Road, Suite 1600
Atlanta, GA 30326
(404) 541-2900
garrett.nail@thompsonhine.com
john.isbell@thompsonhine.com
*Attorneys for Bay Point Capital Partners, LP*

Steven R. Fox, Esq.
Fox Law Corporation
17835 Ventura Blvd., Suite 306
Encino, CA 91316
srfox@foxlaw.com
*Attorneys for Titanic Entertainment
Holdings*

**Via U.S. Mail**

A-1 Storage and Crane
2482 197th Avenue
Manchester, IA 52057

A.N. Deringer, Inc.
PO Box 11349
Succursale Centre-Ville
Montreal, QC H3C 5H1

Broadway Video
30 Rockefeller Plaza
54th Floor
New York, NY 10112

Dentons Canada LLP
250 Howe Street, 20th Floor
Vancouver, BC V6C 3R8

Expedia, Inc.
10190 Covington Cross Drive
Las Vegas, NV 89144

Gowlings
550 Burrard Street
Suite 2300, Bental 5
Vancouver, BC V6C 2B5

Kirvin Doak Communications
5230 W. Patrick Lane
Las Vegas, NV 89118

ABC Imaging
5290 Shawnee Road, Suite 300
Alexandria, VA 22312

ATS, Inc.
1900 W. Anaheim Street
Long Beach, CA 90813

CBS Outdoor/Outfront Media
185 US Highway 48
Fairfield, NJ 07004

Enterprise Rent-A-Car Canada
709 Miner Avenue
Scarborough, ON M1B 6B6

George Young Company
509 Heron Drive
Swedesboro, NJ 08085

Hoffen Global Ltd.
305 Crosstree Lane
Atlanta, GA 30328

MNP LLP
15303 - 31st Avenue
Suite 301
Surrey, BC V3Z 6X2

Morris Visitor Publications
PO Box 1584
Augusta, GA 30903

National Geographic Society
1145 - 17th Avenue NW
Washington, DC 20036

PacBridge Limited Partners
22/F Fung House
19-20 Connaught Road
Central Hong Kong

Ramparts, Inc.
d/b/a Luxor Hotel and Casino
3900 Las Vegas Blvd. South
Las Vegas, NV 89119

Seaventures, Ltd.
5603 Oxford Moor Blvd.
Windemere, FL 34786

Syzygy3, Inc.
231 West 29th Street
Suite 606
New York, NY 10001

TPL
3340 Peachtree Road
Suite 2140
Atlanta, GA 30326

Verifone, Inc.
300 S. Park Place Blvd.
Clearwater, FL 33759

Jonathan B. Ross, Esq.
Gowling WLG (Canada) LLP
550 Burrard Street, Suite 2300, Bentall 5
Vancouver, BC V6C 2B5

NASDAQ Stock Market, LLC
805 King Farm Blvd.
Rockville, MD 20850

NYC Dept. of Finance
PO Box 3646
New York, NY 10008

Pallet Rack Surplus, Inc.
1981 Old Covington Cross Road NE
Conyers, GA 30013

Screen Actors Guild
1900 Broadway
5th Floor
New York, NY 10023

Sophrintendenza Archeologica
di Napoli e Pompei
Piazza Museo 19
Naples, Italy 80135

Time Out New York
405 Park Avenue
New York, NY 10022

TSX Operating Co.
70 West 40th Street
9th Floor
New York, NY 10018

WNBC - NBC Universal Media
30 Rockefeller Center
New York, NY 10112

United States Attorney's Office
Middle District of Florida
300 N. Hogan Street, Suite 700
Jacksonville, FL 32202

Christine R. Etheridge, Esq.
Bankruptcy Administration
Wells Fargo Vendor Financial Services,
LLC
PO Box 13708
Macon, GA 31208

B.E. Capital Management Fund LP
Thomas Branziel
228 Park Avenue South, Suite 63787
New York, NY 10003
*Creditor Committee*

TSX Operating Co., LLC
c/o James Sanna
70 W. 40th Street
New York, NY 10018
*Creditor Committee*

Dallian Hoffen Biotechnique Co., Ltd.
c/o Ezra B. Jones
305 Crosstree Lane
Atlanta, GA 30328
*Creditor Committee*

_/s/ Daniel F. Blanks_
Attorney

~#4824-4946-4146~