## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

In re

**RMS Titanic, Inc.**, *et al.*,

**Debtors.**[1]

**Case No. 3:16-bk-02230-PMG**
**Chapter 11  (Jointly Administered)**

### OBJECTION AND RESERVATION OF RIGHTS OF THE AD HOC GROUP OF EQUITYHOLDERS TO THE MOTION OF THE DEBTORS TO EXTEND TIME FOR FILING DISCLOSURE STATEMENT TO ACCOMPANY DEBTORS' JOINT PLAN

The Ad Hoc Group of Equityholders of PRXI (the "Ad Hoc Equity Group"), by and through its undersigned counsel, respectfully submits this objection and reservation of rights to the Motion of the Debtors to Extend Time for Filing Disclosure Statement to Accompany Debtors' Joint Plan (Dkt. No. 864; the "DS Motion") and represents as follows:

### Background

1.    On November 27, 2017, this Court granted the Debtors' fifth request for an extension of the "exclusive periods" pursuant to 11 U.S.C. § 1121(d)(2) (Dkt. No. 828; the "Extension Order").  In accordance with the Extension Order, the Debtors' had the exclusive right to file a chapter 11 plan until December 14, 2017 and to solicit acceptances of such plan until February 14, 2018.

2.    On December 14, 2017, right before exclusivity expired, the Debtors filed a shell liquidating chapter 11 plan (Dkt. No. 859; the "Plan").  The Plan is predicated on the Debtors' sale

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number include: RMS Titanic, Inc. ("RMST") (3162); Premier Exhibitions, Inc. ("PRXI") (4922); Premier Exhibitions Management, LLC (3101); Arts and Exhibitions International, LLC (3101); Premier Exhibitions International, LLC (5075); Premier Exhibitions NYC, Inc. (9246); Premier Merchandising, LC (3867); and Dinosaurs Unearthed Corp. (7309).  The Debtors' service address is 3405 Kingston Court, Suite I, Peachtree Corners, Georgia 30071.

motion (Dkt. No. 811; the "Sale Motion") and a "bulk sale" of the Debtors' assets.  However, as

the Court is aware, the Debtors subsequently withdrew the Sale Motion after receiving significant

formal and informal objections thereto.  *See* Dkt. No. 863.

3.      On December 18, 2017, the Debtors filed the DS Motion seeking a ***retroactive***

extension of time to file a disclosure statement with respect to the Plan.  *See* 11 U.S.C. § 1125(b).

Pursuant to the DS Motion, the Debtors request an extension of time to file a disclosure statement

related to the Plan until the earlier of (i) the selection of one or more stalking horse bidders, or (ii)

the conclusion of their auction process.  DS Motion ¶ 17. As the Debtors readily admit in the DS

Motion:

> Because the results of the sales process remain uncertain, . . . it is premature to
> consider solicitation of the Plan or the adequacy of disclosure in connection with
> the Plan. Creating, filing, and soliciting a Disclosure Statement at this time would
> be wasteful of the Debtors' resources and provide no benefit to the Debtors' estates
> or constituents.

*Id.* ¶ 14.

4.      Having withdrawn the Sale Motion, the Debtors offer no other justification in the

DS Motion for their requested extension.  Notably, if the DS Motion is granted now, the Debtors

would have an open-ended extension of time to file their disclosure statement in contravention of

Rule 3016(b).  There is no certainty that either event the Debtors are seeking to extend to will ever

occur, especially if the Ad Hoc Equity Group prevails in demonstrating that a bulk-sale of the

Debtors' assets is ill-conceived.  Nor do the Debtors intend to solicit their Plan in the near term or

prior to expiration of their exclusive solicitation period.

**Objection**

5.      Exclusivity is intended "to provide for an opportunity for the debtor to negotiate

with its constituents and reach a consensual plan."  *In re Innkeepers USA Trust*, 442 B.R. 227, 234

(Bankr. S.D.N.Y. 2010).  A debtor's exclusive periods, however, are intentionally limited, to

preserve the balance between the debtor's ability to negotiate a plan without the specter of a competing plan and a creditor's right not to be held hostage indefinitely without the ability to file its own plan. *See In re All Seasons Indus., Inc.*, 121 B.R. 1002, 1004 (Bankr. N.D. Ind. 1990); *In re Crescent Beach Inn, Inc.*, 22 B.R. 155, 160 (Bankr. D. Me. 1982) (noting that § 1121 "recognizes the legitimate interest of creditors, whose money is in the enterprise as much as the debtor's, to have a say in the future of the company.") (citation omitted); *see also In re Mother Hubbard, Inc.*, 152 B.R. 189, 195 (Bankr. W.D. Mich. 1993) (exclusivity period not only allows debtor reasonable time to develop a plan absent competition, but also ensures creditors will not endure unreasonable delay).

6.      The Debtors have had eighteen months of exclusivity to negotiate a consensual plan with their stakeholders, but have failed to do so.  Rather than simply allowing exclusivity to expire, however, the Debtors chose to try to extend that period for an additional two months by filing the barest of chapter 11 plans at the buzzer – a plan that is neither confirmable on its face nor supported by the Debtors' stakeholders.  This shoestring plan merely lists classes in order of priority of payments.  Adding insult to injury, the Debtors now ask this Court for an **<u>indefinite</u>** (retroactive) extension of time to file a disclosure statement and solicit the Plan.

7.      The Debtors' DS Motion lacks any support.  The sole justification offered by the Debtors for the unprecedented relief they are seeking is the pendency of the Sale Motion, which has now been withdrawn.  Therefore, the Debtors offer no basis for approving the DS Motion.

8.      Even if the Debtors contort to provide some basis for the DS Motion (which they have not), the DS Motion should still be denied because the requested extension is simply a bridge to nowhere – namely, the Debtors' patently unconfirmable Plan.  The Debtors' Plan presupposes the same sale process that was disfavored by all creditor constituencies, and withdrawn by the

Debtors.  As the Ad Hoc Equity Group explained in its objection to the Sale Motion (Dkt. No. 850), a bulk-sale of the Debtors' unique artifact collection is highly unlikely to be value maximizing.  Instead, the Debtors should engage auction houses with extensive experience in similar artifact sales to construct and pursue an appropriate process for achieving the highest and best value for these assets.  If the Debtors are unable or unwilling do so after 18 months of exclusivity, applicable law and basic notions of fairness dictate that stakeholders should be free to do so.  Indeed, courts do not grant "fruitless" exclusivity extensions where a suggested plan, like the Debtors' Plan, is patently unconfirmable.  *See In re Gagel & Gagel*, 24 B.R. 674, 675 (Bankr. S.D. Ohio 1982).

9.     Moreover, as Congress noted, "[a]n [exclusivity] extension should not be employed as a tactical device to put pressure on parties in interest to yield to a plan they consider unsatisfactory."  S. REP. NO. 95–989, at 118 (1978); *Rinehart v. Hoffinger Indus., Inc. (In re Hoffinger Indus., Inc.)*, 292 B.R. 639, 643 (B.A.P. 8th Cir. 2003) (same); *In re Gen. Bearing Corp.*, 136 B.R. 361, 367 (Bankr. S.D.N.Y. 1992) ("[T]he court must be mindful that the debtor should not be permitted to use [an] extension [of exclusivity] as a way to pressure the secured claimants to accede to the debtor's proposals.")  *Teachers Ins. & Annuity Ass'n of Am. v. Lake in the Woods (In re Lake in the Woods)*, 10 B.R. 338, 345-46 (E.D. Mich. 1981) ("[E]xtensions are impermissible if they are for the purpose of allowing the debtor to prolong reorganization while pressuring a creditor to accede to its point of view on an issue in dispute.").

10.     Finally, the Debtors' reliance on *In re Farmland Industries*, 286 B.R. 888, 895 (Bankr. W.D. Mo. 2002) is misplaced.  *See* DS Motion ¶ 16.  In *Farmland*, the court found an extension of time to file a disclosure statement *could* be appropriate under the following circumstances: (i) the debtor's businesses are complex; (ii) the number of creditors is high; (iii)

the plan reflects substantial creditor involvement and an attempt to achieve a consensual plan; and (iv) there is no indication that the request for additional time is an effort to gain advantage over a particular creditor group. *See Farmland*, 286 B.R. at 894. In that case, the Court granted a limited extension (albeit far less than what the Debtors' initially requested) only after finding the case was complex and the debtors operated a "myriad of businesses, from petroleum refinery to food processing plants to retail farm supply stores," there were 75,000 creditors and debts over $2 billion, the plan reflected negotiation with three very substantial creditor constituencies, and "[t]here [wa]s no indication that the request for an extension of time to file the disclosure statement is an illegal or improper ploy to gain an advantage over any particular creditor group or place any creditor group at a disadvantage." *Id.*

11.     The Debtors' cases stand diametrically opposed to *Farmland*. **First**, the Debtors' delay in drafting the disclosure statement is not due to the complexity of the Debtors' businesses but rather the Debtors' failure to secure support for the Plan and a bulk sale of their assets. **Second**, the Debtors have limited creditors and outstanding debts totaling less than $20 million. **Third**, the Plan is nothing more than a shell; it does not reflect any, let alone substantial, creditor input; and the Plan does not appear to be a genuine attempt by the Debtors to garner support for a consensual plan; instead, it simply delays stakeholders for two additional months from pursuing alternative value-maximizing plans. **Lastly**, the requested extension of time being sought by the Debtors appears specifically designed to extend the Debtors' exclusive periods and to constrain the ability of stakeholders, like the Ad Hoc Equity Group, to propose a better alternative on a timely basis.

12.     Based upon the foregoing, the DS Motion necessarily fails and should be denied.

## **RESERVATION OF RIGHTS**

13.     The Ad Hoc Equity Group reserves the right to file one or more supplemental pleadings with additional points of objection to the DS Motion or any pleading seeking to extend the Debtors' exclusive periods in these cases.

## **CONCLUSION**

14.     WHEREFORE, the Ad Hoc Equity Group respectfully requests that the Court enter an order: (i) denying the DS Motion and/or (ii) granting the Ad Hoc Equity Group such other and further relief as is just and proper.

Dated January 4, 2018

<div style="margin-left:40%">

BRACEWELL LLP
Jennifer Feldsher (*pro hac vice* motion pending)
David L. Lawton (admitted *pro hac vice*)
1251 Avenue of Americas
New York, New York 10020-1104
Telephone: (212) 508-6100
Facsimile: (800) 404-3970
Jennifer.Feldsher@bracewell.com
David.Lawton@bracewell.com

and

SMITH HULSEY & BUSEY

By____*/s/ Stephen D. Busey*___
        Stephen D. Busey
        Asghar A. Syed

Florida Bar Number 117790
Florida Bar Number 81735
225 Water Street, Suite 1800
Jacksonville, Florida 32202
(904) 359-7700
(904) 359-7708 (facsimile)
busey@smithhulsey.com
asyed@smithhulsey.com

*Counsel to the Ad Hoc Equity Group*

</div>

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 4, 2018, a true and correct copy of the foregoing document has been served (i) electronically through CM/ECF to all parties having appeared electronically in the instant matter and (ii) by U.S. Mail to those parties on the attached service list.

<div align="center">

_____/s/ Stephen D. Busey_____
Attorney

</div>

## SERVICE LIST

A-1 Storage and Crane
2482 197th Avenue
Manchester, IA 52057

A.N. Deringer, Inc.
PO Box 11349
Succursale Centre-Ville
Montreal, QC H3C 5H1

Broadway Video
30 Rockefeller Plaza, 54th Floor
New York, NY 10112

Dentons Canada LLP
250 Howe Street, 20th Floor
Vancouver, BC V6C 3R8

Expedia, Inc.
10190 Covington Cross Drive
Las Vegas, NV 89144

Gowlings
550 Burrard Street
Suite 2300, Bental 5
Vancouver, BC V6C 2B5

Kirvin Doak Communications
5230 W. Patrick Lane
Las Vegas, NV 89118

Morris Visitor Publications
PO Box 1584
Augusta, GA 30903

National Geographic Society
1145 - 17th Avenue NW
Washington, DC 20036

PacBridge Limited Partners
22/F Fung House
19-20 Connaught Road
Central Hong Kong

ABC Imaging
5290 Shawnee Road, Suite 300
Alexandria, VA 22312

ATS, Inc.
1900 W. Anaheim Street
Long Beach, CA 90813

CBS Outdoor/Outfront Media
185 US Highway 48
Fairfield, NJ 07004

Enterprise Rent-A-Car Canada
709 Miner Avenue
Scarborough, ON M1B 6B6

George Young Company
509 Heron Drive
Swedesboro, NJ 08085

Hoffen Global Ltd.
305 Crosstree Lane
Atlanta, GA 30328

MNP LLP
15303 - 31st Avenue, Suite 301
Surrey, BC V3Z 6X2

NASDAQ Stock Market, LLC
805 King Farm Blvd.
Rockville, MD 20850

NYC Dept. of Finance
PO Box 3646
New York, NY 10008

Pallet Rack Surplus, Inc.
1981 Old Covington Cross Road NE
Conyers, GA 30013

Screen Actors Guild
1900 Broadway, 5th Floor
New York, NY 10023

Ramparts, Inc.
d/b/a Luxor Hotel and Casino
3900 Las Vegas Blvd. South
Las Vegas, NV 89119

Seaventures, Ltd.
5603 Oxford Moor Blvd.
Windemere, FL 34786

Syzygy3, Inc.
231 West 29th Street, Suite 606
New York, NY 10001

TPL
3340 Peachtree Road, Suite 2140
Atlanta, GA 30326

Verifone, Inc.
300 S. Park Place Blvd.
Clearwater, FL 33759

Jonathan B. Ross, Esq.
Gowling WLG (Canada) LLP
550 Burrard Street, Suite 2300, Bentall 5
Vancouver, BC V6C 2B5

Christine R. Etheridge, Esq.
Bankruptcy Administration
Wells Fargo Vendor Financial Svcs, LLC
PO Box 13708
Macon, GA 31208

TSX Operating Co., LLC
c/o James Sanna
70 W. 40th Street
New York, NY 10018
***Creditor Committee***

Sophrintendenza Archeologica
di Napoli e Pompei
Piazza Museo 19
Naples, Italy 80135

Time Out New York
405 Park Avenue
New York, NY 10022

TSX Operating Co.
70 West 40th Street, 9th Floor
New York, NY 10018

WNBC - NBC Universal Media
30 Rockefeller Center
New York, NY 10112

United States Attorney's Office
Middle District of Florida
300 N. Hogan Street, Suite 700
Jacksonville, FL 32202

B.E. Capital Management Fund LP
Thomas Branziel
228 Park Avenue South, Suite 63787
New York, NY 10003
***Creditor Committee***

Dallian Hoffen Biotechnique Co., Ltd.
c/o Ezra B. Jones
305 Crosstree Lane
Atlanta, GA 30328
***Creditor Committee***