**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

In re:

RMS TITANIC, INC., *et al.*,[1]

Debtors.

Case No. 3:16-bk-02230-PMG
Chapter 11 (Jointly Administered)

**MOTION OF THE DEBTORS FOR APPROVAL OF
SETTLEMENT AGREEMENT WITH NEW YORK STATE
DEPARTMENT OF TAXATION AND FINANCE PURSUANT TO
RULE 9019 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**

**NOTICE OF OPPORTUNITY TO
OBJECT AND REQUEST FOR HEARING**

Pursuant to Local Rule 2002-4, the Court will consider the relief requested in this paper without further notice or hearing unless a party in interest files a response within 21 days from the date set forth on the attached proof of service, plus an additional three days for service if any party was served by U.S. Mail.

If you object to the relief requested in this paper, you must file a response with the Clerk of the Court at Bryan Simpson Courthouse, 300 North Hogan Street, Suite 3-150, Jacksonville, Florida 32202 and serve a copy on the movant's attorney, Daniel F. Blanks, Esq., Nelson Mullins Riley & Scarborough LLP, 50 N. Laura Street, Suite 4100, Jacksonville, Florida 32202, and any other appropriate persons within the time allowed. If you file and serve a response within the time permitted, the Court will either schedule and notify you of a hearing or consider the response and grant or deny the relief requested without a hearing.

If you do not file a response within the time permitted, the Court will consider that you do not oppose the relief requested in the paper, will proceed to consider the paper without further notice or hearing, and may grant the relief requested.

---

[1] The Debtors in the chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number include: RMS Titanic, Inc. (3162); Premier Exhibitions, Inc. (4922); Premier Exhibitions Management, LLC (3101); Arts and Exhibitions International, LLC (3101); Premier Exhibitions International, LLC (5075); Premier Exhibitions NYC, Inc. (9246); Premier Merchandising, LLC (3867); and Dinosaurs Unearthed Corp. (7309). The Debtors' service address is 3045 Kingston Court, Suite I, Peachtree Corners, Georgia 30071.

RMS Titanic, Inc. ("RMST") and its affiliate debtors and debtors in possession in the above-captioned case (collectively, the "Debtors") by and through their undersigned counsel, hereby move the Court (the "Motion") for the entry of an order authorizing the Debtors to enter in to a settlement on the terms reflected in the *Stipulation to File a Joint 9019 Motion* (the "Stipulation") a copy of which is attached hereto as **Exhibit A**, pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). In support of this Motion, the Debtors respectfully state as follows:

## Jurisdiction and Venue

1. The Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue is proper in this district under 28 U.S.C. §§ 1408 and 1409.

## Factual and Procedural Background

2. On June 14, 2016 (the "Petition Date"), each of the Debtors filed a voluntary petition in this Court for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code").

3. The Debtors continue to manage and operate their businesses as debtors in possession under Bankruptcy Code Sections 1107 and 1108.

4. On August 24, 2016, the United States Trustee appointed an Official Committee of Unsecured Creditors (the "Creditors' Committee") and an Official Committee of Equity Security Holders (the "Equity Committee", and together with the Creditors' Committee, collectively, the "Committees") [D.E. 166, 167].

5. On June 24, 2016, the New York State Department of Taxation and Finance (the "Department") filed Claim No. 1-1, as amended by Claim 1-2, against RMS Titanic, Inc., a general unsecured claim in the amount of $281.11, and a priority tax claim in the total amount of $1,036.73.

6. On July 5, 2016, the Department filed Claim No.1-1 against Premier Exhibitions Management, LLC ("PEM") a general unsecured claim in the amount of $9,502.44.

7. On June 20, 2016, the Department filed Claim No. 2-1 against Premier Exhibitions, Inc., an unsecured priority claim in the amount of $436,592.63, consisting of an alleged tax deficiency of $280,828.73 plus interest in the amount of $155,763.90 through the Petition Date. On November 4, 2016, the Department filed an amended claim, Claim No. 2-2, increasing the claim amount to $438,055.02. On November 22, 2017, the Department filed an amended claim, Claim No.2-3, decreasing the claim amount to $390,875.90. The claim consists of $251,662.05 in taxes and $137,877.62 in interest (Claims 2-1, 2-2, and 2-3 collectively the "Contested Claims").

8. On November 7, 2017, the Debtors filed their Objection to the Contested Claims No. 30 (the "Amended Objection"), asserting that the tax assessment is improper under New York law [D.E. 804].

9. On December 14, 2017, the Department filed its Response to Debtors' Amended Objection 2 Filed by New York Department of Taxation and Finance [D.E. 852].

10. The Contested Claims relates to an assessment of additional sales and use tax generated by the operation of Debtor's human anatomy exhibition in New York City for the period of March 1, 2009 through May 31, 2012 (the "Exhibition"). The Exhibition utilized preserved human remains (the "Specimens") to educate the public about anatomy and the benefits of healthy living habits.

11. As of the Petition Date, the Debtors and the Department were litigating the results of the audit through the New York State administrative process.

5.  Subject to Bankruptcy Court approval, the Debtors and the Department successfully resolved all claims between them, on terms memorialized in the Stipulation and summarized below:

> The Department's Claim 2-1, as amended by Claims 2-2 and 2-3 filed against Premier Exhibitions, Inc. ("PRXI") is hereby amended and shall be an allowed unsecured priority tax claim against PRXI. pursuant to 11 U.S.C.§ 507(a)(8) in the total amount of $251,662.05.

> The Department's Claim 1-1 as amended by Claim 1-2 filed against RMS Titanic, Inc. ("RMST") shall be allowed as follows: The Department shall have an allowed general unsecured claim in the amount of $281.11 against RMST and shall have an allowed priority tax claim against RMST pursuant to 11 U.S.C. § 507(a)(8) in the total amount of $1,036.73.

> The Department's Claim 1-1 filed against Premier Exhibitions Management, LLC ("PEM") shall be an allowed general unsecured claim against PEM in the amount of $9,502.44.

> This settlement is without prejudice to the right of the Department to object to the treatment of any of the above-allowed claims under any plan of reorganization submitted in this case or the right to oppose confirmation thereof.

> Except as set forth above, the Department shall have no further claims against the Debtors' estates.

This settlement is subject to the Bankruptcy Court's approval.

**Relief Requested**

6. The Debtors seek entry of an order under Bankruptcy Rule 9019 authorizing the Debtors to enter into and perform the settlement reflected in the Stipulation.

**Argument**

7. Bankruptcy Rule 9019 provides that "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." FED. R. BANKR. P. 9019. In reviewing any proposed settlement under Bankruptcy Rule 9019, courts will approve the settlement if it is "fair and equitable" and in the best interests of the debtor's bankruptcy estate. *Protective Comm. for Independent Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968). Within the Eleventh Circuit, courts evaluate a settlement proposed under Bankruptcy Rule 9019 by considering the following factors:

> (a) The probability of success in the litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience, and delay necessarily attending it; (d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises.

*Wallis v. Justice Oaks II, Ltd. (In re Justice Oaks II, Ltd.)*, 898 F.2d 1544, 1549 (11th Cir. 1990). "Courts consider these factors to determine 'the fairness, reasonableness and adequacy of a proposed settlement agreement.'" *Chira v. Saal (In re Chira)*, 567

F.3d 1307, 1312-1313 (11th Cir. 2009) (quoting *Martin v. Kane (In re A & C Props.)*, 784 F.2d 1377, 1381 (9th Cir. 1986)).

8.  The court must be informed of all the relevant facts and information to make an independent judgment as to whether the settlement is fair and reasonable under the circumstances. *In re Vazquez*, 325 B.R. 30, 36 (Bankr. S.D. Fla. 2005). "The court is neither to 'rubber stamp' the trustee's proposals nor to substitute its judgment for the trustee's, but rather to 'canvass the issues' and determine whether the settlement falls 'below the lowest point in the range of reasonableness.'" *Id.* (internal citation omitted). In doing so, the "bankruptcy court is 'entitled to give the trustee's judgment some deference.'" *Regions Bank v. Herendeen (In re Able Body Temp. Servs.)*, No. 8:13-bk-6864-CED, 2015 U.S. Dist. LEXIS 22742, at *10 (M.D. Fla. Feb. 25, 2015) (quoting *GMGRSST, Ltd. v. Menotte (In re Air Safety Int'l, L.C.)*, 336 B.R. 843, 859 (S.D. Fla. 2005).

9.  Here, the settlement terms reflected in the Stipulation are fair and equitable and provide a substantial benefit to the Debtors and their estates. Among other things, the settlement will result in the resolution of large and contested claims asserted against Debtors by the Department. Specifically, it will result in the reduction of a contested claim by approximately $140,000.00. Such a compromise agreement "allow[s] the trustee and creditors to avoid the expenses and burdens associated with litigating sharply contested and dubious claims." *In re A & C Props.*, 784 F.2d at 1380-81.

10. In addition, at least three[2] of the four *Justice Oaks* factors weigh in favor of settlement. The Claim implicates novel issues of New York law that have never been raised before. New York tax Tax Law § 1105(a) imposes a sales tax on the receipts from every retail sale of tangible personal property (except as otherwise provided). In addition, N.Y. Tax Law § 1110 imposes a compensating use tax for tangible personal property used in the State. In either case, a sale or purchase of tangible personal property must occur in order for sales or use tax to be imposed. The Debtors take that position that as human remains, the Specimens in the Exhibition do not constitute tangible personal property under New York law, and therefore are not subject to the sales and use tax under N.Y. Tax. Law § 1105(a) or § 1110.

11. Success in litigation is far from certain. The Department could also appeal an adverse decision, thus potentially leaving the resolution of a large claim pending for an undefined period. In sum, any litigation regarding the Contested Claims would implicate novel issues of law, would be uncertain, and disputed. Therefore, the first and third *Justice Oaks* factors weigh in favor of settlement.

12. Likewise, the fourth *Justice Oaks* factor weighs in favor of settlement. The Equity Committee supports resolution of the Contested Claims. Moreover, the Stipulation reduces the claims asserted against the Debtors and therefore enhances the prospects of a successful reorganization in these cases to the benefit of all

---

[2] Notably, the second *Justice Oaks* factor, collectability, is a non-issue here and is thus a neutral factor. *Cf. Regions Bank v. Herendeen (In re Able Body Temp. Servs.)*, No. 8:13-bk-6864-CED, 2015 U.S. Dist. LEXIS 22742, at *8 (M.D. Fla. Feb. 25, 2015) (affirming the bankruptcy court's approval of the settlement agreement, even though the second factor "played an insignificant role in the bankruptcy court's analysis.")

constituencies. Accordingly, the fourth *Justice Oaks* factor weighs in favor of settlement.

13. As such, the settlement reflected in the Stipulation should be approved and the Bankruptcy Court should enter an order approving the Stipulation.

WHEREFORE, the Debtors respectfully request that the Court enter an order approving the Stipulation, attached hereto as **Exhibit A**, granting the relief requested in the Motion, and such other and further relief as may be just and proper.

                                    NELSON MULLINS RILEY
                                    & SCARBOROUGH LLP

By  */s/ Daniel F. Blanks*
      Daniel F. Blanks (FL Bar No. 88957)
      Lee D. Wedekind, III (FL Bar No. 670588)
      50 N. Laura Street, Suite 4100
      Jacksonville, FL 32202
      (904) 665-3656 (direct)
      (904) 665-3699 (fax)
      daniel.blanks@nelsonmullins.com
      lee.wedekind@nelsonmullins.com

and

TROUTMAN SANDERS LLP
Harris B. Winsberg (Ga. Bar No. 117751)
Stephen S. Roach (Ga. Bar No. 770892)
600 Peachtree Street NE, Suite 5200
Atlanta, GA 30308
(404) 885-3000 (phone)
(404) 962-6990 (fax)
harris.winsberg@troutmansanders.com
stephen.roach@troutmansanders.com

*Counsel for the Debtors and Debtors in Possession*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using CM/ECF on March 6, 2018. I also certify that the foregoing document is being served this day on the following counsel of record via transmission of Electronic Filing generated by CM/ECF:

Jay B. Verona, Esq.
Shumaker, Loop & Kendrick, LLP
101 E. Kennedy Blvd., Suite 2800
Tampa, FL 33602
(813) 229-7600
jverona@slk-law.com
*Attorneys for George F. Eyde Orlando, LLC and Louis J. Eyde Orlando, LLC*

Jill E. Kelso, Esq.
Miriam G. Suarez, Esq.
Office of the United States Trustee
400 W. Washington Street, Suite 1100
Orlando FL 32801
(407) 648-6301 ext. 137
jill.kelso@usdoj.gov
Miriam.g.suarez@usdoj.gov
*Attorneys for Guy G. Gebhardt, Acting U.S. Trustee for Region 21*

Scott M. Grossman, Esq.
Greenberg Traurig
401 East Las Olas Boulevard, Suite 2000
Fort Lauderdale, FL 33301
(954) 768-5212
grossmansm@gtlaw.com
*Attorneys for Lang Feng, Haiping Zou, Jihe Zhang, and High Nature Holdings Limited*

Ari Newman, Esq.
Greenberg Traurig, P.A.
333 S.E. 2nd Avenue, Suite 4400
Miami, FL 33131
(305) 579-0500
newmanar@gtlaw.com
*Attorneys for Lang Feng, Haiping Zou, Jihe Zhang, and High Nature Holdings Limited*

Jason B. Burnett, Esq.
GrayRobinson, P.A.
50 N. Laura Street, Suite 1100
Jacksonville, FL 32202
(904) 598-9929
jason.burnett@gray-robinson.com
*Attorneys for 417 Fifth Avenue Real Estate, LLC*

Andrew T. Jenkins, Esq.
Bush Ross, P.A.
P.O. Box 3913
Tampa, FL 33601-3913
(813) 224-9255
ajenkins@bushross.com
*Attorneys for Bank of America, N.A.*

Matthew J. Troy, Esq.
U.S. Dept. of Justice
1100 L Street NW, Suite 10030
Washington, DC 20005
(202) 514-9038
matthew.troy@usdoj.gov
*Attorneys for the United States Department of Commerce, National Oceanic and Atmospheric Administration*

Kathy A. Jorrie, Esq.
Pillsbury Winthrop Shaw Pittman LLP
725 S. Figueroa Street, Suite 2800
Los Angeles, CA 90017
(213) 488-7251
Kathy.jorrie@pillsburylaw.com
*Attorneys for AEG Live, Inc.*

Brian D. Equi, Esq.
Goldberg Segalla, LLP
121 S. Orange Avenue, Suite 1500
Orlando, FL 32801
(407) 458-5608
bequi@goldbergsegalla.com
salamina@goldbergsegalla.com
sherndon@goldbergsegalla.com
*Attorneys for Structure Tone, Inc.*

J. Ellsworth Summers, Jr., Esq.
Burr Forman, LLP
50 N. Laura Street, Suite 3000
Jacksonville, FL 32202
(904) 232-7200
esummers@burr.com
*Attorneys for Michael J. Little*

Norman P. Fivel, Esq.
Assistant Attorney General
Office of the New York State
Attorney General
Civil Recoveries Bureau,
Bankruptcy Litigation Unit
The Capitol
Albany, NY 12224-0341
(518) 776-2264
norman.fivel@ag.ny.gov
*Attorneys for New York Dept. of Taxation and Finance*

D. Marcus Braswell, Jr., Esq.
Sugarman & Susskind, P.A.
100 Miracle Mile, Suite 300
Coral Gables, FL 33134
(305) 529-2801
mbraswell@sugarmansusskind.com
*Attorneys for Theatrical Protective Union, Local No. One, IATSE*

Chris Broussard, Esq.
Suzy Tate, P.A.
14502 N. Dale Mabry Highway, Suite 200
Tampa, FL 33618
(813) 264-1685
cbrouss@suzytate.com
*Attorneys for The Armada Group GP, Inc.*

Richard R. Thames, Esq.
Thames Markey & Heekin, P.A.
50 N. Laura Street, Suite 1600
Jacksonville, FL 32202
(904) 358-4000
rrt@tmhlaw.net
*Attorneys for Official Committee of Unsecured Creditors*

Avery Samet, Esq.
Jeffrey Chubak, Esq.
Storch Amini & Munves PC
140 East 45th Street, 25th Floor
New York, NY 10017
(212) 490-4100
asamet@samlegal.com
jchubak@samlegal.com
*Attorneys for Official Committee of
Unsecured Creditors*

Jacob A. Brown, Esq.
Katherine C. Fackler, Esq.
Akerman LLP
50 N. Laura Street, Suite 3100
Jacksonville, FL 32202
(904) 798-3700
jacob.brown@akerman.com
katherine.fackler@akerman.com
*Attorneys for the Official Committee of
Equity Security Holders of Premier
Exhibitions, Inc.*

T. David Mitchell, Esq.
Brenner Kaprosy Mitchell, L.L.P.
30050 Chagrin Blvd., Suite 100
Pepper Pike, OH 44124
(216) 292-5555
tdmitchell@brenner-law.com
*Attorneys for CRI Properties, Ltd.*

Susan R. Sherrill-Beard, Esq.
U.S. Securities and Exchange Commission
Office of Reorganization
950 East Paces Ferry Road, N.E.
Suite 900
Atlanta, GA 30326
(404) 842-7626
sherrill-beards@sec.gov
atlreorg@sec.gov
*Attorneys for U.S. Securities and
Exchange Commission*

Peter J. Gurfein, Esq.
Roye Zur, Esq.
Landau Gottfried & Berger LLP
1801 Century Park East, Suite 700
Los Angeles, CA 90067
(310) 557-0050
pgurfein@lgbfirm.com
rzur@lgbfirm.com
*Attorneys for Official Committee of Equity Security
Holders of Premier Exhibitions, Inc.*

Skyler M. Tanner, Esq.
Lane Powell PC
601 SW Second Avenue, Suite 2100
Portland, OR 97204
tanners@lanepowell.com
beldingt@lanepowell.com
docketing-pdx@lanepowell.com
*Attorneys for Oregon Museum of Science and
Industry*

Howard Siegel, Esq.
945 McKinney Street, PMB 434
Houston, TX 77002
(713) 984-4801
howard@eucinv.com
*Attorney for Euclid Investments, LP
And Euclid Claims Recovery LLC*

Garrett A. Nail, Esq.
John F. Isbell, Esq.
Thompson Hine LLP
3560 Lenox Road, Suite 1600
Atlanta, GA 30326
(404) 541-2900
garrett.nail@thompsonhine.com
john.isbell@thompsonhine.com
*Attorneys for Bay Point Capital Partners, LP*

Steven R. Fox, Esq.
Fox Law Corporation
17835 Ventura Blvd., Suite 306
Encino, CA 91316
srfox@foxlaw.com
*Attorneys for Titanic Entertainment Holdings*

Stephen D. Busey, Esq.
Asghar A. Syed, Esq.
Smith Hulsey & Busey
225 Water Street, Suite 1800
Jacksonville, FL 32202
(904) 359-7700
busey@smithhulsey.com
asyed@smithhulsey.com
*Attorneys for the Ad Hoc Group of Equityholders*

Jennifer Feldsher, Esq.
David L. Lawton, Esq.
Bracewell LLP
1251 Avenue of the Americas
New York, NY 10020
(212) 508-6100
Jennifer.feldsher@bracewell.com
David.laweton@bracewell.com
*Attorneys for the Ad Hoc Group of Equityholders*

Patricia Ann Redmond, Esq.
Stearns Weaver, et al.
150 West Flagler Street, Suite 2200
Miami, FL 33130
(305) 789-3200
predmond@stearnweaver.com
*Attorneys for the Trustees of the National Maritime Museum*

Timothy Graulich, Esq.
James I. McClammy, Esq.
Mara Theophila, Esq.
Davis Polk & Wardwell LLP
450 Lexington Avenue
New York, NY 10017
(212) 450-4000
Timothy.graulich@davispolk.com
James.mcclammy@davispolk.com
Mara.theophila@davispolk.com
*Attorneys for the Trustees of the National Maritime Museum*

Jason B. Burnett, Esq.
Ashlea A. Edwards, Esq.
GrayRobinson, P.A.
50 N. Laura Street, Suite 1100
Jacksonville, FL 32202
(904) 598-9929
jason.burnett@gray-robinson.com
ashlea.edwards@gray-robinson.com
*Attorneys for Ramparts, Inc. d/b/a Luxor Hotel and Casino*

**Via U.S. Mail**

A-1 Storage and Crane
2482 197th Avenue
Manchester, IA 52057

A.N. Deringer, Inc.
PO Box 11349
Succursale Centre-Ville
Montreal, QC H3C 5H1

Broadway Video
30 Rockefeller Plaza
54th Floor
New York, NY 10112

Dentons Canada LLP
250 Howe Street, 20th Floor
Vancouver, BC V6C 3R8

Expedia, Inc.
10190 Covington Cross Drive
Las Vegas, NV 89144
Gowlings
550 Burrard Street
Suite 2300, Bental 5
Vancouver, BC V6C 2B5

Kirvin Doak Communications
5230 W. Patrick Lane
Las Vegas, NV 89118

Morris Visitor Publications
PO Box 1584
Augusta, GA 30903

National Geographic Society
1145 - 17th Avenue NW
Washington, DC 20036

ABC Imaging
5290 Shawnee Road, Suite 300
Alexandria, VA 22312

ATS, Inc.
1900 W. Anaheim Street
Long Beach, CA 90813

CBS Outdoor/Outfront Media
185 US Highway 48
Fairfield, NJ 07004

Enterprise Rent-A-Car Canada
709 Miner Avenue
Scarborough, ON M1B 6B6

George Young Company
509 Heron Drive
Swedesboro, NJ 08085
Hoffen Global Ltd.
305 Crosstree Lane
Atlanta, GA 30328

MNP LLP
15303 - 31st Avenue
Suite 301
Surrey, BC V3Z 6X2

NASDAQ Stock Market, LLC
805 King Farm Blvd.
Rockville, MD 20850

NYC Dept. of Finance
PO Box 3646
New York, NY 10008

PacBridge Limited Partners
22/F Fung House
19-20 Connaught Road
Central Hong Kong

Pallet Rack Surplus, Inc.
1981 Old Covington Cross Road NE
Conyers, GA 30013

Screen Actors Guild
1900 Broadway
5th Floor
New York, NY 10023

Seaventures, Ltd.
5603 Oxford Moor Blvd.
Windemere, FL 34786

Sophrintendenza Archeologica
di Napoli e Pompei
Piazza Museo 19
Naples, Italy 80135

Syzygy3, Inc.
231 West 29th Street
Suite 606
New York, NY 10001

Time Out New York
405 Park Avenue
New York, NY 10022

TPL
3340 Peachtree Road
Suite 2140
Atlanta, GA 30326

TSX Operating Co.
70 West 40th Street
9th Floor
New York, NY 10018

Verifone, Inc.
300 S. Park Place Blvd.
Clearwater, FL 33759

WNBC - NBC Universal Media
30 Rockefeller Center
New York, NY 10112

Jonathan B. Ross, Esq.
Gowling WLG (Canada) LLP
550 Burrard Street, Suite 2300, Bentall 5
Vancouver, BC V6C 2B5

United States Attorney's Office
Middle District of Florida
300 N. Hogan Street, Suite 700
Jacksonville, FL 32202

Christine R. Etheridge, Esq.
Bankruptcy Administration
Wells Fargo Vendor Financial Services, LLC
PO Box 13708
Macon, GA 31208

B.E. Capital Management Fund LP
Thomas Branziel
228 Park Avenue South, Suite 63787
New York, NY 10003
*Creditor Committee*

TSX Operating Co., LLC
c/o James Sanna
70 W. 40th Street
New York, NY 10018
*Creditor Committee*

Dallian Hoffen Biotechnique Co., Ltd.
c/o Ezra B. Jones
305 Crosstree Lane
Atlanta, GA 30328
***Creditor Committee***

                                            */s/ Daniel F. Blanks*
                                                 Attorney

~#4828-1385-9934~