UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

IN RE:

RMS Titanic, Inc., *et al.*,[1]

CHAPTER 11 (Jointly Administered)

Case No. 3:16-bk-02230-PMG

Debtor.

**DEBTORS' RESPONSE IN OPPOSITION TO MOTION FOR ORDER
AS TO INAPPLICABILITY OF AUTOMATIC STAY (BY LOUIS F.
EYDE ORLANDO, LLC AND GEORGE F. EYDE ORLANDO, LLC)
AND PRELIMINARY OBJECTION TO THE APPLICATION
FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE RENT**

RMS Titanic, Inc. ("RMST") and its affiliate debtors and debtors in possession in

the above-captioned case (collectively, the "Debtors"), by and through their undersigned

counsel, hereby file this response in opposition (the "Response") to the *Motion for Order*

*as to Inapplicability of Automatic Stay (By Louis F. Eyde Orlandlo, LLC and George F.*

*Eyde Orlando, LLC)* [D. E. 972, 975] (the "Eyde Motion") and preliminary objection to

the *Application for Allowance and Payment of Administrative Rent* [D. E. 979] (the

"Application"), respectfully showing the Court as follows:

---

[1] The Debtors in the chapter 11 cases, along with the last four digits of each Debtor's federal tax
identification number include: RMS Titanic, Inc. (3162); Premier Exhibitions, Inc. (4922); Premier
Exhibitions Management, LLC (3101); Arts and Exhibitions International, LLC (3101); Premier Exhibitions
International, LLC (5075); Premier Exhibitions NYC, Inc. (9246); Premier Merchandising, LLC (3867); and
Dinosaurs Unearthed Corp. (7309). The Debtors' service address is 3045 Kingston Court, Suite I, Peachtree
Corners, Georgia 30071.

**Preliminary Statement**

The Eyde Motion and Application concern a dispute pertaining to that certain *Lease for Premier Exhibition Management LLC* entered into by and between Debtor Premier Exhibition Management, LLC ("Premier" or "Tenant") and Louis J. Eyde Orlando, LLC along with George F. Eyde Orlando, LLC (collectively, the "Landlord"), dated as of June 5, 2017 (the "Lease"), with respect to certain real property and improvements located in Orlando, Florida intended for Premier's Dinosaur Exhibition (the "Premises").   Shortly after taking possession of the Premises in or around September 2017, after having invested nearly $350,000 in a buildout of the Premises, Premier was informed by local building officials that it would not be able to obtain a certificate of occupancy for the Premises. According to the officials, there were eleven (11) expired permits associated with the Premises that the Landlord would first need to address before a certificate of occupancy would be issued.

On or about the end of March 2018, the Landlord was able to clear the last of the expired permits.  However, Premier is still unable to obtain a certificate of occupancy.  On or around April 2, 2018, Premier was informed that its certificate of occupancy remains on hold due to outstanding utility capital fees associated with the Premises that the Landlord has not paid.  The inability to obtain a certificate of occupancy for the Premises has caused Premier to delay its full marketing efforts for the Dinosaur Exhibition.   As a result, revenue for the venue has suffered and Premier has postponed – and in some cases lost – significant media and advertising opportunities at the venue.

The relief requested in the Eyde Motion should be denied for at least two reasons. First, the Lease was entered into post-petition in the ordinary course of Premier's business and is, therefore, property of Premier's bankruptcy estate and subject to the automatic stay. Accordingly, the Eyde Motion should be denied to the extent it seeks an order finding either that the automatic stay does not apply to the Lease or, alternatively, that the Landlord is entitled to relief from the automatic stay to exercise its non-bankruptcy remedies with respect to the Premises and Lease – due to the continued inability of Premier to obtain a certificate of occupancy, among other things. Second, the Lease plainly provides that the commencement date thereunder shall be postponed, and by extension postponing Premier's obligation to pay rent, until the Premises are ready for Premier's occupancy. The Premises are in fact not ready for Premier's "occupancy" given that local officials continue to withhold a certificate of occupancy due to outstanding items under the Landlord's control. Accordingly, the Application is improper at this time and should be denied or, alternatively, continued until such time as Premier's certificate of occupancy is issued for the Premises and the parties have an opportunity to conduct discovery and schedule a final evidentiary hearing on what value, if any, the Lease and Premises benefitted the estate prior to the resolution of the certificate of occupancy and related issues.

### Jurisdiction and Venue

1.     The Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue is proper in this district under 28 U.S.C. §§ 1408 and 1409.

**Background**

2.      On June 14, 2016 (the "Petition Date"), each of the Debtors filed a voluntary petition in this Court for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq*. (the "Bankruptcy Code").

3.      The Debtors continue to manage and operate their businesses as debtors in possession under Bankruptcy Code Sections 1107 and 1108.

4.      On August 24, 2016, the United States Trustee appointed an Official Committee of Unsecured Creditors (the "Creditors' Committee") and an Official Committee of Equity Security Holders (the "Equity Committee", and together with the Creditors' Committee, collectively, the "Committees") [D.E. 166, 167].

5.      On June 12, 2017, Premier and Landlord entered into the Lease.  Premier took possession of the Premises in September of 2017 and – without notice or knowledge of the Landlord's expired permits or unpaid utility fees – executed an acknowledgment of the Lease commencement date.

6.      Shortly thereafter, Premier was issued a citation by local code enforcement due to exterior signage exceeding the size limitation of local zoning.  In connection with that citation and an inspection of the Premises by local officials, Premier first learned of the expired permits associated with the Premises.

7.      Premier worked diligently to submit variance applications and related documents to local building and zoning officials to address the signage violation and obtain to a certificate of occupancy.  However, it became clear in or around November 2017, that

local officials would not issue Premier's certificate of occupancy until all eleven (11) expired permits were cleared by the Landlord.

8.      Premier engaged a local permit expediter and consultant to work with the Landlord and local officials to facilitate the removal and remediation of the expired permits.  Even so, the expired permits were not fully cleared by the Landlord until the end of March 2018.  The expired permits, which can only be addressed by the Landlord, resulted in at least four (4) months of delay in Premier obtaining its certificate of occupancy for the Premises (notably, the delay is ongoing).

9.      The inability to obtain a certificate of occupancy for the Premises has caused Premier to delay its full marketing efforts for the Dinosaur Exhibition.  As a result, revenue for the venue has suffered and Premier has postponed – and in some cases lost – significant media and advertising opportunities at the venue.  Consequently, Premier has suffered damages due to the Landlord's failure to properly deliver the Premises on the intended commencement date.

10.      On April 2 and 5, 2018, Premier had its final hearings before local officials to address the signage variance application.  In connection with this hearing, Premier learned of an additional setback with respect to the certificate of occupancy: local officials would not release the certificate of occupancy on account of Landlord's past due utility capital and equipment fees with respect to the Premises.  As of the date hereof, the issue remains unresolved.

11.     Subsequent to the filing of the Eyde Motion and Application by the Landlord, the parties engaged in negotiations in an attempt to resolve the outstanding issues associated with the Lease and Premises; however, to date no agreement has been reached.

**Relief Requested**

12.     With respect to the Eyde Motion, Premier respectfully seeks the entry of an order (a) holding the Lease is property of the estate, and therefore subject to the automatic stay applicable under Section 362 of the Bankruptcy Code and (b) denying the Eyde Motion to the extent it seeks relief from the automatic stay to pursue non-bankruptcy remedies with respect to the Lease, Premier, or the Premises.

13.     With respect to the Application, Premier respectfully seeks the entry of an order denying the Application or, alternatively, continuing a ruling thereon until such time as Premier's certificate of occupancy is issued and entering a scheduling order to permit the parties to conduct discovery and schedule a final evidentiary hearing on what value, if any, the Lease and Premises benefitted the estate prior to the resolution of the certificate of occupancy and related issues.

**Argument**

14.     The Lease is property of the estate.  Section 541(a) of the Bankruptcy Code provides: "The commencement of a case under section 301, 302, or 303 of this title creates an estate.  Such estate is comprised of . . . all legal or equitable interests of the debtor in property as of the commencement of the case . . . [and] any interest in property that the estate acquires after the commencement of the case."  11 U.S.C. §§ 541 (a)(1), (7) (emphasis added).  "An example of the application of section 541 (a)(7) would be if the

6

trustee entered into a contract after the commencement of the case. The estate's interest in such a contract would, pursuant to section 541 (a)(7), be property of the estate." *In re Carroll*, 903 F.2d 1266, 1270 (9th Cir. 1990) (internal citations and quotations omitted). *See also Jahn v. Bacon (In re East Tech Co.)*, 528 B.R. 743, 752 (Bankr. E.D. Tenn. 2015 ("The [debtor in possession] entered into the lease for the for the benefit of the estate. As such, the leasehold interest became property of the estate.")

15.     The Landlord's contention that Premier's interest under the Lease "is not property of the bankruptcy estate" because "[t]he Lease was entered into post-petition," Eyde Motion ¶ 8A, lacks factual or legal support. The plain language of Section 541(a)(7) of the Bankruptcy Code provides for the inclusion in the bankruptcy estate of property acquired post-petition. *See* 11 U.S.C. § 541(a)(7); *see generally*, 5 *Collier on Bankruptcy* ¶ 541.16 (16th ed. 2018). Moreover, relevant precedent demonstrates that after-acquired contracts – including leases (and any interest thereunder) – become property of the estate pursuant to section 541(a)(7). *See, e.g.*, *In re East Tech Co.*, 528 B.R. at 752; *In re Carroll*, 903 F.2d at 1270; *Ellenberg v. R.J. Griffin & Co. (In re Midland Mech. Contractors, Inc.)*, 196 B.R. 653, 657 n.3 (Bankr. N.D. Ga. 1996) ( ". . . since the Debtor entered into the contract at issue in his capacity as debtor in possession, [it] thereby ma[de] the contract itself an asset of the bankruptcy estate[]").

16.     The Landlord's reliance on *Henderson v. White (In re Henderson)*, 560 B.R. 365 (Bankr. D.N.M. 2016) is misplaced. While the Eyde Motion cites to *Henderson* as support for their contention that the Lease and any interest thereunder "is not property of the bankruptcy estate," *Henderson*'s sweep is far narrower and must be limited to its facts.

7

*Henderson* simply provides that, under certain facts, the bankruptcy estate of a <u>Chapter 7</u> debtor does not include a lease entered into post-petition; *Henderson* does <u>not</u> state that post-petition leases are never part of the bankruptcy estate. *See id*. at 372.

17.   In *Henderson*, the debtors petitioned for Chapter 7 relief but failed to schedule their residential lease as an unexpired lease (or, for that matter, at all). *Henderson*, 650 B.R. at 371.   Then, post-petition, the debtors entered into what they contended was a lease "extension" of their existing pre-petition lease; however, they never amended their schedules to reflect the "extension." *Id*.   Shortly thereafter, the debtors failed to pay rent and their landlord began dispossessory proceedings, after which the debtors filed an adversary proceeding against their landlord seeking a determination that the dispossessory action violated the automatic stay. *Id*. at 368 – 69.

18.   The court found for the landlord, holding that the debtors' failure to schedule their pre-petition lease and their subsequent failure to amend their schedules to include their post-petition lease "extension" conclusively established that the "extension" was actually "a separate, post-petition agreement" that did not "extend the term of an unexpired, pre-petition lease." *Id*.   Accordingly, the court held that the lease "extension" was not part of the debtors' bankruptcy estate and that the landlord's actions to enforce the post-petition lease did not violate the automatic stay. *Id.*

19.   Given that *Henderson* was a Chapter 7 case, the court's conclusions with respect to the post-petition lease are uncontroversial.   In a Chapter 7 case, the petition for relief "separat[es] pre-petition and post-petition assets to provide a fresh start for a debtor who has declared Chapter 7 bankruptcy.   Thus, <u>unlike a case filed under Chapter 11</u> or 13,

the Chapter 7 debtor retains possession of property – or legal claims – acquired after he files his bankruptcy petition." *Ortega v. Bel Fuse, Inc.*, 546 B.R. 468, 470 (S.D. Fla. 2016) (emphasis added) (internal citations omitted).

20.     In other words, "[d]espite the fact . . . section 541(a)(7) appears to mandate the inclusion of post-petition property in the bankruptcy estate, courts distinguish between petitions filed under Chapter 7 and those filed under Chapter 11 and 13." *Id. See also In re Brannan*, 40 B.R. 20, 25 (Bankr. N.D. Ga. 1984).   Put simply, "property acquired postpetition by an <u>individual</u> debtor is usually not property of the estate."   5 *Collier on Bankruptcy* ¶ 541.02 (16th 2018) (emphasis in original).

21.     This distinction is crucial when comparing Chapter 7 precedent to Chapter 11 precedent.   In contrast to relief under Chapter 7, "at the filing of a typical Chapter 11 case. . . . All of the assets of the debtor, pre-petition <u>and post-petition</u>, are applied to the reorganization effort . . . ." *In re Brannan*, 40 B.R. at 25 (emphasis added).   Thus, after-acquired property of a Chapter 11 debtor-in-possession becomes property of the estate pursuant to 11 U.S.C. § 541(a)(7). *See, e.g.*, *MacKenzie v. Neidorf (In re Neidorf)*, 534 B.R. 369, 371-72 (B.A.P. 9th Cir. 2015) (identifying the three disjunctive factors utilized within the Ninth Circuit to determine whether after-acquired property becomes property of <u>the estate</u> as opposed to property of the debtor, individually).

22.     Here, the Lease was entered into post-petition, in the ordinary course of business of the Debtors, and is, therefore, property of the Debtors' estate pursuant to both the plain text of Bankruptcy Code Section 541(a)(7) and all relevant precedent. *See id.*

("For the after-acquired interest to be considered property of the estate under § 541(a)(7) the interest [must be] . . . acquired in the estate's normal course of business.")

23.     Given that the Lease is property of the estate, the automatic stay applies.  11 U.S.C. § 362(a)(3) provides that "a petition filed under section 301, 302, or 303 of this title . . . operates as a stay, applicable to all entities, of – . . . any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." *Id.*  "A common example is a lease of real property.  Clearly, an attempted ouster, after the commencement of the case, of a debtor who is a lessee would be stayed under section 362(a)(3)."  3 *Collier on Bankruptcy* ¶ 362.03 (16th ed. 2018); *accord In re Bos. Bus. Machs.*, 87 B.R. 867 (Bankr. E.D. Pa. 1988); *In re East Tech Co.* 528 B.R. at 751-52.

24.     The Landlord is not entitled to relief from the stay.  Although Premier began withholding rent in January 2018 due to the inability to obtain a certificate of occupancy, it disputes what rent, if any, is currently due and owing under the Lease.  The Lease provides, among other things, for the postponement of the commencement date of the term of the Lease: "In the event Landlord fails to deliver the Premises on the Commencement Date because the Premises are not then ready for occupancy . . .  the Commencement Date of this Lease shall be postponed until such time as the Premises are ready for Tenant's occupancy . . ." Lease ¶ 3.1.  Any delay of the Commencement Date effects the rent due and owing under the Lease, as Minimum Rent due under the Lease is "payable in advance . . . on the first day of each calendar month included in the Lease Term." Lease ¶ 5.1(a) (emphasis added).  Naturally, the Lease Term does not begin until the Commencement

Date.  Lease ¶ 3.1 ("Initial Term: The Tenant is to have and to hold the Premises for the term provided in Article 1.1 ['Lease Term'], commencing on the Commencement Date . . .").

25.    Because of the Landlord's failure to address the expired permits and unpaid utility capital charges, Premier has not yet been issued a certificate of occupancy.  Without a certificate of occupancy, the premises are not "ready for occupancy"; therefore, the Landlord has failed to satisfy a condition precedent to the beginning of the "Initial Term" and Tenant's corresponding duty to remit rent.  Consequently, the Eyde Motion should be denied to the extent it seeks relief from the automatic stay to exercise any non-bankruptcy remedies with respect to Premier, the Lease, or the Premises.

26.    Similarly, the Application should also be denied. The lack of a certificate of occupancy, caused by the Landlord's failure to deliver the Premises free of expired permits and utility charge assessments, has significantly hindered Premier's ability to fully realize the benefits of the Lease and Premises, and resulted in increased expense and lost revenue to Premier.  And, pursuant to Section 3.1 of the Lease, Premier's obligation to pay rent was and remains tolled due to the postponement of the commencement date thereunder.

27.    Alternatively, requests that the Application be continued until such time as Premier is able to obtain a certificate of occupancy for the Premises and the entry of a scheduling order providing discovery on the Application and scheduling a final evidentiary hearing thereon.

WHEREFORE, the Debtors respectfully request that the Court enters an order:

(a)     Finding that the Lease is property of the Debtors' bankruptcy estate;

(b)     Applying the automatic stay to the Lease and all actions arising pursuant to

the Lease;

(c)     Denying the Landlord's petition for relief from the automatic stay;

(d)     Denying the Landlord's application for administrative rent, or alternatively,

continuing the Application and entering a scheduling order providing for

discovery and a final hearing thereon; and

(e)     Granting such other and further relief as may be just and proper.

NELSON MULLINS RILEY
& SCARBOROUGH LLP

By          */s/ Daniel F. Blanks*
            Daniel F. Blanks (FL Bar No. 88957)
            Lee D. Wedekind, III (FL Bar No. 670588)
            50 N. Laura Street, Suite 4100
            Jacksonville, FL 32202
            (904) 665-3656 (direct)
            (904) 665-3699 (fax)
            daniel.blanks@nelsonmullins.com
            lee.wedekind@nelsonmullins.com

and

TROUTMAN SANDERS LLP
Harris B. Winsberg (Ga. Bar No. 117751)
Stephen S. Roach (Ga. Bar No. 770892)
600 Peachtree Street NE, Suite 5200
Atlanta, GA 30308
(404) 885-3000 (phone)
(404) 962-6990 (fax)
harris.winsberg@troutmansanders.com
stephen.roach@troutmansanders.com

*Counsel for the Debtors and Debtors in Possession*

12

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using CM/ECF on April 7, 2018.  I also certify that the foregoing document is being served this day on the following counsel of record via transmission of Electronic Filing generated by CM/ECF:

Jay B. Verona, Esq.
Shumaker, Loop & Kendrick, LLP
101 E. Kennedy Blvd., Suite 2800
Tampa, FL 33602
(813) 229-7600
jverona@slk-law.com
*Attorneys for George F. Eyde*
*Orlando, LLC and Louis J. Eyde*
*Orlando, LLC*

Jill E. Kelso, Esq.
Miriam G. Suarez, Esq.
Office of the United States Trustee
400 W. Washington Street, Suite 1100
Orlando FL 32801
(407) 648-6301 ext. 137
jill.kelso@usdoj.gov
Miriam.g.suarez@usdoj.gov
*Attorneys for Guy G. Gebhardt,*
*Acting U.S. Trustee for Region 21*

Scott M. Grossman, Esq.
Greenberg Traurig
401 East Las Olas Boulevard, Suite 2000
Fort Lauderdale, FL 33301
(954) 768-5212
grossmansm@gtlaw.com
*Attorneys for Lang Feng, Haiping Zou,*
*Jihe Zhang, and High Nature Holdings*
*Limited*

Ari Newman, Esq.
Greenberg Traurig, P.A.
333 S.E. 2nd Avenue, Suite 4400
Miami, FL 33131
(305) 579-0500
newmanar@gtlaw.com
*Attorneys for Lang Feng, Haiping Zou,*
*Jihe Zhang, and High Nature Holdings*
*Limited*

Jason B. Burnett, Esq.
GrayRobinson, P.A.
50 N. Laura Street, Suite 1100
Jacksonville, FL 32202
(904) 598-9929
jason.burnett@gray-robinson.com
*Attorneys for 417 Fifth Avenue Real*
*Estate, LLC*

Andrew T. Jenkins, Esq.
Bush Ross, P.A.
P.O. Box 3913
Tampa, FL 33601-3913
(813) 224-9255
ajenkins@bushross.com
*Attorneys for Bank of America, N.A.*

13

Matthew J. Troy, Esq.
U.S. Dept. of Justice
1100 L Street NW, Suite 10030
Washington, DC 20005
(202) 514-9038
matthew.troy@usdoj.gov
*Attorneys for the United States Department of Commerce, National Oceanic and Atmospheric Administration*

Brian D. Equi, Esq.
Goldberg Segalla, LLP
121 S. Orange Avenue, Suite 1500
Orlando, FL 32801
(407) 458-5608
bequi@goldbergsegalla.com
salamina@goldbergsegalla.com
sherndon@goldbergsegalla.com
*Attorneys for Structure Tone, Inc.*

Norman P. Fivel, Esq.
Assistant Attorney General
Office of the New York State
Attorney General
Civil Recoveries Bureau,
Bankruptcy Litigation Unit
The Capitol
Albany, NY 12224-0341
(518) 776-2264
norman.fivel@ag.ny.gov
*Attorneys for New York Dept. of Taxation and Finance*

Chris Broussard, Esq.
Suzy Tate, P.A.
14502 N. Dale Mabry Highway, Suite 200
Tampa, FL 33618
(813) 264-1685
cbrouss@suzytate.com
*Attorneys for The Armada Group GP, Inc.*

Kathy A. Jorrie, Esq.
Pillsbury Winthrop Shaw Pittman LLP
725 S. Figueroa Street, Suite 2800
Los Angeles, CA 90017
(213) 488-7251
Kathy.jorrie@pillsburylaw.com
*Attorneys for AEG Live, Inc.*

J. Ellsworth Summers, Jr., Esq.
Burr Forman, LLP
50 N. Laura Street, Suite 3000
Jacksonville, FL 32202
(904) 232-7200
esummers@burr.com
*Attorneys for Michael J. Little*

D. Marcus Braswell, Jr., Esq.
Sugarman & Susskind, P.A.
100 Miracle Mile, Suite 300
Coral Gables, FL 33134
(305) 529-2801
mbraswell@sugarmansusskind.com
*Attorneys for Theatrical Protective Union, Local No. One, IATSE*

Richard R. Thames, Esq.
Thames Markey & Heekin, P.A.
50 N. Laura Street, Suite 1600
Jacksonville, FL 32202
(904) 358-4000
rrt@tmhlaw.net
*Attorneys for Official Committee of Unsecured Creditors*

Avery Samet, Esq.
Jeffrey Chubak, Esq.
Storch Amini & Munves PC
140 East 45th Street, 25th Floor
New York, NY 10017
(212) 490-4100
asamet@samlegal.com
jchubak@samlegal.com
*Attorneys for Official Committee of
Unsecured Creditors*

Jacob A. Brown, Esq.
Katherine C. Fackler, Esq.
Akerman LLP
50 N. Laura Street, Suite 3100
Jacksonville, FL 32202
(904) 798-3700
jacob.brown@akerman.com
katherine.fackler@akerman.com
*Attorneys for the Official Committee of
Equity Security Holders of Premier
Exhibitions, Inc.*

T. David Mitchell, Esq.
Brenner Kaprosy Mitchell, L.L.P.
30050 Chagrin Blvd., Suite 100
Pepper Pike, OH 44124
(216) 292-5555
tdmitchell@brenner-law.com
*Attorneys for CRI Properties, Ltd.*

Susan R. Sherrill-Beard, Esq.
U.S. Securities and Exchange Commission
Office of Reorganization
950 East Paces Ferry Road, N.E.
Suite 900
Atlanta, GA 30326
(404) 842-7626
sherrill-beards@sec.gov
atlreorg@sec.gov
*Attorneys for U.S. Securities and
Exchange Commission*

Peter J. Gurfein, Esq.
Roye Zur, Esq.
Landau Gottfried & Berger LLP
1801 Century Park East, Suite 700
Los Angeles, CA 90067
(310) 557-0050
pgurfein@lgbfirm.com
rzur@lgbfirm.com
*Attorneys for Official Committee of Equity Security
Holders of Premier Exhibitions, Inc.*

Skyler M. Tanner, Esq.
Lane Powell PC
601 SW Second Avenue, Suite 2100
Portland, OR 97204
tanners@lanepowell.com
beldingt@lanepowell.com
docketing-pdx@lanepowell.com
*Attorneys for Oregon Museum of Science and
Industry*

Howard Siegel, Esq.
945 McKinney Street, PMB 434
Houston, TX 77002
(713) 984-4801
howard@eucinv.com
*Attorney for Euclid Investments, LP
And Euclid Claims Recovery LLC*

Garrett A. Nail, Esq.
John F. Isbell, Esq.
Thompson Hine LLP
3560 Lenox Road, Suite 1600
Atlanta, GA 30326
(404) 541-2900
garrett.nail@thompsonhine.com
john.isbell@thompsonhine.com
*Attorneys for Bay Point Capital Partners, LP*

15

Steven R. Fox, Esq.
Fox Law Corporation
17835 Ventura Blvd., Suite 306
Encino, CA 91316
srfox@foxlaw.com
*Attorneys for Titanic Entertainment
Holdings*

Stephen D. Busey, Esq.
Asghar A. Syed, Esq.
Smith Hulsey & Busey
225 Water Street, Suite 1800
Jacksonville, FL 32202
(904) 359-7700
busey@smithhulsey.com
asyed@smithhulsey.com
*Attorneys for the Ad Hoc Group of Equityholders*

Jennifer Feldsher, Esq.
David L. Lawton, Esq.
Bracewell LLP
1251 Avenue of the Americas
New York, NY 10020
(212) 508-6100
Jennifer.feldsher@bracewell.com
David.laweton@bracewell.com
*Attorneys for the Ad Hoc Group of
Equityholders*

Patricia Ann Redmond, Esq.
Stearns Weaver, et al.
150 West Flagler Street, Suite 2200
Miami, FL 33130
(305) 789-3200
predmond@stearnweaver.com
*Attorneys for the Trustees of the National Maritime
Museum*

Timothy Graulich, Esq.
James I. McClammy, Esq.
Mara Theophila, Esq.
Davis Polk & Wardwell LLP
450 Lexington Avenue
New York, NY 10017
(212) 450-4000
Timothy.graulich@davispolk.com
James.mcclammy@davispolk.com
Mara.theophila@davispolk.com
*Attorneys for the Trustees of the National
Maritime Museum*

Jason B. Burnett, Esq.
Ashlea A. Edwards, Esq.
GrayRobinson, P.A.
50 N. Laura Street, Suite 1100
Jacksonville, FL 32202
(904) 598-9929
jason.burnett@gray-robinson.com
ashlea.edwards@gray-robinson.com
*Attorneys for Ramparts, Inc. d/b/a Luxor Hotel
and Casino*

**Via U.S. Mail**

A-1 Storage and Crane
2482 197th Avenue
Manchester, IA 52057

ABC Imaging
5290 Shawnee Road, Suite 300
Alexandria, VA 22312

16

A.N. Deringer, Inc.
PO Box 11349
Succursale Centre-Ville
Montreal, QC H3C 5H1

ATS, Inc.
1900 W. Anaheim Street
Long Beach, CA 90813

Broadway Video
30 Rockefeller Plaza
54th Floor
New York, NY 10112

CBS Outdoor/Outfront Media
185 US Highway 48
Fairfield, NJ 07004

Dentons Canada LLP
250 Howe Street, 20th Floor
Vancouver, BC V6C 3R8

Enterprise Rent-A-Car Canada
709 Miner Avenue
Scarborough, ON M1B 6B6

Expedia, Inc.
10190 Covington Cross Drive
Las Vegas, NV 89144
Gowlings
550 Burrard Street
Suite 2300, Bental 5
Vancouver, BC V6C 2B5

George Young Company
509 Heron Drive
Swedesboro, NJ 08085
Hoffen Global Ltd.
305 Crosstree Lane
Atlanta, GA 30328

Kirvin Doak Communications
5230 W. Patrick Lane
Las Vegas, NV 89118

MNP LLP
15303 - 31st Avenue
Suite 301
Surrey, BC V3Z 6X2

Morris Visitor Publications
PO Box 1584
Augusta, GA 30903

NASDAQ Stock Market, LLC
805 King Farm Blvd.
Rockville, MD 20850

National Geographic Society
1145 - 17th Avenue NW
Washington, DC 20036

NYC Dept. of Finance
PO Box 3646
New York, NY 10008

PacBridge Limited Partners
22/F Fung House
19-20 Connaught Road
Central Hong Kong

Pallet Rack Surplus, Inc.
1981 Old Covington Cross Road NE
Conyers, GA 30013

17

Screen Actors Guild
1900 Broadway
5th Floor
New York, NY 10023

Seaventures, Ltd.
5603 Oxford Moor Blvd.
Windemere, FL 34786

Sophrintendenza Archeologica
di Napoli e Pompei
Piazza Museo 19
Naples, Italy 80135

Syzygy3, Inc.
231 West 29th Street
Suite 606
New York, NY 10001

Time Out New York
405 Park Avenue
New York, NY 10022

TPL
3340 Peachtree Road
Suite 2140
Atlanta, GA 30326

TSX Operating Co.
70 West 40th Street
9th Floor
New York, NY 10018

Verifone, Inc.
300 S. Park Place Blvd.
Clearwater, FL 33759

WNBC - NBC Universal Media
30 Rockefeller Center
New York, NY 10112

Jonathan B. Ross, Esq.
Gowling WLG (Canada) LLP
550 Burrard Street, Suite 2300, Bentall 5
Vancouver, BC V6C 2B5

United States Attorney's Office
Middle District of Florida
300 N. Hogan Street, Suite 700
Jacksonville, FL 32202

Christine R. Etheridge, Esq.
Bankruptcy Administration
Wells Fargo Vendor Financial Services, LLC
PO Box 13708
Macon, GA 31208

B.E. Capital Management Fund LP
Thomas Branziel
228 Park Avenue South, Suite 63787
New York, NY 10003
*Creditor Committee*

TSX Operating Co., LLC
c/o James Sanna
70 W. 40th Street
New York, NY 10018
*Creditor Committee*

18

Dallian Hoffen Biotechnique Co., Ltd.
c/o Ezra B. Jones
305 Crosstree Lane
Atlanta, GA 30328
*Creditor Committee*


                                            */s/ Daniel F. Blanks*
                                                 Attorney

~#4847-7787-5041~

19