ORDERED.

Dated:  April 10, 2018

_____
Paul M. Glenn
United States Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

In re:

RMS TITANIC, INC., *et al.*,[1]

Debtors.

Case No. 3:16-bk-02230-PMG
Chapter 11 (Jointly Administered)

**ORDER GRANTING MOTION OF THE DEBTORS FOR APPROVAL**
**OF SETTLEMENT AGREEMENT WITH NEW YORK STATE**
**DEPARTMENT OF TAXATION AND FINANCE PURSUANT TO**
**RULE 9019 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**

THIS PROCEEDING came before the Court without a hearing upon the Motion of the Debtors for Approval of Settlement Agreement with New York State Department of Taxation and Finance Pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure [D.E. 971] (the "Motion")[2] to approve the settlement (the "Settlement") between Debtors and the New York State Department of Taxation and Finance (the

---

[1] The Debtors in the chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number include: RMS Titanic, Inc. (3162); Premier Exhibitions, Inc. (4922); Premier Exhibitions Management, LLC (3101); Arts and Exhibitions International, LLC (3101); Premier Exhibitions International, LLC (5075); Premier Exhibitions NYC, Inc. (9246); Premier Merchandising, LLC (3867); and Dinosaurs Unearthed Corp. (7309).  The Debtors' service address is 3045 Kingston Court, Suite I, Peachtree Corners, Georgia 30071.

[2] Capitalized terms used but not defined herein shall have the meaning given to them in the Motion.

"Department") (collectively, the "Parties"), pursuant to which the issues between the parties related to Claim Nos. (i) 1-2 against RMS Titanic, Inc., (ii) 1-1 against Premier Exhibitions Management, LLC, and (iii) 2-1 against Premier Exhibitions, Inc. are resolved. For the reasons stated in the Motion, the Court has determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest. Further, it appears that proper and adequate notice of the Motion has been given in compliance with the negative notice procedures provided in Local Rule 2002-4.

Accordingly, it is

**ORDERED:**

1. The Motion is **GRANTED**.

*2.* The Settlement is approved.

3. The Department's Claim 2-1, as amended by Claims 2-2 and 2-3 filed against Premier Exhibitions, Inc. ("PRXI") is hereby allowed unsecured priority tax claim against PRXI. pursuant to 11 U.S.C.§ 507(a)(8) in the total amount of $251,662.05, which shall be paid pursuant to any confirmed plan in these cases and/or further order of the Court.

4. The Department's Claim 1-1 as amended by Claim 1-2 filed against RMS Titanic, Inc. ("RMST") shall be allowed as follows: (i) the Department shall have an allowed general unsecured claim in the amount of $281.11 against RMST; and (ii) the Department shall have an allowed unsecured priority tax claim against RMST pursuant

to 11 U.S.C. § 507(a)(8) in the total amount of $1,036.73, which shall be paid pursuant to any confirmed plan in these cases and/or further order of the Court.

5. The Department's Claim 1-1 filed against Premier Exhibitions Management, LLC ("PEM") shall be an allowed general unsecured claim against PEM in the total amount of $9,502.44, which shall be paid pursuant to any confirmed plan in these cases and/or further order of the Court.

6. Except as set forth above, the Department shall have no further claims against the Debtors' estates.

7. The Parties are authorized to take all steps necessary to consummate and perform the terms of the Settlement.

8. This Order shall be immediately effective and enforceable upon its entry.

### 

Attorney Daniel F. Blanks is directed to serve a copy of this Order on all non-CM/ECF interested parties and file a proof of service within 3 days of entry of the Order.

~#4819-9380-8478~