**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

In re:

RMS TITANIC, INC., *et al.*,[1]

Debtors.

Case No. 3:16-bk-02230-PMG
Chapter 11 (Jointly Administered)

**DEBTOR'S OBJECTION TO THE EQUITY COMMITTEE'S**
**EMERGENCY DERIVATIVE STANDING MOTION AND**
**EMERGENCY APPLICATION TO EMPLOY SPECIAL COUNSEL**

RMS Titanic, Inc. and its debtor affiliates (the "Debtors") hereby object to the (a) emergency motion of the Official Committee of Equity Security Holders (the "Equity Committee") for derivative standing to prosecute litigation on behalf of the Debtors' estates (the "Motion") [D.E. 1015], and (b) emergency application to employ Robert Charbonneau and Agentis PLLC as special counsel to the Equity Committee, pursuant to Bankruptcy Code section 327(e)[2] ("Employment Application") [D.E. 1017]. The Debtors join in the objection to the Motion and the Employment Application filed by the Official Committee of Unsecured Creditors [D.E. 1023] and further respectfully state as follows:

---

[1] The Debtors in the chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number include: RMS Titanic, Inc. (3162); Premier Exhibitions, Inc. (4922); Premier Exhibitions Management, LLC (3101); Arts and Exhibitions International, LLC (3101); Premier Exhibitions International, LLC (5075); Premier Exhibitions NYC, Inc. (9246); Premier Merchandising, LLC (3867); and Dinosaurs Unearthed Corp. (7309). The Debtors' service address is 3045 Kingston Court, Suite I, Peachtree Corners, Georgia 30071.

[2] The Employment Application states that it is brought under section 327(a). Proposed special counsel has agreed that any retention would appropriately be under section 327(e).

### I.     THERE IS NO BASIS FOR EMERGENCY RELIEF

1. The Motion purports to be brought on an emergency basis because the statute of limitations on certain claims may expire as early as June 14, 2018. There is no explanation in the Motion or letter attached to it (the "Letter") explaining why the Equity Committee waited until May of 2018 to make its demand on the Debtors, thus necessitating an emergency hearing.

2. The delay is troubling given the amount of time and resources the Equity Committee has devoted (at the estates' expense) to investigate its alleged claims. The Equity Committee began its investigation immediately upon approval of its application to retain counsel on October 13, 2016, and informed the Debtors and their insurance carriers as early as October 30, 2016, of the Equity Committee's intention to file claims. The Equity Committee issued its first subpoenas to the Debtors on December 23, 2016, and has been engaged in significant discovery on its claims ever since, issuing a second subpoena on February 13, 2017, and taking depositions of previous officers and directors. After 20 months of investigation and discovery, the Equity Committee waited until the eve of the two-year anniversary of these cases to give the Debtors only 8 days to respond to the Letter.

3. The Equity Committee's reliance on language in the Plan Support Agreement to support its emergency request is misplaced at best. The language in the Plan Support Agreement is little more than standard language to preserve estate claims. Nothing in the Plan Support Agreement specifically contemplated the claims now being alleged by the Equity Committee or prevented the Equity Committee from acting prior

to its Letter and Motion. To read the Motion, one would think the Equity Committee was caught unawares at the beginning of May that a plan will not be confirmed prior to June 14, 2018. Suffice it to say that the Equity Committee has been involved in the sale process every step of the way since the summer of 2017 and has been kept abreast of the Debtors' efforts to consummate a transaction and confirm a plan. The Equity Committee cannot claim that it is surprised that confirmation will not occur prior to June 14, and any emergency is of the Equity Committee's own making.

4.      The Motion and Letter further fail to explain why the Equity Committee believes any of the alleged claims may expire on June 14, 2018. Presumably, the Equity Committee is referring to the two-year limitations period pursuant to sections 108(a) and 546(a) of the Bankruptcy Code, but there is no analysis or discussion of which claims, if any, alleged by the Equity Committee might expire pursuant to sections 108(a) and 546(a).

5.      While the Motion requests standing to pursue a wide range of avoidance actions and other vaguely defined Insider, Transfer, and Miscellaneous Claims, the Equity Committee has made no showing in the Motion, Letter, or otherwise, of any specific avoidance actions that will expire on June 14, 2018. The Debtors are aware of only one potential avoidance action against potential insiders and are currently negotiating a tolling agreement with those parties to preserve such claims beyond June 14, 2018. The Equity Committee is aware that the Debtors are negotiating such a tolling agreement but omits that fact from the Motion.

6. If the Equity Committee is aware of any additional avoidance actions against insiders, or any other parties, that may expire on June 14, 2018, the Equity Committee should bring those claims to the Debtors' attention with more specificity than provided in the Motion or the Letter. Without more information regarding potential avoidance actions subject to 546(a), there is no reason the Motion needs to be decided on an emergency basis.

7. The Equity Committee should produce a complaint setting forth in detail the specific claims it intends to file. As discussed below, without such a complaint, there is no ability to conduct a proper analysis of the alleged claims. Rushing to determine derivative standing on an emergency basis without giving the parties and the Court the ability to review a complaint is wasteful and counterproductive. The Court should not rush its decision to grant derivative standing without the benefit of knowing precisely what claims the Equity Committee intends to file.

## II.     THE MOTION IS PREMATURE WITHOUT A COMPLAINT

8. Without providing a draft complaint(s), the Equity Committee has failed to satisfy at least two of the requirements for derivative standing. Assuming that the Eleventh Circuit would recognize derivative standing and assuming further that it would adopt the four-factor test set forth by the Equity Committee, the Equity Committee fails to show a prima facie demonstration of a colorable claim (factor three) and that the Debtors' refusal to prosecute the Estate Claims was unjustified (factor two). In the absence of a showing of either of those factors, the Motion should be denied.

> **A.      The Equity Committee fails to make a prima facie demonstration of a colorable claim.**

9.      The Equity Committee's request for exclusive standing to bring all Estate Claims is far too broad and ill-defined to pass muster under a colorable claims analysis. The Equity Committee is seeking standing to assert all "Estate Claims," which are defined to include "Insider Claims, D&O Claims, Transfer Claims, and Miscellaneous Claims, and any other similar claims the Equity Committee may discover." Motion ¶ 47. Page four of the Motion further expands the request to include "all available actions" with no qualification of any kind. Effectively, the Equity Committee is asking for carte blanche permission to bring any and all claims it can think of. The Equity Committee cannot do this because it must demonstrate that its proposed claims are "colorable." *See, e.g.*, *PW Enters. v. N.D. Racing Comm'n (In re Racing Servs.)*, 540 F.3d 892, 900 (8th Cir. 2008).

10.     Most courts hold that a determination of whether claims are colorable is properly assessed under the same standard as a motion to dismiss. *See, e.g.*, *id.*; *see also In re Copperfield Invs., LLC*, 421 B.R. 604, 609 (Bankr. E.D.N.Y. 2010) (gathering cases stating that the motion to dismiss standard is proper).

11.     To withstand a motion to dismiss, a plaintiff must provide "the grounds of his entitle[ment] to relief" which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (formatting in original) (internal citations and quotations omitted). Analysis of claims and causes of action presupposes the existence of a

complaint. *Cf. id.* Likewise, analysis of whether claims are "colorable" logically requires the existence of a claim – set forth in a complaint. *See, e.g.*, *In re Caesars Entm't Operating Co.*, 561 B.R. 457, 465 (Bankr. N.D. Ill. 2016) ("the Committee asked permission to file and prosecute on behalf of the estates a fifteen-count complaint (a draft of which the Committee attached)"); *In re Centaur, LLC*, No. 10-10799 (KJC), 2010 Bankr. LEXIS 3918, at *12 (Bankr. D. Del. Nov. 5, 2010) ("The Committee prepared the Draft complaint . . . See Ex. A to the Standing Motion"). *See also In re Dzierzawski*, 518 B.R. 415, 420 (Bankr. E.D. Mich. 2014) ("In this case, Vulpina attached to its Motion a copy of the First Amended Complaint it filed . . . before the Debtor filed this bankruptcy case"); *Hyundai Translead, Inc. v. Jackson Truck & Trailer Repair, Inc. (In re Trailer Source, Inc.)*, 555 F.3d 231, 245 (6th Cir. 2009) ("Looking to the complaint that Hyundai filed in its separate district court action . . .").

12. Here, the Debtors' request for a draft complaint hardly "place[s] form over substance." Motion, at ¶ 56. Rather, reviewing a complaint is an integral component in assessing whether the claims therein are colorable (or whether there are claims at all). Yet, even assuming that the Letter or Motion is a suitable substitute for a complaint – which the Debtors dispute – the glaring omissions in the Motion and Letter make clear that they also fail to state colorable claims with respect to all categories of claims.

13. With respect to Insider Claims, Transfer Claims, and Miscellaneous Claims, the Equity Committee has failed to make any showing that it has colorable claims. The Equity Committee fails to identify a single transfer that it seeks to avoid for the

6

Transfer Claims. It fails to identify a single avoidance action under chapter 5 of the Bankruptcy Code that qualifies as an Insider Claim. And the Motion's list of Miscellaneous Claims provides no analysis or facts whatsoever in support. It is difficult to imagine a more thorough example of a "formulaic recitation of . . . a cause of action." *Twombly*, 550 U.S. at 555. In short, the Insider Claims, Transfer Claims, and Miscellaneous Claims are too vaguely defined to grant standing to the Equity Committee.

14.     With respect to the D&O Claims, the Creditors Committee has capably demonstrated the speculative nature of those claims and why estate resources should not be expended in bringing such claims. The Debtors believe that the Creditors Committee, not the Equity Committee, is the proper party to determine whether the D&O Claims should be prosecuted.[3] Accordingly, the Debtors join in the Creditor Committees analysis of the D&O Claims and its objection to the expenditure of any estate resources to prosecute such claims (including any reimbursement of costs to counsel proposed to be employed by the Equity Committee).

**B.     The Debtors' refusal to prosecute the Claims was not unjustified.**

15.     The Equity Committee also cannot show that there was an "unjustified refusal on the part of the debtor in possession to pursue the claim." *Southtrust Bank N.A. v. Jackson (In re Dur Jac Ltd.)*, 254 B.R. 279, 285 (Bankr. M.D. Ala. 2000) (denying a

---

[3] The Equity Committee turns the concept of creditor fiduciary on its head when it states on page 4 of the Motion that the "Debtors have inherent conflicts of interest and have refused to act as fiduciaries for the Estates to protect the unsecured creditors. Thus, the Equity Committee should be granted standing to pursue estate claims and causes of action against the Insiders, as well as authority to settle those claims." The Creditors Committee is obviously the proper party to determine whether prosecution of claims is in the best interest of unsecured creditors, not the Equity Committee. The Debtors also dispute any allegation that it has refused to act as a fiduciary to the unsecured creditors.

creditor's motion for derivative standing where the Debtor's "refusal to bring suit . . . was justifiable under the facts of th[e] case.")

16. The Equity Committee "bears 'the initial burden to allege facts showing that the refusal to file suit is unjustified.'" *Caesars Entm't Operating Co.*, 561 B.R. at 468 (quoting *Canadian Pac. Forest Prods. v. J.D. Irving, Ltd. (In re Gibson Grp.)*, 66 F.3d 1436 (6th Cir. 1995)). A tautological allegation that the "debtors' refusal to pursue the claims . . . is unjustified because the debtors have refused to pursue them" is insufficient to support a showing of unjustified refusal. *Id.* at 469. Rather, the moving party must allege enough to permit the reviewing court to "conduct a cost-benefit analysis" to determine whether the refusal was unjustified. *Id.* at 468.

17. In doing so, the court should consider the following factors: "(1) [the] probabilities of legal success and financial recovery in event of success; (2) the creditor's proposed fee arrangement; and (3) the anticipated delay and expense to the bankruptcy estate that the initiation and continuation of litigation will likely produce." *PW Enters.*, 540 F.3d at 901 (formatting in original) (internal citations and quotations omitted). *See also Caesars Entm't Operating Co.*, 561 B.R. at 469 (quoting same).

18. Here, out of the three *PW Enterprises* factors, the Equity Committee has addressed only one: its proposed contingency fee arrangement. The Motion and Letter are both devoid of any analysis as to the probability of recovery or the anticipated delay to the bankruptcy estate. This alone is sufficient to deny any request for derivative standing. *See id.* ("the Committee's failure to address unjustifiable refusal would be reason alone to deny the motion.").

19. Moreover, the proposed fee arrangement under the Employment Application[4] shows that the fee is not purely on contingency, but would require the Debtor to reimburse costs to proposed counsel. As the Creditors Committee has argued, such costs could prove substantial. The Debtors agree that any fee arrangement requiring the estate to fund the cost of litigating the "Estate Claims" is not in the best interest of the estate and should be rejected.

20. The Debtors did not unjustifiably refuse to prosecute the Estate Claims under the circumstances of the Equity Committee's demand and this case. As discussed above, without a complaint, the Letter is far too vague to allow the Debtors to make an informed decision regarding most of the claims the Equity Committee seeks standing to bring. The Creditors Committee does not believe the D&O Claims are worth pursuing, and the Debtor agrees. Under those circumstances, the Debtors were more than justified in refusing to prosecute the claims as presented by the Equity Committee.

**C.   The Equity Committee should file a complaint.**

21. Despite the numerous deficiencies with the Motion, the Letter, and the claims asserted by the Equity Committee, the Debtors suggest that instead of litigating these issues at this juncture in the case, the Equity Committee should file a complaint or complaints asserting any claims it believes are meritorious and subject to the statute of limitations. The Court should then stay any prosecution of such complaints while the

---

[4] The Debtors were not aware of the proposed counsel to prosecute the claims or the contingency fee arrangement at the time the Letter was given to the Debtors. It was not until after the Motion was filed that the Debtors learned that the Equity Committee had found counsel to take the case on a contingency basis.

Debtors, Committees, and other parties appropriately analyze whether such claims have merit and who the proper party is to prosecute any such claims.

WHEREFORE, the Debtors request that the Court deny the Motion for the reasons set forth above and grant such other relief as the Court deems proper under the circumstances.

NELSON MULLINS RILEY
& SCARBOROUGH LLP


By      */s/ Daniel F. Blanks*
    Daniel F. Blanks (FL Bar No. 88957)
    Lee D. Wedekind, III (FL Bar No. 670588)
    50 N. Laura Street, Suite 4100
    Jacksonville, FL 32202
    (904) 665-3656 (direct)
    (904) 665-3699 (fax)
    daniel.blanks@nelsonmullins.com
    lee.wedekind@nelsonmullins.com

and

TROUTMAN SANDERS LLP
Harris B. Winsberg (GA Bar No. 117751)
Stephen S. Roach (GA Bar No. 770892)
Matthew R. Brooks (GA Bar No. 378018)
600 Peachtree Street NE, Suite 5200
Atlanta, GA 30308
(404) 885-3000 (phone)
(404) 962-6990 (fax)
harris.winsberg@troutmansanders.com
stephen.roach@troutmansanders.com
matthew.brooks@troutmansanders.com

*Counsel for the Debtors and Debtors in Possession*

## **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using CM/ECF on May 21, 2018.  I also certify that the foregoing document is being served this day on the following counsel of record via transmission of Electronic Filing generated by CM/ECF:

Jay B. Verona, Esq.
Shumaker, Loop & Kendrick, LLP
101 E. Kennedy Blvd., Suite 2800
Tampa, FL 33602
(813) 229-7600
jverona@slk-law.com
*Attorneys for George F. Eyde Orlando, LLC and Louis J. Eyde Orlando, LLC*

Jill E. Kelso, Esq.
Miriam G. Suarez, Esq.
Office of the United States Trustee
400 W. Washington Street, Suite 1100
Orlando FL 32801
(407) 648-6301 ext. 137
jill.kelso@usdoj.gov
Miriam.g.suarez@usdoj.gov
*Attorneys for Guy G. Gebhardt, Acting U.S. Trustee for Region 21*

Scott M. Grossman, Esq.
Greenberg Traurig
401 East Las Olas Boulevard, Suite 2000
Fort Lauderdale, FL 33301
(954) 768-5212
grossmansm@gtlaw.com
*Attorneys for Lang Feng, Haiping Zou, Jihe Zhang, and High Nature Holdings Limited*

Ari Newman, Esq.
Greenberg Traurig, P.A.
333 S.E. 2nd Avenue, Suite 4400
Miami, FL 33131
(305) 579-0500
newmanar@gtlaw.com
*Attorneys for Lang Feng, Haiping Zou, Jihe Zhang, and High Nature Holdings Limited*

Jason B. Burnett, Esq.
GrayRobinson, P.A.
50 N. Laura Street, Suite 1100
Jacksonville, FL 32202
(904) 598-9929
jason.burnett@gray-robinson.com
*Attorneys for 417 Fifth Avenue Real Estate, LLC*

Andrew T. Jenkins, Esq.
Bush Ross, P.A.
P.O. Box 3913
Tampa, FL 33601-3913
(813) 224-9255
ajenkins@bushross.com
*Attorneys for Bank of America, N.A.*

Matthew J. Troy, Esq.
U.S. Dept. of Justice
1100 L Street NW, Suite 10030
Washington, DC 20005
(202) 514-9038
matthew.troy@usdoj.gov
*Attorneys for the United States Department of Commerce, National Oceanic and Atmospheric Administration*

Kathy A. Jorrie, Esq.
Pillsbury Winthrop Shaw Pittman LLP
725 S. Figueroa Street, Suite 2800
Los Angeles, CA 90017
(213) 488-7251
Kathy.jorrie@pillsburylaw.com
*Attorneys for AEG Live, Inc.*

Brian D. Equi, Esq.
Goldberg Segalla, LLP
121 S. Orange Avenue, Suite 1500
Orlando, FL 32801
(407) 458-5608
bequi@goldbergsegalla.com
salamina@goldbergsegalla.com
sherndon@goldbergsegalla.com
*Attorneys for Structure Tone, Inc.*

J. Ellsworth Summers, Jr., Esq.
Burr Forman, LLP
50 N. Laura Street, Suite 3000
Jacksonville, FL 32202
(904) 232-7200
esummers@burr.com
*Attorneys for Michael J. Little*

Norman P. Fivel, Esq.
Assistant Attorney General
Office of the New York State
Attorney General
Civil Recoveries Bureau,
Bankruptcy Litigation Unit
The Capitol
Albany, NY 12224-0341
(518) 776-2264
norman.fivel@ag.ny.gov
*Attorneys for New York Dept. of Taxation and Finance*

D. Marcus Braswell, Jr., Esq.
Sugarman & Susskind, P.A.
100 Miracle Mile, Suite 300
Coral Gables, FL 33134
(305) 529-2801
mbraswell@sugarmansusskind.com
*Attorneys for Theatrical Protective Union, Local No. One, IATSE*

Chris Broussard, Esq.
Suzy Tate, P.A.
14502 N. Dale Mabry Highway, Suite 200
Tampa, FL 33618
(813) 264-1685
cbrouss@suzytate.com
*Attorneys for The Armada Group GP, Inc.*

Richard R. Thames, Esq.
Thames Markey & Heekin, P.A.
50 N. Laura Street, Suite 1600
Jacksonville, FL 32202
(904) 358-4000
rrt@tmhlaw.net
*Attorneys for Official Committee of Unsecured Creditors*

Avery Samet, Esq.
Jeffrey Chubak, Esq.
Storch Amini & Munves PC
140 East 45th Street, 25th Floor
New York, NY 10017
(212) 490-4100
asamet@samlegal.com
jchubak@samlegal.com
*Attorneys for Official Committee of Unsecured Creditors*

Jacob A. Brown, Esq.
Katherine C. Fackler, Esq.
Akerman LLP
50 N. Laura Street, Suite 3100
Jacksonville, FL 32202
(904) 798-3700
jacob.brown@akerman.com
katherine.fackler@akerman.com
*Attorneys for the Official Committee of Equity Security Holders of Premier Exhibitions, Inc.*

T. David Mitchell, Esq.
Brenner Kaprosy Mitchell, L.L.P.
30050 Chagrin Blvd., Suite 100
Pepper Pike, OH 44124
(216) 292-5555
tdmitchell@brenner-law.com
*Attorneys for CRI Properties, Ltd.*

Susan R. Sherrill-Beard, Esq.
U.S. Securities and Exchange Commission
Office of Reorganization
950 East Paces Ferry Road, N.E.
Suite 900
Atlanta, GA 30326
(404) 842-7626
sherrill-beards@sec.gov
atlreorg@sec.gov
*Attorneys for U.S. Securities and Exchange Commission*

Peter J. Gurfein, Esq.
Roye Zur, Esq.
Landau Gottfried & Berger LLP
1801 Century Park East, Suite 700
Los Angeles, CA 90067
(310) 557-0050
pgurfein@lgbfirm.com
rzur@lgbfirm.com
*Attorneys for Official Committee of Equity Security Holders of Premier Exhibitions, Inc.*

Skyler M. Tanner, Esq.
Lane Powell PC
601 SW Second Avenue, Suite 2100
Portland, OR 97204
tanners@lanepowell.com
beldingt@lanepowell.com
docketing-pdx@lanepowell.com
*Attorneys for Oregon Museum of Science and Industry*

Howard Siegel, Esq.
945 McKinney Street, PMB 434
Houston, TX 77002
(713) 984-4801
howard@eucinv.com
*Attorney for Euclid Investments, LP And Euclid Claims Recovery LLC*

Garrett A. Nail, Esq.
John F. Isbell, Esq.
Thompson Hine LLP
3560 Lenox Road, Suite 1600
Atlanta, GA 30326
(404) 541-2900
garrett.nail@thompsonhine.com
john.isbell@thompsonhine.com
*Attorneys for Bay Point Capital Partners, LP*

| | |
|---|---|
| Steven R. Fox, Esq.<br>Fox Law Corporation<br>17835 Ventura Blvd., Suite 306<br>Encino, CA 91316<br>srfox@foxlaw.com<br>*Attorneys for Titanic Entertainment Holdings* | Stephen D. Busey, Esq.<br>Asghar A. Syed, Esq.<br>Smith Hulsey & Busey<br>225 Water Street, Suite 1800<br>Jacksonville, FL 32202<br>(904) 359-7700<br>busey@smithhulsey.com<br>asyed@smithhulsey.com<br>*Attorneys for the Ad Hoc Group of Equityholders* |
| Jennifer Feldsher, Esq.<br>David L. Lawton, Esq.<br>Bracewell LLP<br>1251 Avenue of the Americas<br>New York, NY 10020<br>(212) 508-6100<br>Jennifer.feldsher@bracewell.com<br>David.laweton@bracewell.com<br>*Attorneys for the Ad Hoc Group of Equityholders* | Patricia Ann Redmond, Esq.<br>Stearns Weaver, et al.<br>150 West Flagler Street, Suite 2200<br>Miami, FL 33130<br>(305) 789-3200<br>predmond@stearnweaver.com<br>*Attorneys for the Trustees of the National Maritime Museum* |
| Timothy Graulich, Esq.<br>James I. McClammy, Esq.<br>Mara Theophila, Esq.<br>Davis Polk & Wardwell LLP<br>450 Lexington Avenue<br>New York, NY 10017<br>(212) 450-4000<br>Timothy.graulich@davispolk.com<br>James.mcclammy@davispolk.com<br>Mara.theophila@davispolk.com<br>*Attorneys for the Trustees of the National Maritime Museum* | Jason B. Burnett, Esq.<br>Ashlea A. Edwards, Esq.<br>GrayRobinson, P.A.<br>50 N. Laura Street, Suite 1100<br>Jacksonville, FL 32202<br>(904) 598-9929<br>jason.burnett@gray-robinson.com<br>ashlea.edwards@gray-robinson.com<br>*Attorneys for Ramparts, Inc. d/b/a Luxor Hotel and Casino* |

**Via U.S. Mail**

A-1 Storage and Crane
2482 197th Avenue
Manchester, IA 52057

A.N. Deringer, Inc.
PO Box 11349
Succursale Centre-Ville
Montreal, QC H3C 5H1

Broadway Video
30 Rockefeller Plaza
54th Floor
New York, NY 10112

Dentons Canada LLP
250 Howe Street, 20th Floor
Vancouver, BC V6C 3R8

Expedia, Inc.
10190 Covington Cross Drive
Las Vegas, NV 89144

Gowlings
550 Burrard Street
Suite 2300, Bental 5
Vancouver, BC V6C 2B5

Kirvin Doak Communications
5230 W. Patrick Lane
Las Vegas, NV 89118

Morris Visitor Publications
PO Box 1584
Augusta, GA 30903

National Geographic Society
1145 - 17th Avenue NW
Washington, DC 20036

ABC Imaging
5290 Shawnee Road, Suite 300
Alexandria, VA 22312

ATS, Inc.
1900 W. Anaheim Street
Long Beach, CA 90813

CBS Outdoor/Outfront Media
185 US Highway 48
Fairfield, NJ 07004

Enterprise Rent-A-Car Canada
709 Miner Avenue
Scarborough, ON M1B 6B6

George Young Company
509 Heron Drive
Swedesboro, NJ 08085

Hoffen Global Ltd.
305 Crosstree Lane
Atlanta, GA 30328

MNP LLP
15303 - 31st Avenue
Suite 301
Surrey, BC V3Z 6X2

NASDAQ Stock Market, LLC
805 King Farm Blvd.
Rockville, MD 20850

NYC Dept. of Finance
PO Box 3646
New York, NY 10008

PacBridge Limited Partners
22/F Fung House
19-20 Connaught Road
Central Hong Kong

Pallet Rack Surplus, Inc.
1981 Old Covington Cross Road NE
Conyers, GA 30013

Screen Actors Guild
1900 Broadway
5th Floor
New York, NY 10023

Seaventures, Ltd.
5603 Oxford Moor Blvd.
Windemere, FL 34786

Sophrintendenza Archeologica
di Napoli e Pompei
Piazza Museo 19
Naples, Italy 80135

Syzygy3, Inc.
231 West 29th Street
Suite 606
New York, NY 10001

Time Out New York
405 Park Avenue
New York, NY 10022

TPL
3340 Peachtree Road
Suite 2140
Atlanta, GA 30326

TSX Operating Co.
70 West 40th Street
9th Floor
New York, NY 10018

Verifone, Inc.
300 S. Park Place Blvd.
Clearwater, FL 33759

WNBC - NBC Universal Media
30 Rockefeller Center
New York, NY 10112

Jonathan B. Ross, Esq.
Gowling WLG (Canada) LLP
550 Burrard Street, Suite 2300, Bentall 5
Vancouver, BC V6C 2B5

United States Attorney's Office
Middle District of Florida
300 N. Hogan Street, Suite 700
Jacksonville, FL 32202

Christine R. Etheridge, Esq.
Bankruptcy Administration
Wells Fargo Vendor Financial Services, LLC
PO Box 13708
Macon, GA 31208

B.E. Capital Management Fund LP
Thomas Branziel
228 Park Avenue South, Suite 63787
New York, NY 10003
*Creditor Committee*

TSX Operating Co., LLC
c/o James Sanna
70 W. 40th Street
New York, NY 10018
*Creditor Committee*

Dallian Hoffen Biotechnique Co., Ltd.
c/o Ezra B. Jones
305 Crosstree Lane
Atlanta, GA 30328
*Creditor Committee*

                                                  */s/ Daniel F. Blanks*
                                                      Attorney

~#4846-2762-6342~