**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

In re:

RMS TITANIC, INC., *et al.*,

      Debtors. [1]

_____/

Case No.: 3:16-bk-02230-PMG

Chapter 11

(Jointly Administered)

## OMNIBUS RESPONSE OF EUCLID CLAIMS RECOVERY LLC TO MOTION OF THE DEBTORS TO APPROVE SALE PROCEDURES AND MOTIONS OF RESPECTIVE OFFICIAL COMMITTEES TO APPROVE PLAN DISCLOSURE STATEMENTS

Euclid Claims Recovery LLC, by and through its undersigned counsel, submits this Omnibus Response to the Motion of the Debtors to Approve Bidding Procedures (Docket No. 1055), the Motions of the Official Committee of Unsecured Creditors (Docket No. 1086) and the Official Committee of Equity Security Holders (Docket Nos. 1044 and 1060) to Approve the Disclosure Statements accompanying their respective Chapter 11 Plans, and the Court's Amended Order on Status Conference (Docket No. 1151) and in support thereof respectfully represents and requests as follows:

1.      It is axiomatic that the primary parties in interest in this, and any, chapter 11 case are the creditors at the fulcrum of the debtors' capital structure whose requisite majority vote is required to approve a plan to exit chapter 11. The Debtors here, however, by attempting to conclude this

---

[1] The Debtors in the chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number include: RMS Titanic, Inc. (3162); Premier Exhibitions, Inc. (4922); Premier Exhibitions Management, LLC (3101); Arts and Exhibitions International, LLC (3101); Premier Exhibitions International, LLC (5075); Premier Exhibitions NYC, Inc. (9246); Premier Merchandising, LLC (3867); and Dinosaurs Unearthed Corp. (7309) (collectively, the "Debtors"). The Debtors' service address is 3045 Kingston Court, Suite I, Peachtree Corners, Georgia 30071.

case solely through a section 363 sale and to squelch the efforts of both statutory committees to propose chapter 11 plans, seek to disenfranchise those primary chapter 11 creditor stakeholders.

2.      The Debtors' singular section 363 sale process would bind the fulcrum unsecured creditors to a result that would produce, at best, a dividend of no more than 60% without any opportunity to consider better plan alternatives.  In contrast, the proposal of Plans by the Committees and the solicitation of acceptance of those Plans embodies the essence of the chapter 11 statutory process by affording unsecured creditors, the primary stakeholders here, the opportunity to vote on the ultimate case outcome.

3.      Euclid will not belabor the record with any further discussion in this Response of its serious concerns with the manner in which the Debtors have managed the administration of these chapter 11 cases.  Instead, the purpose of this Response is to convey the request by Euclid, as an affected general creditor stakeholder, that the Court adopt the procedures described below to implement the Status Conference Order in a manner that recognizes the fundamental chapter 11 precept of creditor democracy.

4.      Euclid requests that the Court take the following actions at the August 30, 2018 hearing in furtherance of the Status Conference Order:

> A. Approve both Disclosure Statements and set a schedule that provides for prompt concurrent solicitation of votes for each Plan and prompt concurrent confirmation hearings.  To the extent any issues exist about the feasibility of either Plan, such issues should be considered at the time of the confirmation hearing in the event either or both Plans garner requisite accepting votes.

B.  Approve the Sale Procedures Motion, subject to the modifications described below, and set a final sale approval hearing at a time concurrent with the Plan confirmation hearings.

C.  Each Plan that is accepted by requisite creditor vote should be considered at the scheduled confirmation hearing in order for the Court to determine if that Plan satisfies the chapter 11 feasibility requirement and other confirmation standards, and, if at least one of the Plans is found to satisfy those standards, the Court should confirm the Plan that is favored by creditors over the other confirmable Plan, if applicable, and favored over the proposed section 363 sale and not approve the section 363 sale.

D.  In the event the Court confirms one of the Plans and does not approve the section 363 sale, the stalking horse bidder should not be entitled to a break-up fee or any other consideration from the estates and the Court order approving the Sale Procedures Motion should so provide.

E.  The Court order approving the Sale Procedures Motion should further provide that in the event the section 363 sale is otherwise approved, the Debtors shall be required to distribute the proceeds thereof solely in accordance with the terms of a liquidating plan that is submitted for a creditor vote and requisite majority approval and shall not otherwise disburse the proceeds or seek the dismissal of these chapter 11 cases outside of a plan process.

F.  In addition to any other requirements the Court may have for the confirmation of a Plan or approval of a section 363 sale, the Court, on request of a party in interest and after notice and hearing, should be required to find as a condition of such confirmation or sale approval that the Plan or section 363 sale is in the best interests of creditors by producing a result for creditors better than that which would be achieved if these cases were converted to Chapter 7.

Dated this 27th day of August, 2018.

/s/ Howard Siegel

_____

HOWARD SIEGEL
Connecticut Bar No. 07092
945 McKinney Street, PMB 434
Houston, TX 77002
Tel: 713-984-4801
Email: howard@eucinv.com

*Counsel to the Movants*

/s/ Aaron R. Cohen

_____

AARON R. COHEN
Florida Bar No. 0558230
Post Office Box 4218
Jacksonville, FL 32201
Tel: 904-389-7277
Fax: 904-389-7273
Email: acohen60@bellsouth.net

*Local Counsel to the Movants*

*Filer's Attestation: Pursuant to Local Rule 1001-2(e)(3) regarding signatures, Aaron Cohen attests that concurrence in the filing of this paper has been obtained.*

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that on 27 of August 2018, a true and correct copy of the foregoing has been served through the CM/ECF system to all registered CM/ECF recipients.

Per the Court's Order Granting Debtors' Motion for an Order Pursuant to 11 U.S.C. § 105(a) and Rule 2002 Establishing Notice Procedures [Doc. No. 140], a true and correct copy of the foregoing was also furnished on August 27, 2018 via first-class U.S. Mail, postage-prepaid, to the Master Service List attached hereto.

/s/ Aaron R. Cohen

_____

**AARON R. COHEN**