**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

*In re*:

RMS TITANIC, INC., *et al.*,

    Debtors.[1]

_____/

Case No.: 3:16-bk-02230-PMG

Chapter 11

(Jointly Administered)

**MOTION OF THE OFFICIAL COMMITTEE OF EQUITY SECURITY HOLDERS**
**TO ESTABLISH DOCUMENT RETENTION PROTOCOLS**

The Official Committee of Equity Security Holders (the "Equity Committee") of Premier Exhibitions, Inc. ("Premier"), a Chapter 11 Debtor in Case No. 3:16-bk-02232-PMG and the parent company of RMS Titanic, Inc. ("RMST"), Chapter 11 Debtor in Case No. 3:16-bk-02230-PMG, by and through undersigned counsel, files this motion (the "Motion") to establish document and data retention protocols in connection with the proposed sale of certain assets of the above-captioned debtors (the "Debtors"). In support of this Motion, the Equity Committee respectfully states:

**BACKGROUND**

**A. The Bankruptcy Case**

1. On June 14, 2016 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under Chapter 11 of title 11 of the United States Code, 11 U.S.C. § 101 *et seq.* (the "Bankruptcy Code"), commencing the above-captioned, jointly administered bankruptcy case (the "Bankruptcy Case").

---

[1] The Debtors in the Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number include: RMS Titanic, Inc. (3162); Premier Exhibitions, Inc. (4922); Premier Exhibitions Management, LLC (3101); Arts and Exhibitions International, LLC (3101); Premier Exhibitions International, LLC (5075); Premier Exhibitions NYC, Inc. (9246); Premier Merchandising, LLC (3867); and Dinosaurs Unearthed Corp. (7309) (collectively, the "Debtors"). The Debtors' service address is 3045 Kingston Court, Suite I, Peachtree Corners, Georgia 30071.

46554104;3

2. The Debtors continue to operate their businesses as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

3. No trustee or examiner has been appointed in the Bankruptcy Case.

4. On August 24, 2016, the Acting United States Trustee, Guy G. Gebhardt, appointed the members of the Equity Committee. On August 31, 2016, the Equity Committee selected Landau Gottfried & Berger LLP and Akerman LLP as its general bankruptcy counsel.

**B. The D&O Litigation**

5. On May 25, 2018, the Court entered the *Order Granting Emergency Motion of the Official Committee of Equity Security Holders for Entry of an Order Granting Derivative Standing and Authority to Prosecute and Settle Certain Claims on Behalf of the Debtors' Estates* [ECF No. 1036], granting the Equity Committee derivative and exclusive standing to commence, prosecute, and if appropriate, settle claims against certain of the Debtors' former and current directors and officers (the "D&O Claims").

6. On May 29, 2018, the Court entered an order approving the Equity Committee's retention of Agentis PLLC as special litigation counsel ("Special Counsel"), *nunc pro tunc* to May 2, 2018, to pursue the D&O Claims.

7. On June 4, 2018, the Equity Committee, through Special Counsel and on behalf of the Debtors' estates (the "Estates"), commenced an adversary proceeding, Adv. Proc. No. 18-ap-00064-PMG (the "Adversary Proceeding"), against Premier's former and current directors Mark A. Sellers, Douglas Banker, Richard Kraniak, Jack H. Jacobs, Daoping Bao, and Sellers Capital, LLC and Sellers Capital Master Fund, Ltd. (collectively, the "Defendants"), seeking damages for Defendants' tortious conduct and asserting claims for breaches of fiduciary duty, aiding and

abetting breaches of fiduciary duty, gross negligence, Caremark claims, and equitable subordination [ECF No. 1 in Adversary Proceeding].

8. On July 19, 2018, the Court entered an order staying the Adversary Proceeding and scheduling a status conference on September 18, 2018. [ECF No. 16 in Adversary Proceeding]. At the status conference, the Plaintiff and Defendants in the Adversary Proceeding agreed, and the Court ordered[2] mediation, as well as informal discovery of the type and scope contemplated by Local Rule 7001-1(g) and Fed. R. Civ. P. 26(f).

9. On September 28, 2018, Special Counsel sent litigation hold letters and demands to preserve all documents and data to Premier and the Defendants in connection with the Adversary Proceeding.

**C. The Sale Motion**

10. On June 15, 2018, the Debtors filed a motion [ECF No. 1055] (the "Sale Motion")[3] seeking, *inter alia*, (i) approval of competitive bidding and sale procedures to govern the Debtors' sale of "all of the right, title, and interest of Sellers as of the Closing Date in and to the tangible and intangible assets, properties and rights and claims, to the extent used or otherwise related to, useful in or necessary for the conduct of, the Sellers' Business, other than the Excluded Assets and any Consent Asset subject to Section 1.3. . . ." including "the outstanding stock of RMST, which is 100% owned by Premier" (the "Transferred Assets"), plus Assumed and Assigned Contracts, free and clear of all liens, claims, encumbrances and interests (the "Sale"), and (ii) approval of the asset purchase agreement (the "APA") with stalking horse bidder, Premier Acquisition Holdings LLC.

---

[2] Entry of that order is pending.
[3] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Sale Motion.

11. Under the Sale Motion, the Debtors seek to sell assets, defined as the "Transferred Assets", to the Stalking Horse Purchaser or other Prevailing Party. The Proposed Order approving the Sale provides that "[t]he Transferred Assets include assets owned by Premier's indirect non-debtor Canadian subsidiary DinoKing." Proposed Order at ¶ G. The Asset Purchase Agreement defines the Transferred Assets in Section 1.01 to include,

(vii) all Books and Records, including files, invoices, personnel files for Transferred Employees, OSHA exposure and monitoring records, customer and supplier lists, sales and promotional literature, manuals and customer correspondence owned by the Sellers that are related to the Business and/or the Transferred Assets, to the extent not subject to claims of attorney-client privilege, and which are otherwise permitted to be transferred by applicable Law;

\* \* \*

(xv) the amount of, and all rights to any, insurance proceeds received by any Seller in respect of (A) the loss, destruction or condemnation of any Transferred Assets occurring prior to, on or after the Closing or (B) any Assumed Liabilities;

(xvi) any and all claims, causes of action, defenses, counterclaims, or settlement agreements of Sellers arising out of or relating to the Business, the Transferred Assets and/or Assumed Liabilities;

\* \* \*

and

(xviii) the assets set forth on Section 1.1(a)(xviii) of the Seller Disclosure Letter.

12. The Asset Purchase Agreement at Section 1.01(b) excludes from Transferred Assets certain Excluded Assets, including,

    (ii)    Sellers' general ledgers, accounting records, minute books, statutory books, corporate seal and Tax Returns, provided that Sellers shall provide to Purchaser copies of the general ledgers, accounting records, minute books and statutory books of the Business, including Tax Returns, as such documents exist as of the Closing Date;

\* \* \*

    (iv)    any and all insurance policies for all periods prior to the Closing;

    (v)    all current and prior director and officer insurance policies of Sellers and all rights of any nature with respect thereto, including all insurance recoveries thereunder and rights to assert claims with respect to any such insurance recoveries;

    (vi)    any and all claims, causes of action, defenses, counterclaims, or settlement agreements of Sellers arising out of or relating to the Excluded Assets;

    (vii)    any and all avoidance Claims or other Claims or causes of action of the Sellers under the Bankruptcy Code, including actions available to the Sellers under Chapter 5 of the Bankruptcy Code, of whatever kind or nature, and whether asserted or unasserted, except for (A) any claims against (i) High Nature Holdings Limited, (ii) the PacBridge Parties, (iii) Alta, (iv) Apollo, or any of their respective Affiliates and (B)

claims, causes of action, defenses, counterclaims or settlement agreements set forth in Section 1.1(a)(xvi);

(viii) Sellers' personnel records and any other records that Sellers are required by law to retain in its possession, provided that Sellers shall provide to Purchaser copies of records relating to the Seller Employees;

* * *

(xiv) the assets set forth on Section 1.1(b)(xiv) of the Seller Disclosure Letter.

13. Thus, the Transferred Assets may include documents that are subject to the hold letters and demands to preserve all documents and data that were sent to the Defendants in connection with the Adversary Proceeding.

14. On September 13, 2018, the Court entered an order granting the Bid Procedures under the Sale Motion and other related relief [ECF No. 1201] (the "Bid Procedures Order"). Under the Bid Procedures Order, the deadline for submitting competing bids for the Transferred Assets is October 5, 2018 at 4:00 p.m. (EST), the Auction, if any, for the Transferred Assets is scheduled take place on October 11, 2018, at 10:00 a.m. (EST), and a hearing to approve the Sale will be held on October 18, 2018 at 10:00 a.m. (EST).

## JURISDICTION AND VENUE

15. The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

16. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

## RELIEF REQUESTED AND BASIS FOR RELIEF

17. By this Motion, the Equity Committee seeks to establish certain document and data retention protocols (the "Protocols") in connection with the Debtors' proposed Sale to ensure records relating to the Adversary Proceeding are adequately maintained by any successful purchaser of the Debtors' assets (the "Purchaser") and its personnel to ensure that no evidence, or potential evidence, relating to the Adversary Proceeding is lost, altered, or destroyed. The Equity Committee requests that such Protocols be incorporated into any order approving the Sale (the "Sale Order").

18. The Equity Committee requests that the following Protocols be incorporated and required under any order approving the Sale (the "Sale Order"):

   a. **Litigation Hold Protocols**:

   i. The Purchaser shall immediately adopt and adhere to litigation hold protocols (the "Protocols") and instruct all relevant personnel of the Purchaser to retain and preserve any information, documents, and records received from the Debtors relating to the Adversary Proceeding, including not only hard copy documents, but also e-mail, text messages, social media messages and postings, audio recordings, videotape, instant messages, bank statements, credit card statements, loan applications, financial records, receipts, invoices, statements, spreadsheets, databases, calendars, telephone logs, internet usage files, and all other electronically stored information ("ESI"), whether on computer systems, phones, or otherwise. In addition to the above, the Purchaser and its personnel must also maintain and preserve, without alteration, sources of the ESI, documents, and data, including, without limitation, all hard copy files, computer hard drives, removable media (e.g., CDs, DVDs and flash/thumb/jump drives), laptop computers, PDAs, smart phone devices, cell phones, and any other locations where hard copies, data, and ESI is stored. The above-mentioned sources of relevant information include those on personal computers and smart phones. It also includes inaccessible storage media, such as back-up tapes and servers which may contain relevant electronic information that does not exist in any other form. The Purchaser and its personnel are obligated to immediately suspend deletion, overwriting, and any other possible destruction of relevant documents and data, including suspension of the Purchaser's

  current document destruction policy, if any, and/or automatic deletion function on computers or other electronic devices.

 ii. If the Purchaser or its personnel do not know if any such processes are in place with respect to ESI, or if do not know how to suspend such processes, they should immediately contact an IT professional to ensure compliance with the Protocols and determine how to best preserve ESI. If the Purchaser or its personnel are in any doubt whatsoever as to the relevance of any information in their possession, custody, or control, they must preserve that information.

 iii. The Purchaser or its personnel may not destroy any potentially relevant information. Failure to do so will result in litigation penalties.

 iv. The Purchaser must provide all relevant personnel with a memorandum (the "<u>Memorandum</u>") setting forth (i) the nature and scope of the litigation hold, (ii) the nature of the dispute giving rise to the litigation hold, (iii) a comprehensive list of the sources of data to preserve, (iv) a description of each recipient's duties under the Memorandum, and (v) an instruction that the recipient of the Memorandum immediately act to segregate and preserve all data, information, records, or documents of relevance, and not take any action to delete or change any of the data, information, records, or documents. Each recipient of the Memorandum must immediately review the Memorandum and complete and sign the following certification to be set forth therein:

> **Certification of Compliance by Custodian**: I hereby certify that I have read this Memorandum, diligently and thoroughly acted to preserve, segregate, and collect the relevant data, and I have neither deleted, spoiled, nor altered any of the relevant data. I will collect and preserve all relevant data until the litigation hold is terminated.

19. Incorporation of the foregoing Protocols in the Sale Order is appropriate and necessary to ensure that no evidence, or potential evidence, relating to the Adversary Proceeding is lost, altered, or destroyed by the Purchaser as a result of the Sale. Requiring the Purchaser to preserve such information is in the best interests of the Estate because it will allow Special Counsel to adequately pursue the D&O Claims for the benefit of the Estate. Absent the establishment of data and document retention policies by the Purchaser, information and evidence necessary to the successful pursuit of the D&O Claims may be lost and result in

8

irreparable harm to the Estates. Accordingly, the Equity Committee respectfully requests that any Sale Order obligate Purchaser to adhere to the Protocols set forth herein.

[*Remainder of Page Intentionally Left Blank*]

## CONCLUSION

WHEREFORE, for the reasons set forth herein, the Official Committee of Equity Security Holders of Premier Exhibitions, Inc. respectfully requests the Court incorporate and require the foregoing Protocols in any Sale Order and grant any other or further relief that the Court deems proper or necessary.

Date: October 3, 2018

By: */s/ Peter J. Gurfein*
Peter J. Gurfein
**LANDAU GOTTFRIED & BERGER LLP**
1801 Century Park East, Suite 700
Los Angeles, California 90067
(310) 557-0050
(310) 557-0056 (Facsimile)
pgurfein@lgbfirm.com

-and-

**AKERMAN LLP**

By: */s/ Jacob A. Brown*
Jacob A. Brown
Florida Bar No. 170038
50 North Laura Street, Suite 3100
Jacksonville, Florida 32202
(904) 798-3700
(904) 798-3730 (Facsimile)
Jacob.brown@akerman.com

Attorneys for the Official Committee of Equity Security Holders of Premier Exhibitions, Inc.

46554104;3

## **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on October 3, 2018, the foregoing was transmitted to the Court for uploading to the Case Management/Electronic Case Files ("CM/ECF") System, which will send a notice of electronic filing to all creditors and parties in interest who have consented to receiving electronic notifications in this case.  In accordance with the Court's Order Granting Debtors' Motion for an Order Pursuant to 11 U.S.C. § 105(a) and Rule 2002 Establishing Notice Procedures (Doc. 140), a copy of the foregoing was also furnished on October 3, 2018 by U.S. mail, postage prepaid and properly addressed, to the Master Service List attached hereto.

                                                                                */s/ Jacob A. Brown*
                                                                                Attorney

**MASTER SERVICE LIST**
*Case No. 3:16-bk-02230-PMG*

| | |
|---|---|
| A-1 Storage and Crane<br>2482 197th Avenue<br>Manchester, IA 52057 | ABC Imaging<br>14 East 38th Street<br>New York, NY 10017 |
| A.N. Deringer, Inc.<br>PO Box 11349<br>Succursale Centre-Ville<br>Montreal, QC H3C 5H1 | ATS, Inc.<br>1900 W. Anaheim Street<br>Long Beach, CA 90813 |
| Broadway Video<br>30 Rockefeller Plaza<br>54th Floor<br>New York, NY 10112 | CBS Outdoor/Outfront Media<br>185 US Highway 48<br>Fairfield, NJ 07004 |
| Dentons Canada LLP<br>250 Howe Street, 20th Floor<br>Vancouver, BC V6C 3R8 | Enterprise Rent-A-Car Canada<br>709 Miner Avenue<br>Scarborough, ON M1B 6B6 |
| Expedia, Inc.<br>10190 Covington Cross Drive<br>Las Vegas, NV 89144 | George Young Company<br>509 Heron Drive<br>Swedesboro, NJ 08085 |
| Gowlings<br>550 Burrard Street<br>Suite 2300, Bental 5<br>Vancouver, BC V6C 2B5 | Hoffen Global Ltd.<br>305 Crosstree Lane<br>Atlanta, GA 30328 |
| Kirvin Doak Communications<br>5230 W. Patrick Lane<br>Las Vegas, NV 89118 | MNP LLP<br>15303 - 31st Avenue<br>Suite 301<br>Surrey, BC V3Z 6X2 |
| Morris Visitor Publications<br>PO Box 1584<br>Augusta, GA 30903 | NASDAQ Stock Market, LLC<br>805 King Farm Blvd.<br>Rockville, MD 20850 |
| National Geographic Society<br>1145 - 17th Avenue NW<br>Washington, DC 20036 | NYC Dept. of Finance<br>PO Box 3646<br>New York, NY 10008 |

| | |
|---|---|
| PacBridge Limited Partners<br>22/F Fung House<br>19-20 Connaught Road<br>Central Hong Kong | Pallet Rack Surplus, Inc.<br>1981 Old Covington Cross Road NE<br>Conyers, GA 30013 |
| Ramparts, Inc.<br>d/b/a Luxor Hotel and Casino<br>3900 Las Vegas Blvd. South<br>Las Vegas, NV 89119 | Screen Actors Guild<br>1900 Broadway<br>5th Floor<br>New York, NY 10023 |
| Seaventures, Ltd.<br>5603 Oxford Moor Blvd.<br>Windemere, FL 34786 | Sophrintendenza Archeologica<br>di Napoli e Pompei<br>Piazza Museo 19<br>Naples, Italy 80135 |
| Syzygy3, Inc.<br>231 West 29th Street<br>Suite 606<br>New York, NY 10001 | Time Out New York<br>405 Park Avenue<br>New York, NY 10022 |
| TPL<br>3340 Peachtree Road<br>Suite 2140<br>Atlanta, GA 30326 | TSX Operating Co.<br>70 West 40th Street<br>9th Floor<br>New York, NY 10018 |
| Verifone, Inc.<br>300 S. Park Place Blvd.<br>Clearwater, FL 33759 | Samuel Weiser<br>565 Willow Raod<br>Winnetka, IL 60093 |
| WNBC - NBC Universal Media<br>30 Rockefeller Center<br>New York, NY 10112 | United States Attorney's Office<br>Middle District of Florida<br>300 N. Hogan Street, Suite 700<br>Jacksonville, FL 32202 |
| Jonathan B. Ross, Esq.<br>Gowling WLG (Canada) LLP<br>550 Burrard Street, Suite 2300, Bentall 5<br>Vancouver, BC V6C 2B5 | Christine R. Etheridge, Esq.<br>Bankruptcy Administration<br>Wells Fargo Vendor Financial Services, LLC<br>PO Box 13708<br>Macon, GA 31208 |

TSX Operating Co., LLC
c/o James Sanna
70 W. 40th Street
New York, NY 10018
*Creditor Committee*

Dallian Hoffen Biotechnique Co., Ltd.
c/o Ezra B. Jones
305 Crosstree Lane
Atlanta, GA 30328
*Creditor Committee*

B.E. Capital Management Fund LP
Thomas Branziel
205 East 42nd Street , 14th Floor
New York, NY 10017
*Creditor Committee*