UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION
www.flmb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 11 |
| RMS TITANIC, INC., *et al.*, | Case No.: 3:16-bk-002230-PMG |
| | (Jointly Administered) |
| Debtors. | |
| _____/ | |

**DEFENDANTS' MOTION TO AMEND CONSENT ORDER GRANTING THE MOTION FOR ENTRY OF CONSENT ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY TO AUTHORIZE ADVANCEMENT, REIMBURSEMENT AND/OR PAYMENT OF COSTS AND FEES UNDER THE DEBTORS' DIRECTORS AND OFFICERS INSURANCE POLICY**

Defendants, Mark A. Sellers, Douglas Banker, Richard Kraniak, and Jack H. Jacobs ("Director Defendants"), move this Court to amend its Consent Order Granting the Motion for Entry of Consent Order Granting Relief From the Automatic Stay to Authorize Advancement, Reimbursement and/or Payment of Costs and Fees Under the Debtor's Director and Officers Insurance Policy dated October 20, 2017 [D.E. 784]. As grounds therefor, the Director Defendants state:

**BACKGROUND**

1.  Effective as of December 29, 2014, National Union Fire Insurance Company of Pittsburgh, PA ("National Union" or "Insurer") issued Policy No. 02-420¬14-17 (the "Policy") to the Premier Exhibitions, Inc. and subsidiaries ("Debtors"), with a policy period of December 29, 2014 to December 29, 2015 (the "Policy Period"), which Policy includes directors & officers coverage under Side A of the Policy in the event of claims against officers and directors not indemnified by the Debtor (the "D&O Coverage"). The Policy is attached hereto as **Exhibit "A."** Significantly, the Policy provides that payments made under the D&O Coverage for the benefit of Director Defendants take priority over any payments made under all other coverages afforded by the Policy. Exh. "A" at §3.B.

2. Subject to its terms and conditions, the Policy provided a Limit of Liability (as defined in the Policy) of $5,000,000.00 for claims, inclusive of Defense Costs (as defined in the Policy). Exh. A at §6 and Endorsement #27. The Policy includes a self-insured Retention of $1,000,000; but further provides that, in the event the Debtor is unable to pay the Retention due to Financial Insolvency (as defined in the Policy), the Insurer shall commence advancing Loss or Defense Costs (as defined in the Policy) to the Director Defendants irrespective of the Retention. *Id*. at §5 and Declarations Pages at ¶5.

3. Upon the 2015 merger between Premier Exhibitions, Inc. and DinoKing Tech, Inc. on November 1, 2015, pursuant to Endorsement 27, the Policy was made subject to a Run-Off Clause which cut off the Policy Period on that date thus terminating coverage for any claims made for alleged wrongful acts by officers and directors of the Debtor <u>after</u> the merger but also allowing notice to be given, and coverage provided, for claims, circumstances and inquiries for alleged wrongful acts of officers and directors <u>before</u> November 1, 2015 if made during the following two (2) years or before November 1, 2017.

4. On August 24, 2016, a committee of equity security holders of the Debtor (the "Equity Committee") was appointed in the Debtors' chapter 11 cases.

5. During the Policy run-off period, by letter dated October 31, 2016 (the "Claims Letter"), the Equity Committee provided notice of certain potential claims and causes of action (the "Potential Actions") against, among others, Ronald C. Bernard, Bruce Steinberg, and William M. Adams, former directors of the Debtor (the "Insured Former Directors").

6. The Insured Former Directors provided notice of the Claims Letter and Potential Actions to National Union.

7. As former directors of certain of the Debtors the Insured Former Directors are Insured Persons under the Policy, and are entitled to coverage in accordance with the terms of the Policy.

8. The Insured Former Directors retained Proskauer Rose ("Insured Former Directors' Counsel") to represent them in connection with the Potential Actions, including responding to the Claims Letter.

9. In response to the Claims Letter and notice of Potential Actions, National Union stated that before it advanced the defense costs incurred and to be incurred by the Insureds Former Directors and Insureds Former Directors Counsel, subject to its reservation of rights, it required confirmation from the Court that such payments will not violate the Automatic Stay imposed by operation of section 362 of title 11 of the United States Code (the "Bankruptcy Code").

10. Accordingly, on October 20, 2017 this Court entered a Consent Order Granting the Motion for Entry of Consent Order Granting Relief From the Automatic Stay to Authorize Advancement, Reimbursement and/or Payment of Costs and Fees Under the Debtor's Directors and Officers Insurance Policy [D.E. 784] ("Consent Order").  This Consent Order was entered on motion by the Debtors [D.E. 765], without the involvement, much less the agreement of the Director Defendants, but apparently with the agreement of the Plaintiff Equity Committee and a committee of unsecured creditors.

11. However, no action was commenced against the Insured Former Directors.

12. Instead, on June 4, 2018 an adversary proceeding styled *Official Committee of Equity Security Holders of Premier Exhibitions, Inc. v. Mark A. Sellers, et al,* Adv. Case No. 3:18-ap-00064-PMG, in the United States Bankruptcy Court for the Middle District of Florida ("Adversary Proceeding") was commenced against the Director Defendants.

13. The Director Defendants are Insureds under the D&O Coverage.

14. Undersigned counsel were retained by the Director Defendants to represent them in the Adversary Proceeding and have been approved by National Union to undertake the representation subject to a reservation of rights.

15. The Consent Order provides no relief to the Director Defendants.  It does not lift the automatic stay with regard to the expected defense costs likely to be incurred in the Adversary Proceedings.  Rather, paragraph 2(a) of the Consent Order specifically limits the stay lift only for the payment of limited defense costs to the Insured Former Directors, none of whom are named as defendants in the Adversary Proceedings, with respect to the Claims Letter.

16. Given the narrow scope of the Consent Order, National Union has again indicated that before it advances the defense costs incurred and to be incurred by the Director Defendants in the Adversary Proceedings, subject to its reservation of rights, it requires confirmation from the Court that such payments will not violate the Automatic Stay imposed by operation of section 362 of the Bankruptcy Code.

17. The Consent Order contains additional provisions that are also inapplicable to the needs and rights of the Director Defendants in the Adversary Proceedings. It contains restrictions on the amount of Defense Costs that can be advanced on a monthly and annual basis which would unfairly limit the Director Defendants' ability to defend themselves in the Adversary Proceeding. The Court's referral of the parties to mediation in accordance with their agreement, provides for significant activities: the selection of the mediator, comprehensive albeit informal document discovery among the Plaintiff and six defendants, the exchange of positions on the law and facts supporting or defeating liability, and preparing for and conducting both early mediation and a scheduling conference in the event the case is not resolved in mediation. [D.E. 784].

18. The Consent Order submitted by the Debtor, in agreement with the Plaintiff, at Paragraph 2(b)(i) limits the total payments "for all Insured Persons" to $60,000 per quarter and $250,000 in the aggregate. There should be no limitation on the access of the Director Defendants as Insured Persons, to the advancement of defense costs under their D&O Coverage, much less one imposed by the Plaintiff.

19. The Consent Order at paragraph 2(b)(ii) also requires the Director Defendants (again as "Insured Persons") to provide a 30-day notice to the Plaintiff, the Debtor and the Unsecured Creditor's Committee of any payments in excess of the restriction in paragraph 2(b)(i). It would be highly prejudicial for the Plaintiff (or any non-parties to the Adversary Proceedings such as the Debtor and the Unsecured Creditors Committee) to have the ability to police the Director Defendants' access and use of the D&O Coverage for their defense costs and to embroil them in collateral proceedings that could impact their continued representation by defense counsel.

20. The Director Defendants should not be limited by any prior agreement among the Debtor, the Plaintiff and a committee of unsecured creditors. The coverage afforded to the Director Defendants under Side A of the Policy is not an asset of the Debtor, nor property of the bankruptcy estate. *See, e.g., In re CHS Elecs., Inc.,* 261 B.R. 538, 542 (Bankr. S.D. Fla. 2001). It provides coverage to the individual insureds, the Director Defendants, alone. And, as noted above under the Policy, payments made to the individual insureds under Side A take priority over payments made to any other insured under any other coverage provided by the Policy.

**RELIEF REQUESTED**

21. The Director Defendants seek entry of an order granting relief from the automatic stay for National Union to advance Defense Costs or any other losses suffered by the Director Defendants in the Adversary Proceedings.

22. The Director Defendants seek entry of an unrestricted order lifting the stay, in the form submitted herewith as **Exhibit "B"**.

**ARGUMENT AND AUTHORITY**

23. Section 362(d)(1) of the Bankruptcy Code provides that this Court may modify the automatic stay "for cause". 11 U.S.C. § 362(d)(1). The Bankruptcy Code does not, however, define "cause", and as a result, the decision to lift the automatic stay is to be determined at the Court's discretion on a case-by-case basis. *Disciplinary Bd. v. Feingold (In re Feingold)*, 730 F.3d 1268, 1277 (11th Cir. 2013). The decision to lift the stay is within the discretion of the Bankruptcy Court Judge. *In re Dixie Broad, Inc.,* 871 F.2d 1023, 1026 (11th Cir. 1989).

24. In determining whether a party has a cognizable property interest in an insurance policy, the language and scope of the policy at issue is dispositive. *In re Allied Digital Technologies Corp.*, 306 B.R. 505, 509 (Bankr.D.Del.2004). This is a fact-based analysis turning on who is the named insured under the insurance policy and what coverage provides protection against claims that may be asserted against that insured. See *In re Minoco Group of Companies, Ltd.*, 799 F.2d 517, 519 (9th Cir.1986).

25. The proceeds of a directors and officers liability insurance policy are not deemed property of a Debtor or bankruptcy estate. See, e.g., *In re Louisiana World Exhibition*, 832 F.2d 1391, 1460 (5th Cir.1987) ("the liability proceeds payable to the directors and officers are not part of the bankruptcy estate."); *In re CHS Electronics*, Inc., 261 B.R. 538, 544 (Bankr.S.D.Fla.2001) (D & O policy proceeds are not property of the estate, adopting holding in *In re Louisiana World Exposition, Inc.,* supra). See also*, In re World Health Alternatives, Inc.,* 369 B.R. 805, 811 (Bankr.Del.2007) ("[T]he proceeds of the Debtor's [D & O] insurance policy are not property of the estate."); *In re Global Crossing Securities and ERISA Litig.*, 225 F.R.D. 436, 463 (S.D.N.Y.2004) ("individual insureds ... have a right to use the policies' proceeds to cover their defense and settlement costs in litigation"); *In re Adelphia Communications Corp.,* 298 B.R. 49, 54 (S.D.N.Y.2003) (Debtor has no property interest in D & O policy proceeds); *In re First Central Financial Corp.*, 238 B.R. 9, 13 (Bank.E.D.N.Y.1999); *In re Daisy Sys. Sec. Litigation,* 132 B.R. 752, 755 (N.D.Cal.1991).

26. Further, courts generally grant relief from the automatic stay to permit the advancement of defense costs to a debtor's directors and officers even though the insurance policy also technically provides direct coverage to debtor for some types of claims. *See, e.g., In re MF Global Holdings, Ltd.,* 469 B.R. 177, 197 (Bankr. S.D.N.Y. 2012) (lifting the automatic stay to permit payment of the individual insureds' defense costs); *In re Allied Digital Technologies Corp.,* 306 B.R. 505, 509 (Bankr. D. Del. 2004) (authorizing insurer to advance defense costs under D&O policy); *In re Adelphia Communications Corp.,* 298 B.R. 49, 55 (S.D.N.Y. 2003) (granting relief from stay to advance defense costs).

27. Side A of the Policy does not provide any right to the Debtor for any D&O Coverage proceeds. Side A only covers losses of individual officers and directors of the Debtor when the Debtor fails for any reason to indemnify its directors and officers who have been sued for actions taken in their capacities as directors and officers. Side B provides coverage under the Policy to the Debtor when it actually indemnifies directors and officers for claims against them. The Debtor has not and will not be in a position to indemnify its current and former directors for any Defense Costs, settlements or judgments in the Adversary Proceedings. Side C of the Policy is strictly limited to coverage for the Debtor for any

6

securities and derivative claims made against the Debtor. No such claims have been asserted or will be against the Debtor. Therefore, any claim of the Debtor to the Policy proceeds is purely hypothetical. Moreover, as noted above, even if such claims existed, the Policy provides that the payment of losses to the Director Defendants under the D&O Coverage would take priority under the terms of the Policy. Exh. A at §3.B. As such, the Debtor has no property interest at issue and there will be no prejudice to the Debtor if the stay is lifted.

28. In stark contrast, if the stay is not lifted, there will be considerable hardship to the Director Defendants. The Director Defendants' hardship is very real and easily identifiable. They are in need of their contractual right to the payment of defense costs and would be harmed if disbursements are not presently made to fund their defense in the Adversary Proceedings. *See In re Cybermedica,* 280 B.R. 12, 18 (Bankr. D. Mass. 2002); *also In re Downey Fin'l Corp.,* 428 B.R. 595, 609 (Bankr. D. Del. 2010).

29. As such, "cause" exists for amending the Consent Order to permit National Union to advance defense costs to the Director Defendants under the Policy's D&O Coverage without any limitations or restrictions.

30. The Director Defendants submit herewith as Exhibit "B", a proposed order amending the Consent Order granting relief from the automatic stay to the extent necessary to allow the advancement, reimbursement and/or payment of costs and fees of the Director Defendants.

**WHEREFORE,** the Directors Defendants respectfully request entry of the Order Amending Consent Order: (i) granting relief from the automatic stay to the extent necessary to allow the National Union to advance, reimburse and/or pay costs and fees for the Director Defendants under the directors and officers insurance policy; and (ii) granting such other and further relief as the Court may deem just and proper.

Dated:  November 2, 2018.   Respectfully submitted,

By:   s/ *Alan Curley*  
     Alan Curley  
     *Admitted pro hac vice*  
     Robinson Curley P.C.  
     300 South Wacker Drive, Suite 1700  
     Chicago, Illinois 60606  
     Telephone: (617) 951-04705  
     acurley@robinsoncurley.com  
     adolinko@robinsoncurley.com  

By:   */s/ John T. Rogerson, III*  
     John T. Rogerson, III  
     Adams and Reese. LLC  
     501 Riverside Avenue, Suite 601,  
     Jacksonville, FL 32202  
     Telephone: 904.493.3303  
     Facsimile: 904.355.1797  
     john.rogerson@arlaw.com  

     Counsel for Director Defendants  
     *Mark A. Sellers  and Jack H. Jacobs*

By:   /s/ *Cristina B. Rodriguez*  
     Cristina B. Rodriguez  
     Florida Bar No. 639982  
     Lewis F. Murphy  
     Florida Bar No. 308455  
     STROOCK & STROOCK & LAVAN LLP  
     200 South Biscayne Boulevard, Suite 3100  
     Miami, Florida 33131  
     Telephone:  (305) 358-9900  
     Facsimile:  (305) 789-9302  
     lmurphy@stroock.com  
     cbrodriguez@stroock.com  
     dtejada@stroock.com  
     nydocketing@stroock.com  

     Attorneys for Director Defendants  
     *Douglas Banker and Richard Kraniak*

**CERTIFICATE OF SERVICE**

     I HEREBY CERTIFY that on November 1, 2018, the foregoing was transmitted to the Court for uploading to the Case Management/Electronic Case Files ("CM/ECF") System, which will send a notice of electronic filing to all creditors and parties in interest who have consented to receiving electronic notifications in the Case. In accordance with the Court's Order Granting Debtors' Motion for an Order Pursuant to 11 U.S.C. § 105(a) and Rule 2002 Establishing Notice Procedures [D. E. 140], a copy of the foregoing was also furnished on November 1, 2018 by U.S. Mail, postage prepaid and properly addressed, to the Master Service List attached hereto.

Robert P Charbonneau
Agentis, PLLC
501 Brickell Key Drive, Suite 300
Miami, FL 33131
Telephone: (305) 722-2002
Fax : (305) 722-2001
rpc@agentislaw.com

*Counsel for Plaintiff*

Alan F. Curley, Esq.
Alan R. Dolinko, Esq.
Robinson Curley P.C.
300 South Wacker Drive, Suite 1700
Chicago, Illinois 60606
Telephone: (617) 951-04705
acurley@robinsoncurley.com
adolinko@robinsoncurley.com

Jacob A. Brown, Esq.
Akerman LLP
50 N. Laura Street, Suite 3100
Jacksonville, FL 32202
Telephone: (904) 798-3700
Jacob.brown@akerman.com

*Counsel for Plaintiff*

John T. Rogerson, III
Adams and Reese LLP
501 Riverside Avenue, Suite 601 | Jacksonville, FL 32202
main 904.355.1700 | direct 904.493.3303 | efax 904.394.0570 | fax 904.355.1797
john.rogerson@arlaw.com

*Counsel for Defendants Mark A. Sellers and Jack H. Jacobs*

Peter J. Gurfein, Esq.
Landau Gottfried & Berger LLP
1801 Century Park East, Suite 700
Los Angeles, CA 90067
Telephone: (310) 557-0050
pgurfein@lgbfirm.com

*Counsel for Plaintiff*

Jim Henshall, Esq.
James A. Henshall Law Corporation
210-900 Howe St.
Vancouver, BC
V6Z 2M4
Telephone: (604) 608-0383
jhenshall@hs-law.ca

*Counsel for Defendant Daoping Bao*

Kenneth D. Murena, Esq.
Damian & Valori LLP
1000 Brickell Avenue, Suite 1020
Miami, Florida 33131
kmurena@dvllp.com

*Counsel for Defendants Sellers Capital, LLC and Sellers Capital Master Fund, Ltd.*

9

| | |
|---|---|
| Brian Wainger, Esq.<br>Kaleo Legal<br>4456 Corporation Lane, Suite 135<br>Virginia Beach, VA 23462<br>Telephone: (757) 965-6804<br>bwainger@kaleolegal.com<br><br>*Counsel for Debtor Premier Exhibitions, Inc.* | Robert McFarland, Esq.<br>McGuire Woods LLP<br>World Trade Center<br>101 West Main Street, Suite 9000<br>Norfolk, Virginia 2310-1655<br>rmcfarland@mcguirewoods.com<br><br>*Counsel for Debtor Premier Exhibitions, Inc.* |

                                                */s/ Cristina B. Rodriguez*
                                                Cristina B. Rodriguez

**MASTER SERVICE LIST**
*Case No. 3:16-bk-02230-PMG*

| | |
|---|---|
| A-1 Storage and Crane<br>2482 197th Avenue<br>Manchester, IA 52057 | ABC Imaging<br>14 East 38th Street<br>New York, NY 10017 |
| A.N. Deringer, Inc.<br>P.O. Box 11349<br>Succursale Centre-Ville<br>Montreal, OC H3 5H1 | ATS, Inc.<br>1900 W. Anaheim Street<br>Long Beach, CA 90813 |
| Broadway Video<br>30 Rockefeller Plaza<br>54th Floor<br>New York, NY 10112 | CBS Outdoor/Outfront<br>Media 185 US Highway 48<br>Fairfield, NJ 07004 |
| Dentons Canada LLP<br>250 Howe Street, 20th Floor<br>Vancouver, BC V6C 3R8 | Enterprise Rent-A-Car<br>Canada 709 Miner Avenue<br>Scarborough, ON M1B 6B6 |
| Expedia, Inc.<br>10190 Covington Cross Drive<br>Las Vegas, NV 89144 | George Young Company<br>509 Heron Drive<br>Swedesboro, NJ 08085 |
| Gowlings<br>550 Burrard Street<br>Suite 2300, Bental 5<br>Vancouver, BC V6C 2B5 | Hoffen Global Ltd.<br>305 Crosstree Lane<br>Atlanta, GA 30328 |
| Kirvin Doak Communications<br>5230 W. Patrick Lane<br>Las Vegas, NV 89118 | MNP LLP<br>15303 – 31st Avenue<br>Suite 301<br>Surrey, BC V3Z 6X2 |
| Morris Visitor Publications<br>P.O. Box 1584<br>Augusta, GA 30903 | NASDAQ Stock Market, LLC<br>805 King Farm Boulevard<br>Rockville, MD 20850 |
| National Geographic Society<br>1145 – 17th Avenue NW<br>Washington, DC 20036 | NYC Dept. of Finance<br>P.O. Box 3646<br>New York, NY 10008 |
| PacBridge Limited Partners<br>22/F Fung House<br>19-20 Connaught Road<br>Central Hong Kong | Pallet Rack Surplus, Inc.<br>1981 Old Covington Cross Road NE<br>Conyers, GA 30013 |

Ramparts, Inc.
d/b/a Luxor Hotel and Casino
3900 Las Vegas Blvd. South
Las Vegas, NV 89119

Seaventures, Ltd.
5603 Oxford Moor Blvd.
Windemere, FL 34786

Syzygy3, Inc.
231 West 29th Street
Suite 606
New York, NY 10001

TPL
3340 Peachtree Road
Suite 2140
Atlanta, GA 30326

Verifone, Inc.
300 S. Park Place Blvd.
Clearwater, FL 33759

WNBC – NBC Universal Media
30 Rockefeller Center
New York, NY 10112

Jonathan B. Ross, Esq.
Gowling WLG (Canada) LLP
550 Burrard Street, Suite 2300, Bentall 5
Vancouver, BC V6C 2B5

TSX Operating Co., LLC
c/o James Sanna
70 W. 40th Street
New York, NY 10018
***Creditor Committee***

B.E. Capital Management Fund LP
Thomas Branziel
205 East 42nd Street, 14th Floor
New York, NY 10017
***Creditor Committee***

Screen Actors Guild
1900 Broadway
5th Floor
New York, NY 10023

Sophrintendenza Archeologica
di Napoli e Pompei
Piazza Museo 19
Naples, Italy 80135

Time Out New York
405 Park Avenue
New York, NY 10022

TSX Operating Co.
70 West 40th Street
9th Floor
New York, NY 10018

Samuel Weiser
565 Willow Road
Winnetka, IL 60093

United States Attorney's Office
Middle District of Florida
300 N. Hogan Street, Suite 700
Jacksonville, FL 32202

Christine R. Etheridge, Esq.
Bankruptcy Administration
Wells Fargo Vendor Financial Services, LLC
P.O. Box 13708
Macon, GA 31208

Dallian Hoffen Biotechnique Co., Ltd.
c/o Ezra B. Jones
305 Crosstree Lane
Atlanta, GA 30328
***Creditor Committee***