# **EXHIBIT 2**

**PacBridge Term Sheet**

## Jeffrey Chubak

| | |
|---|---|
| **From:** | Murphy, Brendan <BMurphy@lincolninternational.com> |
| **Sent:** | Thursday, October 05, 2017 6:38 AM |
| **To:** | Jeffrey Chubak |
| **Cc:** | Murphy, Brendan |
| **Subject:** | Fwd: PRXI - Update [10/4/2017] |
| **Attachments:** | 111454530_v 3_363 Sale Term Sheet.doc; ATT00001.htm |

Jeff - FYI

We spoke with Glass Ratner ("GR") earlier today. Here is an update (below), and just received a revised PacBridge term sheet [attached]

Marketing Process:

   *   Armada Group: GR has been having regular calls with Armada and they have now indicated the cash portion of their revised proposal will be reduced -- citing the large financing need to sponsor an ~$80M+ cash transaction. It is likely their revised proposal will be amended to have a much small cash distribution but retain the "equity upside" as a shareholder of the new entity. Armada does have a line of credit with a national bank, but it's restricted to real estate (only) deals. GR hopes to receive the revised term sheet later this week, along with proof of funds.


   *   Royal Museum of Greenwich ("RMG"): RMG has now retained Davis Polk as US counsel and the professionals had a call with them this week. RMG is seeking to determine capital availability via "Heritage Funding Sources" and hopes to get back initial indications / commitments next week. RMG's counsel has indicated that RMG is "very interested" in acquiring the assets and price will be dictated by capital available. It's hopeful they would be a participate at the auction.


   *   PacBridge: Submitted a revised term sheet today. Preliminary summary is below.
   *   Purchase Price: Total consideration of $30 million in cash subject to the adjustment described below, plus cancellation of all shares of stock owned by Zhang, High Nature Holdings Limited, Lange Fenge, Mandra Forestry Limited c/o Portcullis Trustnet (BVI) Ltd., and Daoping Bao (4,285,387 out of 9,373,116 issued and outstanding shares, on a fully diluted basis).
   *   Purchase Price Adjustment: The $30 million purchase price shall include a credit bid for (a) the secured claims of Zou, Zhang, and Fenge (which shall be allowed in the full amount of such claims, plus post-petition contractual (including any default) interest, plus all post-petition attorneys' fees and costs), and (b) the unsecured claim of PacBridge (plus post-petition interest) (collectively, the "Credit Bid"). Thus, the net cash consideration will be $30 million less the amount of the Credit Bid.
   *   Excluded Assets: The Purchased Assets shall not include: any cash on hand; avoidance actions under the Bankruptcy Code and any other litigation claims held by Sellers (except for any claims against Zou, Zhang, Feng, High Nature and PacBridge).
   *   Contingencies: There is no financing contingency.
   *   Due Diligence Requirement: Buyer will complete its due diligence by [October 31], 2017.
   *   Buyer Protections: Break-up fee in the amount of $1,500,000, as well as other bidder protections to be negotiated (including without limitation agreement on the amount of a competing bidder's deposit, minimum overbid amounts, bidding increments and other auction terms and procedures).

* No response(s) from or recent discussions with ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

Let us know if you have any questions.

-Brendan

Brendan J. Murphy
Managing Director

Lincoln International LLC
444 Madison Avenue, Suite 300
New York, NY  10022
Tel: +1 (212) 257-7751
Mobile: +1 (713) 628-0216
E-mail: BMurphy@lincolninternational.com<mailto:BMurphy@lincolninternational.com>
Website: www.lincolninternational.com<http://www.lincolninternational.com/>

AMSTERDAM | BEIJING | CHICAGO | DALLAS | FRANKFURT | LONDON
LOS ANGELES | MADRID | MILAN | MOSCOW | MUMBAI | MUNICH
NEW YORK | PARIS | SAN FRANCISCO | SÃO PAULO | TOKYO | VIENNA | ZURICH

This message may contain information that is confidential or privileged.  If you are not the intended recipient, please advise the sender immediately and delete this message.  See http://www.lincolninternational.com/disclosures/noticetorecipients/ for further information on Lincoln International and this email.

### Term Sheet for Sale of Substantially All Assets of Premier Exhibitions, Inc. and its Debtor and Non-Debtor Affiliates

This term sheet summarizes the terms and conditions for the proposed sale of substantially all of the assets of Debtor Premier Exhibitions, Inc. and its debtor and non-debtor subsidiaries. Except for the Binding Provisions, which shall create a binding agreement of Sellers, this is a non-binding term sheet setting forth material terms to be incorporated into an Asset Purchase Agreement (the **"Asset Purchase Agreement"**) and other related agreements to be negotiated.

### Parties

| | |
|---|---|
| Buyer: | Haiping Zou (**"Zou"**), Jihe Zhang (**"Zhang"**) and PacBridge Capital Partners (HK) Ltd. (**"PacBridge,"** and together with Zou and Zhang, **"Buyer"**). |
| Sellers: | Premier Exhibitions, Inc., together with its debtor subsidiaries in the jointly administered Chapter 11 Case No. 3:16-bk-02230-PMG (the **"Bankruptcy Cases"**), pending in the United States Bankruptcy Court for the Middle District of Florida (the **"Bankruptcy Court"**), and its non-debtor subsidiaries (collectively, **"Sellers"**). |

### Essential Terms

| | |
|---|---|
| Purchase Price: | Total consideration of $30 million in cash subject to the adjustment described below, <u>plus</u> cancellation of all shares of stock owned by Zhang, High Nature Holdings Limited (**"High Nature"**), Lange Fenge (**"Feng"**), Mandra Forestry Limited c/o Portcullis Trustnet (BVI) Ltd. (**"Mandra Forestry"**), and Daoping Bao (**"Bao"**) (4,285,387 out of 9,373,116 issued and outstanding shares, on a fully diluted basis).[1] |
| | The $30 million purchase price shall include a credit bid for (a) the secured claims of Zou, Zhang, and Fenge (which shall be allowed in the full amount of such claims, plus post-petition contractual (including any default) interest, plus all post-petition attorneys' fees and costs), and (b) the unsecured claim of PacBridge (plus post-petition interest) (collectively, the **"Credit Bid"**). Thus, the net cash consideration will be $30 million less the amount of the Credit Bid. |

---

[1] While Mandra Forestry and Bao will not be part of Buyer for purposes of negotiating and closing on the proposed sale, Buyer does intend to issue equity interests in the to-be-formed Buyer entity to Mandra Forestry and Bao, the details of which will be fully disclosed in the definitive documentation and to the Bankruptcy Court and all interested parties in the Bankruptcy Cases.

| | |
|---|---|
| Purchased Assets: | Buyer shall acquire substantially all of the assets, tangible and intangible, of Sellers used or useful in the operation of Sellers' business, except for the assets designated as excluded by Buyer, free and clear of all liens, claims, interest, and encumbrances (the **"Purchased Assets"**). |
| | If necessary or required by the United States District Court for the Eastern District of Virginia, in Case No. 2:93-cv-902 (the **"Admiralty Court"**), however, Buyer will consider acquiring 100% of the stock of RMS Titanic, Inc. (**"RMST"**), rather than the assets of RMST. |
| | The Purchased Assets shall not include (collectively, the "**Excluded Assets**"): any cash on hand; avoidance actions under the Bankruptcy Code and any other litigation claims held by Sellers (except for any claims against Zou, Zhang, Feng, High Nature and PacBridge). |
| Executory Contracts and Unexpired Leases: | All executory contracts and unexpired leases will be deemed rejected, except executory contracts and unexpired leases designated by Buyer to be assumed (**"Assumed Executory Contracts"**).  Buyer or its designee will pay all amounts required to be paid and take all actions required to be taken pursuant to Section 365(b) of the Bankruptcy Code to assume and assign each Assumed Executory Contract. |
| Assumed Obligations: | Buyer shall assume none of Sellers' liabilities in respect of the Purchased Assets, the business, or operations, except as specifically provided in the Asset Purchase Agreement. The assumed obligations will, however, include all obligations arising under the Assumed Executory Contracts after the closing. |
| Representations, Warranties and Covenants: | Sellers and Buyer will make full representations, warranties and covenants including as to the business, assets and other matters typically required by buyers in connection with an acquisition, which shall be set forth in the Asset Purchase Agreement. Representations and warranties of Sellers and Buyer shall not survive closing under the Asset Purchase Agreement. |
| Contingencies: | There is no financing contingency. |
| Due diligence: | Buyer will complete its due diligence by [October 31], 2017. |
| Access to information and | Following execution of this Term Sheet by all of the parties, Sellers will afford Buyer and its officers, |

| | |
|---|---|
| employees: | employees, agents and advisors full and free access to the properties, books and records (including, without limitation, financial, operating and other data) of Sellers, as well as to Sellers' independent accountants, at reasonable times in order to permit Buyer to make such investigation of the business, properties and operations of Sellers as Buyer may deem appropriate. During due diligence, Buyer shall have access to and may conduct negotiations with employees of the business to determine which employees will be hired by Buyer, and Sellers will use commercially reasonable efforts to cooperate with Buyer. |
| Confidentiality: | Except and to the extent required by law, without the prior written consent of the other party, none of Buyer or Sellers will, and each will direct its employees, agents and representatives not to, make, directly or indirectly, any public comment, statement or communication with respect to, or otherwise disclose or permit the disclosure of the existence of discussions regarding, a possible transaction between the parties or any of the terms, conditions or other aspects of the transaction proposed in this Term Sheet. If a party is required by law to make any such disclosure, it must first provide to the other party the content of the proposed disclosure, the reasons that such disclosure is required by law and the time and place that the disclosure will be made. Notwithstanding the foregoing, Buyer may disclose this Term Sheet and its discussions with Sellers to its attorneys, financial advisors and potential financing sources, and Sellers may disclose this Term Sheet and their discussions with Buyer to their attorneys and financial advisors, as well as to the Official Committee of Unsecured Creditors (the **"Creditors Committee"**) and the Official Committee of Equity Holders (the **"Equity Committee,"** and together with the Creditors Committee, the **"Committees"**) in the Bankruptcy Cases and their respective attorneys and financial advisors. |
| Normal Business Operations and Material Adverse Changes: | Until the execution and delivery of definitive transaction agreements or such earlier date as our negotiations may terminate, Sellers will conduct their business only in the normal and ordinary course and in a manner consistent with good business practices. Sellers will use their reasonable efforts to preserve Sellers' business organization intact and to preserve their existing business relationships, and will not engage in any transaction that would have a material effect on the business, operations, assets, financial condition or prospects of Sellers. |

*Non-Binding Term Sheet - Confidential Draft 10/3/17*

| | |
|---|---|
| Plan Support Agreement (**"PSA"**) | Seller is a party to a Plan Support Agreement with the Committees (the **"PSA"**) in the Bankruptcy Cases. Sellers will at all times remain in compliance with the PSA, and will obtain an extension of the Stalking Horse Designation Deadline (as defined in the PSA) to [October 31], 2017. All related Milestones (as defined in the PSA) shall run from the new Stalking Horse Designation Deadline.

Sellers and Buyer may agree to include in the Asset Purchase Agreement additional deadlines and timing related to the sale process, which shall not be inconsistent with the Milestones under the PSA, as extended. |
| Bankruptcy Cases: | All pleadings and other papers prepared by Sellers for filing in the Bankruptcy Cases shall: (i) be provided to Buyer at least three business days in advance of filing, to allow Buyer a reasonable opportunity to comment; and (ii) be in a form mutually and reasonably acceptable to Buyer and Sellers.

Sellers shall file (i) a motion with the Bankruptcy Court pursuant to 11 U.S.C. § 365(b), (f) and (m), and 365(a) and (f), seeking approval of the sale and the assumption, assumption and assignment, and/or rejection of any executory contracts pursuant to the terms of the Asset Purchase Agreement, in form and substance reasonably satisfactory to Buyer (the **"Sale Motion"**) and (ii) a Chapter 11 plan of liquidation (the **"Plan"**). Sellers will provide timely and proper notice of the sale, the Sale Motion, the hearing thereon, the deadline for objections thereto, as well as all Plan-related filings (including without limitation the disclosure statement hearing, the confirmation hearing, the ballot deadline and the confirmation objection deadline), and any other notices required by the Federal Rules of Bankruptcy Procedure, and any other applicable authority. The Plan will include an exemption under Section 1146(a) of any transfer taxes, and will include Buyer in any release and exculpation provisions. |
| Bankruptcy Court Approval of Sale: | The approval of the Bankruptcy Court in both a final sale order and a final confirmation order, each in form and substance acceptable to Buyer in its sole discretion, shall be a condition to closing. |
| Admiralty Court Approval: | Approval of the Admiralty Court, to the extent required, in form and substance acceptable to Buyer in its sole |

discretion, shall be a condition to closing.

Bidder protections:   Sellers shall be entitled to a break-up fee in the amount of $1,500,000, as well as other bidder protections to be negotiated (including without limitation agreement on the amount of a competing bidder's deposit, minimum overbid amounts, bidding increments and other auction terms and procedures). In addition, all competing bids must be on the same material terms as Buyer's bid and based on Buyer's form of Asset Purchase Agreement.

Definitive Documentation:   Upon full execution of this term sheet by Buyer and Sellers, Buyer and Sellers agree to proceed and negotiate, with all due haste and in good faith, a binding definitive Asset Purchase Agreement and all other documents necessary to implement the transactions contemplated in this term sheet.

Binding Exclusivity:   The following provision shall be binding on Seller and Buyer (the **"Binding Provisions"**). During the period between the execution of this term sheet and execution of the Asset Purchase Agreement, neither Sellers nor any of their officers, directors, employees, attorneys, financial advisors or other agents will enter into discussions or negotiations with any other third party for the purchase and sale of any of the Purchased Assets. The Binding Provisions shall be governed by the law of the State of Florida without regard to its conflict of laws provisions. Disputes over the Binding Provisions shall be heard in the exclusive venue of the Bankruptcy Court.

General Terms:   Except for the Binding Provisions, (a) the terms and provisions contained in this Term Sheet are not and do not constitute an offer, admission, representation, or solicitation by Buyer or Sellers, are subject to senior management approval and are not and do not constitute an acceptance by Buyer or Sellers; (b) this discussion outline is not a commitment on the part of Buyer or Sellers; and (c) the form and substance of all documents necessary to effect the consummation of the transaction are subject to final approval of Buyer, Sellers and their respective counsel, and as such, this Term Sheet is not intended to constitute a final written expression of all of the terms and conditions of the transaction, but merely to outline some of the major terms and conditions thereof.

Except for the Binding Provisions, this Term Sheet may not be used against Buyer or Sellers in any litigation in

which Buyer or Sellers are parties nor may it be used in any proceedings in which Buyer or Sellers are directly or indirectly interested, or parties in interest.

Except for the Binding Provisions, this Term Sheet is merely to facilitate further discussions and does not address or include all of the material issues, terms, provisions and conditions which would have to be addressed or included if a transaction based on this Term Sheet is to be consummated. Except for the Binding Provisions, this Term Sheet and any discussion by the parties are not intended to be and will not constitute a binding obligation of Buyer or Sellers.

[*Signatures on next page*]

Accepted and agreed to this ____ day of October, 2017.

**<u>Buyer</u>:**

PACBRIDGE CAPITAL PARTNERS
(HK) LTD.
By:
_____
Name: Giovanni Wong
Title: Principal

Date:_____


_____
Haiping Zou

Date:_____


_____
Jihe Zhang

Date:_____

**Sellers**:

PREMIER EXHIBITIONS, INC.

By:_____
Name:_____
Title:_____

RMS TITANIC, INC.

By:_____
Name: _____
Title:_____

PREMIER EXHIBITIONS
MANAGEMENT, LLC

By:_____
Name: _____
Title:_____

ARTS AND EXHIBITIONS
INTERNATIONAL, LLC

By:_____
Name: _____
Title:_____

PREMIER EXHIBITIONS
INTERNATIONAL, LLC

By:_____
Name: _____
Title:_____

PREMIER EXHIBITIONS NYC, INC.

By:_____
Name: _____
Title:_____

PREMIER MERCHANDISING, LLC

By:_____
Name: _____
Title:_____

DINOSAURS UNEARTHED CORP.

By:_____
Name: _____
Title:_____

1032403 B.C. LTD.

By:_____
Name:_____
Title:_____

PREMIER HOLLYWOOD PICTURES
LLC

By:_____
Name: _____
Title:_____

RMS TITANIC TRUST

By:_____
Name: _____
Title:_____

DINOKING TECH, INC.

By:_____
Name: _____
Title:_____

PRXI INTERNATIONAL HOLDINGS CV

By:_____
Name: _____
Title:_____

DINOKING INTERNATIONAL, INC.

By:_____
Name: _____
Title:_____

[Term Sheet – Sellers' Signature Page]