**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**Jacksonville Division**
**www.flmb.uscourts.gov**

In re:                                          Chapter 11

RMS TITANIC, INC., *et al.*,                     Case No.: 3:16-bk-002230-PMG
                                                (Jointly Administered)
                              Debtors.
_____/

**RESPONSIBLE PERSON'S APPLICATION (I) TO APPROVE**
**EMPLOYMENT OF ROBERT P. CHARBONNEAU, ESQ., AND THE**
**LAW FIRM OF AGENTIS, PLLC, AS SPECIAL LITIGATION COUNSEL**
**TO THE RESPONSIBLE PERSON; (II) TO MODIFY THE TERMS OF**
**SAID EMPLOYMENT; AND (III) TO APPROVE THE TERMS OF THE**
**AGREEMENT BETWEEN ROBERT P. CHARBONNEAU, ESQ., AND**
**THE LAW FIRM OF AGENTIS, PLLC, AND JASON S. MAZER, ESQ.,**
**AND THE LAW FIRM OF CIMO MAZER MARK, PLLC,**
**AS CO-SPECIAL LITIGATION COUNSEL**
*(Expedited Hearing Requested as Soon as Possible)*

Mark C. Healy, as fiduciary for RMS Titanic, Inc., and certain of its affiliates, as debtors and debtors-in-possessions in the above-captioned case (collectively, the "Debtors"), and solely in the capacity as substitute plaintiff in the Adversary Proceeding (defined below) (in such capacity, the "Responsible Person"), and pursuant to Sections 105, 327(e), 328(a), 330, and 331 of Title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 2016-1, as applicable and as set forth herein, respectfully requests this Court to enter an order in substantially the same form as the proposed order attached hereto as **Exhibit A** (the "Proposed Order"), (i) to approve the employment of Robert P. Charbonneau, Esq., and the law firm of Agentis, PLLC (together, "Agentis"), as Special Litigation Counsel to the Responsible Person; (ii) partially modify the terms of said employment so as to increase the compensation of Agentis

from 35% to 40% of any insurance proceeds or other funds recovered in the pursuit of the D&O

Claims (defined below); and (iii) approve the terms of the agreement between Agentis and Jason

S. Mazer, Esq., and the law firm of Cimo Mazer Mark, PLLC (together, "<u>Cimo Mazer Mark</u>"), to

pursue the D&O Claims (defined below) as co-Special Litigation Counsel to the Responsible

Person.   In support of this application (the "<u>Application</u>"), the Responsible Person states as

follows:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and

1334.  This is a core proceeding pursuant to 28 U.S.C. § 157.

2.      Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

3.      On June 14, 2016, the Debtors filed respective voluntary petitions under Chapter

11 of the Bankruptcy Code, commencing the above-captioned proceeding (the "<u>Bankruptcy</u>

<u>Case</u>").

4.      On August 24, 2016, the United States Trustee (the "<u>UST</u>") appointed the Official

Committee of Unsecured Creditors (the "<u>Creditors' Committee</u>") and the Official Committee of

Equity Security Holders (the "<u>Equity Committee</u>") [ECF # 166, 167].

5.      On May 11, 2018, the Equity Committee filed the *Emergency Motion of the*

*Official Committee of Equity Security Holders for Entry of an Order Granting Derivative*

*Standing and Authority to Prosecute and Settle Claims on Behalf of the Debtors' Estates* [ECF #

1015],[1] pursuant to which the Equity Committee sought authority to prosecute and potentially

settle various claims against certain of the Debtors' past and present directors and officers

---

[1] Unless noted otherwise, all references to an ECF refer to electronically filed documents in the Bankruptcy Case.

(collectively, the "D&O Claims").  On May 25, 2018, the Court entered an order granting the motion (the "Standing Order"), which conferred derivative and exclusive standing to the Equity Committee to commence, prosecute, and, if appropriate, settle the D&O Claims.  [*See* ECF # 1036.]

6.     On May 14, 2018, the Equity Committee sought authority to employ Agentis as Special Litigation Counsel to the Equity Committee.  [*See* ECF # 1017.]  On May 25, 2018, the Court entered an order approving the employment of Agentis as Special Litigation Counsel ("Employment Order").  [*See* ECF # 1038.]  The Employment Order provides, among other things, that the compensation of Agentis "shall be on a thirty-five percent (35%) contingency fee basis of any insurance proceeds or other funds recovered in the pursuit of the [D&O] Claims unless Agentis is required to take the matter to trial." *Id.*

7.     On June 5, 2018, the Equity Committee filed its *Adversary Complaint and Demand for Jury Trial*, initiating the above-captioned adversary proceeding, Case No. 3:18-ap-00064-PMG (the "Adversary Proceeding").  In the Adversary Proceeding, which remains pending, Agentis is pursuing the D&O Claims against the named defendants, and any potential recovery is reserved for the benefit of the Debtors' estates and stakeholders.

8.     On October 19, 2018, this Court entered an order that, among other things, approved the sale of substantially all of the Debtors' assets (the "Sale") to Premier Acquisition Holdings LLC ("Premier Acquisition").  [*See* ECF # 1232.]  As the Debtors and Premier Acquisition work to close the Sale, the Debtors will pursue a chapter 11 plan of liquidation (the "Plan").  The Plan will provide for the dissolution of all statutory committees and the establishment of a liquidating trust (the "Trust") into which the Debtors' post-Sale assets will be transferred for distribution to estate stakeholders.

9.      Any recoveries from the Adversary Proceeding will be transferred into the Trust.

10.     Upon consultation with the Equity Committee, the largest unsecured creditor, and the Unsecured Creditors' Committee, the Debtors selected the Responsible Person to serve as the liquidating trustee for the Trust upon confirmation of the Plan, and the Responsible Person has been substituted as the plaintiff in the Adversary Proceeding.  [*See* ECF # 1055.]

11.     On January 24, 2019, the Debtors filed the *Consent Motion for an Order Appointing a Responsible Person as Substitute Plaintiff in the Adversary Proceeding against Certain of the Debtors' Current and Former Directors and Officers* (the "Motion to Appoint Responsible Person") [ECF # 24, Adversary Proceeding] requesting, upon disbandment of the Equity Committee, the appointment of the Responsible Person as the substitute plaintiff to pursue the causes of action in the Adversary Proceeding, and have all rights, powers, and remedies afforded to the Equity Committee in the Standing Order pending confirmation of a plan or further order by the Court.

12.     On January 25, 2019, the Court entered an order granting the Motion to Appoint Responsible Person (the "Order Appointing Responsible Person") [*see* ECF # 25, Adversary Proceeding], in which it ordered that immediately upon the UST's disbandment of the Equity Committee, the Responsible Person is appointed and "shall immediately (i) have all rights, powers and remedies granted to the Equity Committee under the Standing Order, and (ii) be substituted as party plaintiff in the Adversary Proceeding . . . ."

13.     Pursuant to the Order Appointing Responsible Person, the Responsible Person has all rights, powers, and remedies granted to the Equity Committee under the Standing Order and is now plaintiff in the Adversary Proceeding.

## I.      RETENTION OF AGENTIS AS SPECIAL LITIGATION COUNSEL

14.    The Responsible Person is seeking employment of Agentis with respect to the Adversary Proceeding under the same rights granted under the Employment Order.

15.    Agentis does not hold or represent any interest adverse to the bankruptcy estate, and the Responsible Person believes that the employment of Agentis would be in the best interests of the estate, as their efforts would increase the likelihood of an efficient and effective resolution of the D&O Claims.

16.    Attached to this Application as **Exhibit B** is the *Affidavit of Robert P. Charbonneau* demonstrating that Agentis is disinterested as required by Section 327(a) and defined in Section 101(14) of the Bankruptcy Code, and a verified statement as required under Bankruptcy Rule 2014.

17.    As pursuant to the Employment Order, Agentis agrees to be compensated in accordance with Sections 328(a), 330 and 331 of the Bankruptcy Code.

18.    The Responsible Person believes that Agentis is qualified to practice in the Bankruptcy Court and is qualified to act as Special Litigation Counsel with respect to the Adversary Proceeding and the D&O Claims.

## II.      THE PROPOSED MODIFICATION OF RETENTION TERMS

19.    The Responsible Person has identified insurance certain coverage issues existing in the Adversary Proceeding.  The Responsible Person is also investigating possible bad faith issues in the Adversary Proceeding.  In an effort to maximize the recovery for the estate, the Responsible Person has elected to retain Cimo Mazer Mark as co-counsel to Agentis.  The Responsible Person shall seek retention of Cimo Mazer Mark by separate application (the "Cimo Mazer Mark Application").

20.    The Responsible Person believes that Cimo Mazer Mark's retention will result in the most efficient and effective prosecution of the D&O Claims, because Cimo Mazer Mark has considerable institutional knowledge and experience with bad faith and insurance coverage issues.

21.    The Responsible Person, Agentis and Cimo Mazer Mark have agreed to a proposed compensation structure and other terms of their proposed joint pursuit of the D&O Claims (together, the "Agreement").

22.    The Responsible Person requests, pursuant to the Agreement, to increase the contingency fee (the "Contingency Fee") set forth in the Employment Order from 35% to 40% "of any insurance proceeds or other funds recovered in the pursuit of the [D&O] Claims," even if any matter is taken to trial.

23.    This adjustment to the Contingency Fee is proper under the circumstances to incentivize Cimo Mazer Mark in its pursuit of coverage and other issues related to the D&O Claims on behalf of the estate.  Each firm provides substantial experience and knowledge in pursuing such claims, and because neither firm will be receiving any other compensation for pursuing the D&O Claims, the Responsible Person believes the adjustment to the Contingency Fee is both practical and fair.  Moreover, any recovery may significantly enhance the estate for the benefit of all stakeholders.  Presently, there is a significant tower of potential insurance coverage for the acts at issue in the Adversary Proceeding.  However, the carrier(s) providing that coverage has declined coverage and defense of the claims raised.

24.    The Responsible Person requests that Agentis and Cimo Mazer Mark each receive half of the 40% Contingency Fee for any funds recovered on the D&O Claims in the Adversary

Proceeding for the benefit of the estate (i.e., that Agentis receives 20% and Cimo Mazer Mark receives 20% of any such recovery).

25.    The Responsible Person also requests that this Court allow Agentis and Cimo Mazer Mark to seek reimbursement of costs from the estate, or any other source of payment there may be.

26.    As discussed in greater detail in the Cimo Mazer Mark Application, like Agentis, Cimo Mazer Mark does not hold or represent any interest adverse to the bankruptcy estate, and the Responsible Person believes that the employment of Agentis and Cimo Mazer Mark would be in the best interests of the estate, as their joint efforts would increase the likelihood of an efficient and effective resolution of the D&O Claims.

27.    The Responsible Person is not seeking any other adjustment to the Employment Order.

**WHEREFORE**, the Responsible Person respectfully requests that the Court enter an Order substantially in the form attached hereto as **Exhibit A** granting the Application to (i) approve the employment of Agentis; (ii) approve the terms of the joint prosecution with Cimo Mazer Mark as Co-Special Litigation Counsel; (iii) modify, in part, the terms of the employment of Special Litigation Counsel set forth in the Employment Order by increasing the Contingency Fee to forty percent (40%); and (iv) providing any further relief as the Court deems just and proper.

Dated:  February 12, 2019

.                          Respectfully Submitted:


Mark C. Healy
**Michael Moecker & Associates, Inc.**

*Court-Appointed Responsible Person*
841 Prudential Drive, 12th Floor
Jacksonville, FL 32207
(904) 210-7023
Email: mhealy@moecker.com

By:  ___/s/ Mark C. Healy_____
        Mark C. Healy

8

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by transmission of Notices of Electronic Filing generated by CM/ECF to those parties registered to receive electronic notices of filing in this case this 12th day of February, 2019.

By:   */s/ Robert P. Charbonneau*
          Robert P. Charbonneau
          Fla. Bar No. 968234
          rpc@agentislaw.com

**<u>EXHIBIT A</u>**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**Jacksonville Division**
**www.flmb.uscourts.gov**

In re:                                                    Chapter 11

RMS TITANIC, INC., *et al.*,                              Case No.: 3:16-bk-002230-PMG
                                                          (Jointly Administered)

                    Debtors.

_____/

**ORDER APPROVING RESPONSIBLE PERSON'S APPLICATION**

THIS MATTER came before the Court upon the Responsible Person's *Application (I) to Approve Employment of Robert P. Charbonneau, Esq., and the Law Firm of Agentis, PLLC, as Special Litigation Counsel to the Responsible Person; (II) to Modify the Terms of Said Employment; and (III) to Approve the Terms of the Agreement Between Robert P. Charbonneau, Esq., and the Law Firm of Agentis, PLLC, and Jason S. Mazer, Esq., and the Law Firm of Cimo Mazer Mark, PLLC, as Co-Special Litigation Counsel* (the "Application").,[2] and the Court, having reviewed the Application, and finding that the joint litigation of the D&O Claims by Agentis and Cimo Mazer Mark is in the best interests of the estate and the creditors, and that modifying the Contingency Fee is reasonable and practical under the circumstances, is authorized to grant the relief requested in the Application pursuant to Section 328(a), and 330 of the Bankruptcy Code and Bankruptcy Rule 2014.  Based on the foregoing findings, good and

_____

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the February 5, 2019 *Responsible Person's Application (I) to Approve Employment of Robert P. Charbonneau, Esq., and the Law Firm of Agentis, PLLC, as Special Litigation Counsel to the Responsible Person; (II) to Modify the Terms of Said Employment; and (III) to Approve the Terms of the Agreement Between Robert P. Charbonneau, Esq., and the Law Firm of Agentis, PLLC, and Jason S. Mazer, Esq., and the Law Firm of Cimo Mazer Mark, PLLC, as Co-Special Litigation Counsel* (the "Application").

sufficient cause exists to grant the relief set forth herein and requested in the Application, and the Court **ORDERS** as follows:

1.      The Application is **GRANTED** on a final basis.

2.      The Court approves the Responsible Person's retention of Robert P. Charbonneau, Esq., and the law firm of Agentis, PLLC, as Co-Special Litigation Counsel.  Agentis is authorized to render those same services approved in the Employment Order on behalf of the Responsible Person.

3.      Upon an order granting the Responsible Person's application to employ Jason S. Mazer, and the law firm of Cimo Mazer Mark, PLLC, the Court approves the joint pursuit of the D&O Claims by Agentis and Cimo Mazer Mark as Co-Special Litigation Counsel to prosecute, and, if appropriate, settle the D&O Claims, as permitted under the Standing Order.

4.      The total compensation for Co-Special Litigation Counsel shall be a forty percent (40%) contingency fee of any insurance proceeds or other funds recovered in the pursuit of the D&O Claims, regardless of whether Co-Special Litigation Counsel is required to take the matter to trial.  The increase of the contingency fee to forty percent (40%) from the thirty-five percent (35%) set forth in the Employment Order shall become effective immediately.

5.      This Court approves Agentis and Cimo Mazer Mark's agreement to equally share any Contingency Fee recovered in the Adversary Proceeding, regardless of how such funds are obtained.  For the avoidance of doubt, the 40% contingency fee shall be divided equally between Agentis, on the one hand (20% of the Contingency Fee), and Cimo Mazer Mark, on the other hand (20% of the Contingency Fee).

6.      If costs are incurred by either Agentis or Cimo Mazer Mark, those firms may seek reimbursement of those costs from the estate or any other source of payment there may be.  If the costs remain unpaid, neither firm shall be required to further advance costs.

7.      The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

# # #

**Submitted by**:
Mark C. Healy
*Court-Appointed Responsible Person*
Michael Moecker & Associates, Inc.
841 Prudential Drive, 12th Floor
Jacksonville, FL 32207
Phone: (904) 210-7023
Email: mhealy@moecker.com

**Copy to**:
Mark C. Healy, who is directed to serve a copy of this order on interested parties who do not receive service by CM/ECF and file a proof of service within three days of entry of the order.

**<u>EXHIBIT B</u>**

**Charbonneau Affidavit**

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**Jacksonville Division**
**www.flmb.uscourts.gov**

In re:                                                          Chapter 11

RMS TITANIC, INC., *et al.*,                  Case No.: 3:16-bk-002230-PMG
                                                                 (Jointly Administered)
                              Debtors.

_____/

**AFFIDAVIT OF ROBERT P. CHARBONNEAU, ESQ., IN SUPPORT OF**
**RESPONSIBLE PERSON'S APPLICATION (I) TO APPROVE**
**EMPLOYMENT OF ROBERT P. CHARBONNEAU, ESQ., AND THE**
**LAW FIRM OF AGENTIS, PLLC, AS SPECIAL LITIGATION COUNSEL**
**TO THE RESPONSIBLE PERSON; (II) TO MODIFY THE TERMS OF**
**SAID EMPLOYMENT; AND (III) TO APPROVE THE TERMS OF THE**
**AGREEMENT BETWEEN ROBERT P. CHARBONNEAU, ESQ., AND**
**THE LAW FIRM OF AGENTIS, PLLC, AND JASON S. MAZER, ESQ.,**
**AND THE LAW FIRM OF CIMO MAZER MARK, PLLC,**
**AS CO-SPECIAL LITIGATION COUNSEL**

STATE OF FLORIDA                    )
                                                    )  ss:
COUNTY OF MIAMI-DADE        )

        Robert P. Charbonneau Esq, being duly sworn say:

        1.        I am an attorney admitted to practice in Florida, and the United States District

Court for the Southern District of Florida.

        2.        I am a partner at the law firm of AGENTIS PLLC ("Agentis"), with offices

located at 55 Alhambra Plaza, Suite 800, Miami, Florida 33134.  I am familiar with the matters

set forth in this affidavit (the "Affidavit") in support of the Application to which it is attached.

        3.        In support of the Application, I disclose the following:

        4.        In preparing this Affidavit, I reviewed (i) lists of all of the creditors and interested

parties of the Debtor as provided by the Petition; and (ii) results of UCC searches performed in

respect of the Debtor.  I compared the information obtained with the information contained in our law firm's client and adverse party conflict check index system.  The facts stated in this Affidavit as to the relationship between other lawyers in our law firm and the Debtor, the Debtor's creditors, the United States Trustee, other persons employed by the Office of the United States Trustee, and those persons and entities who are defined as disinterested persons in Section 101(14) of the Bankruptcy Code are based on the results of my review of our firm's conflict check index system.  Specifically, I have caused to be conducted (i) a computer search of our firm's records in respect of all of the names referred to in the first sentence of this paragraph, and (ii) disseminated a written request for information to all of the attorneys in our firm regarding connections to the Debtor and the creditors of the Debtor.  Based upon a search of the firm's records as described above, our firm does not represent any entity in a matter which would constitute a conflict of interest or impair the disinterestedness of Agentis as required by Fed. R. Bank. P. 2014.

5.      Agentis's client and adverse party conflicts check system is comprised of records regularly maintained in the course of business of the firm, and it is the regular practice of the firm to make and maintain these records.  It reflects entries that are noted in the system at the time.  The information becomes known by persons whose regular duties include recording and maintaining this information.  I regularly use and rely upon the information contained in the system in the performance of my duties with the law firm and in my practice of law.

6.      Agentis neither holds nor represents any interest adverse to the Debtors and is a "disinterested person" within the scope and meaning of Section 101 (14) of the Bankruptcy Code.

2

7.      Agentis has represented, and will in the future represent, many different clients with various business interests in numerous industries.

8.      Neither I nor our firm has or will represent any other entity in connection with this case, and neither I nor our firm will accept any fee from any other party or parties in this case, unless otherwise authorized by the Court.

9.      Agentis is not a creditor of, and asserts no prepetition claim against, the Debtor.

10.     There is no agreement of any nature, other than the shareholder agreement of our firm, as to the sharing of any compensation to be paid to the firm.  Agentis has not received any promises as to compensation in connection with this case other than in accordance with the provisions of the Bankruptcy Code.

11.     No Agentis attorney has any other interest, direct or indirect, that may be affected by the proposed representation.

12.     Except as set forth herein, no Agentis attorney has had or presently has any material connection with the Debtor, the Debtor's creditors, any other party in interest or their respective attorneys and accountants, the United States Trustee, or any person employed in the Office of the United States trustee, on any matters in which the firm is to be engaged, except that: (i) Agentis and I previously represented the Official Committee of Equity Security Holders as special counsel in this bankruptcy case; and (ii) Agentis and I (x) may have appeared in the past, and may appear in the future, in other cases in which one or more of said parties may be involved and (y) may represent or may have represented certain of the Debtor's creditors in matters unrelated to this case.

13.     This concludes my Affidavit.

**FURTHER AFFIANT SAYETH NAUGHT.**



_____
Robert P. Charbonneau, Esq.
Florida Bar No: 968234
Agentis PLLC
55 Alhambra Plaza, Suite 800
Miami, FL 33134
Telephone: (305) 722-2002
RPC@agentislaw.com

**SWORN TO AND SUBSCRIBED** before me this 15th day of February, 2019.

_____
NOTARY PUBLIC, STATE OF FLORIDA

Print Name:        Esbelia Jimenez
Commission No.     FF911965
My Commission Expires:  August 23, 2019

ESBELIA JIMENEZ
Commission # FF 911965
My Commission Expires
August 23, 2019