**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**Jacksonville Division**
**www.flmb.uscourts.gov**

| | |
|---|---|
| In re: | Chapter 11 |
| RMS TITANIC, INC., *et al.*, | Case No.: 3:16-bk-002230-PMG |
| | (Jointly Administered) |
| Debtors. | |
| _____/ | |

**RESPONSIBLE PERSON'S APPLICATION TO APPROVE**
**EMPLOYMENT OF JASON S. MAZER, ESQ., AND THE LAW FIRM**
**OF CIMO MAZER MARK, PLLC, AS CO-SPECIAL LITIGATION**
**COUNSEL TO THE RESPONSIBLE PERSON**
(*Expedited Hearing Requested as Soon as Possible*)

Mark C. Healy, as fiduciary for RMS Titanic, Inc., and certain of its affiliates, as debtors and debtors-in-possessions in the above-captioned case (collectively, the "Debtors"), and solely in the capacity as substitute plaintiff in the Adversary Proceeding (defined below) (in such capacity, the "Responsible Person"), and pursuant to Sections 105, 327(e), 328(a), 330, and 331 of Title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 2016-1, as applicable and as set forth herein, respectfully requests this Court to enter an order in substantially the same form as the proposed order attached hereto as **Exhibit A** (the "Proposed Order"), authorizing the Responsible Person's employment of Jason S. Mazer, Esq., and the law firm of Cimo Mazer Mark, PLLC (together, "Cimo Mazer Mark"), to represent the Responsible Person as co-Special Litigation Counsel with Robert P. Charbonneau and the law firm of Agentis, PLLC (together, "Agentis"). In support of this application (the "Application"), the Responsible Person states as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157.

2. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

3. On June 14, 2016, the Debtors filed respective voluntary petitions under Chapter 11 of the Bankruptcy Code, commencing the above-captioned proceeding (the "Bankruptcy Case").

4. On August 24, 2016, the United States Trustee (the "UST") appointed the Official Committee of Unsecured Creditors (the "Creditors' Committee") and the Official Committee of Equity Security Holders (the "Equity Committee") [ECF # 166, 167].

5. On May 11, 2018, the Equity Committee filed the *Emergency Motion of the Official Committee of Equity Security Holders for Entry of an Order Granting Derivative Standing and Authority to Prosecute and Settle Claims on Behalf of the Debtors' Estates* [ECF # 1015],[1] pursuant to which the Equity Committee sought authority to prosecute and potentially settle various claims against certain of the Debtors' past and present directors and officers (collectively, the "D&O Claims"). On May 25, 2018, the Court entered an order granting the motion (the "Standing Order"), which conferred derivative and exclusive standing to the Equity Committee to commence, prosecute, and, if appropriate, settle the D&O Claims. [*See* ECF # 1036.]

6. On May 14, 2018, the Equity Committee sought authority to employ Agentis as Special Litigation Counsel to the Equity Committee. [*See* ECF # 1017.] On May 25, 2018, the

---

[1] Unless noted otherwise, all references to an ECF refer to electronically filed documents in the Bankruptcy Case.

Court entered an order approving the employment of Agentis as Special Litigation Counsel ("Employment Order"). [*See* ECF # 1038.] The Employment Order provides, among other things, that the compensation of Agentis "shall be on a thirty-five percent (35%) contingency fee basis of any insurance proceeds or other funds recovered in the pursuit of the [D&O] Claims unless Agentis is required to take the matter to trial." *Id.*

7. On June 5, 2018, the Equity Committee filed its *Adversary Complaint and Demand for Jury Trial*, initiating the above-captioned adversary proceeding, Case No. 3:18-ap-00064-PMG (the "Adversary Proceeding"). In the Adversary Proceeding, which remains pending, Agentis is pursuing the D&O Claims against the named defendants, and any potential recovery is reserved for the benefit of the Debtors' estates and stakeholders.

8. On October 19, 2018, this Court entered an order that, among other things, approved the sale of substantially all of the Debtors' assets (the "Sale") to Premier Acquisition Holdings LLC ("Premier Acquisition"). [*See* ECF # 1232.] As the Debtors and Premier Acquisition work to close the Sale, the Debtors will pursue a chapter 11 plan of liquidation (the "Plan"). The Plan will provide for the dissolution of all statutory committees and the establishment of a liquidating trust (the "Trust") into which the Debtors' post-Sale assets will be transferred for distribution to estate stakeholders.

9. Any recoveries from the Adversary Proceeding will be transferred into the Trust.

10. Upon consultation with the Equity Committee, the largest unsecured creditor, and the Creditors' Committee, the Debtors selected the Responsible Person to serve as the liquidating trustee for the Trust upon confirmation of the Plan, and the Responsible Person has been substituted as the plaintiff in the Adversary Proceeding. [*See* ECF # 1055.]

11. On January 24, 2019, the Debtors filed the *Consent Motion for an Order Appointing a Responsible Person as Substitute Plaintiff in the Adversary Proceeding against Certain of the Debtors' Current and Former Directors and Officers* (the "<u>Motion to Appoint Responsible Person</u>") [ECF # 24, Adversary Proceeding] requesting, upon disbandment of the Equity Committee, the appointment of the Responsible Person as the substitute plaintiff to pursue the causes of action in the Adversary Proceeding, and have all rights, powers, and remedies afforded to the Equity Committee in the Standing Order pending confirmation of a plan or further order by the Court.

12. On January 25, 2019, the Court entered an order granting the Motion to Appoint Responsible Person (the "<u>Order Appointing Responsible Person</u>") [*see* ECF # 25, Adversary Proceeding], in which it ordered that immediately upon the UST's disbandment of the Equity Committee, the Responsible Person is appointed and "shall immediately (i) have all rights, powers and remedies granted to the Equity Committee under the Standing Order, and (ii) be substituted as party plaintiff in the Adversary Proceeding . . . ."

13. On February 6, 2019, the UST disbanded the Equity Committee. [*See* ECF # 1311.] Pursuant to the Order Appointing Responsible Person, the Responsible Person has all rights, powers, and remedies granted to the Equity Committee under the Standing Order and is now plaintiff in the Adversary Proceeding.

### I. THE PROPOSED JOINT PROSECUTION OF THE CLAIMS

14. The Responsible Person has identified certain insurance coverage issues existing in the Adversary Proceeding. The Responsible Person is also investigating possible bad faith issues in the Adversary Proceeding. In an effort to maximize the recovery for the estate, the Responsible Person has elected to retain Cimo Mazer Mark as co-counsel to Agentis.

15. Contemporaneously with the Application, the Responsible Person has filed an application for (i) approval of Agentis as Special Litigation Counsel to the Responsible Person, (ii) approval of the joint litigation, and (iii) to modify the contingency fee (the "Contingency Fee") set forth in the Employment Order (the "Agentis Application").

16. Presently, there is a significant tower of potential insurance coverage for the acts at issue in the Adversary Proceeding. However, the carrier(s) providing that coverage has declined coverage and defense of the claims raised. The Responsible Person believes that Cimo Mazer Mark's retention will result in the most efficient and effective prosecution of the D&O Claims, because Cimo Mazer Mark has considerable experience and expertise in bad faith and insurance coverage issues.

17. Agentis and Cimo Mazer Mark have agreed to a proposed compensation structure and other terms of their proposed joint prosecution of the D&O Claims (the "Agreement"). Under the terms of the Agreement, Agentis and Cimo Mazer Mark would each be entitled to *half* of the 40% Contingency Fee of funds recovered on the D&O Claims in the Adversary Proceeding for the benefit of the estate (i.e., Agentis would receive 20% and Cimo Mazer Mark would receive 20% of any such recovery).

**II. CIMO MAZER MARK IS DISINTERESTED WITH RESPECT TO THE D&O CLAIMS AND THE ESTATE**

18. Like Agentis, Cimo Mazer Mark does not hold or represent any interest adverse to the bankruptcy estate, and the Responsible Person believes that the employment of Cimo Mazer Mark would be in the best interests of the estate, as their joint efforts would increase the likelihood of an efficient and effective resolution of the D&O Claims.

19. An Affidavit of *Jason S. Mazer* will be supplemented to this Application at a later date. This affidavit will show that Cimo Mazer Mark is disinterested as required by Section 327(a) and defined in Section 101(14) of the Bankruptcy Code, and qualifies as a verified statement as required under Bankruptcy Rule 2014.

20. Pursuant to the Employment Order, Cimo Mark Mazer agrees to be compensated in accordance with Sections 328(a), 330 and 331 of the Bankruptcy Code.

21. The Responsible Person believes that Cimo Mazer Mark is qualified to practice in the Bankruptcy Court and is qualified to act as Co-Special Litigation Counsel with respect to the Adversary Proceeding and the D&O Claims.

**WHEREFORE,** the Responsible Person respectfully requests that the Court enter an Order substantially in the form attached hereto as **Exhibit A,** granting the Application to authorize the Responsible Person's employment of Cimo Mazer Mark to represent the Responsible Person as co-Special Litigation Counsel with Agentis, and for such other relief as the Court deems just and proper.

Dated: February 12, 2019

.  Respectfully Submitted:

Mark C. Healy
**Michael Moecker & Associates, Inc.**

*Court-Appointed Responsible Person*
841 Prudential Drive, 12th Floor
Jacksonville, FL 32207
(904) 210-7023
Email: mhealy@moecker.com

By:   /s/ Mark C. Healy
         Mark C. Healy

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by transmission of Notices of Electronic Filing generated by CM/ECF to those parties registered to receive electronic notices of filing in this case this 12th day of February, 2019.

By:   /s/ Robert P. Charbonneau
      Robert P. Charbonneau
      Fla. Bar No. 968234
      rpc@agentislaw.com

## EXHIBIT A

**Proposed Order**

Case 3:16-bk-02230-PMG    Doc 1314    Filed 02/12/19    Page 8 of 10

## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
### Jacksonville Division
**www.flmb.uscourts.gov**

| | |
|---|---|
| In re: | Chapter 11 |
| RMS TITANIC, INC., *et al.*, | Case No.: 3:16-bk-002230-PMG |
| | (Jointly Administered) |
| Debtors. | |
| _____/ | |

### FINAL ORDER APPROVING RESPONSIBLE PERSON'S APPLICATION TO APPROVE EMPLOYMENT OF JASON S. MAZER AND THE LAW FIRM OF CIMO MAZER MARK, PLLC, AS CO-SPECIAL LITIGATION COUNSEL TO THE RESPONSIBLE PERSON

THIS MATTER came before the Court upon the Responsible Person's Application,[2] and the Court, having reviewed the Application and affidavit attached thereto, and finding that Jason S. Mazer, Esq., and the law firm of Cimo Mazer Mark, PLLC represent no interest adverse to the Responsible Person or the estate in the matters upon which the attorneys are to be engaged, and that their employment is in the best interests of the estate and the creditors, is authorized to grant the relief requested in the Application pursuant to Sections 327(a), 328(a), and 330 of the Bankruptcy Code and Bankruptcy Rule 2014. Based on the foregoing findings, good and sufficient cause exists to grant the relief set forth herein and requested in the Application, and the Court **ORDERS** as follows:

1. The Application is **GRANTED** on a final basis.

2. The Court approves the Responsible Person's retention of Jason S. Mazer, Esq., and the law firm of Cimo Mazer Mark, PLLC, as Co-Special Litigation Counsel for the Responsible Person.

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the February 5, 2019 *Responsible Person's Application to Approve Employment of Jason S. Mazer, Esq., and the Law Firm of Cimon Mazer Mark, PLLC, as Co-Special Litigation Counsel to the Responsible Person* (the "Application").

3. As Co-Special Litigation Counsel with Agentis, Cimo Mazer Mark is authorized to render those same services granted to Agentis by the order approving the Agentis Application.

4. This Court approves Agentis and Cimo Mazer Mark's agreement to equally share any Contingency Fee recovered in the Adversary Proceeding, regardless of how such funds are obtained. The 40% contingency fee shall be divided equally Agentis, on the one hand (20% of the Contingency Fee), and Cimo Mazer Mark, on the other hand (20% of the Contingency Fee).

5. If costs are incurred and advanced by Cimo Mazer Mark, Cimo Mazer Mark may seek reimbursement of those costs from the estate, or any other source of payment there may be. If the costs remain unpaid, Cimo Mazer Mark shall not be required to further advance costs. Cimo Mazer Mark may also apply for compensation and reimbursement of costs, pursuant to 11 U.S.C. §§ 330 and 331, at its ordinary rates, as they may be adjusted from time to time, for services rendered and costs incurred on behalf of the Responsible Person.

6. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

# # #

**Submitted by**:
Mark C. Healy
*Court-Appointed Responsible Person*
Michael Moecker & Associates, Inc.
841 Prudential Drive, 12th Floor
Jacksonville, FL 32207
Phone: (904) 210-7023
Email: mhealy@moecker.com

**Copy to**:
Mark C. Healy, who is directed to serve a copy of this order on interested parties who do not receive service by CM/ECF and file a proof of service within three days of entry of the order.