ORDERED.

Dated: April 04, 2019

_Jerry A. Funk_
United States Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

In re

RMS Titanic, Inc., *et al.*,   Case No. 3:16-bk-2230-PMG
                                Chapter 11
      Debtors
_____/

**ORDER DENYING DEBTORS' MOTION TO VACATE THE AGREED ORDER GRANTING MOTION OF THE OFFICIAL COMMITTEE OF EQUITY SECURITY HOLDERS TO ESTABLISH DOCUMENT RETENTION PROTOCOLS**

This case came before the Court for hearing on the Debtors' Motion to Vacate the Agreed Order Granting Motion of the Official Committee of Equity Security Holders to Establish Document Retention Protocols (the "Motion to Vacate") (Doc. 1294) and the Responsible Person's Objection to [the Motion to Vacate]. (Doc. 1331). The Court held a hearing on March 5, 2019, and counsel for both parties presented argument. At the conclusion of the hearing, the Court elected to take the matter under advisement. Upon review, the Court finds it appropriate to deny the Motion to Vacate.

**BACKGROUND**

On May 11, 2018, the Equity Committee filed the Emergency Motion of the Official Committee of Equity Security Holders for Entry of an Order Granting Derivative Standing and Authority to Prosecute and Settle Certain Claims on Behalf of the Debtors' Estates. (Doc. 1015). The

Motion sought derivative standing to prosecute and potentially settle various claims against certain of the Debtors' past and present directors and officers (the "D&O Claims"). On May 25, 2018, the Court granted derivative and exclusive standing to the Equity Committee to prosecute the D&O Claims. (Doc. 1036). On June 4, 2018, the Equity Committee filed an adversary complaint to pursue the D&O Claims. (Adv. No. 3:18-ap-00064-PMG). On October 3, 2018, the Equity Committee filed the Motion of the Official Committee of Equity Security Holders to Establish Document Retention Protocols (the "Protocol Motion"), which requested the establishment of protocols to retain and preserve the Debtors' documents and information to ensure that no evidence or potential evidence relating to the Adversary Proceeding or the D&O Claims would be lost, altered, or destroyed as a result of the sale of the Debtors' assets to a proposed purchaser. (Doc. 1221).

The Debtors filed an objection to the Protocol Motion, and a hearing was held on October 18, 2018. At the hearing, the parties announced an agreement had been reached, and the Court directed the parties to submit an agreed order. On October 24, 2018, counsel for the Equity Committee emailed a draft of the proposed order to the Debtors' counsel. (Doc. 1331, p. 5). Five days later, having received no objection to the proposed order, counsel for the Equity Committee submitted a proposed order on the Protocol Motion to the Court. Id. The proposed order was titled Agreed Order Granting Motion of the Official Committee of Equity Security Holders to Establish Document Retention Protocols (the "Protocol Order") and was entered on October 30, 2018. Id. On October 31, 2018, the Debtors' counsel responded to the October 24, 2018 email stating that he did not believe the Protocol Order accurately memorialized the parties' agreement. (Doc. 1331, p. 6). On November 5, 2018, the Debtors' counsel sent proposed edits to the order to counsel for the Equity Committee. Id. The parties continued to negotiate the terms of the Protocol Order, but

the Debtors did not timely file a motion to preserve their rights and the appeal time passed. (Doc. 1331, p. 7).

On January 22, 2019, the Debtors filed the Motion to Vacate asserting that they never agreed to the form of the Protocol Order and that the document retention protocol set forth in the Order is overly broad and would cause an unnecessary expense and burden to the estate. (Doc. 1294). In response, the Responsible Person filed an Objection to the Motion to Vacate[1] asserting that: (1) the Protocol Order accurately reflects the agreement of the parties and (2) it would not be appropriate to limit the scope of the Order because doing so would allow the directors of the Debtors, some of whom are defendants in the Adversary Proceeding, to decide what documents and information are relevant and should be preserved. (Doc. 1331, p. 2).

**ANALYSIS**

The Debtors seek to have the Protocol Order vacated pursuant to Federal Rule of Civil Procedure 60(b)(1), 60(b)(3), and 60(b)(6), made applicable to bankruptcy cases by Bankruptcy Rule 9024. Rule 60(b) provides grounds for relief from a final judgment, order, or proceeding. Reconsideration of an order is allowed for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

---

[1] The Responsible Person has all rights, powers, and remedies granted to the Equity Committee and, for purposes of the Objection to the Motion to Vacate, stands in the shoes of the Equity Committee with respect to the Adversary Proceeding on the D&O Claims. (Adv. 3:18-ap-00064-PMG, Doc. 25).

3

(6) any other reason that justifies relief.

Fed.R.Civ.P. 60(b). "A motion under Rule 60(b) must be made within a reasonable time - and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed.R.Civ.P. 60(c)(1).

### A. Policy Considerations of Rule 60(b)

"Rule 60(b) reflects a deeply-rooted policy in federal law favoring the finality of judgments and orders, and therefore provides an extraordinary remedy that is available only upon a showing of exceptional circumstances." In re Lykes Bros. Steamship Co. Inc., 399 B.R. 555, 560 (Bankr. M.D. Fla. 2009). "Further, a motion under Rule 60(b) should not be used as a substitute for a timely appeal." Id.

In this case, the Court finds the Motion to Vacate should be denied for the following reasons. First, the Court finds that the Debtors did not request relief from the Motion to Vacate "within a reasonable time," as required by Rule 60(c). Second, even if the request had been timely made, the Court finds that vacating the Protocol Order is not warranted pursuant to Rule 60(b)(1), (b)(3), or (b)(6) of the Federal Rules of Civil Procedure.[2]

### B. The Motion for relief was not filed within a reasonable time.

Pursuant to Rule 60(c)(1), motions seeking relief from an order under Rule 60(b)(1), (2) and (3) must be made within a "reasonable time." Generally, "[w]hat qualifies as a 'reasonable time' depends on the facts of a given case, including the length and circumstances of the delay,

---

[2] The Debtors also assert the Court can vacate the Protocol Order under 11 U.S.C. § 105(a). However, the Responsible Person argues the Debtors' attempt to invoke § 105(a) is improper. For the reasons discussed herein, the Court finds the Protocol Order accurately reflects the agreement of the parties from the October 18, 2018 hearing, and a determination as to whether the Court can utilize § 105(a) in this situation need not be reached.

4

intervening rights, the possibility of prejudice to the opposing party and the desirability that judgments be final." In re Teligent, 306 B.R. 752, 758 (Bankr. S.D.N.Y. 2004).

In this case, the Protocol Order was entered on October 30, 2018, and the Motion to Vacate was not filed until January 22, 2019, almost three months later. The Debtors were aware of the Protocol Order upon its entry on the docket, as Debtors' counsel immediately reached out to opposing counsel indicating he had concerns with the Order. Over the next two months, the parties unsuccessfully attempted to reach a resolution. At the hearing, Debtors' counsel stated one of the reasons a motion to vacate was not timely filed was because the Debtors were attempting to conserve economic resources for the benefit of the estate. The Court does not find this to be a credible or persuasive reason. The Debtors merely needed to file a brief motion to preserve their rights, which likely would have resulted in less attorney's fees accruing, rather than allowing the appeal time to pass and having to litigate this additional issue. Further, the attorneys involved are all very experienced. If the Protocol Order was as problematic for the Debtors as they now allege, they should not have allowed the appeal time to expire prior to filing an appropriate motion to preserve their rights.

### C. Analysis Under Rule 60(b)(1)

The Debtors assert that the Protocol Order should be vacated under Rule 60(b)(1), which provides that a final order may be set aside for mistake, inadvertence, surprise, or excusable neglect. The Debtors argue that counsel for the Equity Committee submitted the proposed Protocol Order to the Court as an "Agreed Order" without the authority to do so, and therefore "[t]o the extent the Court entered the Protocol Order under the assumption that it accurately reflected the agreement reached at the hearing, that properly may be considered a 'mistake' within the meaning of FRCP 60(b)(1)." (Doc. 1294, p. 16). Specifically, the Debtors allege that the Protocol Order

does not accurately reflect the agreement because the document retention set forth in the Order is overly broad.

The Court has reviewed the transcript from the hearing on October 18, 2018 and the Protocol Order. The language in the Protocol Order appears to comport with the settlement announced by the parties on the record. The agreement on the record was that "existing documents and ESI – electronically stored information – be preserved…at least for a time until… discovery will close or when the documents will not be needed." (Doc. 1294-2, Tr. 79). Further, the Debtors' reference at the hearing to only preserving "relevant" documents pertained solely to the small number of documents being turned over from the Debtors to the Stalking Horse Purchaser. However, counsel for the Equity Committee responded by stating that the Equity Committee wanted the agreement to provide that "everything that's being turned over to the purchaser . . . be mirrored," and counsel for the Debtors concurred by stating "[t]hat's the agreement, Judge." (Doc. 1294-2, Tr. 82). Accordingly, the Court finds the Protocol Order as entered accurately reflects the settlement announced by the parties on the record, and the order was not entered by mistake. Therefore, relief under Rule 60(b)(1) is not warranted.

**D. Analysis Under Rule 60(b)(3)**

The Debtors also allege the Protocol Order should be vacated under Federal Rule of Civil Procedure Rule 60(b)(3). Parties seeking relief from a judgment under Rule 60(b)(3) "must prove by clear and convincing evidence that the adverse party obtained the verdict through fraud, misrepresentations, or other misconduct." Cox Nuclear Pharmacy, Inc. v. CTI, Inc., 478 F.3d 1303, 1314 (11th Cir. 2007); see also Fleming v. NYU, 865 F.2d 478, 484 (2d Cir.1989) (observing that "a Rule 60(b)(3) motion cannot be granted absent clear and convincing evidence of material misrepresentations and cannot serve as an attempt to relitigate the merits.").

The Debtors argue that the submission of the proposed Protocol Order to the Court as an "agreed order" was a material misrepresentation because the Debtors had not agreed to the terms contained in the order. The Responsible Person points out that counsel for the Equity Committee sent the Debtors a copy of the proposed order. Five days later and having received no objection, counsel for the Equity Committee submitted the proposed order to the Court.

As stated above, the Court has reviewed the Protocol Order and finds that it accurately reflects the agreement announced by the parties on the record at the hearing held on October 18, 2018. Therefore, the Court finds that the Debtors have not proven by clear and convincing evidence that the Protocol Order was obtained through a material misrepresentation.

### E. Analysis Under Rule 60(b)(6)

Pursuant to Rule 60(b)(6) a court is authorized to grant a party relief from a final judgment for any reason that justifies relief. "[R]elief under this clause is an extraordinary remedy which may be invoked only upon a showing of exceptional circumstances," and [a showing that], "absent such relief, an 'extreme' and 'unexpected' hardship will result." Griffin v. Swim-Tech Corp., 722 F.2d 677, 680 (11th Cir. 1984) (quotations omitted).

As grounds for relief under Rule 60(b)(6), the Debtors again argue that the Protocol Order was submitted without their consent. Additionally, the Debtors assert that pursuant to Local Rule 9072-1(c), titled "Orders—Proposed," the Debtors lacked authority to submit the Protocol Order. The Debtors have not established "extraordinary circumstances." The Protocol Order was entered after a hearing and reflects the agreement announced by the parties. The Debtors knew when the Protocol Order was entered, and despite not reaching a resolution with the Equity Committee on the proposed changes being sought, the Debtors allowed the appeal time to run without filing a motion to preserve their rights. Accordingly, Rule 60(b)(6) is not grounds to vacate the Protocol Order.

**Conclusion**

The Court has considered the parties' arguments and reviewed the transcript from the hearing and the Protocol Order. Upon review, the Court finds that the Debtors did not request relief from the Motion to Vacate within a reasonable time, as required under Rule 60(c). Even if the Debtors had timely requested relief, the Court finds that relief is not warranted under Rule 60(b)(1), (3), or (6). Accordingly, the Court will deny the Motion to Vacate. It is

**ORDERED:**

1. The Debtors' Motion to Vacate is denied.

2. The Protocol Order entered on October 30, 2018 remains in effect.

Attorney Daniel F. Blanks is directed to serve a copy of this Order on interested parties who do not receive service by CM/ECF and file a proof of service within three days of entry of the Order.